Priority ✗
Send ✗
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

O

FILED
CLERK, U.S. DISTRICT COURT
MAY - 2 2007
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE SIEGEL, ET AL.,<br><br>Plaintiffs,<br><br>vs.<br><br>WARNER BROS. ENTERTAINMENT, INC., ET AL.,<br><br>Defendants. | CASE NO. CV 04-08400 SGL (RZx)<br>CASE NO. CV 04-08776 SGL (RZx)<br>[Consolidated for Discovery]<br><br>ORDER DENYING MOTIONS BY DEFENDANTS (1) TO COMPEL THIRD PARTY KEVIN MARKS AND PLAINTIFF LAURA SIEGEL LARSON TO ANSWER QUESTIONS AT DEPOSITIONS; AND (2) TO COMPEL THIRD PARTIES KEVIN MARKS AND GANG, TYRE, RAMER & BROWN, INC. TO PRODUCE DOCUMENTS RELATING TO AUTHORITY; ORDER STRIKING THIRTY-SEVENTH AFFIRMATIVE DEFENSE FROM REPLIES TO COUNTERCLAIMS |

This matter came before the Court on April 30, 2007 on two related motions by Defendants: to compel answers to specific deposition questions by third party Kevin Marks and Plaintiff Laura Siegel Larson; and to compel Marks and the law firm of Gang, Tyre, Ramer & Brown, at which Marks worked, to produce certain documents. Defendants appeared through their counsel Michael Bergman. Plaintiffs appeared through their counsel Marc Toberoff. The Court heard argument of counsel and took the matter under submission.

DOCKETED ON CM
MAY - 2 2007
BY ___ 049

The motion to compel Ms. Larson to answer is denied. The Court previously, on November 8, 2006, ruled that Ms. Larson would not be re-deposed. Defendants now have made an *argument* that they did not make then — that she should be re-deposed only as to two specific questions, together with reasonable follow-up questions — but that was an argument available to Defendants at that time, and they chose instead to make a more global argument, that the deposition as a whole was infected with improper objections and instructions not to answer. There is no basis for the Court to reconsider its decision that Ms. Larson should not be deposed further, whether as to many questions or as to the two which Defendants have identified, and the Court will not do so.

Defendants have argued, both as to Ms. Siegel and as to Mr. Marks (and, as to Mr. Marks, both as to his deposition and the subpoena for documents), that the attorney-client privilege is not involved and that, if involved, it has been waived. The questions and documents pertain to Mr. Marks' authority, as former counsel for Plaintiffs, to have made the statements he made in an October 19, 2001 letter. Defendants assert that this letter constituted a settlement of the dispute between the parties, and has preclusive effect on Plaintiffs' claims in the present lawsuit. An attorney is presumed to have authority to act on his client's behalf, and a settlement entered into by the attorney can be set aside only upon affirmative proof that the client did not give the attorney the appropriate authority. *In re Artha Management, Inc.*, 91 F.3d 326, 329 (2d Cir. 1996).

The questions posed by Defendants' motions thus assume that the authority of Mr. Marks is at issue in this lawsuit. Defendants point to the fact that Plaintiffs have alleged, as affirmative defenses to Defendants' counterclaims in both lawsuits, that Mr. Marks lacked authority to reach a settlement, or exceeded the scope of his authority. (Reply to First Amended Counterclaims, CV 04-8400-SGL (RZx), Thirty-seventh Affirmative Defense; Reply to First Amended Counterclaims, CV 04-8776-SGL (RZx),Thirty-Seventh Affirmative Defense.) Plaintiffs say that they pled the affirmative defenses out of an abundance of caution, and that they are not pursuing them; they state that they originally had intended to withdraw them by stipulation, but, when that proved

difficult with opposing counsel, decided simply to abandon them by not including them in the Pretrial Order when that order is prepared. Such a tack, however, leaves Defendants uncertain, because the Pretrial Order would be prepared after discovery closes. To make sure of Plaintiffs' position, the Court, at the hearing on April 30, 2007, directly asked Plaintiffs' counsel whether the statements in the October 19, 2001 letter represented the statements of Plaintiffs. Plaintiffs' counsel replied with an unqualified "yes." That answer binds Plaintiffs here. To further make absolutely sure that there is no remaining issue as to Mr. Marks's authority in connection with the October 19, 2001 letter, the Court hereby strikes the thirty-seventh affirmative defenses from the reply to the counterclaims in both cases.

There being no remaining issue as to Mr. Marks' authority to make the statements in the October 19, 2001 letter on behalf of the Plaintiffs, Defendants' motions to compel answers from Mr. Marks and to provide documents as to his authority are denied.

IT IS SO ORDERED.

DATED: May _2_, 2007

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Stephen G. Larson