**EXHIBIT A**

# EXPERT REPORT
# OF STEVEN D. SILLS

1

Exhibit "A"

# REDACTED

### Other Properties:

The documents produced by Warner referred to the following properties, which appear to be Superman-related:

"Science Of Superman"

"Superman; Doomsday 2007"

"The Death Of Superman"

"Legion Of Superheroes"

### Conclusions:

While the documents produced by Warner reflect significant revenues and profits for Superman and Superboy related properties, the documents and information requested by Plaintiffs, but not produced by Warner, is needed to make a proper and complete determination of Warner's revenues and profits. In addition, minimal documentation was provided to support or justify the costs that purportedly reduced Warner's revenues to arrive at profit. In order for us to express an opinion on the actual amount due Plaintiffs in an accounting, Warner must provide the documents in its possession that on my advice have been requested by Plaintiffs.

**EXHIBIT B**

## EXPERT REPORT
## FRANKLIN R. JOHNSON

Re: Siegel v. DC Comics et al

I have been retained by the defendants in the above captioned dispute to address any accounting opinions or claims to be asserted by the plaintiff's expert, Steven Sills. I have read Mr. Sills report dated January 12, 2007 and note that he has stated that he cannot express any opinions until certain documents are provided to the plaintiffs. If and when Mr. Sills submits a report expressing substantive opinions or claims of any amount purportedly owing to plaintiffs, I will be prepared to and will respond to those opinions and claims.

I have attached to this report my resume which sets forth my qualifications to perform this engagement. There are no publications which I have authored within the preceding ten years.

My compensation for services is at the hourly rate of $450 per hour both for consulting services and for deposition and court time.

I have enclosed a list of recent litigation consulting assignments with an indication where either deposition or court or other testimony has been given.

Respectfully submitted,

*[signature]*

Franklin R. Johnson

Attachments-
Resume of Franklin R. Johnson
Listing of Recent Litigation Consulting Assignments

February 9, 2007

Exhibit "B"

**EXHIBIT   C**

**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

Case No.   CV 04-08400-SGL (RZx)                                Date: August 13, 2007

Title:   JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON; an individual -v- WARNER BROS. ENTERTAINMENT INC., a corporation; TIME WARNER INC., a corporation; DC COMICS INC., a corporation; and DOES 1-10

=================================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

C. Sasse                                          Theresa Lanza
Relief Courtroom Deputy Clerk                     Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:                 ATTORNEYS PRESENT FOR DEFENDANTS:

Marc Toberoff, Esq.                               Michael Bergman, Esq.

PROCEEDINGS:   1.   Plaintiffs' April 23, 2007, Motion to Compel Production of Documents From Defendants Time Warner, Inc., Warner Bros. Entertainment, Inc. And Warner Bros. Television Production, Inc.

2.   Plaintiffs' April 23, 2007, Motion to Compel Defendant DC Comics Production of Documents.

3.   Plaintiff's April 23, 2007, Motion to Compel Third Party Bryan Singer to Attend Deposition and Produce Documents.

The Court hears oral argument on the first and second motion; all three motions are taken under submission.

The first and second motions are **GRANTED** in part and **DENIED** in part. Specifically, the parties are **ORDERED** to make arrangements for plaintiffs' auditor(s) to conduct, and to conduct at defendants' places of business, a damages-related audit of defendants Time Warner, Inc., Warner Bros. Entertainment, Inc., Warner Bros. Television Production, Inc., and DC Comics to be completed by or before September 17, 2007. Furthermore, counsel for the parties are **ORDERED** to meet and confer in person on or before August 24, 2007, to identify, and attempt in good faith to resolve, any outstanding discovery disputes related to these two motions that are not addressed

MINUTES FORM 90
CIVIL -- GEN

Exhibit "C"



DOCKETED ON CM
Page 1
AUG 15 2007

Initials of Deputy Clerk: cs

16

by the above-ordered audit. Counsel are thereafter afforded leave to file with this Court a Joint Stipulation consistent with the requirements of Local Rule 37-2 identifying any outstanding discovery disputes related to these two motions. Said Joint Stipulation is to be filed before this Court, not Magistrate Judge Zarefksy, on or before September 21, 2007. An untimely-filed joint stipulation will be stricken.

The third motion, through which plaintiffs seek to compel third-party Bryan Singer to attend a deposition and produce documents, is **GRANTED** in part and **DENIED** in part. Bryan Singer is **ORDERED** to sit for his deposition within 30 days of the date of this order at a date, time, and place to be mutually-agreed to by counsel. Counsel are **ORDERED** to telephonically arrange for said deposition on or before August 17, 2007. Counsel are further **ORDERED** to meet and confer in person on or before August 24, 2007, to confirm their mutual understanding of the "narrowed document categories" referred to in Plaintiff's reply; thereafter Bryan Singer is **ORDERED** to produce documents responsive to those "narrowed document categories" on or before September 6, 2007. Counsel are thereafter afforded leave to file with this Court a Joint Stipulation consistent with the requirements of Local Rule 37-2 identifying any outstanding discovery dispute related to this motion. Said Joint Stipulation is to be filed before this Court, not Magistrate Judge Zarefsky, on or before September 21, 2007. An untimely-filed Joint Stipulation will be stricken.

All counsel are admonished that a failure to carefully comply with this order will result in appropriate sanctions and the imposition of costs.

**IT IS SO ORDERED.**

**EXHIBIT    D**

```
                                                                    1

              UNITED STATES DISTRICT COURT

             CENTRAL DISTRICT OF CALIFORNIA

                    EASTERN DIVISION

                        - - -

       HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

                        - - -

JOANNE SIEGEL, ET AL.,           )
                                 )
                  PLAINTIFFS,    )
                                 )
           VS.                   )   NO. CV 04-08776-SGL
                                 )
TIME WARNER, INC., ET AL.,       )
                                 )   CROSS MOTIONS FOR
                  DEFENDANTS.    )   PARTIAL SUMMARY JUDGEMENT
_____)
                                 )
AND RELATED CASES,               )
_____)


            REPORTER'S TRANSCRIPT OF PROCEEDINGS

                   RIVERSIDE, CALIFORNIA

                MONDAY, SEPTEMBER 17, 2007

                        1:38 P.M.




               THERESA A. LANZA, RPR, CSR
              FEDERAL OFFICIAL COURT REPORTER
                3470 12TH STREET, RM. 134
              RIVERSIDE, CALIFORNIA   92501
                    (951) 274-0844              Exhibit "D"
                CSR11457@SBCGLOBAL.NET
```

CERTIFIED COPY

1  **THE COURT:** ALL RIGHT.

2  I'VE ALREADY INDICATED THAT I HAVE TAKEN THE

3  CROSS-MOTIONS IN BOTH THE SUPERMAN AND THE SUPERBOY CASE UNDER

4  SUBMISSION.

5  WITH RESPECT TO DISCOVERY DISPUTES, DISCOVERY IS

6  COMPLETELY CLOSED EXCEPT FOR THE FOLLOWING:

7  NUMBER ONE: WE HAVE THE BRIAN SINGER DEPOSITION

8  WHICH HAS BEEN SCHEDULED.

9  AND COUNSEL, SOMEONE REFRESH MY RECOLLECTION, WHEN IS

10 THAT SCHEDULED FOR, TO TAKE PLACE ON OR BEFORE WHAT DATE?

11 **MR. TOBEROFF:** END OF NOVEMBER.

12 **THE COURT:** VERY WELL.

13 SECOND, THE RESERVE ACCOUNT DOCUMENTS WILL BE

14 PRODUCED THIS WEEK;

15 THIRD: THE LAURA SIEGEL LARSON DEPOSITION WILL TAKE

16 PLACE ON OR BEFORE OCTOBER 9, 2007; TWO HOURS MAXIMUM.

17 FOURTH: THE ULTIMATES WILL BE PRODUCED.

18 FIFTH. I'LL GIVE YOU AN EXTENSION UNTIL OCTOBER 9,

19 2007, TO CONTINUE WITH THIS AUDIT. YOU'RE GOING TO HAVE TO

20 WORK IT OUT WITH MR. SILLS;

21 NUMBER SIX: THE ESCROW DOCUMENTS WILL BE PROVIDED IN

22 CAMERA TO THE COURT SO THE ESCROW ATTORNEY CAN BE RELIEVED OF

23 THIS; ALONG WITH THE DECLARATION OF COUNSEL SITTING FORTH YOUR

24 PRIVILEGES AND A SINGULAR RESPONSE DOCUMENT TO THOSE PRIVILEGES

25 FILED BY THE DEFENSE.

SEPTEMBER 17, 2007                    SIEGEL V. WARNER, ET AL.

```
 1         AND THEN I WILL ISSUE AN ORDER ON THAT AND THEN WE'RE
 2   DONE.
 3         ANY QUESTIONS?  NOW IS THE TIME.
 4         MR. TOBEROFF:  WHAT IS THE DEADLINE FOR THE ESCROW
 5   DOCUMENTS?                                                       05:02
 6         THE COURT:  THE ESCROW DOCUMENTS SHOULD BE PRODUCED
 7   THIS WEEK.  I PRESUME IT'S JUST A MATTER OF THE ATTORNEY
 8   TURNING THEM OVER TO THE COURT.  HE SHOULD DO THAT FORTHWITH;
 9   AND I'LL GET A DECLARATION FROM YOU BY FRIDAY, AND FAX IT OVER
10   TO THE DEFENSE AND GET A RESPONSE FROM YOU BY TUESDAY.           05:02
11         MR. BERGMAN:  THANK YOU, YOUR HONOR.
12         MR. PERKINS:  THE ONLY OTHER ISSUE, YOUR HONOR,
13   RELATES TO AFTER THE AUDIT IS COMPLETED, A SCHEDULE FOR
14   MR. SILLS TO PROVIDE US WITH HIS REPORT AND FOR US TO BE ABLE
15   TO RESPOND WITH OUR EXPERT REPORT AND THE DEPOSITIONS OF THOSE   05:02
16   FOLKS.
17         THE COURT:  YOU SHOULD SCHEDULE THOSE EXPEDITIOUSLY.
18   ANY FURTHER QUESTIONS?
19         MR. BERGMAN:  NO, SIR.
20         THE COURT:  GOOD AFTERNOON.                                05:02
21         MR. TOBEROFF:  THANK YOU, YOUR HONOR.
22         MR. BERGMAN:  THANK YOU, YOUR HONOR.
23         MR. PERKINS:  THANK YOU, YOUR HONOR.
24   / / /
25   / / /
```

SEPTEMBER 17, 2007                       SIEGEL V. WARNER, ET AL.