UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.   CV 04-08400-SGL (RZx)                                              Date:  December 12, 2007

Title:   JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON; an individual -*v*-
WARNER BROS. ENTERTAINMENT INC., a corporation; TIME WARNER INC., a corporation; DC COMICS INC., a corporation; and DOES 1-10
==========================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

         Jim Holmes                                                        None Present
         Courtroom Deputy Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:           ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                                           None present

PROCEEDINGS:   ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION TO SET REBUTTAL EXPERT REPORT; ORDER CONTINUING PRE-TRIAL AND TRIAL DATES     (IN CHAMBERS)

     A central discovery issue in this case has been the conduct of the damages-related audit of defendants' businesses and disputes related thereto.  Plaintiffs' financial expert, Mr. Steven Sills, was afforded leave by this Court to conduct an on-site damages-related audit of defendants' businesses to be completed by October 9, 2007.  During the audit, numerous production-related disputes arose, none of which were presented to the Court by way of a motion to compel.  Despite these production issues, Mr. Stills nonetheless submitted a supplemental expert report on November 13, 2007.  Upon receipt of the report, defendants informed plaintiffs' counsel of the need for additional time for their financial expert, Mr. Franklin Johnson, to submit a rebuttal report.  After a back and forth between the parties that apparently became tied up with plaintiffs' demands for resolution of the audit-related production issues, defendants filed the present <u>ex parte</u> request related solely to the time to provide a rebuttal report.

     Defendants' financial expert represents to the Court that he will need until January 14, 2008, to submit his rebuttal report, due to the fact that the numbers in Mr. Sills report do not match up with the numbers Mr. Johnson has calculated based on his review of defendants' books:

MINUTES FORM 90                                                       Initials of Deputy Clerk __jh_____
CIVIL -- GEN                                      1

> Our task is particularly challenging in that we do not have Mr. Sills' binder.  For the records we have inspected to date, many of his numbers do not agree with amounts we have inspected and the reasons for the differences are not readily apparent. . . . This is particularly so because the Sills Report seems to contain certain alleged revenue and expense numbers for Defendants' properties which do not correspond with the revenue and expense numbers we have been able to determine from our review of Defendants' books and records . . . .

(Decl. Franklin Johnson ¶¶ 3-4).  This reason for the requested extension appears related to plaintiffs' complaint they have been denied access to all of defendants "books and records."  As explained in their opposition: "Such financial information gaps should necessarily be resolved so that both sides' experts and the Court are 'dealing with a full deck' and analyzing the same set of financial data in computing Plaintiffs' damages.  Whereas the parties' experts may disagree as to the interpretation of this data, at least they will be disagreeing over the same information."  (Opp. at 2).  The Court is concerned about the apparent linkage of the diverse financial calculations and these outstanding audit production issues.

Rule 26(a)(2)(C) requires that expert witness reports be made at least 90 days before the trial date.  If the expert report is offered as rebuttal evidence, then said report must be made within 30 days after the submission of the report to which it is offered in rebuttal.  Here, Mr. Sills submitted his "supplemental" expert report on January 12, 2007 (it is clear to the Court that Mr. Sills' initial report was simply a "placeholder" submitted because of the approaching expert cut-off and did not contain much substance owing to the fact that defendants had not furnished the necessary information for him to truly render an opinion, see Decl Marc Toberoff Ex. B at 4 & 10 ("after reviewing the scant and incomplete financial documents produced by Warner, it is clear that . . . many additional documents, as originally requested, remain necessary to properly determine an accounting to Plaintiffs . . . . [T]he documents and information requested by Plaintiffs, but not produced by Warner, is needed to make a proper and complete determination of Warner's revenues and profits. . . . In order for us to express an opinion on the actual amount due Plaintiffs in an accounting, Warner must provide the documents in its possession that on my advice have been requested by Plaintiffs")), which was the stipulated date for filing expert reports.  (See Decl. Marc Toberoff, Ex. A).

The pre-trial and trial dates were subsequently continued by stipulation of the parties; moreover, the parties have again submitted a stipulation seeking for a further extension in the pre-trial and trial dates on account of the destruction of plaintiffs' counsel's home during the recent wildfires in Malibu on November 23, 2007.

Defendants mistakenly assert that plaintiffs' alleged non-compliance with Rule 26's requirements to timely tender Mr. Sills' expert report justifies their failure to submit a rebuttal report within the thirty day time frame called for in the rule.  First, as noted above, there was no such non-compliance.  Second, "[o]ne party's failure to comply with the expert disclosure requirement does

not excuse noncompliance by another party."  6 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 26.23[2][a][iii] at 26-74.21 (3rd ed. 2007).

Rather than attempting to resolve the narrow issue of whether to extend the time for submitting the rebuttal report, the Court opts for an all-encompassing order that conclusively sets forth the deadlines and obligations of the parties going forward in this case.

It is clear that defendants' expert needs more time to submit a rebuttal to Mr. Sills report.  It is also clear that much of this need stems from the fact that the parties' financial experts are not playing off the same play book.  Unlike plaintiffs' expert, Mr. Johnson has unfettered access to defendants' financial information (a point conceded by defendants, see Reply at 2 n.2 ("As an aside, however, . . . Defendants certainly have control over their own financial documents")).  It is also clear to the Court that the problems in initiating a damages-related audit of defendants' businesses has detrimentally impacted the submission and scheduling of each parties' respective financial expert reports.  If such an audit had been completed earlier, the initial report submitted by Mr. Sills in January, 2007, would have been more substantive, as would have been Mr. Johnson's February, 2007, rebuttal report.  (See Decl. Marc Toberoff, Ex. C (Mr. Johnson's half-page rebuttal report declares that "[i]f and when Mr. Sills submits a report expressing substantive opinions or claims of any amount purportedly owing to plaintiffs, I will be prepared to and will respond to those opinions and claims").  It should come as no surprise to the parties that Mr. Sills' post-audit report would require a true rebuttal, as the subject of Mr. Sills' "supplemental" report contain much more depth, and was predicated on more concrete facts, than the earlier "initial" report.  Indeed, it was not until the audit was completed that it can be truly said that any financial expert reports existed in this case.

This also heightens the importance of the yet unresolved production issues that have crept up during the damages-related audit itself.  Defendants are correct that plaintiffs could have, if they wished, filed a motion to compel of their own to litigate these production issues and the Court itself is puzzled by the failure to do so (especially where the audit was completed more than two months ago).  That said, any future motion to compel at this point might undermine any schedule that the Court now sets if these production issues are not first resolved.  It appears clear that  resolution of the timing of expert report and depositions requires resolution of the request for production of financial information so that a meaningful and lasting scheduling of this case can be entered.

 Towards that end, the Court hereby **GRANTS** defendants' ex parte request affording Mr. Johnson leave to submit a rebuttal report beyond the December 13, 2007, date as required by Rule 26(a)(2)(C), and further to allow a round of depositions to be taken of both sides' financial experts.  At the same time, the Court has reviewed the parties' correspondence relating to the outstanding audit-production issues; notably, the December 6, 2007, letter from plaintiffs' counsel identifying the areas of dispute concerning unresolved production issues during the court-ordered damages-related audit.  From its review of the papers, the Court finds that certain documents or explanations concerning previously produced documents should have been produced or articulated during the audit, and therefore **ORDERS** defendants to produce and/or clarify to Mr. Sills by January 11, 2008, the following:

● "Audit Documents" referenced on pages 3 to 4 of the December 6, 2007, letter;

● "DC Comics' Foreign/Domestic Revenue and Expenses" referenced on page 4 of the December 6, 2007, letter;

● "DC Comics' Publishing Division - Media" referenced on page 4 of the December 6, 2007, letter;  and

● "DC Comics' Merchandising" referenced on page 4 of the December 6, 2007, letter.

Plaintiffs' request for "Percentage Changes" in the December 6, 2007, letter had previously been disposed of in the Court's October 23, 2007, Order, and the Court will not revisit the issue. Nor does the Court find plaintiffs' request for a breakdown of general and administrative expenses title-by-title (the "General and Administrative Expenses" category listed in the December 6, 2007, letter) well-founded.

Undoubtedly, once such information is produced, Mr. Sills will submit a second supplemental expert report incorporating the additional information into his earlier "supplemental" report.  Accordingly, the Court hereby **ORDERS** that Mr. Sills' submit such a second supplemental report to defendants by January 28, 2008.  Once such a second supplemental report has been submitted, defendants' financial expert, Mr. Johnson, shall have thirty days from that time to submit his rebuttal report.  Upon the submission of the rebuttal report, each side, if it wishes, may conduct a deposition of those experts, said depositions to occur within two weeks of the submission of Mr. Johnson's rebuttal report (a time frame which the parties' purposed stipulation to continue the pre-trial and trial dates appears itself to contemplate).

These extensions in the discovery process necessarily will impact the other pre-trial and trial dates in place in this case.  The parties' themselves recognize that resolving the damages-related discovery issues and the subsequent submission of expert reports and depositions of those experts is necessary for forward progress in this case.  As explained by defense counsel, "[o]f most concern was the mediation completion date; Defendants believe that both experts should be deposed prior to the mediation to provide the parties with a reasonable universe of potential damages that they can discuss during the mediation."  (Reply at 1).  Plaintiffs have taken a similar position in their papers.  (Opp. at 11 (observing that resolution of the issues "obviously impact[s] both Plaintiffs' trial preparation and ability to entertain meaningful settlement negotiations")). Accordingly, the Court hereby re-sets the following pre-trial and trial dates in this case so as to allow this final episode in discovery to conclude beforehand, afford the time plaintiffs' counsel needs to get his personal affairs in order after the unfortunate loss of his home (as reflected in the proposed stipulated dates submitted by the parties), and compromising as little as possible with the Court's desire for an expeditious conclusion to this litigation:

Court-ordered Mediation:          March 28, 2008

CV 04-08400-SGL (RZx)
JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON; an individual v WARNER BROS. ENTERTAINMENT INC., a corporation; TIME WARNER INC., a corporation; DC COMICS INC., a corporation; and DOES 1-10
MINUTE ORDER of December 12, 2007

| | |
|---|---|
| Jury Instructions: | March 31, 2008 |
| Objections to Jury Instructions: | April 7, 2008 |
| Hearing on Motions in Limine: | April 14, 2008, at 1:30 p.m. |
| Final Pre-Trial Conference: | April 28, 2008, at 11:00 a.m. |
| Trial Briefs: | May 5, 2008 |
| Trial of Case No. CV 04-8400: | May 13, 2008, at 9:30 a.m. |
| Trial of Case No. CV 04-8776: | Thereafter, as set by Court |

The parties are advised that failure to adhere to any of the deadlines or obligations imposed in this Order will result in sanctions. Furthermore, the parties are advised that the Court will brook no further submissions of ex parte applications in this case. If issues do arise after this Order (and the Court expects that this will not occur), they are to be presented to the Court in the form of a singular document (a "Joint Stipulation") submitted to the Court containing both sides respective positions.

**IT IS SO ORDERED.**