1  WEISSMANN WOLFF BERGMAN
     COLEMAN GRODIN & EVALL LLP
2  Michael Bergman (SBN 37797)
   Anjani Mandavia (SBN 94092)
3  Adam Hagen (SBN 218021)
   9665 Wilshire Boulevard, Ninth Floor
4  Beverly Hills, California 90212
   Telephone: 310-858-7888
5  Fax:       310-550-7191

6  FROSS ZELNICK LEHRMAN & ZISSU, P.C.
   Roger L. Zissu (Admitted *pro hac vice*)
7  James D. Weinberger (Admitted *pro hac vice*)
   866 United Nations Plaza
8  New York, New York 10017
   Telephone: 212-813-5900
9  Fax:       212-813-5901

10 PERKINS LAW OFFICE, P.C.
   Patrick T. Perkins (Admitted *pro hac vice*)
11 1711 Route 9D
   Cold Spring, NY 10516
12 Telephone: 845-265-2820
   Fax:       845-265-2819
13
   Attorneys for Defendants and Counterclaimant
14

15                UNITED STATES DISTRICT COURT

16          CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

17

| | |
|---|---|
| JOANNE SIEGEL and LAURA SIEGEL LARSON, | Case No. CV 04-08400 SGL (RZx) Honorable Stephen G. Larson |
| Plaintiffs, | **DEFENDANTS' RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS** |
| vs. | |
| TIME WARNER INC., WARNER COMMUNICATIONS INC., WARNER BROS. ENTERTAINMENT INC., WARNER BROS. TELEVISION PRODUCTION INC., DC COMICS,, and DOES 1-10, | Date:  July 14, 2008 Time:  10:00 a.m. Place: Courtroom 1 |
| Defendants. | |
| AND RELATED COUNTERCLAIMS. | |

1  Defendants hereby submit this Response to Plaintiffs' Joanne Siegel and Laura Siegel Larson's Evidentiary Objections to Defendants' Motion for Clarification and/or Reconsideration, and to Declaration of Wayne M. Smith and Accompanying Exhibits (the "Objections").

As an initial matter, Defendants believe that the Objections themselves are improper, in that they represent an effort by Plaintiffs to violate the page limits of Section 4(b) of the Court's Standing Order. Nearly seven full pages of the Objections (on top of the full twenty five page brief Plaintiffs filed concurrently) contain pure lawyer argument challenging the credibility of the evidence submitted by Defendants, not the admissibility of such evidence. Such tactics should not be countenanced, and the Objections should be overruled on this ground alone.

Moreover, as detailed in Defendants' reply brief, Plaintiffs' arguments concerning the new, high quality scans of the Ads that Defendants have submitted with their motion have no basis in law or fact. Plaintiffs' first assertion – that the new scans are essentially the same as that submitted in Defendants' summary judgment brief – is best answered by comparing the exhibits: the differences speak for themselves. Plaintiffs' second argument, that the Court should disregard these differences because Defendants could have previously submitted a high-quality scan ignores the fact that Defendants' initial motion did not seek an analysis of the Ads, but simply sought a ruling on whether the Ads were subject to termination.

Plaintiffs' evidentiary arguments similarly fly in the face of the law of evidence and logic. Defendants stated in their motion for reconsideration that they plan to present to the Court originals of each of the two comic books containing the Ads. To illustrate the lack of clarity in the multiple generation photocopy submitted with the summary judgment papers, Defendants included in their motion a first generation high resolution scan of the Ad from *More Fun No. 31*. This document was properly authenticated under Fed. R. Evid. 901(b)(1) by a witness whose knowledge came from looking at the original comic book itself and who by

1  affidavit testified that the scan is an accurate representation of the original.
2  *Kleveland v. United States*, 345 F.2d 134 (2d Cir. 1965) ("The witness qualifying a
3  photograph, however, does not need to be the photographer or see the picture
4  taken. It is only necessary that he recognize and identify the object depicted and
5  testify that the photograph fairly and correctly represents it." (citing McCormick,
6  Evidence 181, at 387 (1954).); *see generally United States v. Workinger*, 90 F.3d
7  1409 (9th Cir. 1996) (transcripts authenticated by witness with knowledge). The
8  pure speculation of Plaintiffs' lawyer that these reproductions are not accurate
9  representations of the original disregards the applicable rule of evidence and is
10 erroneous. The Court, in any event, will have the opportunity to examine the
11 original comic book Ad for itself.
12     For these reasons, Defendants respectfully request that Plaintiffs' Objections
13 be overruled.
14 DATED:   June 30, 2008         WEISSMANN WOLFF BERGMAN
                                  COLEMAN GRODIN & EVALL, LLP
15
                                  FROSS ZELNICK LEHRMAN & ZISSU, P.C.
16                                     and
                                  PERKINS LAW OFFICE, P.C.
17
18                                By: /s/ Michael Bergman
19                                    Michael Bergman
                                      Attorneys for Defendants and Counterclaimant