UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    CV 04-08400-SGL (RZx)                                    Date:  July 3, 2008

Title:      JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON; an individual -*v*-
            WARNER BROS. ENTERTAINMENT INC., a corporation; TIME WARNER INC., a
            corporation; DC COMICS INC., a corporation; and DOES 1-10
========================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

          Jim Holmes                              None Present
          Courtroom Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:

None present                            None present

PROCEEDINGS:     **ORDER DENYING DEFENDANTS' MOTION FOR CLARIFICATION OR
                 RECONSIDERATION; ORDER DENYING PLAINTIFFS' MOTION FOR
                 CLARIFICATION OR RECONSIDERATION**

        Presently before the Court are defendants' motion for clarification or reconsideration of the
Court's March 26, 2008, Order, and plaintiffs' motion for clarification or reconsideration of the same
order.  In sum, defendants complain that the Court's March 26, 2008, Order went too far, while
plaintiffs complain that the Court's Order did not go far enough.  As set forth below, the Court
affirms its conviction that its Order went as far as, and no further than, required by the issues
properly before it and, accordingly, denies both motions.

        To begin, defendants' motion for clarification or reconsideration is **DENIED**.  The Court's
findings concerning the scope of the copyrightable material contained in the promotional
announcements were meant to be binding and not, as suggested by defendants, merely advisory.
Defendants argument that the Court's addressing the issue went beyond the questions raised in its
motion for summary judgment is not convincing.  Although defendants originally sought for the
Court to determine that the promotional advertisements fell outside the reach of the notices of
termination, plaintiffs raised in their opposition to that issue further questions concerning the <u>scope</u>
of the copyrightable material contained in those announcements, attaching thereto the expert
reports of both sides directed to that particular question.  Defendants thereafter filed a response

MINUTES FORM 90                                    Initials of Deputy Clerk __jh_____
CIVIL -- GEN                        1

wherein they noted that, as the Court expressly observed in its Order, with respect to this additional question, "the ads . . . speak for themselves" and "no special 'lens' is required."

The Court took defendants' statement as an alternative argument should the Court inquire, as it did, into the additional point raised by plaintiffs in their opposition. The Court thereafter applied defendants' own line of reasoning to the additional question raised in plaintiffs' opposition. Given this procedural posture, the Court's addressing the issue over the scope of copyrightable material in the announcements themselves did not go beyond the topics raised in the parties' pleadings.

Defendants' further argument that the Court's findings in this regard were made "without the benefit of further argument or the fact and expert testimony that Defendants have developed" is also mistaken. (Motion for Clarification at 1). Amongst the voluminous materials submitted by both parties in their cross-motions for partial summary judgment were each side's expert reports. The Court carefully and deliberately considered said expert reports and the documentary evidence itself (i.e., the promotional announcements) in making its decision.

Defendants' argument that the Court should reconsider its ruling because it only submitted "two low-quality photocopies of the Promotional Announcements" themselves is equally unavailing. Defendants have submitted in connection with their present motion large blow-ups (almost the size of a small poster on 11"x17" paper) of the announcements, enlarging them substantially from their original actual size. Of course, the salient point is not how those announcements may have looked if blown up, but rather as they appeared to readers in the comic book itself. Though defendants promise to present "an original of one of the Promotional Announcements available for the Court's inspection at the hearing on the motion" (Motion Clarification at 8 n.2), they could have, but failed to present, "high quality photocopies" of said announcements, in their actual size, in the motion itself or their reply. Hearings are not opportunities for presenting new or newly packaged evidence to opposing counsel or the Court; if defendants believe that the announcements in their original state (including scale) would demonstrate the presence of additional copyrightable material outside that found in the Court's Order, it should have been made that part of the motion itself for both the Court and opposing counsel to view. Even at this late date, defendants have not presented any evidence of the promotional announcements in their actual state (including scale) as seen by readers. The only evidence before the Court of how the announcements themselves looked in their natural published state remains the "low quality photocopies" originally presented in the motion for summary judgment.[1] Accordingly, the Court affirms its conclusion on the scope of the

---

[1] Defendants' argument that, by ruling on said issue, the Court robbed them of their due process rights by not providing them an opportunity to present their contrary evidence, leaving in its wake a presentation "with an unbalanced evidentiary record," is likewise unconvincing. (Motion Clarification at 14). All that defendants have submitted in connection with the present motion for clarification/reconsideration to ameliorate the "unbalanced evidentiary record" are blow-ups of the promotional announcements themselves. No additional probative evidence has been tendered (namely, a "higher quality" scan of the original advertisement in its original scale and size), and

copyrightable material contained in those announcements.

Turning to plaintiffs' motion for clarification and/or reconsideration of the Court's March, 2008, Order, the Court observes that it is not so much a request for the Court to clarify or reconsider its ruling as it is an attempt to prod the Court into further exposition of issues not litigated by the parties in their cross-motions for partial summary judgment.

Undoubtedly, the Court's ruling opens up new areas of inquiry (not entirely unexpected given that the Order was on the parties' cross-motions for <u>partial </u>summary judgment), but that fact alone does not so much necessitate further clarification or reconsideration as it requires the need to resolve further issues in the case. As the Court's March 31, 2008, Order has already established a mechanism to deal with these new areas of inquiry, proceeding by way of plaintiffs' motion is inappropriate. Should plaintiffs' wish for the Court to deal with the questions identified in their motion, they may append them to those issues identified in the March 31, 2008, Order requiring further briefing. Accordingly, the Court hereby **DENIES** plaintiffs' motion without prejudice.

**IT IS SO ORDERED.**

---

frankly nothing beyond that evidence could have been submitted as the reports of the experts, whose testimony comprises the main line of evidence on this point, was already presented to the Court in connection with the parties' motion for summary judgment itself. Finally, defendants seek clarification to the effect that the Court's statement that the name "Superman" was not in the promotional announcements does not somehow imply that the name Superman, by itself, is copyrightable. (Reply at 10). The Court meant no such thing. The Court was simply observing that the promotional announcements were not geared toward turning the readers attention to the Superman character <u>per se</u> as his name did not appear in the announcement, but were instead meant to market the new comic <u>Action</u> <u>Comics</u>.

MINUTES FORM 90                                                          Initials of Deputy Clerk __jh_____

CIVIL -- GEN                                    3

CV 04-08400-SGL (RZx)
JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON; an individual v WARNER BROS.
ENTERTAINMENT INC., a corporation; TIME WARNER INC., a corporation; DC COMICS INC., a
corporation; and DOES 1-10
MINUTE ORDER of June 18, 2008