O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.     CV 04-08400-SGL (RZx)                                           Date:  September 26, 2008

Title:    JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON; an individual -v-
         WARNER BROS. ENTERTAINMENT INC., a corporation; TIME WARNER INC., a
         corporation; DC COMICS INC., a corporation; and DOES 1-10
===============================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

          Jim Holmes                                None Present
          Courtroom Deputy Clerk                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:         ATTORNEYS PRESENT FOR DEFENDANTS:

None present                              None present

PROCEEDINGS:     ORDER REGARDING ESCROW DOCUMENTS

     The Court has been called upon to resolve a dispute over the disposition of certain documents (hereinafter "escrow documents") in the possession of attorney Mr. David Eisen at the law firm Arnold & Porter. Given the passage of time, some background is in order.

     In June, 2006, three employees at Warner Bros. Entertainment, Inc. (including the company's then general counsel, Mr. John Schulman) received packages containing documents relating to the present litigation (the aforementioned escrow documents) from an anonymous source. The documents in question contained embarrassing and potentially questionable conduct by plaintiffs counsel in this case. The Vice President for Warner Bros., Mr. Wayne Smith, thereafter undertook the following steps: (1) He reviewed each document but ceased such review when it became apparent that the document was privileged, (2) contacted plaintiffs' counsel and advised him that the documents had been received, and (3) refrained from using any information in the documents unless and until there was either an agreement with opposing counsel or the court had determined how to proceed with the document's disposition. Moreover, Mr. Smith and Mr. Schulman further decided to turn the documents over to a neutral third party pending resolution of the disposition of the escrow documents, either pursuant to the agreement of the parties or order of the Court.

Magistrate Judge Zarefsky was the discovery judge in this matter at the time the escrow documents in question were received by company employees at Warner Bros. On June 30, 2006, the escrow documents were turned over to the escrow agent. The escrow agent thereafter Bates-stamped a set of the escrow documents and then sent a copy of the same to plaintiffs' counsel, Mr. Toberoff. The originals remained in the agent's possession in escrow.

On August 7, 2006, defendants served a request on plaintiffs for the production of the escrow documents, requesting, in particular, "[a]ll Writings referenced in the July 5, 2006 letter from [the escrow agent] to, among others, Marc Toberoff, Esq. and which were attached to or enclosed with the July 18, 2006, letter from [the escrow agent] to Marc Toberoff, Esq." Plaintiffs' thereafter filed a response on September 6, 2006. Subsequently, in connection with another discovery matter, Magistrate Judge Zarefsky ordered that plaintiffs "produce all privilege logs, including any revisions, by September 29, 2006." In the subsequently-produced privilege log, plaintiffs' counsel allegedly did not assert privilege in the escrow documents. At this point, defendants filed a motion to compel plaintiffs and their counsel to produce all non-privileged escrow documents not identified on any privilege log.

Defendants' motion to compel was heard by Magistrate Judge Zarefsky on April 30, 2007. During the hearing, plaintiffs' counsel asserted that, except for two documents, all of the escrow documents had been either previously produced to defendants or had been listed on a privilege log:

> COURT: The question is: Have you otherwise produced [the documents]? That's all that's all at issue, isn't it?
>
> MR. TOBEROFF: I have, your Honor. I have put in a declaration unequivocally that even though I'm not obliged to do so, and jump through hoops of having to respond and own up to documents stolen from my legal files, an obligation that does not apply to the defendants in this case and does not apply to parties under Rule 34, I nonetheless went through every single one of those documents, which they, instead of returning the originals, returned to me with Bate stamps, checked it against our production, and found two documents that were non-privileged that hadn't been produced that consisted of letters from plaintiffs to DC Comics, which I produced.
>
> COURT: See, your declaration doesn't quite say that, Mr. Toberoff. I read your declaration.
>
> MR. TOBEROFF: The intention of the declaration is to say exactly what I'm saying now; that I went through my files, not just the plaintiffs' files, which is all the motion pertains to, but all my files, all the third-party witness files —

>    COURT: Forgive me for interrupting. Your declaration does say that. What your declaration doesn't say is that you went through these, let's call them [escrow] documents, even though that may not be an accurate statement, you went through these [escrow] documents, and that you verified that each of the [escrow] documents either had been produced or had been listed on the privilege log. It doesn't say that.
>
>    MR. TOBEROFF: That is the case, your Honor, and that was certainly my intention to say that, and I'm saying that now.
>
>    COURT: All right, then we can get that cleared up immediately.
>
>    MR. TOBEROFF: I'd be happy to take an oath and say that, because that is precisely what I did.

    That during the hearing, Magistrate Judge Zarefsky, noting that the previously provided declaration was unclear, issued the following Order:

>    COURT: Now I told you, Mr. Toberoff, that I saw a little wiggle room in your declaration. You tell me you didn't mean for there to be any. So, here's what I'm going to do. Not later than May 7th, that's a week from today, I want you to submit a declaration that does identify by the Bates numbers of the escrow documents and the corresponding Bates numbers of documents already produced, those among the escrow documents which are unprivileged and have already been produced.
>
>    So, you take the Bates numbers of the escrow documents and say, "Here are the corresponding Bates numbers of the documents that have already been pro<u>and correspond to the listings on the privilege log of the documents which have not been produced because they were privileged</u>. All right? So, put that in your declaration.
>
>    Then the escrow holder . . . is to return to the plaintiffs any documents which are identified in the declaration as being privileged and having been identified on the privilege logs.
>
>    <u>The others can be delivered to trial counsel for defendants because they're either unprivileged, or, if they were privileged, privilege has been waived because they weren't listed on the privilege log</u>
>
>                          . . . .
>
>    Do you understand what I've ordered you to put in the

    declaration?

        MR. TOBEROFF: I do, your Honor.

(emphasis added).  Magistrate Judge Zarefsky then repeated the outline of his Order to plaintiffs' counsel towards the end of the hearing: "Privileged documents get returned.  <u>The privilege documents that were listed on the privilege log get returned</u>.  The others get sent to defense counsel." (emphasis added).

    On May 21, 2007, plaintiffs' counsel produced the declaration required by Magistrate Judge Zarefsky.  The declaration asserted privilege for the first time for a number of documents in escrow that had neither been listed previously on a privilege log nor had been previously produced.  That plaintiffs' counsel's declaration went beyond the bounds of Magistrate Judge Zarefsky's order was made plain by a cover letter attached to his May 21, 2007, declaration: "Any documents not identified in my declaration as listed in a privilege log or as previously produced to defendants are to be produced to defendants, <u>with the exception of the clearly privileged litigation communications identified in my declaration</u>."  (emphasis added).

    Not surprisingly a dispute quickly ensued between the parties over whether plaintiffs' counsel's declaration sought to exclude from production to defendants categories of escrow documents ordered to be produced by Magistrate Judge Zarefsky's Order.  The matter was presented to this Court when Magistrate Judge Zarefsky had to step aside from serving as the discovery judge in this matter due to attend to personal matters.

    The Court ordered the escrow agent to submit the particular escrow documents in question (the ones plaintiffs' counsel was asserting privilege for the first time) for an <u>in</u> <u>camera</u> review and ordered plaintiffs' counsel to submit a declaration "setting forth the grounds for any claim of privilege relating to said documents."  Both steps were eventually done and the Court is now in the possession of both.

    Upon reflection the Court finds that plaintiffs' counsel's newly asserted claims for privilege are not well-taken. Pursuant to Magistrate Judge Zarefsky's order, any claim of privilege not previously asserted before that Order was deemed "waived."  Although plaintiffs suggest that such a reading of Magistrate Judge's order as not a fair one and lacks common sense, the language of his order is clear and unambiguous: Any escrow document not matching up to the privilege log or the declaration's list of previously-produced documents was to be produced to defendants; any assertion of privilege to such documents to be produced was deemed "waived."  That plaintiffs' counsel may have a basis to assert such privilege or otherwise challenge the propriety of producing such material on relevance grounds, etc., is inapposite.  If plaintiffs wished to press such new claims of privilege or any other basis for challenging production of the same, Magistrate Judge Zarefsky's Order deemed them waived.  What plaintiffs' counsel should have done at that point to preserve such assertions was to appeal Magistrate Judge Zarefsky's Order to this Court, in particular that section of his Order deeming any previously un-asserted grounds of privilege to be "waived."  Plaintiffs did not do so, and the time to appeal Magistrate Judge Zarefsky's Order to this

CV 04-08400-SGL (RZx)
JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON; an individual v WARNER BROS. ENTERTAINMENT INC., a corporation; TIME WARNER INC., a corporation; DC COMICS INC., a corporation; and DOES 1-10
MINUTE ORDER of September 26, 2008

Court has long since expired.  See Local Rule 72-2.1.

    Magistrate Judge Zarefsky's Order is now the law of the case in this matter.  Plaintiffs' argument that the parties had reached an agreement beforehand that any post-litigation attorney-client communications did not have to be listed in a privilege log to preserve its privilege status is, as explained in defendants' supplemental declaration to the Court's Order, simply mistaken.

    Accordingly, pursuant to the terms of Magistrate Judge Zarefsky's Order, the escrow agent is **ORDERED** to produce to defendants' counsel forthwith any escrow document not previously listed in a privilege log or as having been previously been produced.  That is to say, the escrow agent is to match up the escrow documents with the privilege log entries and production documents listed in Mr. Toberoff's May 21, 2007, declaration.  Thus, the nine documents produced by the escrow agent to the Court for in camera review are to be produced to defendants' counsel as those documents were not previously identified in a privilege log provided by plaintiffs.

    **IT IS SO ORDERED.**