WEISSMANN WOLFF BERGMAN
   COLEMAN GRODIN & EVALL LLP
Michael Bergman (SBN 37797)
Anjani Mandavia (SBN 94092)
Adam Hagen (SBN 218021)
9665 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212
Telephone: (310) 858-7888
Fax: (310) 550-7191

FROSS ZELNICK LEHRMAN & ZISSU, P.C.
Roger L. Zissu (Admitted *pro hac vice*)
James D. Weinberger (Admitted *pro hac vice*)
866 United Nations Plaza
New York, New York 10017
Telephone: (212) 813-5900
Fax: (212) 813-5901

PERKINS LAW OFFICE, P.C.
Patrick T. Perkins (Admitted *pro hac vice*)
1711 Route 9D
Cold Spring, New York 10516
Telephone: (845) 265-2820
Fax: (845) 265-2819

Attorneys for Defendants and Counterclaimant

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOANNE SIEGEL and LAURA SIEGEL LARSON,<br><br>Plaintiffs,<br><br>vs.<br><br>WARNER BROS. ENTERTAINMENT INC.; TIME WARNER INC.; DC COMICS; and DOES 1-10,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. SA CV 04-8400 SGL (RZx)<br><br>Hon. Stephen G. Larson, U.S.D.J.<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE DOCUMENTS AND TRIAL TESTIMONY SOUGHT IN THIRD-PARTY SUBPOENAS SERVED ON DECEMBER 22 AND 23, 2008 AND MOTION TO QUASH SUBPOENAS** |

{F0395104.1 }

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT at 11:00 a.m. on January 26, 2009, or as soon thereafter as the matter may be heard in the above-entitled action before the Honorable Stephen G. Larson, United States District Judge, United States District Court for the Central District of California, Eastern Division, 3470 Twelfth Street, Riverside, California, Courtroom 1, defendant and counterclaimant DC Comics, and defendants Warner Bros. Entertainment Inc., and Time Warner Inc. (collectively "Defendants"), will and hereby do move the Court to exclude the trial testimony and documents sought in sixteen third-party subpoenas Plaintiffs served on December 22 and 23, 2008 and to quash the sixteen third-party subpoenas.

This motion is made pursuant to Local Rule 7-3, this Court's Standing Order, Fed. R. Evid. 701 and 702 and Fed. R. Civ. P. 37, and federal decisional authority. Although Plaintiffs served these subpoenas several weeks after the parties met and conferred on their respective *in limine* motions, Defendants met and conferred in writing with Plaintiffs on December 24, 2008. (Bergman Dec. Ex. 127; *see also* Bergman Dec. Ex. 122.)

This motion is based on this Notice of Motion and Motion, Memorandum of Points and Authorities in support thereof, the declaration of Michael Bergman and all exhibits thereto, all pleadings and papers on file in this action, such other evidence or arguments as may be presented to the Court, and such other matters of which this Court may take judicial notice.

| | |
|---|---|
| DATED: January 5, 2009 | WEISSMANN WOLFF BERGMAN COLEMAN GRODIN & EVALL LLP |
| | -and- |
| | FROSS ZELNICK LEHRMAN & ZISSU, P.C. |
| | -and- |
| | PERKINS LAW OFFICE, P.C. |
| | By: _____ |
| | Michael Bergman |
| | Attorneys for Defendants and Counterclaimant |

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' *MOTION IN LIMINE NO. 4* TO EXCLUDE DOCS AND TRIAL TESTIMONY SOUGHT IN THIRD PARTY SUBPOENA

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................1

ARGUMENT ..............................................................................................................3

    I.    PLAINTIFFS' DOCUMENT SUBPOENAS CONSTITUTE AN IMPERMISSIBLE ATTEMPT TO TAKE FACT DISCOVERY AFTER THE CLOSE OF DISCOVERY ON NOVEMBER 17, 2006 ..........................................................................4

    II.    THE WITNESSES IDENTIFIED IN THE TRIAL SUBPOENAS SHOULD NOT BE PERMITTED TO TESTIFY ........................................................................................7

        A.    Because the Document Subpoenas Are Invalid Attempts to Conduct Fact Discovery, the Trial Subpoenas Should be Quashed ........................................................................................7

        B.    Plaintiffs Failed to Disclose Any of the Eight Corporate Witnesses and, As Such, Their Testimony Should Be Excluded under Rule 37 ..................................................................8

CONCLUSION .........................................................................................................12

i

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' *MOTION IN LIMINE NO. 4* TO EXCLUDE DOCS AND TRIAL TESTIMONY SOUGHT IN THIRD PARTY SUBPOENA

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Alper v. United States*,
 190 F.R.D. 281 (D. Mass. 2000)..................................................................6

*American Stock Exch., LLC v. MOPEX, Inc.*,
 215 F.R.D. 87 (S.D.N.Y. 2002) ................................................................9, 10

*Design Strategies, Inc. v. Davis*,
 367 F. Supp. 2d 630 (S.D.N.Y. 2005), *aff'd*, 469 F.3d 284 (2d Cir. 2006)..................................................................................................11

*F.T.C. v. Netscape Committee Corp.*,
 196 F.R.D. 559 (N.D. Cal. 2000)............................................................4, 5

*Garcia v. Qwest Corp.*,
 2008 WL 4531657 (D. Ariz. Oct. 3, 2008).................................................9

*Ghandi v. Police Department of City of Detroit*,
 747 F.2d 338 (6th Cir. 1984)......................................................................6

*Hoffman v. Construction Protective Svs.*,
 541 F.3d 1175 (9th Cir. 2008)..............................................................8, 11

*Integra Lifesciences I, Ltd. v. Merck KGaA*,
 190 F.R.D. 556 (S.D. Cal. 1999).............................................................4, 5

*International Flora Technology, Ltd. v. Clarins U.S.A., Inc.*,
 2008 WL 4174894 (D. Ariz. Sept. 5, 2008)............................................9, 10

*Juell v. Forest Pharms., Inc.*,
 2007 WL 2601414 (E.D. Cal. Sept. 6, 2007)........................................11, 12

*Luce v. United States*,
 469 U.S. 38 (1984).....................................................................................3

*Marvin Lumber & Cedar Co. v. PPG Industries, Inc.*,
 177 F.R.D. 443 (D. Minn. 1997)...............................................................6

*McNerney v. Archer Daniels Midland Co.*,
 164 F.R.D. 584 (W.D.N.Y. 1995)..............................................................6

*nSight, Inc. v. PeopleSoft, Inc.*,
 2006 WL 988807 (N.D. Cal. Apr. 13, 2006) ........................................4, 5, 6

*Puritan Investment Corp. v. ASLL Corp.*,
 1997 WL 793569 (E.D. Pa. 1997) .........................................................4, 6

*Rice v. U.S.*,
 164 F.R.D. 556 (N.D. Okla. 1995).....................................................passim

ii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' *MOTION IN LIMINE NO. 4* TO EXCLUDE DOCS AND TRIAL TESTIMONY SOUGHT IN THIRD PARTY SUBPOENA

Case 2:04-cv-08400-ODW -RZ   Document 403   Filed 01/05/09   Page 6 of 18   Page ID #:4047

1  *United States v. Procter & Gamble Co.*,
       356 U.S. 677 (1958)..................................................................................3
2
3  *U.S. v. Vevea*,
       2007 WL 4328787 (E.D. Cal. Dec. 10, 2007) ......................................11
4  *Wong v. Regents of the University of Cal.*,
       410 F.3d 1052 (9th Cir. 2005)................................................................11
5
6  *Yeti By Molly, Ltd. v. Deckers Outdoor Corp.*,
       259 F.3d 1101 (9th Cir. 2001)................................................................9

7                          **FEDERAL STATUTES**

8  Fed. R. Civ. P. 16..............................................................................................10
9  Fed. R. Civ. P. 26........................................................................................passim
10 Fed. R. Civ. P. 37........................................................................................passim
11 Fed. R. Civ. P. 45........................................................................................passim
12 Fed. R. Evid. 701 ...............................................................................................1
13 Fed. R. Evid. 702 ...............................................................................................1

1   Pursuant to L.R. 7-3, this Court's Standing Order, Fed. R. Evid. 701 and 702
2   and Fed. R. Civ. P. 37, Defendants respectfully move *in limine* to exclude the
3   documents and trial testimony which are the subject of sixteen separate subpoenas
4   served by Plaintiffs on Twentieth Century Fox Film Corporation, Artists
5   Management Group, LLC and International Creative Management LLC on
6   December 22, 2008 and on Sony Pictures Entertainment Inc., William Morris
7   Agency, LLC, T Asset Acquisition Company, John Wells Productions and the Dino
8   De Laurentiis Company on December 23, 2008 and further to quash such
9   subpoenas.

## PRELIMINARY STATEMENT

The Court has ordered a bench trial on February 3, 2009 (the "February 3 Trial") on the sole question of whether any relevant agreement between DC Comics ("DC") and Warner Bros. Entertainment Inc. ("WBEI") for the exploitation of the Superman property (including the recaptured copyright), constitutes a "sweetheart deal" such that DC received from WBEI less than fair market value for the license of those rights.[1]

This motion concerns Plaintiffs' belated attempts to make up for their failure to take discovery related to this "sweetheart deal" issue – an issue Plaintiffs raised in their initial complaint filed in 2004, but almost completely ignored during the actual discovery period that ended over two years ago. Realizing that they did not develop evidence sufficient to meet their burden of establishing that the relevant deals between WBEI and DC Comics are "sweetheart deals," Plaintiffs have recently served sixteen new third party subpoenas. (*see* Declaration of Michael Bergman

---

[1] We do not believe that Plaintiffs are intending to put any of the witnesses on for a claim of traditional corporate alter-ego, or that the February 3 Trial will cover such question. *See* Defendants' Motion in Limine No. 1 to Define Scope of February 3, 2009 Trial. Even if alter ego were a legitimate claim in the February 3 Trial, however, all of the witnesses that are the subject to this motion could not give testimony for the same reasons as set forth herein.

1  ("Bergman Dec."), Exs. 106 - 121)  These subpoenas, which Plaintiffs served on
2  December 22 and 23 -- more than two years after the November 2006 close of
3  discovery and several weeks after the parties' December 3, 2008 Local Rule 16-2
4  Pretrial Meeting of Counsel in advance of the February 3 Trial -- were issued to
5  eight separate corporate entities, none of whom were ever disclosed under Rule 26.
6        Plaintiffs' new subpoenas fall into two categories.  The first seek the
7  production of documents by third parties Twentieth Century Fox Film Corporation,
8  Artists Management Group, LLC and International Creative Management LLC (all
9  served on December 22, 2008) and by Sony Pictures Entertainment Inc., William
10 Morris Agency, LLC, T Asset Acquisition Company, John Wells Productions and
11 the Dino De Laurentiis Company (all served on December 23, 2008) (the
12 "Document Subpoenas").  (Bergman Dec. Exs. 106 - 113.)  Each of the Document
13 Subpoenas seeks production of certain contracts identified therein, none of which
14 were produced or which Plaintiffs attempted to obtain during the fact discovery
15 period – which closed on November 17, 2006.
16       The second group of subpoenas, served the same days on the same entities,
17 seek trial testimony from a custodian knowledgeable about the agreements which
18 are the subject of the Document Subpoenas (the "Trial Subpoenas," (Bergman Dec.
19 Exs. 114 - 121) and, together with the Document Subpoenas, the "December 22-23,
20 2008 Subpoenas").  None of the corporate entities served with the December 22-23,
21 2008 Subpoenas were previously identified in any of Plaintiffs' Fed. R. Civ. P. 26
22 disclosures, nor were they identified on Plaintiffs' witness list served at the parties'
23 Local Rule 16-2 conference held on December 3, 2008.
24       None of the documents and testimony sought by the December 22-23, 2008
25 Subpoenas should be permitted to be used at the February 3 Trial.  First, the
26 Document Subpoenas constitute an improper attempt to conduct discovery more
27 than *two years* after fact discovery closed, in violation of Rule 26 and this Court's
28

1 prior scheduling orders. Second, since the Trial Subpoenas only seek witness
2 testimony concerning the documents that are the subject of the faulty Document
3 Subpoenas, they should be quashed as moot. Third, even if the Document
4 Subpoenas were valid – and they are not – or if the documents had been procured by
5 Plaintiffs in discovery – and they were not – none of the corporate witnesses served
6 with Trial Subpoenas were identified by Plaintiffs in discovery or at the Local Rule
7 16-2 conference and none have been deposed. This precludes their availability for
8 trial testimony.

Rather, it is clear from the December 22-23, 2008 Subpoenas that Plaintiffs are – as was the case with their now-dismissed Lanham Act and "waste" claims – completely ill-prepared to conduct the February 3 Trial. Instead, they have resorted to last-minute, impermissible discovery practices in a weak attempt to develop enough arguable evidence to try the case. This, however, frustrates the purpose of Rule 26 as well as Local Rule 16, which along with other modern discovery rules exist to help "make a trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). As such, Defendants' motion in limine should be granted and the December 22-23, 2008 Subpoenas should be quashed.

## ARGUMENT

This Court has the authority to grant a motion *in limine* pursuant to "the . . . court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citations omitted). The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *Id. See also* Larson, J., Standing Order.

## I. PLAINTIFFS' DOCUMENT SUBPOENAS CONSTITUTE AN IMPERMISSIBLE ATTEMPT TO TAKE FACT DISCOVERY AFTER THE CLOSE OF DISCOVERY ON NOVEMBER 17, 2006

Fed. R. Civ. P. 45 sets forth two types of subpoenas: pretrial discovery subpoenas and trial subpoenas. *See nSight, Inc. v. PeopleSoft, Inc.*, No. 3:04 CV 3836 MMC (MEJ), 2006 WL 988807, *2 (N.D. Cal. Apr. 13, 2006; *F.T.C. v. Netscape Comm. Corp.*, 196 F.R.D. 559, 560 (N.D. Cal. 2000); *Integra Lifesciences I, Ltd. v. Merck KGaA,* 190 F.R.D. 556, 562 (S.D. Cal. 1999). As the Northern District explained in *nSight*:

> Pre-trial discovery subpoenas include, *inter alia,* requests for the production and inspection and books, documents, and tangible items. *See* Fed. R. Civ. P. 26(a)(5) (Parties may obtain discovery by requesting production of documents or things under Rule 45(a)(1)(C), for inspection and other purposes). Trial subpoenas, on the other hand, include requests for attendance at a hearing or trial, (*see* Fed. R. Civ. P. 45(a)(1)-(2)(A)), and may be used in narrow circumstances to secure documents. *See Puritan Inv. Corp. v. ASLL Corp.*, 1997 WL 793569, 1 (E.D. Pa. 1997) (trial subpoenas may be used to secure documents at trial for the purpose of memory refreshment or trial preparation); *see also Rice v. U.S.,* 164 F.R.D. 556, 558 n. 1 (N.D. Okla. 1995) (trial subpoenas may be used to ensure availability at trial of original documents previously disclosed by discovery).
>
> California federal courts and the majority of jurisdictions hold that, absent one of the narrow circumstances highlighted above, requests for production of documents and things under Rule 45 constitute pre-trial discovery and must be served within the designated discovery period. *See Integra Lifesciences,* 190 F.R.D. at

561-62. Many courts have found that Rule 45 subpoenas sought after the discovery cut-off are improper attempts to obtain discovery beyond the discovery period. *See Rice v. U.S.*, 164 F.R.D. at 557-559 (subpoenas duces tecum for particular records, issued to third parties after close of discovery, were quashed as improper attempt to engage in discovery after discovery cut-off); *see also F.T.C.*, 196 F.R.D. at 560-561. Courts have emphasized that a party's further investigation and trial preparation after a discovery cut-off may not invoke the authority of the court to issue a Rule 45 subpoena. *See Rice,* 164 F.R.D. at 558.

*nSight, Inc.*, 2006 WL 988807, at *2-3.

Plaintiffs' Document Subpoenas, i.e., those eight subpoenas served on December 22-23, 2008 which seek certain documents from the intended recipients, namely, agreements, constitute improper attempts to obtain discovery beyond the discovery period. There is no question that "subpoenas requesting the production and inspection of books, documents, and tangible items in the possession, custody, or control of another are pre-trial discovery subpoenas. *See Integra Lifesciences,* 190 F.R.D. at 561-62; *see also* Fed.R.Civ.P. 26(a)(5) (parties may obtain discovery by requesting production of documents or things under Rule 45)." *nSight, Inc.*, 2006 WL 988807, at *3.

In order for Plaintiffs' Document Subpoenas to qualify as a trial subpoenas, they must either seek a non-party's attendance at trial or a hearing or fit within one of the narrow circumstances allowing a party to secure documents. *Id. See also* Fed. R. Civ. P. 45(a)(1)-(2)(A); *Rice v. U.S.,* 164 F.R.D. at 558 n. 1. Plaintiffs are not by their Document Subpoenas requesting attendance at trial or a hearing and are not trying to secure original documents, the copies of which were disclosed previously during discovery. In addition, Plaintiffs are not seeking the documents

5

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'** *MOTION IN LIMINE NO. 4* **TO EXCLUDE DOCS AND TRIAL TESTIMONY SOUGHT IN THIRD PARTY SUBPOENA**

and items for the purpose of memory refreshment or for permissible use at trial. Plaintiffs instead seek to obtain documents and records they could have requested during the discovery period.

A party may not circumvent discovery deadlines by attempting to obtain with a trial subpoena documents and testimony that they should have secured with a discovery subpoena. *See Puritan Inv. Corp.*, 1997 WL 793569 at 2 (citing *McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 588 (W.D.N.Y. 1995)); *see also Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 354-55 (6th Cir. 1984) (affirming district court's decision to quash subpoena issued on the eve of trial seeking documents available during discovery); *Alper v. United States,* 190 F.R.D. 281, 283-84 (D. Mass. 2000); *Marvin Lumber & Cedar Co. v. PPG Industries, Inc.,* 177 F.R.D. 443, 443 (D. Minn. 1997); *Rice,* 164 F.R.D. at 558. As such, Plaintiffs should not be permitted to use any discovery obtained through the Document Subpoenas, and they should thus be quashed under Fed. R. Civ. P 45. *See also Rice*, 164 F.R.D. at 557-59 (subpoenas duces tecum issued after close of discovery were quashed as improper attempt to engage in discovery after discovery time period).

Plaintiffs attempt to couch the documents sought in the Document Subpoenas as "rebuttal" discovery necessitated by certain materials produced by Defendants at the December 3, 2008 L.R. 16-2 conference. (Bergman Dec. Ex. 122.) As an initial matter, there is no "rebuttal" exception for use of a Rule 45 subpoena to conduct discovery after fact discovery has closed. *See nSight*, 2006 WL 988807, at *2-3 (narrow exceptions to requirement that discovery subpoena be served during discovery period are to refresh witness memory or ensure availability of original documents previously disclosed by discovery). Moreover, even if there were such an exception, the materials sought in the Document Subpoenas are only "rebuttal" in the colloquial sense, not in the way Plaintiffs are using the term.

Plaintiffs intend to use the agreements requested in the subpoenas to support

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' *MOTION IN LIMINE NO. 4* TO EXCLUDE DOCS AND TRIAL TESTIMONY SOUGHT IN THIRD PARTY SUBPOENA

their case-in-chief; namely, their argument that certain of the Superman agreements between WBEI and DC were below-market deals. In fact, Plaintiffs already designated several agreements on their exhibit list intended to make this point, including two agreements Plaintiffs produced to Defendants on the eve of the parties' Rule 16 conference, as well as the day after. (*See* Bergman Decl. Exs. 123, 124 (Batman), 125 (My Fair Lady), 126 (Guys and Dolls).)[2] It was only after Plaintiffs saw the agreements listed on Defendants' exhibit list that they apparently determined that the agreements on their own list were insufficient to establish their case-in-chief, and decided to send out the subpoenas that are the subject of this motion. Thus the agreements Plaintiffs requested in their subpoenas are "rebuttal" in the colloquial sense that they are in response to the agreements Defendants listed on their exhibit list as part of their defense. However, the subpoenaed agreements – like the agreements already listed on Plaintiffs' exhibit list – are part of their case-in-chief. Thus, the Document Subpoenas cannot be properly characterized as for purposes of "rebuttal" in any meaningful way.

## II. THE WITNESSES IDENTIFIED IN THE TRIAL SUBPOENAS SHOULD NOT BE PERMITTED TO TESTIFY

### A. Because the Document Subpoenas Are Invalid Attempts to Conduct Fact Discovery, the Trial Subpoenas Should be Quashed

Once the invalid and improper Document Subpoenas are out of the picture, the Trial Subpoenas become moot. That is, since the witnesses to whom the Trial Subpoenas are directed are all custodians of the various agreements sought by the Document Subpoenas, there is nothing for the witnesses to testify about. As such, the Trial Subpoenas should be quashed as unduly burdensome to Defendants under,

---

[2] Plaintiffs also listed pleadings from other cases containing rights agreements. (*See, e.g.*, Bergman Dec. Exs. 56, 64, 69, 70, 71). These pleadings are the subject of Defendants' Motion in Limine No. 3 to Preclude Introduction of Various of Plaintiffs' Proposed Exhibits.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' *MOTION IN LIMINE NO. 4* TO EXCLUDE DOCS AND TRIAL TESTIMONY SOUGHT IN THIRD PARTY SUBPOENA

*inter alia*, Fed. R. Civ. P. 45(c)(3)(A)(iv), which permits a court to quash a subpoena that "subjects a person to an undue burden."

### B. Plaintiffs Failed to Disclose Any of the Eight Corporate Witnesses and, As Such, Their Testimony Should Be Excluded under Rule 37

Even if the Trial Subpoenas were not moot, the testimony sought by such subpoenas should be excluded for Plaintiffs' failure to disclose the identity of the witnesses in discovery and during the parties' Local Rule 16-2 meeting of counsel.

Rule 26(a)(1)(A)(i) requires that, "without awaiting a discovery request," a party must disclose to all other parties:

> the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed. R. Civ. P. 26(a)(1)(A)(i). Moreover, under Rule 26(e)(1), a party is under a duty to supplement its initial disclosures throughout discovery if additional individuals with discoverable information become known. Fed. R. Civ. P. 26(e)(1).

To ensure that the disclosure requirements of Rule 26 are followed, Rule 37(c)(1) provides that:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness . . . at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). "Rule 37(c)(1) gives teeth to [the Rule 26] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that it not properly disclosed." *Hoffman v. Construction Protective Svs.*, 541 F.3d 1175, 1179 (9th Cir. 2008). The preclusionary sanction of Rule 37(c)(1) is "self-

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' *MOTION IN LIMINE NO. 4* TO EXCLUDE DOCS AND TRIAL TESTIMONY SOUGHT IN THIRD PARTY SUBPOENA

executing" and "automatic" and is intended "to provide a strong inducement for the disclosure of material." *Yeti By Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citation omitted). Moreover, "Rule 37(c)(1) does not require a finding of bad faith or callous disregard of the discovery rules as a precondition before imposing sanctions." *Garcia*, 2008 WL 4531657 at *3 (citation omitted); *see Yeti By Molly*, 259 F.3d at 1106 (exclusion under Rule 37(c)(1) is appropriate "even absent a showing in the record of bad faith or willfulness.")

"The burden of proving substantial justification or harmlessness is on the party facing sanctions [or seeking leave to call undisclosed witnesses at trial]." *International Flora Tech., Ltd. v. Clarins U.S.A., Inc.*, No. 06-1371-PHX-ROS, 2008 WL 4174894, *3 (D. Ariz. Sept. 5, 2008); *see also American Stock Exch., LLC v. MOPEX, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002) ("The burden to prove substantial justification or harmlessness rests with the dilatory party.") (citations omitted). For purposes of Rule 37(c)(1), "a party's failure to disclose is substantially justified where the non-moving party has a reasonable basis in law and fact, and where there exists a genuine dispute concerning compliance." *Garcia v. Qwest Corp.*, CV-07-999-PHX-LOA, 2008 WL 4531657, at *3 (D. Ariz. Oct. 3, 2008) (citations omitted). "Failure to comply with the mandate of Rule [26] is harmless when there is no prejudice to the party entitled to the disclosure." *Id.* Such a failure to disclose or supplement is sanctionable. *Id.*

Fact discovery in this case commenced in early 2005 and continued until November 2006 – a period of almost two years. Plaintiffs' initial disclosures (Bergman Dec. Ex. 98) did not identify these eight corporations or any employee of them as possessing discoverable knowledge. Further, at no point during the nearly two years of fact discovery did Plaintiffs supplement their initial disclosures to identify any of these eight corporate witnesses. Nor did Plaintiffs seek to depose any of the corporate entities or any employee of them. Now, two years after the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' *MOTION IN LIMINE NO. 4* TO EXCLUDE DOCS AND TRIAL TESTIMONY SOUGHT IN THIRD PARTY SUBPOENA

close of discovery and on the eve of trial, Plaintiffs reveal their intention to call these eight new witnesses at trial. This is exactly the type of "surprise" and "ambush" that the disclosure requirements of Rule 26 were meant to eliminate. *See American Stock Exch.*, 215 F.R.D. at 93.

Worse, Plaintiffs' ambush goes beyond a mere discovery violation. When the parties conducted their Local Rule 16-2 Meeting of Counsel Before Final Pre-Trial Conference, at which they were to "disclose the information required by F. R. Civ. P. 26(a)(3)(A) and (B) as to witnesses . . . to be called at trial," none of the eight corporate witnesses were on Plaintiffs' L.R. 16-2.4 witness list. (Bergman Dec. Ex. 2.) As such, Plaintiffs' failure to disclose the identified witnesses provides a separate basis for exclusion of the corporate witnesses as well as "reasonable expenses – including attorney's fees – incurred because of noncompliance." Fed. R. Civ. P. 16(f)(2). *See also* L.R. 83-7.

Failure to disclose trial witnesses in discovery can only be allowed where there is substantial justification for the omission or such an omission is harmless. "[T]he burden of proving substantial justification or harmlessness is on the party facing sanctions." *International Flora*, 2008 WL 4174894 at *3 (citation omitted). Plaintiffs cannot offer substantial justification – or any justification at all – for their failure to identify these corporate witnesses. Plaintiffs were obligated by Rule 26(a)(1) and (e)(1) to produce a list of individuals with discoverable knowledge and supplement this list if they learned of any additional such individuals. Plaintiffs' initial disclosures did not identify the corporate witnesses which are the subject of the December 22-23, 2008 Subpoenas. Sometime after the parties L.R. 16-2 conference, however, Plaintiffs came to believe that the corporate witnesses had discoverable information. This is simply too late under the Federal and Local Rules. Accordingly, there can be no genuine dispute that Plaintiffs have failed to comply with the requirements of Rule 26. And Plaintiffs have offered no reasonable basis in

law and fact (because there is no such basis) for believing they were not required to disclose these individuals.

Plaintiffs' failure to identify the corporate witnesses is not harmless, either. Neither Plaintiffs nor Defendants have deposed any of these newly-disclosed witnesses, and trial is less than a month away. Plaintiffs cannot excuse their failure to comply with Rule 26 by suggesting that Defendants "should have known" that Plaintiffs would rely on the testimony of these eight individuals. The "sweetheart" deal claims that are the subject of the February 3 Trial are Plaintiffs' claims. It should not fall to Defendants to try to piece together how Plaintiffs intend to prove their claims; under the Federal Rules, it is Plaintiffs' *obligation* to identify how and through whom they will try their case.[3]

It is all too clear what is going on here: Plaintiffs are completely and totally unprepared to conduct the February 3 Trial, a trial which is on their own claim against Defendants and which they have been well aware for years. Thus, they seek by way of the December 22-23, 2008 Subpoenas to conduct additional fact discovery – ***at trial***. This Plaintiffs cannot do. *See, e.g., U.S. v. Vevea*, No. CR F 03-5410 LJO, 2007 WL 4328787, at *3 (E.D. Cal. Dec. 10, 2007) ("Fishing expeditions during trial will not be tolerated."); *Juell v. Forest Pharms., Inc.*, CIV-

---

[3] Nor should Plaintiffs be permitted to attempt to remedy the harm to Defendants by suggesting that the trial be postponed until such time as these witnesses can be deposed. As the Ninth Circuit recently stated, having to re-open discovery and modify a trial schedule to remedy a party's failure to disclose information "supports a finding that that the failure to disclose was not harmless." *Hoffman*, 541 F.3d at 1180 (citing *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005)). Moreover, as one court has noted, to re-open discovery for purposes of deposing these witnesses or obtaining evidence on the issues from other sources for which Plaintiffs intend to use their testimony

> would inevitably result in further substantial delays in the resolution of this case and impose additional costs on Defendants. Defendants would thus be harmed . . . in that [they] would be required either to postpone a trial for which they are otherwise prepared . . . or proceed without having had the opportunity to conduct adequate discovery on this issue.

*Design Strategies, Inc. v. Davis*, 367 F. Supp. 2d 630, 635 (S.D.N.Y. 2005), *aff'd*, 469 F.3d 284 (2d Cir. 2006). So, too, here.

11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' *MOTION IN LIMINE NO. 4* TO EXCLUDE DOCS AND TRIAL TESTIMONY SOUGHT IN THIRD PARTY SUBPOENA

1  S-05-0378 FCD/GGH, 2007 WL 2601414, at *2 (E.D. Cal. Sept. 6, 2007) ("[T]he court is not inclined to allow a [] trial to become a fishing expedition for further information.")  This Court should likewise refuse to countenance Plaintiffs' attempt to conduct a fishing expedition at trial and waste the time of the Court, the Defendants and these eight individuals.

Accordingly, Plaintiffs should be precluded under Fed. R. Civ. P. 37(c)(1) from introducing testimony by any means from Twentieth Century Fox Film Corporation, Artists Management Group, LLC and International Creative Management LLC, Sony Pictures Entertainment Inc., William Morris Agency, LLC, T Asset Acquisition Company, John Wells Productions and the Dino De Laurentiis Company.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully request that the Court grant their motion in limine to exclude documents and testimony that are the subject of the December 22-23, 2008 Subpoenas and issue an order quashing the same.

DATED:  January 5, 2009         Respectfully submitted,

WEISSMANN WOLFF BERGMAN
COLEMAN GRODIN & EVALL LLP

-and-

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

-and-

PERKINS LAW OFFICE, P.C.

By: _____
Michael Bergman

Attorneys for Defendants and Counterclaimant

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' *MOTION IN LIMINE NO. 4* TO EXCLUDE DOCS AND TRIAL TESTIMONY SOUGHT IN THIRD PARTY SUBPOENA