Marc Toberoff (CA State Bar No. 188547)
Nicholas C. Williamson (CA State Bar No. 231124)
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Telephone: (310) 246-3333
Facsimile: (310) 246-3101
Email: MToberoff@ipwla.com

Attorneys for Plaintiffs and Counterclaim Defendants
JOANNE SIEGEL and LAURA SIEGEL LARSON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> WARNER BROS. ENTERTAINMENT INC., a corporation; TIME WARNER INC., a corporation; DC COMICS, a general partnership; and DOES 1-10, <br><br> Defendants. | Case No: CV 04-08400 SGL (RZx) <br><br> Hon. Stephen G. Larson, U.S.D.J. <br><br> **DECLARATION OF MARC TOBEROFF IN SUPPORT OF PLAINTIFFS' MOTIONS *IN LIMINE* NOS. 1-4** <br><br> [Plaintiffs' Motions *in Limine* Nos. 1-4, Declaration of Keith Adams filed electronically; Declaration of Nicholas Williamson filed manually] <br><br> Date:   January 26, 2009 <br> Time:   11:00 a.m. <br> Place:  Courtroom 1 <br><br> Trial Date:  February 3, 2009 |
| DC COMICS, <br><br> Counterclaimant, <br><br> vs. <br><br> JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON, an individual, <br><br> Counterclaim Defendants. | |

# DECLARATION OF MARC TOBEROFF

I, Marc Toberoff, declare as follows:

1.      I am an attorney at Toberoff & Associates, P.C., counsel of record for plaintiffs Laura Siegel Larson and Joanne Siegel ("Plaintiffs").  I am a member in good standing of the State Bar of California and submit this declaration in support of Plaintiffs' motions *in limine* nos. 1-4.  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.      Attached hereto as "Exhibit A" are true and correct copies of excerpts from Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment filed May 30, 2007.

3.      Attached hereto as "Exhibit B" is a true and correct copy of the Declaration of Janice Cannon in Support of Defendants' Motion for Partial Summary Judgment filed April 30, 2007.

4.      Attached hereto as "Exhibit C" is a true and correct copy of Defendants' Expert Witness Disclosure of William J. Immerman, served on Plaintiffs on January 12, 2007.

5.      Attached hereto as "Exhibit D" is a true and correct copy of Defendants' Expert Witness Disclosure of Richard Marks, served on Plaintiffs on January 12, 2007.

6.      Attached hereto as "Exhibit E" is a true and correct copy of Defendants' Expert Rebuttal Witness Disclosure of William J. Immerman, served on Plaintiffs on February 9, 2007.

7.      Attached hereto as "Exhibit F" are true and correct copies of excerpts from the deposition of William J. Immerman that I conducted on March 28, 2007.

8.      Attached hereto as "Exhibit G" is a true and correct copy of the Memorandum of Agreement for Option and Purchase of Literary Material between Clive Cussler, Sahara Gold, LLC, Clive Cussler Enterprises, Inc., Sandecker, RLLLP

and Crusader Entertainment, LLC dated as of May 9, 2001, which was attached as exhibit "C" to the Declaration of Elisabeth A. Moriarty in support of Plaintiffs' Memorandum of Points and Authorities in Opposition to Crusader's Motion *in Limine* to Exclude Evidence and Arguments Re: Plaintiffs' Damages Theories filed on January 19, 2007, in the case of *Clive Cussler et al. v. Crusader Entertainment, LLC, et al.*, Los Angeles Superior Court Case No. BC 309114.  I caused this document to be retrieved from the court's public records.

9.     Attached hereto as "Exhibit H" is a true and correct copy of Plaintiffs' Expert Rebuttal Witness Disclosure of Wayne Lewellen, served on Defendants on February 9, 2007.

10.    Attached hereto as "Exhibit I" is a true and correct copy of the Declaration of William Immerman In Support of Defendant and Cross-Complainant Crusader Entertainment's Opposition to Plaintiff and Cross Defendants' Motion for Summary Adjudication on Crusader's Second Cause of Action (Breach of Derogatory Statements), which was filed on April 19, 2006 in the case of *Clive Cussler et al. v. Crusader Entertainment, LLC, et al.*, Los Angeles Superior Court Case No. BC 309114.  I caused this document to be retrieved from the court's public records.

11.    Attached hereto as "Exhibit J" is a true and correct copy of the Boxofficemojo.com listing for the motion picture entitled "Sahara" that I caused to be printed.

12.    Attached hereto as "Exhibit K" is a true and correct copy of the Boxofficemojo.com listing for the motion picture entitled "Superman Returns" that I caused to be printed.

13.    Attached hereto as "Exhibit L" is a true and correct copy of an article from eonline.com entitled "Everyone's a Winner in *Sahara* Scrap," that I caused to be printed.

14.    Attached hereto as "Exhibit M" are true and correct copies of excerpts from the deposition of Defendants' expert Richard Marks that I conducted on

February 23, 2007.

15.     Attached hereto as "Exhibit N" are true and correct copies of excerpts from the deposition of Paul Levitz, President and Publisher of DC Comics, that I conducted on November 6, 2006.

16.     Attached hereto as "Exhibit O" are true and correct copies of a document entitled "DC Media History," and an untitled document discussing Superman's media exposure since 1938, that were both produced by Defendants in this action.

17.     Attached hereto as "Exhibit P" is a true and correct copy of Defendants' Initial Disclosures Pursuant to F.R.C.P. 26(a) dated April 15, 2005.

18.     Plaintiffs served Defendants Warner Bros. Entertainment Inc. ("WBEI") and DC Comics ("DC") with their first set of requests for production on May 13, 2005, a second set on October 17, 2006, a third set on October 17, 2006 and a fourth set on October 18, 2006.  Defendants responded to the first set on June 13, 2005, the second and third sets on November 17, 2006, and the fourth set on November 18, 2006.

19.     DC made a small portion of its non-privileged documents available for copying on August 9, 2005, but did not serve a privilege log until April 7, 2006, ten months after DC's responses were due.  WBEI failed to produce any documents whatsoever for copying until June 2, 2006, over a year after Plaintiffs' requests were served.   WBEI subsequently served its privilege log on June 27, 2006, thirteen months after Plaintiffs' requests had been served.  Defendants did not produce any contracts with third parties concerning the licensing of intellectual property unrelated to Superman.

20.     Attached hereto as "Exhibit Q" is a true and correct copy of the Court's August 13, 2007 order.

21.     Attached hereto as "Exhibit R" is a true and correct copy of the Court's December 12, 2007 order.

22.     Attached hereto as "Exhibit S" is a true and correct copy of a letter from

Defendants' counsel, Adam Hagen, to me, dated January 17, 2008.

23.     Attached hereto as "Exhibit T" is a true and correct copy of a letter from Defendants' counsel, Michael Bergman, to me, dated May 29, 2008.

24.     Attached hereto as "Exhibit U" is a true and correct copy of an e-mail chain between me and Mr. Bergman, dated June 9, 2008.

25.     Attached hereto as "Exhibit V" is a true and correct copy of a letter from me to Defendants' counsel, Michael Bergman and James Weinberger, dated October 17, 2008.

26.     On November 21, 2008, Plaintiffs supplemented their production, including all of the documents then in their possession that they intended to use at trial.  On December 1, 2008, Plaintiffs supplemented that production with a copy of a magazine that had inadvertently been left out of their November 21, 2008 production. On December 3, 2008, at the Local Rule 16-2 Meeting of Counsel, Plaintiffs supplemented their production with documents that they had received earlier that day from Warner Bros.' archives at the University of Southern California library.  Aside from expressly designated "financial documentation," pertaining primarily to the "accounting" trial, Defendants failed to supplement their production relevant to the parties' "alter ego" trial since November, 2006.

27.     Attached hereto as "Exhibit W" is a true and correct copy of a demand letter from me to Mr. Bergman and Mr. Weinberger, dated December 3, 2008, regarding Defendants' failure to supplement.

28.     At the Local Rule 16-2 meeting of counsel which I attended on December 3, 2008, the parties personally met-and-conferred as to Defendants' failure to supplement their disclosures and production by November 21, 2008.  At the meeting, Mr. Bergman "played dumb," regarding Defendants' duty and agreement to supplement.  At the end of the Local Rule 16-2 meeting Defendants then served Plaintiffs with over 1,000 pages of documents that they had never previously disclosed.  The vast majority of these documents are contracts between Warner Bros.

DECLARATION OF MARC TOBEROFF IN SUPPORT OF PLAINTIFFS' MOTIONS *IN LIMINE*

1    and third parties, as well as contracts between DC Comics and Warner Bros.  Many

2    of these documents are also incomplete. They are missing relevant riders, exhibits

3    and side deals that relate directly to the material terms of the contracts.

4         29.    The parties again discussed Defendants' failure to supplement their

5    production on December 8, 2008, at an in-person meet-and-confer regarding the

6    parties' motions *in limine*.  Mr. Bergman confirmed that Defendants would produce

7    *no* documents in supplementation of their over two-year-old production.  Mr.

8    Bergman refused to offer any compromise and stated that he would respond shortly in

9    writing to Plaintiffs' December 3, 2008 demand letter.

10        30.    Attached hereto as "Exhibit X" is a true and correct copy of Defendants'

11   Witness List submitted to Plaintiffs on December 3, 2008.

12        31.    Attached hereto as "Exhibit Y" is a true and correct copy of Defendants'

13   Exhibit List submitted to Plaintiffs on December 3, 2008.

14        32.    Attached hereto as "Exhibit Z" are true and correct copies of excerpts

15   from the Declaration of Albert M. Bendich in Support of the Saul Zaentz Company's

16   Opposition to Defendant New Line Cinema Corporation's Motion for Summary

17   Adjudication of the First and Second Causes of Action filed June 3, 2005, in the case

18   of *Saul Zaentz Co. v. New Line Cinema Corp.*, Los Angeles Superior Court Case No.

19   BC 320254.  I caused this document to be retrieved from the court's public records.

20        33.    Attached hereto as "Exhibit AA" is a true and correct copy of the

21   Declaration of Nancy E. Sussman in support of the Notice of Motion and Motion of

22   Defendant and Cross-Complainant New Line Cinema Corporation for Summary

23   Adjudication of Plaintiff and Cross-Defendant The Saul Zaentz Company's First and

24   Second Causes of Action filed May 6, 2005, in the case of *Saul Zaentz Co. v. New

25   Line Cinema Corp.*, Los Angeles Superior Court Case No. BC 320254.  I caused this

26   document to be retrieved from the court's public records.

27        34.    Attached hereto as "Exhibit BB" is a true and correct copy of the license

28   agreement dated August 8, 1997 between The Saul Zaentz Company and Miramax

Film Corp. attached as exhibit "A" to the Appendix of Exhibits to Motion by Defendant and Cross-Complainant New Line Cinema Corporation for Summary Adjudication of Plaintiff's Fourth Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing filed May 5, 2005, in the case of *Saul Zaentz Co. v. New Line Cinema Corp*., Los Angeles Superior Court Case No. BC 320254.  I caused this document to be retrieved from the court's public records.

35.    Attached hereto as "Exhibit CC" is a true and correct copy of an agreement dated January 19, 1962, between Columbia Broadcasting System, Inc. and Warner Bros. Pictures, Inc., that I caused to be retrieved from the Warner Bros. archives at the University of Southern California.

36.    Attached hereto as "Exhibit DD" is a true and correct copy of a letter from me to Mr. Bergman and Mr. Weinberger, dated December 10, 2008.

37.    On December 12, 2008, Plaintiffs served Defendants' counsel with a motion to compel in the form of a Joint Stipulation, pursuant to Local Rule 37, relating to Defendants' failure to timely supplement their production. This Joint Stipulation is the subject of an *Ex Parte* Application filed December 30, 2008 to set a hearing date.

38.    On December 17, 2008, after hours at 7:02 p.m., Defendants served my office with 812 pages of documents.  Attached hereto as "Exhibit EE" is a true and correct copy of a letter from Defendants' counsel Michael Bergman to me, dated December 17, 2008 enclosing the untimely documents. On December 23, 2008, Defendants served my office with another 112 pages of documents.

39.    Attached hereto as "Exhibit FF" is a true and correct copy of the document entitled "Warner Bros. Brand Council: Introduction to DC Brands," dated May 2003, produced by Defendants in this action.

///

///

///

DECLARATION OF MARC TOBEROFF IN SUPPORT OF PLAINTIFFS' MOTIONS *IN LIMINE*

1    I declare under penalty of perjury of the laws of the United States of America

2   that the foregoing is true and correct.

3    Executed on January 5, 2009 in Los Angeles, California.

4                                                    _____

5                                                         Marc Toberoff

DECLARATION OF MARC TOBEROFF IN SUPPORT OF PLAINTIFFS' MOTIONS *IN LIMINE*