**EXHIBIT A**

WEISSMANN WOLFF BERGMAN
   COLEMAN GRODIN & EVALL LLP
Michael Bergman (SBN 37797)
Anjani Mandavia (SBN 94092)
Adam Hagen (SBN 218021)
9665 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212
Telephone: (310) 858-7888
Fax: (310) 550-7191

FROSS ZELNICK LEHRMAN & ZISSU, P.C.
Roger L. Zissu (Admitted *pro hac vice*)
James D. Weinberger (Admitted *pro hac vice*)
866 United Nations Plaza
New York, New York 10017
Telephone: (212) 813-5900
Fax: (212) 813-5901

PERKINS LAW OFFICE, P.C.
Patrick T. Perkins (Admitted *pro hac vice*)
1711 Route 9D
Cold Spring, New York 10516
Telephone: (845) 265-2820
Fax: (845) 265-2819

Attorneys for Defendants and Counterclaimant

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE SIEGEL and LAURA SIEGEL LARSON,<br><br>Plaintiffs,<br><br>vs.<br><br>WARNER BROS. ENTERTAINMENT INC.; TIME WARNER INC.; DC COMICS; and DOES 1-10,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. SA CV 04-8400 SGL (RZx)<br><br>Hon. Stephen G. Larson, U.S.D.J.<br><br>**DEFENDANTS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>Trial Date: February 3, 2009<br>Time: 9:30 a.m.<br>Place: Courtroom 1 |

1  Defendants Warner Bros. Entertainment Inc. ("WBEI"), Time Warner Inc.
2  ("TWI"), and defendant and counterclaimant DC Comics ("DC") (collectively
3  "Defendants") respectfully submit their Proposed Findings of Fact and
4  Conclusions of Law in connection with the trial set for February 3, 2009.

**OVERVIEW**

Defendants submit these proposed Findings of Fact and Conclusions of Law with the understanding that the sole issue for this trial is whether and to what extent any of the agreements between DC on the one hand, and either WBEI or TWI on the other hand, regarding the post-termination exploitation of the Superman property constituted a "sweetheart deal" to the detriment of DC at the time it was entered into. That is, the question before the Court in this trial is did any such agreement challenged by Plaintiffs provide less than "fair market value" to DC for the rights conveyed at the time it was entered into, and if so, by how much.

**FINDINGS OF FACT**

1. Plaintiffs are Joanne Siegel and Laura Siegel Larson (collectively, "Plaintiffs"), who are, respectively, the widow and daughter of Jerome Siegel ("Siegel").

2. The Court has previously ruled that, pursuant to Section 304(c) of the Copyright Act, Plaintiffs have successfully terminated the 1938 grant by Siegel and his creative partner, Joseph Shuster ("Shuster"), of their copyright interests in certain "Supermen" materials, thereby recapturing Siegel's half of the copyright in same (the "Recaptured Copyrights"), effective as of April 16, 1999 (the "Effective Date").[1]

---

[1] Defendants reserve all rights to appeal with respect to this ruling. Further, the issue of what constitutes the "Recaptured Copyrights" – that is, whether it is limited to the Superman material contained in *Action Comics No. 1*, or comprises something in addition to that material – is the subject of the parties' pending motions, which are under submission with the Court.

1

DEFENDANTS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW

3.   DC remains the owner of Shuster's one-half interest in the Recaptured Copyrights.

4.   DC is in the business of creating, publishing and licensing comic book stories and characters, including "Superman."

5.   The Option Purchase Agreement dated as of November 6, 1999, between DC and Warner Bros., a division of Time Warner Entertainment Company, L.P. ("TWEC"), regarding Superman motion picture and other audiovisual rights (the "*Superman Returns* Agreement"), applies to the 2006 feature motion picture entitled *Superman Returns*.

6.   Defendant WBEI accounts to DC pursuant to the *Superman Returns* Agreement.

7.   The agreement dated as of December 5, 2000, between DC and Warner Bros. Television Production, a division of TWEC, regarding Superman television rights (the "*Smallville* Agreement"), as amended by written instrument dated September 5, 2002, applies to the *Smallville* television series.

8.   WBEI accounts to DC pursuant to the *Smallville* Agreement.

9.   The agreement dated September 21, 1995, between DC and Warner Bros. Animation (the "*Superman Animation* Agreement"), applies to the animated television series entitled *Superman* (also known as *Superman: The Animated Series*), certain new episodes of which were produced and broadcast after the Effective Date of Plaintiffs' termination.

10.  WBEI accounts to DC pursuant to the *Superman Animation* Agreement.

11.  The agreement dated January 1, 2000, between DC and Warner Bros. Television Animation (the "*Justice League* Agreement"), applies to the animated television series entitled *Justice League*.

12.  WBEI accounts to DC pursuant to the *Justice League* Agreement.

13. The agreement dated January 1, 2004, between DC and Warner Bros. Animation Inc. (the "*Krypto* Agreement"), applies to the animated television series entitled *Krypto*.

14. WBEI accounts to DC pursuant to the *Krypto* Agreement.

15. The unexecuted draft agreement dated June 1, 2004, between DC and Warner Bros. Animation Inc. (the "*Legion of Super Heroes* Agreement"), applies to the animated television series entitled *Legion of Super Heroes*.

16. WBEI accounts to DC pursuant to the *Legion of Super Heroes* Agreement.

17. The Representation Agreement dated as of January 1, 2006 between DC and Warner Bros. Consumer Products Inc. ("WBCP") (the "Consumer Products Agreement"), applies, with certain limited exclusions, to the appointment of WBCP as the exclusive representative of DC for the merchandising of the Superman property.

18. DC and WBCP have been operating under the material terms contained in the Consumer Products Agreement since in or about 1992.

19. WBCP accounts to DC pursuant to the Consumer Products Agreement.

20. DC has not entered into any agreement with TWI regarding the exploitation of the Superman property after the Effective Date of Plaintiffs' termination.

## CONCLUSIONS OF LAW

1. The Court has subject matter jurisdiction over the claims set forth in this action pursuant to the United States Copyright Act (the "Copyright Act"), 17 U.S.C. § 101 et al. and 28 U.S.C. §§ 1331, 1332, 1338(a) and (b).

2. Plaintiffs have not met their burden of establishing that the compensation accorded to DC in the *Superman Returns* Agreement was below fair market value at the time the agreement was entered into.

3. Plaintiffs have not met their burden of establishing that the compensation accorded to DC in the *Smallville* Agreement was below fair market value at the time the agreement was entered into.

4. Plaintiffs have not met their burden of establishing that the compensation accorded to DC in the *Superman Animated* Agreement was below fair market value at the time the agreement was entered into.

5. Plaintiffs have not met their burden of establishing that the compensation accorded to DC in the *Justice League* Agreement was below fair market value at the time the agreement was entered into.

6. Plaintiffs have not met their burden of establishing that the compensation accorded to DC in the *Krypto* Agreement was below fair market value at the time the agreement was entered into.

7. Plaintiffs have not met their burden of establishing that the compensation accorded to DC in the *Legion of Super Heroes* Agreement was below fair market value at the time the agreement was entered into.

8. Plaintiffs have not met their burden of establishing that the compensation accorded to DC in the Consumer Products Agreement was below fair market value at the time the agreement was entered into.

9. Plaintiffs have not met their burden of establishing that the compensation accorded to DC in any agreement with WBEI, or any of its divisions or subsidiaries, for the exploitation of Superman since the Effective Date of Plaintiffs' termination was below fair market value at the time the agreement was entered into.

10. Because DC has not entered into any agreement with TWI regarding the exploitation of the Superman property after the Effective Date of Plaintiffs' termination, Plaintiffs have not met their burden of establishing that the compensation accorded to DC in any such agreement was below fair market value at the time the agreement was entered into.

DEFENDANTS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW

11.  Plaintiffs are not entitled to an accounting or a direct share of the profits of WBEI from the post-termination exploitation of the Superman property under any principles of law or equity.

12.  Plaintiffs are not entitled to an accounting or a direct share of the profits of TWI from the post-termination exploitation of the Superman property under any principles of law or equity.

Dated: January __, 2009

_____
UNITED STATES DISTRICT JUDGE

Approved as to form and content:

DATED:  January 20, 2009

Respectfully submitted,

WEISSMANN WOLFF BERGMAN
  COLEMAN GRODIN & EVALL LLP

FROSS ZELNICK LEHRMAN &
ZISSU, P.C.
       -and-
PERKINS LAW OFFICE, P.C.

By: /s/ Michael Bergman
Michael Bergman
Attorneys for Defendants and Counterclaimant

5

DEFENDANTS' [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW