1  Marc Toberoff (CA State Bar No. 188547)
   Nicholas C. Williamson (CA State Bar No. 231124)
2  TOBEROFF & ASSOCIATES, P.C.
   2049 Century Park East, Suite 2720
3  Los Angeles, CA 90067
   Telephone: (310) 246-3333
4  Facsimile: (310) 246-3101
   MToberoff@ipwla.com
5
   Attorneys for Plaintiffs and Counterclaim Defendants
6  JOANNE SIEGEL and LAURA SIEGEL LARSON

7              **UNITED STATES DISTRICT COURT**

8      **CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION**

9   JOANNE SIEGEL, an individual; and        Case No: CV 04-8400 SGL (RZx)
10  LAURA SIEGEL LARSON, an
    individual,                              Hon. Stephen G. Larson, U.S.D.J.
11                     Plaintiffs,
                                             **PLAINTIFFS JOANNE SIEGEL**
12          vs.                              **AND LAURA SIEGEL LARSON'S**
                                             **OBJECTION AND RESPONSE TO**
13  WARNER BROS.                             **NEW ARGUMENTS IN**
    ENTERTAINMENT INC., a                    **DEFENDANTS' REPLIES IN**
14  corporation; TIME WARNER INC., a         **SUPPORT OF THEIR MOTIONS**
    corporation; DC COMICS, a general        ***IN LIMINE* NOS. 1-2**
15  partnership; and DOES 1-10,
16                                           **Motions *in Limine* Hearing**
                     Defendants.             Date:    January 26, 2009
17                                           Time:    11:00 a.m.
                                             Place:   Courtroom 1
18  _____
                                             **Trial**
19  DC COMICS,                               Date:    February 3, 2009
                                             Time:    9:30 a.m.
20                                           Place:   Courtroom 1
                     Counterclaimant,
21          vs.
22
    JOANNE SIEGEL, an individual; and
23  LAURA SIEGEL LARSON, an
    individual,
24
25                   Counterclaim Defendants.
26
27
28

_____

PLAINTIFFS' OBJECTION TO NEW ARGUMENTS IN DEFENDANTS' *LIMINE* REPLIES

## I.    INTRODUCTION

Defendants waited until their Reply Memoranda in support of their Motions *in Limine* Nos. 1 and 2 to make their first arguments regarding Plaintiffs' designated lay witness Ari Emanuel ("Emanuel").  In doing so, Defendants violate the long-standing rule that legal arguments cannot be introduced for the first time in a reply.  This rule exists so that parties cannot "spring" new arguments for the first time in reply papers, without a chance for the opposing party to respond.  Plaintiffs are forced by Defendants' "sand-bagging" tactic to file a response, both to object to Defendants' violation of well settled principles of federal procedure, and to refute Defendants' new arguments regarding Emanuel.  Plaintiffs respectfully request that the Court strike Defendants' new argument or, in the alternative, review this response and deny Defendants the relief requested in their Motions *in Limine* Nos. 1 and 2.

## II.    PROCEDURAL BACKGROUND

On January 5, 2009, Defendants filed their Motions *in Limine* for the February 3, 2009 trial.  In their Motion *in Limine* ("Defs. *Limine*") No. 1, Defendants presented their argument that many of Plaintiffs' witnesses could not provide testimony relevant to the fair market value of Superman rights, and should therefore be precluded.  *See* Defs. *Limine* No. 1 at 8:17–10:15.  Defendants merely listed Emanuel as one of the witnesses they claimed could not give relevant testimony, and identified him as an agent.  *Id.* at 10:6–7.  In their Motion *in Limine* No. 2, Defendants presented their argument that Plaintiffs improperly failed to disclose eight of its witnesses, and that this Court should preclude these eight witnesses from testifying at the February 3, 2009 trial.  *See* Defs. *Limine* No. 2 at 14:17–20:8.  Defendants did not list Emanuel as one of Plaintiff's allegedly undisclosed witnesses.  *Id.*

On January 12, 2009, Plaintiffs properly filed and served their Oppositions to Defendants' Motions *in Limine*, as well as declarations by three of Plaintiffs' attorneys and dozens of supporting exhibits.  In these Oppositions, Plaintiffs set forth at length their arguments to rebut Defendants' motions.  In their Opposition to

Defendants' Motion *in Limine* ("Pls. Opp. *Limine*") No. 1, Plaintiffs gave in-depth explanations why Emanuel and other challenged witnesses would provide probative testimony. *See* Pls. Opp. *Limine* No. 1 at 10:24–18:11. In the Opposition to Defendants' Motion *in Limine* No. 2, Plaintiffs likewise provided a lengthy analysis and rebuttal of Defendants' contentions. *See* Pls. Opp. *Limine* No. 2 at 2:22–6:9.

On January 16, 2009, Defendants filed their Replies in Support of their Motions in Limine ("Defs. Reply *Limine*"). In Replies Nos. 1 and 2, Defendants presented ***for the very first time*** their contention that Plaintiffs omitted Emanuel from their initial disclosures, that Plaintiffs somehow prevented Defendants from deposing Emanuel on the subject of fair market value, that Emanuel's testimony would be expert opinion testimony, and that this Court should preclude Emanuel from testifying on these new grounds. *See* Defs. Reply *Limine* No. 1 at 9:1–12:2, 9 n.12; No. 2 at 6:8–9:24, 7 n.5. At no point in their opening briefs did Defendants make the arguments now set forth in their Reply papers. Defendants themselves admit this. Defs. Reply *Limine* No. 1 at 9 n.12; No. 2 at 7 n.5.

In response to Defendants' obvious attempt to surprise Plaintiffs with new legal arguments, in violation of this Court's Standing Order, the Local Rules and the Federal Rules of Civil Procedure, Plaintiffs file this objection and response.

## III.   ARGUMENT

### A.   Defendants Failed to Make Their Arguments Regarding Emanuel in Their Motions *in Limine*, and Cannot Introduce the Arguments for the First Time in Their Replies

Courts routinely refuse to consider new arguments brought for the first time in reply. *See U.S. v. Cox*, 7 F.3d 1458, 1463 (9th Cir. 1993) ("[A] party may not make new arguments in the reply brief."); *Grupo Gigante S.A. de C.V. v. Dallo & Co., Inc.*, 119 F. Supp. 2d 1083, 1103 n.15 (C.D. Cal. 2000) ("Although the defendants raised a laches defense in their opposition to the plaintiffs' motion for summary judgment, the first time they raised a statute of limitations defense was in their reply brief. The Court need not, and does not, consider arguments raised for the first time in a reply

brief."); *Public Citizen Health Research Group v. Nat'l Institutes of Health*, 209 F. Supp. 2d 37, 44 (D.D.C. 2002) ("By placing a new argument in the Reply, Plaintiff does not permit Defendant… to competently respond to such an argument.").

Defendants presented their new arguments to exclude Emanuel for the first time in their reply papers.  In Defendants' Motion *in Limine* No. 1, Defendants merely listed Emanuel in their broad, generic grounds that numerous witnesses purportedly could not provide admissible testimony.  Def. *Limine* No. 1 at 8:17– 10:15.  Defendants *did not challenge Emanuel at all* in their Motion *in Limine* No. 2. It was not until their Replies that Defendants set forth their arguments against Emanuel.  For this reason alone, the Court should decline to consider their arguments.  Such improper "sand-bagging" tactics should not be tolerated.

## B.     Defendants Attempts to Bias the Court Are False and Improper

As on summary judgment, Defendants lard their Replies with inaccurate, immaterial and misleading assertions designed to prejudice the Court against Plaintiffs, their counsel and Emanuel.  Defendants recite the irrelevant prior involvement of Plaintiffs' counsel, Marc Toberoff, in IP Worldwide, LLC, a joint venture wound down over six years ago.  *See* Reply Declaration of Michael Bergman in Support of Defendants' *Limine* Motions ("Bergman Reply Decl."), Ex. 2 at 28:21- 22. Defendants erroneously state that IP Worldwide, LLC made an offer to Plaintiffs' prior counsel Kevin Marks to buy out Plaintiffs' Superman rights, misciting to Emanuel's deposition transcript, which does not state this.  *See* Defs. Reply *Limine* No. 2 at 7:14-16.  On summary judgment Defendants similarly miscited to Marks' deposition, which also did not state this.  *See* Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment ("Defs. MSJ Opp.) at 22:3-17.  Defendants then falsely imply that Plaintiffs broke off settlement discussions with Defendants due to this purported interference.  *See* Defs. Reply *Limine* No. 2 at 7:11-19.

It is clear from the record, and Defendants admitted on summary judgment, that Mr. Marks and Mr. Toberoff *had no substantive communications until August*

*2002.  See* Defs. MSJ Opp. at 24:16.  It is further clear from the record that Joanne Siegel, by letter dated May 9, 2002, expressed extreme dissatisfaction with Defendants' misleading tactics and their February 1, 2002 contract draft in the strongest of terms, much like those in Plaintiffs' subsequent September 22, 2002 letter formally terminating negotiations.  *See* Declaration of Michael Bergman in Opposition to Plaintiffs' Motion for Partial Summary Judgment, Exs. Z (May 9, 2002 letter),[1] DD (September 22, 2002 letter).  Having blown the negotiations with Plaintiffs by their own avarice, Defendants still desperately try to shift the blame.

### C.    Plaintiffs Properly Designated Emanuel Pursuant To Rule 26

Defendants conflate the duty to disclose witnesses possessing relevant information under F.R.C.P. 26(a)(1)(A)(i) with the duty to disclose witnesses intended to be called at trial under  F.R.C.P. 26(a)(3).  At the time of the initial disclosures, before the "alter-ego" claim had been further developed and then refined by the Court's March 26, 2008 summary judgment order, Plaintiffs did not anticipate calling Emanuel.  However, by this time, Defendants were well aware that Emanuel possessed relevant knowledge as a top agent and negotiator and, in fact, had subpoenaed and deposed Emanuel.  Plaintiffs would have been required to make a supplementary disclosure of Emanuel pursuant to Rule 26(e) only if Defendants were unaware that Emanuel possessed potentially relevant knowledge.  F.R.C.P. 26(e)(1)(A).  *See* Adv. Comm. Notes to 1993 Amendment to Rule 26 ("There is, however, no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process….").  The supplemental disclosure of witnesses concerns witnesses *not otherwise known* who possess relevant knowledge, not the witnesses intended to be called at trial.

---

[1] "Your company's unconscionable contract dated February 4, 2002 [*sic*] contained new, outrageous demands that were not in the proposal.  The document is a heartless attempt to rewrite the history of Superman's creation and to strip Laura and me of the dignity and respect that we deserve…After four years we have no deal and this contract makes an agreement impossible."

1    Rule 26(a)(3) requires parties to make pretrial disclosures at least thirty (30)

2    days before trial.  F.R.C.P. 26(a)(3)(A)(i), (B).  Pursuant to this rule, parties must

3    disclose witnesses they expect to call to testify at trial.  *Id.*  Pursuant to L.R. 16-2.4,

4    such disclosures are to occur forty (40) days prior to the Final Pre-Trial Conference,

5    at the L.R. 16-2 Meeting of Counsel.  Plaintiffs properly disclosed Emanuel at the

6    L.R. 16-2 Meeting on December 3, 2008, well over 40 days before the original

7    January 20, 2009 trial, and now 60 days before the February 3, 2009 trial.  Plaintiffs

8    therefore satisfied the requirements of *both* F.R.C.P. 26(a)(3) and L.R. 16-2.4.

9
10   **D.   Defendants Conducted an Extensive Deposition of Emanuel, Who Was Instructed Not to Answer Questions Unrelated to Trial**

11    Defendants subpoenaed Emanuel, and conducted an extensive deposition of

12   him on November 2, 2006.  As the deposing parties, the Defendants were the masters

13   of their deposition.  F.R.C.P. 26(b)(1) ("Parties may obtain discovery regarding any

14   non-privileged matter that is relevant to any party's claim or defense…."). [2]

15   Defendants chose to question Emanuel about his participation in IP Worldwide, LLC,

16   rather than his lengthy work and experience as an agent and negotiator.  Bergman

17   Reply Dec., Ex. 2 (Emanuel Dep.) at 28:5–29:6.

18    Lacking substance for their reply, Defendants deceptively construct a series of

19   "straw man" arguments in an ill-fated effort to prevent Emanuel from testifying.

20   Defendants cannot credibly argue that they were prevented from questioning Emanuel

21   on the topic for which Emanuel is designated to testify at trial.  Emanuel's attorney

22   objected to Defendants using Emanuel's deposition to pry into IP Worldwide's trade

23   secrets and privileged communications, as the specifics of IP Worldwide's assets and

24   business are generally irrelevant to this action.  *See* Bergman Reply Decl., Ex. 2 at 28-

25
26
27   [2] F.R.C.P. 26(b)(1) states:  "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding ***any nonprivileged matter that is relevant to any party's claim or defense*** – including the existence, description, nature,

28   custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."  (emphasis added).

29.[3]  Moreover, in over two years since Defendants took Emanuel's deposition, they took no action to compel such irrelevant information.  Defendants' counsel trip over themselves in their efforts to mislead the Court.  After arguing that Defendants did not know to question Emanuel as to relevant matters he could potentially testify to at trial, they contradictorily complain that Emanuel was instructed not to answer such questions at his deposition.  In a similar vein, they complain that Emanuel could not recall enough at his deposition, implying that their questions related to matters he will testify to at trial.  *See* Defs. Reply *Limine* No. 1 at 10 n.14.

The above is a non-issue as Plaintiffs will examine Emanuel only about his percipient knowledge as an agent negotiating film and television contracts, not about IP Worldwide, LLC's business.  At no point was Emanuel instructed not to answer questions about his percipient knowledge negotiating agreements with Warner Bros., and other studios.[4]

Defendants stated that they "assumed Plaintiffs would limit his testimony to questions he answered during his deposition."  Defs. Reply *Limine* No. 1 at 9 n.12; Defs. Reply *Limine* No. 2 at 7 n.5.  Plaintiffs will not hazard a guess as to why Defendants made this assumption.  It strains credulity that Defendants ask this Court to preclude Plaintiffs at trial from asking questions that were not asked ***by Defendants*** during their deposition of Emanuel.  Plaintiffs are not aware of any authority for such a contention, and Defendants do not provide any.[5]

---

[3]  Defendants disingenuously quote and highlight Emanuel's deposition testimony out of context to mislead the Court to believing Emanuel was instructed not to answer any questions going to the value of intellectual properties other than Superman and Superboy.  Def. Reply at 10, fn. 16.  As Defendants well know, and the deposition transcript reveals, the instruction of Emanuel's counsel pertained to Emanuel not answering any questions about IP Worldwide's evaluation of "any properties other than Superman or Superboy." *See* Bergman Reply Decl., Ex. 2 at 28-29.

[4]  Defendants themselves acknowledge that, during the deposition, Emanuel described his role at IP Worldwide as someone who was "there to observe the parties" and not negotiate, and that this role differed from his "other life as an agent."  Bergman Reply Dec. Ex. 2 at 76:5.

[5]  Because Defendants had knowledge of Emanuel, subpoenaed and deposed him at length during the discovery phase, they cannot cite for support the inapposite cases of *Ultra-Tex Surfaces, Inc. v. Hill Bros. Chemical*, 1998 U.S. Dist. LEXIS 22993 (C.D. Cal. 1998) or *Pal*

1

2

### E.   Defendants Make Speculative "Straw Man" Arguments About the Scope of Emanuel's Testimony

3   Defendants accuse Plaintiffs of seeking to elicit expert opinion testimony from

4   Emanuel, and then, on the sole basis of their speculation, ask this Court to preclude

5   Emanuel from testifying.  As Defendants well know, Emanuel is a longtime film and

6   television agent and the head of the Endeavor Talent Agency, one of the top three

7   talent agencies in Hollywood.  *See* Declaration of Marc Toberoff in Opposition to

8   Defendants' Motions *in Limine*, Ex. F.  Emanuel has *personal knowledge* about the

9   negotiation of a great many film and television agreements, including those with

10   Warner Bros., and is permitted to testify to the same as a percipient witness.

11   Emanuel's testimony will speak solely to his personal knowledge of such

12   negotiations and agreements, and not his opinions.  Defendants themselves recently

13   designated twenty-three third party contracts.

14   For this reason, the cases cited by Defendants – *Compania Administradora de*

15   *Recuperacion v. Titan Int'l, Inc.*, 533 F.3d 555 (7th Cir. 2008) and *Dijo, Inc. v.*

16   *Hilton Hotels Corp.*, 351 F.3d 679 (5th Cir. 2003) – are inapplicable.  In both cases,

17   the courts refused to allow testimony from lay witnesses about financial matters for

18   which they lacked personal knowledge.  *Titan Int'l*, 533 F.3d at 560–61; *Dijo*, 351

19   F.3d at 685–87.  Plaintiffs, however, will elicit testimony from Emanuel only on

20   matters for which he has personal, percipient knowledge.

21   //

22   //

23   //

24   //

25   //

26

27   *v. New York University*, 2008 U.S. Dist. LEXIS 52620 (S.D.N.Y. 2008).  In both those cases, the parties seeking preclusion of testimony genuinely lacked knowledge as to the

28   existence of the witnesses, and were unable to depose the witnesses during the discovery phase of litigation.  *Ultra-Tex Surfaces*, 1998 U.S. Dist. LEXIS 22993 at *15–*16; *Pal*, 2008 U.S. Dist. LEXIS 52620, at *9–*10.

1  **IV.    CONCLUSION**

2          For the foregoing reasons, Plaintiffs respectfully request that this Court

3  decline to consider Defendants' new Reply arguments, or, in the alternative, deny

4  Defendants the relief requested in their Motions *in Limine* Nos. 1 and 2.

5

6  DATED:  January 21, 2009          TOBEROFF & ASSOCIATES, P.C.

7                                                        By_____

8                                                                      Marc Toberoff
                                                           Attorneys for Plaintiffs JOANNE SIEGEL
9                                                          and LAURA SIEGEL LARSON

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8