1  Marc Toberoff (CA State Bar No. 188547)
   Nicholas C. Williamson (CA State Bar No. 231124)
2  TOBEROFF & ASSOCIATES, P.C.
   2049 Century Park East, Suite 2720
3  Los Angeles, CA 90067
   Telephone: (310) 246-3333
4  Facsimile: (310) 246-3101
   MToberoff@ipwla.com
5
   Attorneys for Plaintiffs and Counterclaim Defendants
6  JOANNE SIEGEL and LAURA SIEGEL LARSON

7              **UNITED STATES DISTRICT COURT**

8        **CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION**

| | |
|---|---|
| 9  JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON, an individual, | Case No: CV 04-8400 SGL (RZx) |
| 10 | Hon. Stephen G. Larson, U.S.D.J. |
| 11              Plaintiffs, | **PLAINTIFFS JOANNE SIEGEL AND LAURA SIEGEL LARSON'S OBJECTION TO MISSTATEMENTS IN DEFENDANTS' REPLIES IN SUPPORT OF THEIR MOTIONS *IN LIMINE* NOS. 2, 4** |
| 12         vs. | |
| 13 WARNER BROS. ENTERTAINMENT INC., a corporation; TIME WARNER INC., a corporation; DC COMICS, a general partnership; and DOES 1-10, | |
| 14 | |
| 15 | Date:  January 26, 2009 |
| 16 | Time:  11:00 a.m. |
|    | Place: Courtroom 1 |
| 17              Defendants. | Trial Date: February 3, 2009 |
| 18 | |
| 19 DC COMICS, | |
| 20 | |
| 21              Counterclaimant, | |
|             vs. | |
| 22 | |
| 23 JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON, an individual, | |
| 24 | |
| 25 | |
| 26              Counterclaim Defendants. | |
| 27 | |
| 28 | |

PLAINTIFFS' OBJECTION TO MISSTATEMENTS IN DEFENDANTS' *LIMINE* REPLIES

Plaintiffs hereby object to the misrepresentations in Defendants' Reply Memoranda of Points and Authorities in Support of Defendants' Motions *in Limine* ("Def. Reply *Limine*"), Nos. 2 and 4.

### A. Defendants' Reply in Support of Motion *in Limine* No. 2

With respect to Defendants' Motion *in Limine* No. 2, Defendants repeatedly misstate Plaintiffs' positions, relevant case law, and the facts of the case. Plaintiffs object to the following statements:

- With respect to Plaintiffs' expert Steven Sills, Defendants falsely claim with respect to "'the actual operation of the key 'participation' provisions of DC's Superman film and television agreements,' Plaintiffs themselves have asserted that such [financial] evidence is not relevant to the instant trial." Defs. Reply *Limine* No. 2 at 5:11-17. Plaintiffs merely objected to the use of specific, *outdated* participation statements. *See* Pls. *Limine* No. 4 at 14:21-15:5; Pls. Reply *Limine* No. 4 at 9:9-26. Plaintiffs themselves designated **numerous** DC-Warner Bros. participation statements as exhibits. Tr. Exs. 281-290. Plaintiffs' clear position is that the operation of the Superman agreements in actual practice is clearly relevant to whether the agreements constitute "fair market value," and well within Steven Sills' expertise and the subject matter for which he was designated.

- Defendants falsely state that Plaintiffs' designation at the L.R. 16 Meeting of Counsel of eight Warner Bros. employees was based on "not know[ing] that the Unidentified Witnesses had discoverable information until the parties' Local Rule 16 Conference." Defs. Reply *Limine* No. 2 at 10:25-27. As Plaintiffs listed such witnesses in their L.R. 16 disclosures, Plaintiffs knew of their involvement in advance thereof, based on Defendants' documents.

- Defendants misrepresent that "Plaintiffs cite no discovery documents mentioning the Apex Witnesses… to support their claim." Defs. Reply *Limine* No. 2 at 12:6-8. Plaintiffs cited numerous documents generated directly by Warner Bros. or Time-Warner (Tob. Opp. Decl., Ex. G, K-L), and exhibits produced by

Defendants (Bergman Decl., Ex. 91) in support of their claim that the "Apex Witnesses" possess relevant information. Plaintiffs also provided a detailed narrative of the personal knowledge and relevance of the "Apex" witnesses. Pls. Opp. *Limine* No. 2 at 7:26-10:19. In their Reply, Defendants claim that they "address the purported 'intimate knowledge' of Messrs. Meyer, Horn, Robinov and Tsujihara in greater detail in Section IV, *infra.*" Defs. Reply *Limine* No. 2 at 11 n.10. However, there is no such section or discussion in their Reply brief. Defendants cited no authority for applying the "Apex witness" doctrine to trial (*see* Pls. Opp. *Limine* No. 2 at 7:6-25), and in their Reply, Defendants cite no authority for their conclusion that "in order to call an Apex witness at trial, if opposed, a party must depose that Apex witness in discovery, whether on agreement or motion to compel." Defs. Reply *Limine* No. 2 at 17-19.

### B. Defendants' Reply in Support of Motion *in Limine* No. 4

Defendants' Reply in support of their Motion *in Limine* No. 4 repeatedly misrepresents Plaintiffs' actions regarding their subpoenas. Defendants attach an e-mail from Nicholas Williamson to James Weinberger, dated January 15, 2009, that clearly notified Defendants as to the status of the subpoenas. *See* Reply Declaration of Michael Bergman in Support of Defendants' *in Limine* Motions, Exhibit 8. However, Defendants proceed in their Reply to ignore the clear information provided them in Plaintiffs' January 15, 2009 e-mail.

Mr. Williamson's e-mail clearly stated that Plaintiffs had produced the authenticating declarations received to date, and notified Defendants that Plaintiffs expected to receive additional declarations shortly. *Id.* Yet, Defendants bizarrely claim that while "some" of the declarations "may have been produced by Plaintiffs… Defendants cannot be sure." The e-mail further described the two subpoenas that had been withdrawn.[1] *Id.* The e-mail further identified the responsive documents

---

[1] Defendants also misrepresent the contents of Fox's motion to quash, which was immediately withdrawn. *See* Defs. Reply *Limine* No. 2 at 2 n.2.

(by Bates numbers) that Plaintiffs had received and produced to Defendants. *Id.* Mr. Williamson further explained that such documents were being produced pursuant to Defendants' discovery requests asking for writings that Plaintiffs intended to "rely" on at trial. *Id.* In response to a prior e-mail from Defendants, Plaintiffs also distinguished the cases, which Defendants nonetheless proceeded to miscite in Defendants' Reply, as concerning a subpoenaing party's failure to provided *any* "notice" to an opposing party. *See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 387 (7th Cir. 2008); *Murphy v. Board of Educ. of Rochester City School Dist.,* 196 F.R.D. 220, 226-227 (W.D.N.Y. 2000). Defendants did not respond to Plaintiffs' e-mail.

DATED: January 22, 2009          TOBEROFF & ASSOCIATES, P.C.

By _____
             Marc Toberoff

Attorneys for Plaintiffs JOANNE SIEGEL
and LAURA SIEGEL LARSON