Marc Toberoff (CA State Bar No. 188547)
Nicholas C. Williamson (CA State Bar No. 231124)
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Telephone: (310) 246-3333
Facsimile: (310) 246-3101
MToberoff@ipwla.com

Attorneys for Plaintiffs and Counterclaim Defendants
JOANNE SIEGEL and LAURA SIEGEL LARSON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON, an individual,<br><br>  Plaintiffs,<br><br>  vs.<br><br>WARNER BROS. ENTERTAINMENT INC., a corporation; TIME WARNER INC., a corporation; DC COMICS, a general partnership; and DOES 1-10,<br><br>  Defendants.<br><br>DC COMICS,<br><br>  Counterclaimant,<br><br>  vs.<br><br>JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON, an individual,<br><br>  Counterclaim Defendants. | Case No: CV 04-8400 SGL (RZx)<br><br>Hon. Stephen G. Larson, U.S.D.J.<br><br>**PLAINTIFFS JOANNE SIEGEL AND LAURA SIEGEL LARSON'S RESPONSE TO DEFENDANTS' OBJECTIONS RE: MOTIONS *IN LIMINE***<br><br>Date: January 26, 2009<br>Time: 11:00 a.m.<br>Place: Courtroom 1<br><br>Trial Date: February 3, 2009 |

Plaintiffs respectfully offer this response to Defendants' "Objections to Plaintiffs' Untimely In Limine Filings" ("Defs. Obj. *Limine*"), filed at 7:16 p.m. on Friday, January 23, 2009.  Plaintiffs' replies in support of their motions *in limine* were timely filed by the deadline set by the Local Rules and the Federal Rules of Civil Procedure.  Plaintiffs' Objections and Responses to Defendants' Replies, filed on January 21 and 22, 2009, were expressly limited to responses to:  (a) new arguments improperly made for the first time in Defendants' replies; and (b) misrepresentations of fact in such replies.

### A.  Plaintiffs Properly Responded to New Arguments Regarding Ari Emanuel in Defendants' Replies

Plaintiffs are in complete agreement with Defendants that "the fact that Defendants were unable to address the subject matter of Mr. Emanuel's testimony until their reply brief is a situation arising *entirely* out of Defendants['] own improper conduct."  Defs. Obj. *Limine* at 2:18-20 (emphasis original).  Plaintiffs listed Emanuel on their initial witness list, provided to Defendants at the L.R. 16-2 Meeting of Counsel on December 3, 2008.  *See* Declaration of Nicholas Williamson in Support of Plaintiffs' Response ("Will. Decl."), Ex. A.  At neither that meeting, nor at the December 8, 2008 in-person meet-and-confer concerning motions *in limine*, did Defendants bother to even discuss Emanuel.  Will. Decl., ¶ 2.

Defendants thereafter took the bizarre position in their reply that "they assumed Plaintiffs would limit his testimony to questions he answered during his deposition."  Defs. Reply *Limine* No. 2 at 7 n.5.  Defendants deposed Mr. Emanuel on the subject of "Plaintiffs' [purported] settlement with Defendants" and "Plaintiffs' accounting valuation."  *Id.* at 8:1-3.  The issue of the purported settlement was disposed of on summary judgment.  *See Siegel v. Warner Bros. Entertainment Inc.*, 542 F. Supp. 2d 1098, 1137-39.

As such, Defendants' "excuse" regarding the new arguments in their Reply amounts to:  (1) they incorrectly assumed that Plaintiffs were calling Emanuel for

testimony as to irrelevant issues and were limited to Defendants' choice of deposition questions; (2) they never discussed Emanuel's testimony with Plaintiffs or made him the subject of a specific motion *in limine*; (3) realizing their mistake, Defendants attempted to preclude Emanuel via a *reply*; and (4) Plaintiffs cannot respond to their new reply arguments.

### B. Plaintiffs' Objections to Misstatements in Defendants' Replies, filed January 22, 2009, Was Not a "Sur-Reply"

Notwithstanding Defendants' mischaracterizations, Plaintiffs' Objections to Misstatements in Defendants' Replies, filed January 22, 2009, was not a "sur-reply." Plaintiffs carefully limited their Objections to the following misrepresentations of fact: (i) Defendants' misrepresentation that they were kept "in the dark" regarding Plaintiffs' subpoenas, when Plaintiffs timely provided Defendants with copies of the subpoenas, responsive documents and authenticating third party declarations and promptly responded to Defendants' inquiries; (ii) Defendants' false statement that Plaintiffs designated no "discovery documents" relating to the Apex Witnesses; (iii) Defendants' misrepresentation of Plaintiffs' position regarding the relevance of old financial statements; and (iv) Defendants' nonsensical misstatement that Plaintiffs designated witnesses on a witness list, prepared prior to the L.R. 16 Meeting of counsel, in response to information learned at such meeting.

### C. Plaintiffs Properly Filed Their Reply Papers Before the January 19, 2009 Deadline

Plaintiffs' replies were properly filed on Sunday, January 18, 2009, before the January 19, 2009 deadline. This Court's Scheduling Order instructs the parties to file their oppositions and replies to motions *in limine* "in accordance with Local Rule[]… 7-10." Scheduling Order [FRCP 16(b)], ¶ 6. In turn, Local Rule 7-10 provides that "[a] moving party may, not later than the seventh calendar date (not excluding Saturdays, Sundays, and holidays) before the date designated for the hearing of the motion, serve and file a reply memorandum."

As such, pursuant to L.R. 7-10, the deadline for the parties to file motion *in limine* replies was no later than the seventh *calendar* day before the hearing – Monday, January 19, 2009. Because L.R. 7-10 expressly includes "Saturdays, Sundays, and holidays" in its calculation of calendar days, the fact that January 19, 2009 was a federal holiday does not affect the calculation of this deadline.

Furthermore, 28 U.S.C. § 452 and F.R.C.P. 77(a) provide that district courts are considered "always open for filing any paper," and documents filed while the clerk's office is closed are considered filed at the time of delivery. *See Greenwood v. State of New York*, 842 F.2d 636, 639 (2d Cir. 1988). This Court was therefore open for filing on January 19, 2009, notwithstanding the closure of the clerk's office.

From a practical perspective, there was little difference between Defendants' filing of their replies at 8:57 p.m. on Friday, January 16 and Plaintiffs' filing on Sunday, January 18.

Moreover, the Court would not appear to be inconvenienced by this timing. Absent electronic filing, if Monday was a holiday, documents filed on the following Tuesday afternoon (or on Monday), might not make it to the Court's chambers until late Tuesday or Wednesday. Under electronic filing, however, the clerk's office is "open" for filing every day, and under General Order 08-02 § IV(J), "all electronic transmissions of documents must be completed… prior to midnight Pacific Standard Time… in order to be considered timely filed on that day." As such, if a document were uploaded to the system on Monday, January 19, 2009, the Court receives it on the same exact schedule as it would were Monday not a holiday.[1]

### 1.   Plaintiffs Properly Informed Defendants of Their Position

Defendants' "Objection" improperly implies that Plaintiffs "unilaterally"

---

[1] Defendants' reliance on *R.L. Inv. Ltd. Partners v. I.N.S.*, 86 F. Supp. 2d 1014, 1019 n.1 (D. Hawaii 2000) and a literal reading of F.R.C.P. 6 is misplaced. Even if F.R.C.P. 6 *did* apply, filing deadlines under F.R.C.P. 6 are to be "liberally and realistically construed," and analogous language has been held to require that filings "due" on a holiday can properly be filed *after* that holiday. *Prudential Oil & Minerals Company v. Hamlin*, 261 F.2d 626, 627 (10th Cir. 1958). *See also Matter of American Healthcare Management, Inc.*, 900 F.2d 827, 831 (5th Cir. 1990).

1  attempted to garner extra time while "knowing" that Defendants' position was
2  correct.  *See* Defs. Obj. at 4:10-13.  Mr. Hagen even states that he "reject[ed]
3  Plaintiffs' request to modify the schedule for the *in limine* motions."  Hagen Decl. at
4  3:11-13.  Plaintiffs never "requested" such changes; the parties merely discussed the
5  *overall* scheduling of the motions *in limine* with Defendants.  Will. Decl., ¶ 4.  The
6  timing of motion *in limine* replies was not part of the draft stipulations regarding
7  motions to compel that the parties were exchanging.  *See* Will Decl., ¶ 5, Ex. B.

8       In phone conversations on Thursday, January 15, 2009, Defendants' counsel,
9  James Weinberger, referenced the purported Friday, January 16, 2009 deadline.  *Id.*,
10 ¶ 6.  After conducting further research on the issue, Plaintiffs communicated their
11 understanding of the deadline to Defendants via letter on January 16, 2009.  *Id.*, Ex.
12 C.  Plaintiffs explained that, under Local Rule 7-10, replies were due "not later than
13 the seventh calendar date (not excluding Saturdays, Sundays, and holidays)" before
14 the hearing date, and January 19, 2009 was therefore the correct filing deadline.  *Id.*
15 Shortly thereafter, Plaintiffs' counsel Nicholas Williamson telephoned Defendants'
16 counsel and confirmed that Defendants were well aware of Plaintiffs' position *before*
17 filing their reply papers.  *Id.*, ¶ 7.  Defendants responded by faxing to Plaintiffs a
18 letter that set forth their position on the deadline and filed their own reply papers
19 almost immediately thereafter.  Hagen Decl., Ex. C.  Plaintiffs then followed up with
20 a second letter responding to Defendants. Will Decl., Ex. D.

21 **CONCLUSION**

22      For the foregoing reasons, Plaintiffs respectfully request that this Court reject
23 Defendants' objections, and consider Plaintiffs' objections filed on January 21 and
24 January 22, 2009.

25 DATED: January 24, 2009     TOBEROFF & ASSOCIATES, P.C.

By _____
Marc Toberoff

Attorneys for Plaintiffs JOANNE SIEGEL
and LAURA SIEGEL LARSON