# EXHIBIT A

005

Marc Toberoff (CA State Bar No. 188547)
Nicholas C. Williamson (CA State Bar No. 231124)
LAW OFFICES OF MARC TOBEROFF, PLC
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Telephone: (310) 246-3333
Facsimile: (310) 246-3101
E-mail: MToberoff@ipwla.com

Attorneys for Plaintiffs and Counterclaim Defendants
JOANNE SIEGEL and LAURA SIEGEL LARSON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA- EASTERN DIVISION

| | |
|---|---|
| JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>WARNER BROS. ENTERTAINMENT INC., a corporation; TIME WARNER INC., a corporation; DC COMICS, a general partnership; and DOES 1-10,<br><br>Defendants.<br><br>DC COMICS,<br><br>Counterclaimant,<br><br>vs.<br><br>JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON, an individual,<br><br>Counterclaim Defendants. | Case No. CV 04-08400 SGL (RZx)<br><br>[Honorable Stephen G. Larson]<br><br>**PLAINTIFFS JOANNE SIEGEL AND LAURA SIEGEL LARSON'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>[Complaint filed: October 8, 2004]<br><br>Date:  TBD<br>Time:  10:00 a.m.<br>Place:  Courtroom 1<br><br>[Statement of Uncontroverted Facts and Conclusions Of Law; Declaration of Marc Toberoff; Request For Judicial Notice and [Proposed] Judgment Filed Concurrently Herewith] |

**006**

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Set forth below is a graph illustrating that there was no "meeting of the minds" between the parties by showing some of the material differences between the terms set forth in Marks' October 16, 2001 Letter, Schulman's October 26, 200l Letter and Defendants' February 1, 2002 Draft.

| TERMS | OCT. 19, 2001 LETTER | OCT. 26, 2001 LETTER | FEB. 1, 2002 DRAFT |
|---|---|---|---|
| **Scope of Agreement** | Terms applied to Superman, Superboy, & related properties (e.g., Smallville, Lois & Clark), and Spectre ("Property"), and related trademarks. *See* October 19, 2001 Letter, Toberoff Decl., Ex. BB ("10/19/01 Letter") at p.1, ¶ 1; Marks Depo. Tr. at 155:18-19; 184:22-185:1. Toberoff Decl., Ex. EE. | Terms applied to *all* Siegel properties, including but not limited to Superman, Superboy, Spectre, and all rights of all kinds. This included everything Siegel authored for DC (whether published or not) and everything related to Superman/Spectre (whether created for DC or not). *See* October 26, 2001 Letter Toberoff Decl., Ex. CC ("10/26/01 Letter") at p. 2; Marks Depo. Tr. at 155:25-156:3. Toberoff Decl., Ex. EE. | Terms cover any Siegel work for which he received any compensation from DC or its predecessors, including Superman and Spectre, plus associated trademarks. *See* October 1, 2002 Draft, Toberoff Decl., Ex.DD ("2/1/02 Draft") at pp. 8, 12, 20; Marks Depo. Tr. at 155:25-156:3; 184:13-187:22. Toberoff Decl., Ex. EE.<br><br>This resulted in a "trap door": Plaintiffs' royalty (see below) tied to DC licensing revenues from *Siegel's* works and **failed to include revenues from all derivative Superman properties**. *See* **Marks Depo. Tr. at 184:13-187:22**. |
| **Grant of Rights** | Plaintiffs "transfer all of its rights in the 'Superman' and 'Spectre' properties (including 'Superboy') resulting in 100% ownership to D.C Comics." *See* 10/19/01 Letter at p.3, ¶ 1. | "Grant, re-grant, etc. [of] 100% of rights, wherever created, arising out of Siegel's authorship and/or contributions for DC Comics (whether or not published) including post term. rights as members of the public" and "100% of rights, whenever created, arising out of Siegel's authorship and/or contributions re: Superman, Superboy, Spectre, and related properties - even if not | Grant of all rights in Action Comics No. 1 Superman works, Post Action Comics No. 1 Superman works, Superman Derivative Works, and all Superman Marks; all rights in the Spectre Works, the Post More Fun Comics Spectre Works, the Spectre Marks; and all rights in all other Siegel Works. *See* 2/1/02 Draft at pp. 13-20.<br><br>Termination of all past grants and re-grant of all rights in Superman, Superboy, |

48

**007**

| | | | |
|---|---|---|---|
| | | created for DC Comics." *See* 10/26/01 Letter at p.2 | Spectre, as well as granting all rights in any other work ever created by Jerome Siegel. *See* 2/1/02 Draft at p. 14.<br><br>Plaintiffs must acknowledge that they do not have rights and will never have rights in any post-Action Comics No.1 Superman works and that all such works are [purportedly] "works made for hire" *See* 2/1/02 Draft at pp. 14-15. |
| **Gross Revenue Definition for Royalty Payments** | 6% of DC's "worldwide gross revenues derived from Property." *See* 10/19/01 Letter at p.1, ¶ 2. | "6% of DC's receipts from all Media licenses for use of the Properties," subject to substantial additional reductions of the royalty rate (see below).  *See* 10/26/01 Letter at pp. 5-6. | 6% of "amounts actually received" by DC "in United States Dollars" from "Licensing."  Revenues "shall not include any sums received by DC Comics for providing any services or materials in connection with the licensing of rights in the SUPERMAN Property or SPECTRE Property" even though the 6% royalty rate already accounted for DC's services. S*ee* 2/1/02 Draft at p. 9, ¶ 24; Marks Depo. Tr. at 188:17-189:13.<br><br>Advances against royalties paid to DC by a licensee only become Revenues when the advance becomes non-returnable.  *See* 2/1/02 Draft at p. 9, ¶ 24.<br><br>Revenues only derived from "Licensing," which refers to DC "authorizing any third party to commercially exploit" Superman/Spectre. *See* 2/1/02 Draft at p. 9, ¶ 23. |
| **Royalty re: Media and Merchand-ising** | 6% royalty when property is used alone or is licensed for motion picture and | Added new categories where 6% royalty could be *further reduced.* *See* 10/26/01 Letter at pp. | Added new categories where the 6% royalty could be *further reduced*.  *See* 2/1/02 Draft at pp. 23-24: |

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

| | | | |
|---|---|---|---|
| | television. 6% royalty will be adjusted pro-rata if property is used in conjunction with other book characters (other than "cameo" type appearance) but to no less than 3%. The royalty can be further reduced to 1.5% in the case of "Justice League of America," "Superfriends" and "Superheroes" merchandise and to 1% for DC Comics/Warner Bros.' overall license to Six Flags.  *See* 10/19/01 Letter at p. 2, ¶ 5; Marks Depo. Tr. at 158:4-159:5. | 5-6:<br><br>"[W]ith respect to licenses wherein the licensee is granted rights to utilize a number of DC properties as well as the Properties DC shall allocate the income from the license based on the actual sales of individual products based on information reasonably available from the license, but to the extent such information is not available, the 6% shall be reducible to not less than 1%." *Id.*<br><br>"[W]ith respect to merchandise actually produced by DC Comics, an allocable portion of the revenue, consistent with licensed merchandise produced by third parties, shall be deemed DC Comics' revenue for purposes of royalty computation." *Id.* | Revenues to which reduced 1.5% royalty applicable are much broader, encompassing all products where Superman / Spectre is not "predominant creative element" nor the "sole predominant identity or title."  *See* 2/1/02 Draft at pp. 24;  Marks Depo. Tr. at 159: 10-12.<br><br>Revenues to which reduced 1% royalty applicable broadened to include not only Six Flags but "other Licenses where Revenues from such Licenses are not specifically attributed to royalties earned by the sale of character merchandise that can be directly allocated either to the SUPERMAN property and/or SPECTRE Property or to other properties in which THE PLAINTIFFS do not share…" *See* 2/1/02 Draft at p. 25.<br><br>Added term that only "10% of Revenue, less costs, and subject to pro rata allocations" from merchandise "actually produced" by DC "shall be deemed DC Comics' Revenues for purposes of royalty computation." *See* 2/1/02 Draft at pp. 24-25.<br><br>Added term that there is no payment obligation for use of Properties in Time Warner advertising.  *See* 2/1/02 Draft at pp. 27-28. |
| **Royalty re: DC Publications** | 1% of cover price of DC publications when Property is | Changed the works to which the 0.5% royalty rate is applicable. Instead | Changed the works to which the 0.5% royalty rate is applicable. Instead of paying |

| | | | |
|---|---|---|---|
| | used alone. Adjusted pro-rata when the Property is used in conjunction with other comic book characters (other than "cameo" appearance), but in no event less than 0.5%." *See* 10/19/01 Letter at pp. 2-3, ¶ 6. | of paying a minimum 0.5% royalty anytime Superman or Spectre appear:<br><br>"[T]here will be no royalties payable hereunder when the Properties appear in publications or stories based on other properties and the Properties' characters do not appear in the title of the publication or feature in question" *See* 10/26/01 Letter at p. 6. | a minimum 0.5% royalty anytime Superman or Spectre appear:<br><br>"[T]here will be no royalties payable hereunder when the SUPERMAN Property and/or the SPECTRE property appear in publications or stories based on other properties and the Properties' characters do not appear in the title of the publication or feature in question." *See* 2/1/02 Draft at p. 27.<br><br>Added that no royalties are paid on units "returned, damaged, lost, distributed by DC as premiums or promotions and/or distributed to uncollectible accounts or sold at discounts in excess of seventy percent off of cover price." *See* 2/1/02 Draft at p. 9. |
| **Royalty Extension ("Tail")** | Royalty payments cease at the expiration of the Action Comics No. 1 copyright, except for 1) films released during last five years of the copyright (royalties paid for 5 years from release), 2) TV series where royalties would be paid until the end of consecutive original episodes plus 3 years (to cover first syndication sale), and 3) "other substantial projects" (akin to motion picture and TV projects) released during the last 5 years | Royalty payments extended only for film and TV projects for same periods, but not "other substantial projects." *See* 10/26/01 Letter at p. 6. | Royalty payments extended only for film and TV projects for same periods, but not "other substantial projects." *See* 2/1/02 Draft at p. 27.<br><br>Royalties limited to revenues from direct "Licensing of exhibition and/or broadcast rights to the above motion pictures and television series," not to the associated "sale of any goods or provision of any services ancillary or collateral thereto. *See* 2/1/02 Draft at p. 27. |

51                                                                                                          **010**

| | | | |
|---|---|---|---|
| | of copyright (royalties paid for 5 years from release). *See* 10/19/01 Letter at p.3, ¶ 9. | | |
| **Right to Challenge Intra-Company DC Licensing** (**e.g., licenses to WB**) | Expedited dispute resolution procedure for challenging intra-company deals which fall outside "safe harbors." *See* 10/19/01 Letter at p.5, ¶ 10. | "Expedited dispute resolution procedure" applies to "any claims or between the parties." Plaintiffs limited to monetary damages only, "no injunction against DC/WB breaches, no termination rights, no reversion. DC Comics/Warner Bros. can get equitable relief against Siegels' or third parties' exploitations or other breach." *See* 10/26/01 Letter at p. 7. | Plaintiffs are to acknowledge "their awareness and acceptance that DC COMICS, in the normal course of its operations, does business on an arm's length basis with AOLTW Companies and, in doing so, may License, inter alia, the SUPERMAN Property." The Plaintiffs "shall have no right whatsoever to challenge any such license or any of the terms thereof" subject to safe harbor provisions. For "intercompany" agreements not covered by safe harbor provisions, Plaintiffs may challenge agreement only on basis "that the agreement is not commercially reasonable and fair in light of all the circumstances." *See* 2/1/02 Draft at pp. 32-35. |
| **Credit** | "Until expiration of the U.S. Copyright for Action Comics No. 1, there will be credit on 'Superman' comics and other publications, movies and television programs that reads 'By Special Arrangement with Jerry Siegel Family.'" *See* 10/19/01 Letter at p.4, ¶ 3. | Such credit "on Superman movies and TV shows first created after the date hereof (excluding later episodes of ongoing tv series)." *See* 10/26/01 Letter at p. 7. | Such credit "on new [Superman] works…first created after the effective date hereof (excluding later episodes of ongoing television series) and initially released during the term of copyright of Action Comics No. 1." *See* 2/1/02 Draft at p. 39. |
| **Credit To Plaintiffs in "Paid Ads"** | Terms provided for credit to Plaintiffs in "paid ads" concerning the Properties. *See* | Terms do <u>not</u> provide for credit to Plaintiffs in "paid ads." *See* 10/26/01 Letter at p.7; Marks Depo. Tr. at 161:12-20. | Terms do <u>not</u> provide for credit to Plaintiffs in "paid ads." *See* 2/1/01 letter at pp. 39-40; Marks Depo. Tr. at 161:12-20. |

**011**

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

| | | | |
|---|---|---|---|
| | 10/19/01 Letter at p.4, ¶ 4.  Marks Depo. Tr. at 161:12-20. | | |
| **Continuing relationship/ Publicity** | Provided only for mutual non-disparagement.  *See* 10/19/01 Letter at p.5, ¶ 13. | New terms that Plaintiffs must furnish DC with Jerry Siegel's biography and photos for publicity purposes, and that AOLTW companies would get "first opportunity to negotiate for any biographical works in any media" by the Plaintiffs.  *See* 10/26/01 Letter at p. 2; Marks Depo. Tr. at 157:4-8.  New terms imposing an affirmative obligation on the Plaintiffs to "positively publicize the Properties," including "public appearances" and related "travel," in the future. New terms included Plaintiffs issuing "a joint press release" and "consulting with DC prior to any personal appearances, written statements, interviews, or other activities they may wish to conduct relating to the Properties." *See* 10/26/01 Letter at p. 2; Marks Depo. Tr. at 157:19-158:3. | New terms regarding continuing relationship and Plaintiffs' publicity obligations:  1) Plaintiffs have obligation to positively publicize Properties, including making themselves available for public appearances/ travel; 2) DC consent required for all appearances, statements, interviews by Plaintiffs regarding Superman, etc; 3) Plaintiffs must issue joint press release with DC; 4) No contact by Plaintiffs with DC licensees is permitted.  *See* 2/1/02 Draft at p. 37; Marks Depo. Tr. at 157:19-158:3.  New terms providing DC or its designee with "the first opportunity to negotiate" to buy "any biographical works in any media pertaining to Jerome Siegel."  *See* 2/1/02 Draft at p. 41; Marks Depo. Tr. at 157:19-158:3. |
| **Attorney in Fact** | Appoints DC as attorney in fact. *See* 10/19/01 Letter at p. 5, ¶ 12. | Plaintiffs "will designate WB as attorney in fact." *See* 10/26/01 Letter at p. 2 | Appoints DC as attorney in Fact. *See* 2/1/01 letter at p. 36. |
| **Provide Rights Documents** | Not mentioned. | New term that Plaintiffs "[g]ive copies of all documents relating to rights/history." *See* 10/26/01 Letter at p.2. | Not mentioned. |

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

|  |  | *See* Marks Depo at 156:20-157:3. |  |
|---|---|---|---|
| **Release and Covenant Not To Sue** | Not mentioned. | Adds "[r]elease and covenant not to sue by [Plaintiffs] [t]hrough date of signing of all claims past, present, and/or future, actual or potential."  Adds that Plaintiffs "[a]pprove all deals made before 12/31/00." *See* 10/26/01 Letter at p. 8. | Adds full detailed mutual release by the parties and mutual covenants not to sue. *See* 2/1/02 Draft at pp. 42-45. |
| **Plaintiffs' Warranties & Represent-ations** | "Siegel Family would not make any warranties as to the nature of rights, but would represent that they have not transferred the rights to any party."  *See* 10/19/01 Letter at p.5, ¶ 13.  *See also* Marks' Depo. at 156:6-10. | Changed terms requiring that the Plaintiffs "warrant and represent," "jointly and severally":<br><br>1) that they have "no termination nor any other rights remaining except for under this agreement;"<br>2) that they have entered into "no contract of any kind with any other party with respect to or related to the Properties;"<br>3) that they will not "exploit or enter into any agreements" re: the Properties; and<br>4) that they will not "diminish the DC/WB enjoyment of exclusive ownership, control, and use" of the Properties. *See* 10/26/01 Letter at p. 2; Marks' Depo. at 156:6-10. | Changed terms that Plaintiffs warrant and represent, jointly and severally, that:<br><br>1) Plaintiffs or Siegel have not granted any rights in or encumbered the Properties;<br>2) "they know of no other party with any rights of any kind or that claim to any rights of any kind" in the subject works or trademarks;<br>3) they shall not negotiate or enter into any agreement concerning the subject works;<br>4) any of their rights in the works derive from Siegel;<br>5) "no person or entity other than [Plaintiffs/DC] own any rights or could possibly claim any rights of any nature arising out of any [Siegel] Works;"<br>6) they know of no other Siegel works in which they claim any rights;<br>7) they know of no Superman works not listed in the Termination Notices;<br>8) that Joanne Siegel is the sole executor, trustee, administrator, and personal rep. of the Siegel Estate.  *See* 2/1/02 Draft at pp. 41-42; Marks' Depo. at 156:6-10. |

**013**

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

|  |  |  |  |
|---|---|---|---|
|  |  |  | New terms affirming that Plaintiffs have no right to challenge the agreement; and that Plaintiffs have no right to terminate any new grant of the Siegel works.  *See* 2/1/02 Draft at pp. 30-31. |
| **Indemnifica-tion and Insurance Coverage** | "Full E&O and general liability coverages and full indemnities for Joanne Siegel, Laura Siegel Larson against liability for DC or affiliate actions." *See* 10/19/01 Letter at p. 5, ¶ 14. *See also* Marks Depo. Tr. *at* 160:21-25. | Terms do <u>not</u> provide Plaintiffs E&O and general liability coverage.<br><br>Indemnification of Siegels who sign the agreement.<br><br>Instead, added new terms that Plaintiffs must "defend and indemnify DC re: third party claims," "defend and indemnify DC re: Dennis [Larson] claims" and "indemnify re: Michael Siegel for all expenses, costs, any reasonable settlement or get Michael Siegel to sign."  *See* 10/26/01 Letter at p.8; Marks Depo. Tr. at 156:14-19; 160:21-25. | Terms do not obligate DC to provide Plaintiffs E&O and general liability coverage.<br><br>Indemnification of Siegel family members that sign the agreement "due to wrongful acts by [DC or WB]." *See* 2/1/02 Draft at p. 46.<br><br>**Added broad new terms that Plaintiffs must jointly and severally defend and indemnify DC for any/all** : 1) claims by DC against Plaintiffs arising from a breach or claimed breach by Plaintiffs "(or any of the successors, assigns, heirs, estates, trustees, administrators or executors of Jerome  Siegel);" 2) **claims by** Plaintiffs, the estate and heirs of Siegel, Dennis Larson, or **any other person or entity**; **including "any claims relating to [Plaintiffs'] representations and warranties"** [see above]; and Plaintiffs' **obligation to indemnify is "fully binding regardless of whether any of the…claims [etc.]…are founded, valid, established in law or fact, or based on evidence**." *See* 2/1/02 Draft at pp. 45-46; Marks Depo. Tr. at 156:14-19; 160:21-25. |
| **If Rights Not Transferred** | If transfer prevented for "legal reason" (e.g., change in law), | Changed term. In the event Plaintiffs "attempt to assert claims, all but | Changed term.  In the event Plaintiffs' rights grant is ineffective or Plaintiffs make |

55

**014**

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

| | | | |
|---|---|---|---|
| | "everything in this deal applies as a prepayment to any future transfer, except $100,000 per year would not be applicable against the compensation (if any) for a future transfer…For the sake of clarity, this provision will not in any circumstances reduce the monies due the Siegel Family under this deal." *See* 10/19/01 Letter at p. 3 ¶ 2. | $100,000/year creditable to any other obligation WB has or may have to Siegels.  If any claim by Plaintiffs or successor results in DC expense or liability, compensation (over $100,000 annually) will be reduced thereby, and "only total due hereunder is ever due." *See* 10/26/01 Letter at p. 8. | a claim or have reversionary rights, resulting in any liability or damage to DC, any amounts due Plaintiffs will thereby be reduced (except $100,000 annually). Plaintiffs must acknowledge that the amount payable is more than they would have received in a court if they attempted to enforce their termination notices, and agree that any compensation payable to them, including due to a change in the law, will be capped by the amount payable in the agreement. *See* 2/1/02 Draft at pp. 48-49. |
| **Arbitration Provisions** | Expedited dispute resolution in one instance: "if the Plaintiffs were to challenge an intercompany deal that was outside a safe harbor." *See* 10/19/01 Letter at p.5, ¶10;Marks Depo. Tr. at 159:17-19. | Terms broadly require expedited dispute resolution / arbitration of "any claims between the parties." *See* 10/26/01 Letter at p. 8; Marks Depo. Tr. *at* 159:21-23. | Terms broadly require arbitration of  any and all disputes and limits the remedies available to the Plaintiffs.  *See* 2/1/02 Draft at pp. 47-50; Marks Depo. Tr. *at* 159:21-23. |
| **Audit Rights** | Plaintiffs have "full audit rights." *See* 10/19/01 Letter at p.5, ¶ 10. | Plaintiffs have audit rights subject to "[s]tandard WB language and time frames" and limitation of "[o]ne audit per any period." *See* 10/26/01 Letter at p. 7. | Plaintiffs have audit rights subject to new limitations: 1) No audit will begin later than 12 months after royalty statement provided; 2) No audit for longer than 5 business days; 3) Records supporting any royalty statement may not be audited more than once; 4) All statements binding unless majority of Plaintiffs object in writing within 12 months of receipt of statement, or if audit started, within 30 days of completion; 5) Plaintiffs audit at their own expense;  and |

56                                                                      **015**

| | | | 6) Confidentiality provisions. *See* 2/1/02 Draft at pp. 35-36. |
|---|---|---|---|

**1.**     **The October 19. 200l Letter Constitutes A Counteroffer That Was Not Accepted By Defendants**

In a nutshell, Marks' October 19, 2001 Letter though styled as an "acceptance" of Schulman's "offer" of October 16, 2001 is, in reality, a "counteroffer" because, according to Schulman and his "more fulsome outline" something different was discussed on October 16, 2001 ("I enclose herewith… a more fulsome outline of what we believe the deal we've agreed to is.")   Toberoff Decl., Ex. CC.  The October, 2001 Outline attached by Schulman, which purported to be Defendants' October 16, 2001 "offer," contained materially different terms (more favorable, of course, to Defendants) than that contained in the purported October 19, 2001 "acceptance." Therefore, Marks' October 19, 2001 Letter was, in reality, a counteroffer.  It was not accepted by Schulman, and did not result in a contract as a matter of law.

The terms proposed in an offer must be met exactly, precisely, and unequivocally for its acceptance to result in the formation of a binding contract. *Panagotacos v. Bank of America*, 60 Cal App 4th 851, 855-856 (1998); *Apablasa v. Merritt & Co.*, 176 Cal. App. 2d 719, 726 (1959).  A qualified acceptance constitutes a rejection terminating the original offer and the making of a counteroffer to the original offeror which must be accepted by the former offeror now turned offeree before a binding contract results. *Panagotacos*, 60 Cal App 4th at 855-856; *In re Pago Pago Air Crash,* 637 F.2d 704, 706 (9th Cir. 1981); *Landberg* v. *Landberg* 24 Cal.App.3d 742, 750 (1972); Cal. Civ. Code § 1585 ("An acceptance must be absolute and unqualified…A qualified acceptance is a new proposal.")  *See also 1-3 Corbin on Contracts § 3.36 (2006)*(a counteroffer ordinarily terminates the power to accept the previously made offer to which it is a "counter" or reply in a negotiation.)

In *Glendale Motor Co. v. Superior Court*, 159 Cal.App.3d 389 (1984), where a settlement agreement was claimed, the court held that plaintiff's qualified acceptance

# EXHIBIT B

017

# ARNOLD & PORTER LLP

John J. Quinn
John_Quinn@aporter.com

213.243.4080
213.243.4199 Fax

44th Floor
777 South Figueroa Street
Los Angeles, CA 90017-5844

July 5, 2006

Marc Toberoff, Esq. *(By Messenger)*
2049 Century Park East, Suite 2720
Los Angeles, CA 90067

Michael Bergman, Esq. *(By Messenger)*
Weissman, Wolff, Bergman, Coleman, Grodin & Evall, LLP
9665 Wilshire Blvd., Suite 900
Beverly Hills, CA 90212

Roger L. Zissu, Esq. *(By U. S. Mail)*
Fross, Zelnick, Lehrman & Zissu, P.C.
866 UN Plaza
At First Avenue & 48th Street
New York, NY 10017

Patrick Perkins, Esq. *(By U.S. Mail)*
Perkins Law Office
1711 Rt. 9D
Cold Spring, NY 10516

> Re:   *Joanne Siegel, etc., Laura Siegel Larson, etc. v. Time Warner Inc., et al.*
> USDC Central District of CA Case No. 04-08776 RSWL (AJWx);
> *Joanne Siegel, etc., Laura Siegel Larson, etc. v. Warner Bros. Entertainment*
> USDC Central District of CA Case No. CV. 04-8400 DDP (RZx)

Gentlemen:

I have been asked to advise John Schulman, General Counsel of Warner Bros., in connection with certain documents delivered to the Warner Bros. offices during the middle of last week. One set of documents was delivered to Mr. Schulman and one set was delivered to each of two Warner Bros. executives. The source or sender of the documents was not identified and no effort has been made to determine whether the three sets are identical in every respect.

Wayne Smith, Senior Litigation and Chief Patent Counsel of Warner Bros., made a cursory review of the document, did not read or review them in detail, but, recognizing that some of the documents may be privileged, segregated them in three separate categories, namely, "Privileged", "Non-privileged" and "?".

Washington, DC    New York    London    Brussels    Los Angeles    Century City    Northern Virginia    Denver

**Exh. D 81**

018

# ARNOLD & PORTER LLP

Marc Toberoff, Mike Bergman, Rodger Zissu, Patrick Perkins
July 5, 2006
Page 2

Although I have seen the documents, I have not read them or any part of them. I now have the three sets of documents in my possession at my office. I have been asked by Mr. Schulman to contact counsel involved in the pending litigation, advise them of the existence of the documents and the circumstances surrounding their receipt, and suggest a procedure for the proper review and handling of the documents.

Let me suggest the following:

1.  In order to protect the integrity of the documents and avoid any questions, I think they should be Bates stamped by an independent court reporter, court appointed individual, or independent copy service under some supervision.

2.  I would strongly suggest counsel contact the Judge or the Magistrate Judge assigned to this matter and advise him or her of the existence of the documents and circumstances of their receipt.

3.  If agreed, the documents could then be deposited with the Judge or the Magistrate Judge while a procedure for their review is planned. As an alternative, I will retain the documents and await instructions from you or the Court.

4.  The documents should be reviewed by the Judge, the Magistrate Judge or other individual agreed upon to determine whether some or any of the documents are protected by the claim of "Privilege" or "Work Product". Those documents afforded no protection can then be released to the litigation attorneys for defendants.

I hope you will not think me presumptuous in making these suggestions. My only objective is to carry out Mr. Schulman's request that these documents be handled in a proper and efficient manner. In the meantime, I will keep the documents in my personal possession and allow access to them only upon your joint or the Court's instructions.

Yours very truly,

JJQ:rn
cc: John A. Schulman, Esq

Exh. D 82

**019**

# EXHIBIT C

020

MB, AM, AH
2231.811

## ARNOLD & PORTER LLP

John J. Quinn
John_Quinn@aporter.com

213.243.4080
213.243.4199 Fax

44th Floor
777 South Figueroa Street
Los Angeles, CA 90017-5844

July 13, 2006

*By Facsimile and U.S. Mail*

Marc Toberoff, Esq.
2049 Century Park East, Suite 2720
Los Angeles, CA  90067

> Re:    *Joanne Siegel, etc., Laura Siegel Larson, etc. v. Time Warner Inc., et al.*
> USDC Central District of CA Case No. 04-08776 RSWL (AJWx);
> *Joanne Siegel, etc., Laura Siegel Larson, etc. v. Warner Bros. Entertainment*
> USDC Central District of CA Case No. CV. 04-8400 DDP (RZx)

Dear Marc:

During our conversation on July 11, it was my understanding that you had agreed to follow the protocol outlined in my letter to you of July 5, 2006 and that you would drop me a line to confirm that understanding.

I have tried to reach you on couple of occasions, but have been unsuccessful. Rather than let this matter drag any further and not overly complicate the process, I will do the following:

1. I will have one copy of the documents made in my office by a paralegal and have them Bates stamped. The paralegal will be instructed that she is not to read or discuss the documents with anyone.

2. I will personally retain a copy of the Bates stamped documents.

3. I will send you a copy of the Bates stamped documents.

You can then review the documents and send to Mr. Bergman those documents for which you do not claim any privilege. You can then prepare a privilege log and submit it for review by Mr. Bergman. In the event of any conflict regarding the documents, I assume the two of you will confer to see if a resolution can be accomplished and, if not, you will submit your differences to the Magistrate Judge.

Washington, DC    New York    London    Brussels    Los Angeles    Century City    Northern Virginia    Denver

Exh. E 83

021

# ARNOLD & PORTER LLP

Marc Toberoff
July 13, 2006
Page 2

If you have any questions, please call me as soon as possible.

Yours very truly,

John J. Quinn

JJQ:m

cc:   Michael Bergman (by facsimile and U.S. Mail)
      Roger Zissu (by U.S. Mail)
      Patrick Perkins (by U.S. Mail)
      John A. Schulman (by U.S. Mail)

**Exh. E 84**

# EXHIBIT D

023

# LAW OFFICES OF MARC TOBEROFF

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 2720
LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
ALEXANDER M. MERINO

* ALSO ADMITTED IN NEW YORK

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

July 19, 2006

<u>Via Fax and US Mail</u>

John J. Quinn
Arnold & Porter, LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017

Re: *Joanne Siegel and Laura Siegel Larson v. Time Warner, Inc. et al.*
    USDC Central District of CA, Case No. 04-08776 RSWL (AJWx)
    *Joanne Siegel and Laura Siegel Larson v. Time Warner, Inc. et al.*
    USDC Central District of CA, Case No. 04-08400 RSWL (AJWx)

Dear John:

I am writing with respect to your letter dated July 13, 2006 and your subsequent delivery of documents to my office on July 18, 2006.

As a preliminary matter, your July 13 letter mistakenly states that I agreed in our conversation on July 11, 2006 to follow the protocol outlined in your letter of July 5, 2006. I presumed from the tenor of your July 5 letter that the privileged documents referred to were documents to which *my clients* hold the privilege. I therefore requested in our July 11 teleconference that the documents be promptly disclosed and turned over to us. As a protocol I suggested that (1) an independent shop copy and bate stamp the documents, and provide you with only the total bate stamp number range; (2) all such documents including Warner Bros.' "originals" then be returned to my offices and (3) I review the documents and provide Warner Bros. with a privilege log as appropriate. We concluded with my stating that I would memorialize the above in an e-mail to you, however, I was pulled into another urgent matter, whereupon you sent your July 11 letter.

Upon opening the document package sent to my office yesterday, it was immediately apparent that the documents had been *stolen* from my legal files and are, in large part, clear attorney-client communications. Such illegally obtained documents should *not* have been reviewed in any manner by Wayne Smith, Warner Bros.' Senior Litigation Counsel.

132

024

**LAW OFFICES OF ...ARC TOBEROFF**

John J. Quinn, Esq.
July 19, 2006
Page 2

Your letter of July 5 states that Wayne Smith did not read or review the documents in detail but nonetheless somehow segregated the documents in three separate categories – "Privileged," "Non-Privileged" and "?." This segregation was passed on to me in the form of clipped copies marked with "post-its." It is logically impossible for Wayne Smith to have made this detailed segregation without reviewing the stolen documents in substance, which was improper. Upon realizing, as is plainly evident, that these documents had been stolen from my law offices, Warner Bros. should have immediately re-sealed the documents, notified me of this security breach and returned the documents to my offices, together with all pertinent details regarding its receipt of the documents.

We are understandably conducting an investigation into this shocking and unconscionable theft of confidential legal files from my offices and their disclosure at an important juncture in the above referenced litigations.

In connection with our investigation of this matter, request is hereby made that Warner Bros. furnish us with the following: (1) the date(s) each set of documents was received; (2) copies of all envelopes or packages enclosing the documents; (3) the method by which the documents were sent and, in the unlikely event the documents were delivered by hand, the name of the messenger (and messenger service) logged at Warner Bros.' security gate and (4) any other pertinent information regarding Warner Bros.' receipt of these documents. We would also like to inspect the "original" documents and enclosing envelopes or packages *as received* by Warner Bros.

Lastly, request is hereby made that any and all copies of these stolen documents (e.g., the retained set mentioned in your July 13 letter) be immediately returned to my law offices.

Warner Bros.' anticipated cooperation with respect to this very troubling matter is appreciated.

Very truly yours,

Marc Toberoff

cc: Michael Bergman, Esq.

**133**

025

# LAW OFFICES OF MARC TOBEROFF

A PROFESSIONAL CORPORATION

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
ALEXANDER M. MERINO

* ALSO ADMITTED IN NEW YORK

2049 CENTURY PARK EAST, SUITE 2720

LOS ANGELES, CALIFORNIA 90067

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

## FACSIMILE COVER PAGE

| TO: John J. Quinn, Esq., Michael Bergman, Esq. | FAX: 213-243-4199, 310-550-7191 |
|---|---|
| FROM:  Marc Toberoff | PAGES ( including cover ): 3 |
| DATE : 7/19/06 | RE:  Superman (Case Nos. 04-CV-8400, 04-CV-8776 RSWL (RZx)) |

**COMMENTS:**

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS INTENDED ONLY FOR USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS TRANSMISSION IS NOT THE INTENDED RECIPIENT, ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL TRANSMISSION TO US AT THE ABOVE ADDRESS VIA THE US POSTAL SERVICE. THANK YOU.

026

Job number    : 379              *** SEND SUCCESSFUL ***

# LAW OFFICES OF MARC TOBEROFF

A PROFESSIONAL CORPORATION

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
ALEXANDER M. MERINO
* ALSO ADMITTED IN NEW YORK

2049 CENTURY PARK EAST, SUITE 2720
LOS ANGELES, CALIFORNIA 90067

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

## FACSIMILE COVER PAGE

| TO: John J. Quinn, Esq., Michael Bergman, Esq. | FAX: 213-243-4199, 310-550-7191 |
|---|---|
| FROM: Marc Toberoff | PAGES (Including cover): 3 |
| DATE : 7/19/06 | RE: Superman (Case Nos. 04-CV-8400, 04-CV-8776 RSWL (RZx)) |

COMMENTS:

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS INTENDED ONLY FOR USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS TRANSMISSION IS NOT THE INTENDED RECIPIENT, ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL TRANSMISSION TO US AT THE ABOVE ADDRESS VIA THE US POSTAL SERVICE. THANK YOU.

027

## Group Send Report

```
                                    Page      : 001
                                    Date & Time: Jul-19-06  08:29pm
                                    Line 1    :
                                    Machine ID :


Job number            :   379

Date                  :   Jul-19 08:26pm

Number of pages       :   003

Start time            :   Jul-19 08:26pm

End time              :   Jul-19 08:29pm

Successful nbrs.

    Fax numbers

                          ☎12132434199
                          ☎13105507191



Unsuccessful nbrs.                              Pages sent
```

028

136



MAILED FROM ZIP CODE

# LAW OFFICES OF MARC TOBEROFF, PLC

A PROFESSIONAL CORPORATION

2049 Century Park East, Suite 2720
Los Angeles, CA  90067

John J. Quinn, Esq.
Arnold & Porter, LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017

# EXHIBIT E

WEISSMANN WOLFF ETAL    Fax:3105507    Jul 20 2006 05:15pm P002/002

WWBCGE

VIA FACSIMILE AND U.S. MAIL (213) 243-4199

July 20, 2006

John J. Quinn, Esq.
Arnold & Porter, LLP
777 South Figueroa St., 44th Floor
Los Angeles, CA 90017

**Michael Bergman**
a professional corporation
mbergman@wwllp.com

Re:    *Joanne Siegel and Laura Liegel Larson v. Time
Warner, Inc., et al.*
USDC Central District of CA, Case No. 04-08776 RSWL (AJWx)
*Joanne Siegel and Laura Siegel Larson v. Time Warner, Inc., et al.*
USDC Central District of CA, Case No. 04-08400 RSWL (AJWx)

Dear Mr. Quinn:

I have received a copy of Mr. Toberoff's letter to you dated July 19, 2006.

Without commenting on any other portion of Mr. Toberoff's letter, I do want to address two of its concluding paragraphs. With respect to the four numbered categories of information requested in the third to last paragraph, Warner Bros. will provide Mr. Toberoff with whatever pertinent information is available to it. However, Warner Bros. objects to Mr. Toberoff's request, made in the second to last paragraph of his letter, that you furnish to him the remaining set of documents presently in your possession. Rather, consistent with the procedure suggested in your letter of July 5, Warner Bros. requests that you retain possession of the remaining set of documents pending either joint instructions from Mr. Toberoff and myself, or a Court Order, as to the appropriate disposition of those documents.

Thank you for your continuing cooperation.

Sincerely,

Michael Bergman

MB:jra
cc:    Marc Toberoff, Esq.
John A. Schulman, Esq.

WEISSMANN WOLFF BERGMAN COLEMAN GRODIN & EVALL LLP
9665 WILSHIRE BLVD. NINTH FLOOR, BEVERLY HILLS, CA 90212  T: 310.858.7888  F: 310.550.7191  WWW.WWLLP.COM
LAWYERS

WEISSMANN WOLFF ETAL    Fax:3105501    Jul 20 2006 05:15pm    P001/002

## FACSIMILE TRANSMISSION

**Date:**        July 20, 2006

**From:**        Michael Bergman
**E-mail:**      mbergman@wwllp.com
**Pages:**       2   (including cover)
**Subject:**     Siegel v. Warner Bros.

| Recipient(s): | Fax Number(s): | Phone Number(s): |
| --- | --- | --- |
| John J. Quinn | 213-243-4199 | |
| cc:    Maro Toberoff, Esq. | 310-246-3101 | |
| John Schulman, Esq | 818-954-4768 | |

**Message:**

**WEISSMANN WOLFF BERGMAN COLEMAN GRODIN & EVALL LLP**
9665 WILSHIRE BLVD. NINTH FLOOR, BEVERLY HILLS, CA 90212 T: 310.858.7888 F: 310.550.7191 WWW.WWLLP.COM
LAWYERS

ATTORNEY-CLIENT PRIVILEGE/ATTORNEY WORK PRODUCT

This fax is intended solely for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable law.  If you are not the intended recipient, any dissemination, distribution, disclosure, or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone and return the original fax to us at the above address.  Thank you.

USER ID:  4887                                                CLIENT MATTER: 2231.811

# EXHIBIT F

# LAW OFFICES OF MARC TOBEROFF

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 2720

LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
ALEXANDER M. MERINO

* ALSO ADMITTED IN NEW YORK

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

July 26, 2006

<u>Via Fax and US Mail</u>

John J. Quinn, Esq.
Arnold & Porter, LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017

Re: *Joanne Siegel and Laura Siegel Larson v. Time Warner, Inc. et al.*
    USDC Central District of CA, Case No. 04-08776 RSWL (RZx)
    *Joanne Siegel and Laura Siegel Larson v. Time Warner, Inc. et al.*
    USDC Central District of CA, Case No. 04-08400 RSWL (RZx)

Dear John:

It is seven days since my simple request by letter to you dated July 19, 2005 that Warner Bros. supply us with information and evidence regarding the delivery and handling of the files stolen from my law offices. Given the shocking nature of this theft, Warner Bros. failure to provide this simple information is very troubling.

I therefore repeat the request in my July 19 letter that Warner Bros. please furnish us with: "(1) the date(s) each set of documents was received; (2) copies of all envelopes or packages enclosing the documents; (3) the method by which the documents were sent and, in the unlikely event the documents were delivered by hand, the name of the messenger (and messenger service) logged at Warner Bros.' security gate and (4) any other pertinent information regarding Warner Bros.' receipt of these documents. We would also like to inspect the "original" documents and enclosing envelopes or packages *as received* by Warner Bros."

Very truly yours,

Marc Toberoff

cc: Michael Bergman, Esq.

143

034

# LAW OFFICES OF MARC TOBEROFF

A PROFESSIONAL CORPORATION

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
ALEXANDER M. MERINO

* ALSO ADMITTED IN NEW YORK

2049 CENTURY PARK EAST, SUITE 2720

LOS ANGELES, CALIFORNIA 90067

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

## FACSIMILE COVER PAGE

| **TO:** John J. Quinn, Esq., Michael Bergman, Esq. | **FAX:** 213-243-4199, 310-550-7191 |
| --- | --- |
| **FROM:** Marc Toberoff | **PAGES ( including cover ):** 2 |
| **DATE :** 7/26/06 | **RE:** Superman (Case Nos. 04-CV-8400, 04-CV-8776 RSWL (RZx)) |

**COMMENTS:**

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS INTENDED ONLY FOR USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS TRANSMISSION IS NOT THE INTENDED RECIPIENT, ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL TRANSMISSION TO US AT THE ABOVE ADDRESS VIA THE US POSTAL SERVICE. THANK YOU.

035

Job number    : 428          *** SEND SUCCESSFUL ***

# LAW OFFICES OF MARC TOBEROFF

A PROFESSIONAL CORPORATION

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
ALEXANDER M. MERINO
* ALSO ADMITTED IN NEW YORK

2049 CENTURY PARK EAST, SUITE 2720
LOS ANGELES, CALIFORNIA 90067

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

## FACSIMILE COVER PAGE

| TO: John J. Quinn, Esq., Michael Bergman, Esq. | FAX: 213-243-4199, 310-550-7191 |
|---|---|
| FROM: Marc Toberoff | PAGES ( including cover ): 2 |
| DATE : 7/26/06 | RE: Superman (Case Nos. 04-CV-8400, 04-CV-8776 RSWL (RZx)) |

COMMENTS:

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS INTENDED ONLY FOR USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS TRANSMISSION IS NOT THE INTENDED RECIPIENT, ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL TRANSMISSION TO US AT THE ABOVE ADDRESS VIA THE US POSTAL SERVICE. THANK YOU.

145          036

## Group Send Report

Page      : 001
Date & Time: Jul-26-06  09:02am
Line 1     :
Machine ID :

| | | |
|---|---|---|
| Job number | : | 428 |
| Date | : | Jul-26 09:00am |
| Number of pages | : | 002 |
| Start time | : | Jul-26 09:00am |
| End time | : | Jul-26 09:02am |

Successful nbrs.

Fax numbers

☎12132434199
☎13105507191

Unsuccessful nbrs.                                                              Pages sent

146        037

# EXHIBIT G

**WWBCGE**

**VIA FACSIMILE (310) 246-3101
AND FIRST CLASS MAIL**

July 27, 2006

Marc Toberoff, Esq.
Law Offices of Marc Toberoff
2049 Century Park East, Suite 2720
Los Angeles, CA 90067

**Michael Bergman**
a professional corporation
mbergman@wwllp.com

Our File No. 2231.811

Re:   *Joanne Siegel, etc., Laura Siegel Larson, etc. v. Time Warner Inc., et al.*
      USDC Central District of CA Case No. 04-08776 RSWL (AJWx);
      *Joanne Siegel, etc., Laura Siegel Larson, etc. v. Warner Bros. Entertainment*
      USDC Central District of CA Case No. CV 04-8400 DDP (RZx)

Dear Marc:

I have obtained the following information from Warner Bros. in response to the inquiries raised in your correspondence to Jack Quinn:

On or about June 28, 2006 three envelopes were received at the Warner Bros. offices in Burbank; one envelope being addressed to each of Alan Horn, Patti Connolly, and John Schulman. There is no record of any of the envelopes being signed for from either a courier or special mail delivery service. The envelopes received at the offices of Mr. Horn and Ms. Connolly were forwarded by their respective administrative personnel to Mr. Schulman's office. Each envelope contained a number of documents; however, Warner has no knowledge as to whether the documents contained in each of the envelopes were identical since no one at Warner compared them.

Mr. Schulman gave one set of the documents to Wayne Smith, who made a cursory review of them, segregating the documents into the categories identified in Mr. Quinn's July 5 letter to all counsel. After consulting with Mr. Quinn as to the appropriate handling of these documents, Warner turned all of the documents over to him. None of the three envelopes was copied or retained and all of the documents received were turned over to Mr. Quinn. Warner has no copies of any of the documents.

039

147

Marc Toberoff, Esq.
July 27, 2006
Page 2


Finally, Warner has no information whatever as to the identity of the person who mailed these three envelopes to it.

Very truly yours,

Michael Bergman

cc:    Roger Zissu, Esq.
       Patrick Perkins, Esq.

WEISSMANN WOLFF BERGMAN COLEMAN GRODIN & EVALL LLP

322802v1

**148**

040

# EXHIBIT H

041



DOCKETED ON CM

AUG 1 8 2006

BY _____ 049

FILED
CLERK, U.S. DISTRICT COURT

AUG 1 8 2006

CENTRAL DISTRICT OF CALIFORN
BY _____ DEPU

Priority  X
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOANNE SIEGEL and LAURA SIEGEL LARSON,

Plaintiff,

vs.

WARNER BROS. ENTERTAINMENT INC., et al.,

Defendants.

CASE NO. CV 04-8400-RSWL (RZx)

ORDER ON DEFENDANTS'
MOTION TO COMPEL
PRODUCTION OF DOCUMENTS

This matter came before the Court on August 14, 2006 on Defendants' Motion to Compel. Defendants appeared through their attorneys, Michael Bergman and Anjani Mandavia. Plaintiffs appeared through their attorneys Marc Toberoff and Nicholas C. Williamson. The Court heard argument of counsel and took the matter under submission.

Defendants seek to compel Plaintiffs to produce documents falling within five categories, identified as Requests 52-59. In general, these categories concern writings involving certain settlement negotiations between the parties in 2001 and 2002. Plaintiffs apparently have produced documents responsive to these requests, but the documents currently sought all involve attorney-client communications, and the Defendants assert that those documents should be produced because Plaintiffs have waived the privilege.

042

Defendants assert that Plaintiffs have waived the privilege by putting in issue the authority of their prior counsel to negotiate a settlement. The privilege may be impliedly waived where a party to a lawsuit places into issue a matter that is normally privileged, if the gravamen of the lawsuit is so inconsistent with the continued assertion of the privilege as to compel the conclusion that the privilege has in fact been waived. *Wilson v. Superior Court,* 63 Cal. App.3d 825, 134 Cal. Rptr. 130 (1976). Defendants assert the alleged settlement in a counterclaim, responding to Plaintiffs' claim to recapture their copyright. At oral argument, both sides confirmed that Plaintiffs had not *pleaded* any lack of authority when they filed the reply to the counterclaim called for by FED. R. CIV. P. 7(a). Thus, as a matter of pleading, Plaintiffs have not themselves taken steps to bring into issue a matter that is so inconsistent with maintenance of the attorney-client privilege that it requires disclosure of attorney-client communications.

Instead, Defendants argue that Plaintiffs have done so by their response and supplemental response to a request to admit. Defendants requested that Plaintiffs admit that their prior counsel was authorized to send a letter of October 19, 2001, the letter which, at oral argument, Defendants stated constituted the contract of settlement. In response to the request to admit, Plaintiffs asserted various objections, including (by apparent incorporation of introductory objections) the objection of attorney-client privilege, and then denied the request subject to those objections. In a supplemental response, Plaintiffs qualified their denial further.

From these responses, Defendants assert that Plaintiffs have denied that their prior counsel had authority to negotiate a settlement, and therefore have placed the matter in issue and necessarily have waived the privilege with respect to that issue. This argument makes the request to admit do too much work. To begin with, the response was not an unqualified denial; it was a denial accompanied by objections. Whatever the meaning of "subject to" in this context, and whatever the validity of incorporating general objections into specific responses — neither matter of which Defendants address — it is hard to read the response as a denial without limitation. And assuming that the objections

2

043

*are* properly stated, Defendants never moved to determine the sufficiency of the objections. *See* FED. R. CIV. P. 36(a).

More importantly, however, Defendants misconstrue the office of a request to admit. A request to admit is not a discovery device in the customary sense of "discovery." 8A WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE §2253 at 524 (1994) Rather, it is a method of short-circuiting proof for trial. Those matters which are admitted do not have to be proved otherwise. Those which are denied require proof. FED. R. CIV. P. 36(b). And if a party denies a matter he should have admitted, the remedy is to require him, upon appropriate motion, to reimburse the party who propounded the request for the expenses incurred in proving up the matter at trial. FED. R. CIV. P. 37(c); *see, e.g., Marchand v. Mercy Medical Center*, 22 F.3d 933 (9th Cir. 1994). In short, responding to a request to admit by denying the request is not the same as affirmatively placing the matter in issue, and certainly not the same as the situation where the gravamen of the action necessarily is inconsistent with maintaining the privilege.

Defendants also assert that Plaintiffs waived the privilege explicitly, by sending a copy of a letter, dated September 21, 2002, to a Vice President of DC Comics. That letter, signed by both Plaintiffs, and addressed to their then counsel, states:

> As we previously discussed with you and hereby affirm, we rejected DC Comics' offer for the Siegel Family interest in Superman and other characters sent to us by you on February 4, 2002. We similarly reject your redraft of the February 4, 2002 document which you sent to us on July 15, 2002. Therefore due to irreconcilable differences, after four years of painful and unsatisfying negotiations, this letter serves as formal notification that we are totally stopping and ending all negotiations with DC Comics, Inc., its parent company AOL

3

044

Time Warner and all of its representatives and associates, effective immediately.

This letter is also notification that, effective immediately, we are terminating Gang, Tyre, Ramer & Brown, Inc., and all of your firm's partners, associates and employees as representatives of the Siegel Family interest regarding Superman, Superboy, the Spectre and all related characters and entities. We instruct you to take no further actions on our behalf.

Please return all materials regarding the above including but not limited to files, correspondence, notes and documents to us forthwith. These should be sent to Joanne Siegel at the above address.

It is a shame that four years were wasted due to DC Comics and AOL Time Warner's greed. We have no intention of publically disparaging DC or any individual in the parent company. However, should DC or its parent company, officers, attorneys, representatives or spokespersons disparage us or our rights, we will vigorously respond in kind.

Weinberger Declaration, Ex. B. Disclosure of materials previously held in confidence can waive the attorney-client privilege. Here there is no doubt that the privilege, if any exists, has been waived as to this letter. The Court does not agree that it has been waived any more broadly than that.

The first paragraph of this letter appears to refer to irreconcilable differences between Plaintiffs and Defendants, not irreconcilable differences between Plaintiffs and their counsel. The entire subject of the paragraph is the settlement negotiations, and how DC Comics' proposal is not acceptable and the underlying negotiations have not been

4

045

fruitful. While it is possible to read the reference to "irreconcilable differences" as a reference instead to differences with Plaintiffs' counsel, that reading is not the one supported by the context in which the statement is made.

More importantly, the letter does not open the door to an exploration of the reasons that Plaintiffs discharged their counsel, or just what the irreconcilable differences may have been, or what conversations they had with their counsel about settlement. These topics are all mentioned in the briefest of terms, as slight incidents to the overall message of the letter, which is Plaintiffs' disagreement with Defendants and Plaintiffs' decision to end negotiations. Plaintiffs have not revealed a significant portion of the communications, and that is what is required to create a waiver based on sending the communication to someone other than counsel. *See Mitchell v. Superior Court*, 37 Cal.3d 591, 602, 208 Cal. Rptr. 886, 691 P.2d 642 (1984); *Travelers Ins. Companies v. Superior Court*, 143 Cal. App. 3d 436, 444, 191 Cal. Rptr. 871 (1983); *People v. Hayes*, 21 Cal.4th 1211, 1266 (2000). Accordingly, the Court finds that Plaintiffs have not waived the privilege, other than with respect to the letter itself.

Finally, Defendants assert that the privilege log prepared by Plaintiffs is insufficient. At oral argument, Plaintiffs agreed to review the log, and verify that they had listed all recipients for any memoranda or letters referenced in the log. They also agreed to provide, not later than September 30, 2006, a supplement to the log, covering other periods of time. The only remaining issue is whether the descriptions in the log are sufficient. The Court notes that the log appears to follow the form suggested in a commonly-used treatise, W. SCHWARZER, W. TASHIMA AND J. WAGSTAFFE, FEDERAL CIVIL PROCEDURE BEFORE TRIAL, Form 11:A (Rutter 2006). Moreover, the log appears to have the same information which the Court found sufficient in *Dole v. Milonas*, 889 F.2d 885 (9th Cir. 1989); *see in re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992 ). Accordingly, this Court too finds that by providing this log, the Plaintiffs have sufficiently asserted the attorney-client privilege and the work product doctrine.

///

046

In accordance with the foregoing, with the exception of the September 21, 2002 letter, Defendants' Motion to Compel is denied.

IT IS SO ORDERED.

DATED: August 18, 2006

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

6

047

# EXHIBIT I

048

SEP-29-06   08:24PM   FROM-                                          T-920   P.002   F-792

# LAW OFFICES OF MARC TOBEROFF

A PROFESSIONAL CORPORATION

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
ALEXANDER M. MERINO

* ALSO ADMITTED IN NEW YORK

2049 CENTURY PARK EAST, SUITE 2720
LOS ANGELES, CALIFORNIA 90067

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

September 29, 2006

<u>Via Fax and US Mail</u>

James D. Weinberger, Esq.
Frosa Zelnick Lehrman & Zissu, P.C.
866 United Nations Plaza
New York, New York 10017

Re:   *Joanne Siegel & Laura Siegel Larson v. Time Warner, Inc. et al.*
USDC Central District of CA, Case No. 04-08776 RSWL (AJWx)
*Joanne Siegel & Laura Siegel Larson v. Time Warner, Inc. et al.*
USDC Central District of CA, Case No. 04-08400 RSWL (AJWx)

Dear James:

Enclosed please find the revised privilege log pertaining to the files Gang, Tyre, Ramer & Brown Inc. transferred to our office and the privilege log pertaining to the additional files of Laura Siegel Larson and Joanne Siegel.

Very truly yours,

Marc Toberoff

cc:   Michael Bergman, Esq.
Patrick T. Perkins, Esq.

# EXHIBIT J

050

# LAW OFFICES OF MARC TOBEROFF

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 2720

LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON

* ALSO ADMITTED IN NEW YORK

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

October 23, 2006

Via Facsimile and US Mail

James Weinberger, Esq.
Fross Zelnick Lehrman & Zissu, P.C.
866 United Nations Plaza
New York, New York 10017

Re:  Superman/Superboy Litigations, Case Nos. 04-CV-8400, 04-CV-8776 RSWL (RZx)

Dear James:

Enclosed please find the privilege log for Don Bulson's files.

Very truly yours,

Marc Toberoff

cc: Michael Bergman, Esq. (via facsimile)
    Patrick Perkins, Esq. (via facsimile)

051

# PRIVILEGE LOG

| Log # | Date of Document | Identity of Recipient(s) | Identity of Author(s) | Document Description | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 1 | 7/18/1997 | Michael Siegel | Atty Himanshu Amin | Letter | Atty/Client | Plaintiffs' Counsel |
| 2 | 8/7/1997 | Atty Himanshu Amin | Atty Arthur Levine | Letter | Atty/Client-Joint Interest | Plaintiffs' Counsel |
| 3 | 8/15/1997 | | Atty Don Bulson | Notes | Atty Work Product | Plaintiffs' Counsel |
| 4 | 10/14/1997 | Atty Dennis Larson | Atty Himanshu Amin | Letter | Atty/Client-Joint Interest | Plaintiffs' Counsel |
| 5 | 11/5/1997 | Atty Himanshu Amin | Atty Dennis Larson | Letter | Atty/Client-Joint Interest | Plaintiffs' Counsel |
| 6 | 11/12/1997 | Michael Siegel | Atty Himanshu Amin | Letter | Atty/Client | Plaintiffs' Counsel |
| 7 | 1/15/1998 | Atty Arthur Levine | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Plaintiffs' Counsel |
| 8 | 2/2/1998 | Atty Don Bulson | Atty Arthur Levine | Letter | Atty/Client-Joint Interest | Plaintiffs' Counsel |
| 9 | 3/18/1998 | Atty Arthur Levine | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Plaintiffs' Counsel |
| 10 | 6/17/1998 | Atty Arthur Levine | Atty Don Bulson | Letter | Atty/Client-Joint Interest | Plaintiffs' Counsel |
| 11 | 6/26/1998 | Atty Don Bulson | Atty Arthur Levine | Letter | Atty/Client-Joint Interest | Plaintiffs' Counsel |
| 12 | 6/26/1998 | Atty Don Bulson | Atty Arthur Levine | Letter | Atty/Client-Joint Interest | Plaintiffs' Counsel |

Oct-23-06 09:46pm From- T-077 P.003 F-893

Case 2:04-cv-08400-ODW-RZ Document 477-2 Filed 03/02/09 Page 48 of 102 Page ID #:10010

| 418 | 00/00/00 | Atty Don Bulson | Notes | Atty Work Product | Plaintiffs' Counsel |
| 419 | 00/00/00 | Atty Don Bulson | Notes | Atty Work Product | Plaintiffs' Counsel |
| 420 | 00/00/00 | Atty Don Bulson | Notes | Atty Work Product | Plaintiffs' Counsel |
| 421 | 00/00/00 | Atty Don Bulson | Notes | Atty Work Product | Plaintiffs' Counsel |
| 422 | 00/00/00 | Atty Don Bulson | Notes | Atty Work Product | Plaintiffs' Counsel |

# EXHIBIT K

# LAW OFFICES OF MARC TOBEROFF

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 2720

LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON
ALEXANDER M. MERINO

* ALSO ADMITTED IN NEW YORK

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

March 27, 2007

<u>Via Facsimile and US Mail</u>

Adam Hagen, Esq.
Weissmann Wolff Bergman Coleman Grodin & Evall LLP
9665 Wilshire Blvd., Ninth Floor
Beverly Hills, CA 90212

<u>Re:  Superman/Superboy Litigations, Case Nos. 04-CV-8400, 04-CV-8776 SGL (RZx)</u>

Dear Adam:

Enclosed please find the following documents:

1.  Supplemental document production from IPW, LLC  (bates nos.17-20)
2.  Supplemental document production from Plaintiffs (bates nos. 000002048-000002050)
3.  Supplemental privilege log from Jean Peavey and Warren Peary (the "Shusters")
4.  Supplemental document production from the Shusters (bates nos.138-143).

Very truly yours,

Nicholas C. Williamson

cc: Patrick Perkins, Esq. (via facsimile)
    James Weinberger, Esq. (via facsimile)

055

## LAW OFFICES OF MARC TOBEROFF, PLC

A PROFESSIONAL CORPORATION

2049 Century Park East, Suite 2720
Los Angeles, CA  90067

Adam Hagen, Esq.
Weissman, Wolf, Bergman,
Coleman, Grodin & Evall LLP
9665 Wilshire Blvd., Ninth Floor
Beverly Hills, CA 90212

# EXHIBIT L

# ARNOLD & PORTER LLP

David S. Eisen
David_Eisen@aporter.com

213.243.4182
213.243.4199 Fax

44th Floor
777 South Figueroa Street
Los Angeles, CA 90017-5844

May 18, 2007

*Via Facsimile*

Michael Bergman, Esq.
Weissmann Wolff Bergman Coleman
  Grodin & Evall, LLP
9665 Wilshire Boulevard, Ninth Floor
Beverly Hills, CA  90212

Marc Toberoff, Esq.
Law Offices of Marc Toberoff
2049 Century Park East, Suite 2720
Los Angeles, CA  90067

        Re:    Siegel & Larson v. Time Warner, Inc.

Gentlemen:

        Jack Quinn forwarded to me Michael Bergman's letter to him of May 16, 2007.
Prior to Jack's departure for JAMS, he filled me in on the background of this matter and
asked me to assume custody of and responsibility for what Mr. Bergman refers to as the
Escrow Documents.

        I am prepared to fulfill the terms of Magistrate Zarefsky's order. In order to
assure that I understand the order fully, I would appreciate one of you forwarding to me
the briefs on the relevant motion and the transcript of the hearing, if one was prepared.
Magistrate Zarefsky's order is brief and, while Mr. Bergman's letter is clear, I would
feel more comfortable complying with the order if I see what was before the Magistrate.
In the alternative, if Mr. Toberoff prefers to just advise me that Mr. Bergman's
recitation of what is to occur is accurate, that will suffice.

        I do have one request for clarification. Mr. Bergman states that we are to
produce to Defendants "every Escrow Document that either was not previously
produced by Plaintiffs or was not previously identified on Plaintiffs' privilege logs."
The "either" and "or" are confusing in this context. I assume we are to produce to
Defendants all documents that were not previously produced to Defendants **and** were
not on Plaintiffs' privilege logs.

365

Washington, DC    New York    London    Brussels    Los Angeles    Century City    Northern Virginia    Denver          45

Case 2:04-cv-08400-ODW-RZ     Document 477-2     Filed 03/02/09     Page 55 of 102     Page ID #:10017

# ARNOLD & PORTER LLP

Michael Bergman, Esq.
Marc Toberoff, Esq.
May 18, 2007
Page 2


     If Mr. Toberoff directs the declaration to me on Monday, I will process the documents promptly.

Sincerely,

DAVID S. EISEN

# EXHIBIT M

Marc Toberoff (CA State Bar No. 188547)
Nicholas C. Williamson (CA State Bar No. 231124)
LAW OFFICES OF MARC TOBEROFF, PLC
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

Attorneys for Plaintiffs and Counterclaim Defendants
JOANNE SIEGEL and LAURA SIEGEL LARSON

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> TIME WARNER INC., a corporation; WARNER COMMUNICATIONS INC., a corporation; WARNER BROS. ENTERTAINMENT INC., a corporation; WARNER BROS. TELEVISION PRODUCTION INC., a corporation; DC COMICS, a general partnership; and DOES 1-10, <br><br> Defendants. | Case Nos.: <br> CV 04-08400 SGL (RZx) <br> CV 04-08776 SGL (RZx) <br><br> [Hon. Stephen G. Larson, U.S.D.J.] <br> [Hon. Ralph Zaresky, U.S.M.J.] <br><br> **DECLARATION OF MARC TOBEROFF IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PRODUCTION OF WHISTLE BLOWER DOCUMENTS** <br><br> **DISCOVERY MATTER LOCAL RULE 37** <br><br> Date:  April 16, 2007 <br> Time:  10:00 a.m. <br> Place:  Courtroom 540 <br> Mag. Judge Ralph Zarefsky <br> Discovery Cutoff: Nov. 17, 2006 |
| DC COMICS, <br><br> Counterclaimant, <br> vs. <br><br> JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON, an individual, <br><br> Counterclaim Defendants. | |

Declaration Of Marc Toberoff In Opposition To Defendants' Motion To Compel

I, Marc Toberoff, declare as follows:

1. I am an attorney at the Law Offices of Marc Toberoff, PLC, counsel of record for plaintiffs Joanne Siegel and Laura Siegel Larson ("Plaintiffs"). I am a member in good standing of the State Bar of California and submit this declaration in opposition to defendants' ("Defendants") motion to compel production of purported "whistle-blower" documents. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. On February 15, 2006, Plaintiffs moved for partial summary adjudication that their statutory "Superboy" termination is valid and that Plaintiffs thereby recaptured Siegel's "Superboy" copyright. Defendants cross-moved for summary judgment claiming the "Superboy" termination was invalid based in large part on the same purported claims and defenses asserted with respect to "Superman." On March 23, 2006, the Court granted Plaintiffs' motion in its entirety and denied Defendants' motion in its entirety. On March 24, 2006, Plaintiffs moved to have their order certified for appeal, which motion was denied by the Court.

3. Attached hereto as Exhibit "A" is a true and correct copy of this Court's order dated August 18, 2006 denying Defendants' motion to compel which alleged that Plaintiffs purportedly had waived the attorney-client privilege.

4. Attached hereto as Exhibit "B" is a true and correct copy of this Court's order dated September 25, 2006 denying Defendants' motion for reconsideration of the aforesaid August 18, 2006 order.

5. Attached hereto as Exhibit "C" is a true and correct copy of this Court's order dated November 7, 2006 denying Defendants' motion for compel the re-deposition of each of the Plaintiffs.

6. Attached hereto as Exhibit "D" is a true and correct copy of Michael Bergman's July 6, 2006 letter to the Court.

1

Declaration Of Marc Toberoff In Opposition To Defendants' Motion To Compel

7.    Attached hereto as Exhibit "E" is a true and correct copy of this Court's July 6, 2006 minute order.

8.    On July 11, 2006 I spoke telephonically with John J. Quinn ("Quinn") of the law firm Arnold & Porter, LLP regarding his July 5, 2006 letter to me (*see* Declaration of Michael Bergman ("Bergman Decl."), Ex. D.). At no time did Quinn present himself as a "neutral" and at all times he appeared to me to be acting on behalf of Warner Bros. I inquired as to the nature of the documents vaguely referred to in Quinn's July 5, 2006 letter and was informed for the first time that the documents apparently came from my own legal files. I demanded that the documents be returned immediately. I further rejected the "protocol" outlined in Quinn's July 5 letter. I suggested instead that an independent print shop copy and bate stamp all the documents; that Arnold and Porter be provided with this bates stamp number range, but not retain the stolen documents and that *all* of the documents, including defendant Warner Bros' "originals,' be returned to me immediately.

9.    By letter dated July 13, 2006 (see Bergman Decl., Ex. E) Quinn announced, that he would have the documents bates stamped by his office, send a copy of the bates stamped documents to me, and retain a bates stamped set and the originals, contrary to my wishes.

10.    On July 18, 2006, Quinn delivered three sets of copies of the stolen documents to my offices. These sets had been bates stamped. The "originals" have never been returned to my offices or to Plaintiffs.

11.    Attached hereto as Exhibit "F" is a true and correct copy of my July 19, 2006 letter to Quinn.

12.    Attached hereto as Exhibit "G" is a true and correct copy of a letter dated July 20, 2006 from Defendants' other counsel, Michael Bergman ("Bergman"), to Quinn.

13.    Attached hereto as Exhibit "H" is a true and correct copy of a letter dated July 24, 2006 from Quinn to me.

2

Declaration Of Marc Toberoff In Opposition To Defendants' Motion To Compel

14.    Attached hereto as Exhibit "I" is a true and correct copy of a letter dated July 26, 2007 from me to Quinn.

15.    Attached hereto as Exhibit "J" is a true and correct copy of a letter dated July 27, 2006 from Bergman to me.

16.    Plaintiffs produced documents in this case on September 29, 2005 and supplemented this production on October 6, 2006, November 6, 2006 and November 17, 2006. Attached hereto as composite Exhibit "K" are true and correct copies of the September 29, October 6, November 6 and November 17, 2006 cover letters accompanying Plaintiffs' document production.

17.    Attached hereto as Exhibit "L" is a true and correct copy of Plaintiffs' July 20, 2006 privilege log.

18.    Attached hereto as composite Exhibit "M" are true and correct copies of Plaintiffs' supplemental privilege logs served on September 29, 2006.

19.    Documents were produced by third parties Jean Peavy and Warren Peary (the "Shusters") on July 18, August 11 and August 14, 2006 in response to Defendants' subpoena. The Shusters served a privilege log on August 11, 2006. Shusters served a supplemented privilege log on October 16, 2006. Attached hereto as Exhibit "N" is a true and correct copy of the Shuster's October 16, 2006 privilege log.

20.    On behalf of Don Bulson, the former attorney of Laura Siegel Larson's stepbrother, Michael Siegel, I served a privilege log on October 23, 2006 in response to Defendants' subpoena. Attached hereto as Exhibit "O" is a true and correct copy of October 23, 2006 privilege log.

21.    Third party IPW, LLC produced documents on November 15, 2006 in response to Defendants' subpoena. Third party Pacific Pictures Corporation produced documents on November 15, 2006 in response to Defendants' subpoena. Attached hereto as Exhibit "P" is a November 15, 2006 letter from my office to Defendants' counsel concerning their respective document production.

3

Declaration Of Marc Toberoff In Opposition To Defendants' Motion To Compel

22.    I have reviewed the stolen documents and compared them to my firm's legal files. I found that all but two non-privileged documents in Plaintiffs' legal files had long ago been produced or listed by Plaintiffs in a privilege log. The documents, consisting of two letters from Plaintiff Joanne Siegel to DC Comics' executive Paul Levitz although already in Defendants' possession, have recently been produced. I also cross-referenced two privileged e-mail communications between Plaintiffs and me dated after the commencement of this action which were not listed in Plaintiffs' privilege logs because the parties to this action have agreed not to list post-complaint attorney-client communications on their respective privilege logs.

23.    Additionally, I searched the files of other persons or entities which my firm represents that have been subpoenaed in this case, in search of any stolen documents that had not either been produced or listed in a privilege log, even though this motion to compel is only directed at Plaintiffs. As a result of this search I found in the files of IPW, LLC, one IP Worldwide fax cover sheet having little relevance to this action, which I nonetheless also recently produced to Defendants.

24.    I also re-searched the files of Jean Peavy, Warren Peary, and the Estate of Joe Schuster (the "Shusters"), cross-referencing the stolen documents, and found three irrelevant, but non-privileged documents, regarding the probating of Joe Shuster's Estate, that I believe had not been previously produced. I therefore also recently produced these documents. In this search I also found one privileged document from the Shuster files, again concerning probate, and on the Shusters' behalf I listed this document on a supplemental privilege log which I recently provided to Defendants.

25.    As a result of my law firm's ongoing investigation, I believe that the documents to which this motion applies were stolen from my law firm's files by a disgruntled former *attorney* employed by the firm who thereafter furnished the documents to Warner Bros. under circumstances of which I am not yet aware. The

4

Declaration Of Marc Toberoff In Opposition To Defendants' Motion To Compel

attorney is not named by me herein so as not to jeopardize my firm's ongoing investigation or that of the authorities.

26.    This attorney/employee was terminated by my firm in November, 2005. Our investigation has revealed that in late November and early December, 2005, after the attorney was terminated, he contacted Plaintiffs and another client of my firm and tried to convince them to terminate the firm, and to retain him instead, by falsely disparaging me and by offering to work for a reduced fee. I am advised by Plaintiffs and my other client that they both rejected this attorney's overtures in early December, 2005.

27.    On July 18, 2006, when Arnold & Porter furnished me with bates stamped copies of the stolen documents they also furnished me with a copy of an allegedly undated and anonymous cover letter to Warner Bros. purporting to enclose the stolen documents ("Cover Letter"). The Cover Letter was not attached by Defendants and is not attached by Plaintiffs because it is defamatory, in other respects potentially violates the attorney-client privilege and work product doctrine, and should not be further published through the public record of this action. The Cover Letter ends by stating to Warner Bros.: "consider this an early Christmas present."

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on March 23, 2007 in Los Angeles, California.

_____
Marc Toberoff

5

Declaration Of Marc Toberoff In Opposition To Defendants' Motion To Compel

066

# EXHIBIT N

067

# LAW OFFICES OF MARC TOBEROFF

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 2720
LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON

* ALSO ADMITTED IN NEW YORK

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

May 21, 2007

<u>Via Facsimile (213) 243-4182 and US Mail</u>

David S. Eisen, Esq.
Arnold & Porter LLP
777 South Figueroa Street- 44th Floor
Los Angeles, CA 90017

Re:  <u>Superman/Superboy Litigations, Case Nos. 04-CV-8400, 04-CV-8776 SGL (RZx)</u>

Dear David:

Pursuant to your May 18, 2007 letter it is my understanding that you have taken over the responsibility and custody from Jack Quinn of the documents stolen from my legal files, including many privileged attorney-client communications, retained by your firm, at the request of Warner Bros. (the "Documents").

I am also in receipt of Michael Bergman's letter to Jack Quinn dated May 18, 2007 to which your May 18, 2007 letter responds.  I do not believe that Mr. Bergman correctly reflects Magistrate Zarefsky's order ("Order") in the context of defendants' motion to compel the production of the non-privileged Documents or the hearing on April 30, 2007.

I do not believe, as stated in Mr. Bergman's cleverly worded letter, that Magistrate Zarefsky ruled or intended that plaintiffs' "<u>waived</u> any privilege they might have had with respect to any otherwise privileged Escrow Documents that has not been previously been identified on **Plaintiffs' privilege logs**" or that "you turn over to Defendants every Escrow Document that either was not previously produced by Plaintiffs or not identified on **Plaintiffs' privilege logs**" as stated in Mr. Bergman's letter.

Firstly, it is clear from the motion papers and the hearing that Documents listed on the privilege logs of non-party witnesses (*e.g.*, Jean Peavy and Warren Peary (the "Shusters"), Don Bulson, Esq. (attorney for Michael Siegel), Kevin Marks, Esq., etc.) and identified by me as such in a declaration would remain privileged and not be released. There would be no justification to release such documents.

Secondly, as Mr. Bergman well knows, the parties have a standing agreement that communications between the parties and their counsel after the commencement of these

068

367

EXHI

**LAW OFFICES OF   .RC TOBEROFF**

David S. Eisen, Esq.
May 21, 2007
Page 2

actions ("Privileged Litigation Communications") need not be listed on a privilege log, and accordingly no plaintiff or defendant has listed such Privileged Litigation Communications on a privilege log. As Plaintiffs were under no obligation to list such communications in a privilege log, it was surely not Magistrate Zarefsky's intention that such clearly privileged documents be released by your firm to defendants, merely as a consequence of the theft from my legal files.

Magistrate Zarefsky's comment regarding waiver of privilege for failure to list a Document on a privilege would clearly not meant to apply to the couple of Privileged Litigation Communications that Plaintiffs were never obligated to list on a privilege log in the first place pursuant to the parties' mutual agreement. Moreover, the defendants never made such an unreasonable request in their motion.

Mr. Bergman's overreaching construction of Magistrate Zarefsky's Order in an attempt to get his hands on plainly privileged attorney-client communications is not well taken.

Enclosed please find my declaration dated May 21, 2007 ("Declaration") accounting for each of the Bates stamped Documents, pursuant Magistrate Zarefsky's Order.

Mr. Bergman's letter stated that he would provide you with a copy of the transcript of the April 30, 2007 hearing. I hereby request that no Document be released by you until you have had an opportunity to review the transcript in the context of the motion papers and the relief which you requested from Mr. Bergman in your May 18, 2007 letter.

Any Documents not identified in my Declaration as listed in a privilege log or as previously produced to Defendants are to be produced to Defendants, with the exception of the clearly Privileged Litigation Communications identified in my declaration.

Under no circumstances should you release to defendants (i) the Privileged Litigation Communications which consist of just two e-mails, four non-substantive fax confirmation page and duplicates thereof (Bates nos. Q 0010, 0278, 0285-289, 0361 (duplicate), 0550 (duplicate), 0557-561 (duplicate), 0618 (duplicate), 0827 (duplicate), 0836-838 (duplicate)) and/or (ii) Documents identified in my declaration as listed in plaintiffs' and/or third party privilege logs.

To the extent you release any of the Documents to the defendants, we request that they be specified by Bates numbers in a cover letter and that plaintiffs be sent a copy of such documents and cover letter. Pursuant to Magistrate Zarefsky's Order please return all originals and copies of the Documents to me after your review of my declaration and completion of this process.

**LAW OFFICES OF    .RC TOBEROFF**

David S. Eisen, Esq.
May 21, 2007
Page 3


Thank-you for your professional attention to this matter.  If you have any questions, please do not hesitate to call.

Very truly yours,

Marc Toberoff

cc:  Micheal Bergman (via facsimile and U.S. Mail)
     Patrick Perkins, Esq. (via facsimile)
     James Weinberger, Esq. (via facsimile)

070

Marc Toberoff (CA State Bar No. 188547)
Nicholas C. Williamson (CA State Bar No. 231124)
LAW OFFICES OF MARC TOBEROFF, PLC
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

Attorneys for Plaintiffs and Counterclaim Defendants
JOANNE SIEGEL and LAURA SIEGEL LARSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON, an individual,<br><br>            Plaintiffs,<br><br>      vs.<br><br>TIME WARNER INC., a corporation; WARNER COMMUNICATIONS INC., a corporation; WARNER BROS. ENTERTAINMENT INC., a corporation; WARNER BROS. TELEVISION PRODUCTION INC., a corporation; DC COMICS, a general partnership; and DOES 1-10,<br><br>            Defendants.<br><br>DC COMICS,<br><br>            Counterclaimant,<br><br>      vs.<br><br>JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON, an individual,<br><br>            Counterclaim Defendants. | Case Nos.:<br>CV 04-08400 SGL (RZx)<br>CV 04-08776 SGL (RZx)<br><br>[Hon. Stephen G. Larson, U.S.D.J.]<br>[Hon. Ralph Zaresky, U.S.M.J.]<br><br>**DECLARATION OF MARC TOBEROFF PURSUANT TO MAGISTRATE ZAREFSKY'S APRIL 30, 2007 ORDER** |

I, Marc Toberoff, declare as follows:

1.    I am an attorney at the Law Offices of Marc Toberoff, PLC, counsel of record for plaintiffs Joanne Siegel and Laura Siegel Larson ("Plaintiffs"). I am a member in good standing of the State Bar of California and submit this declaration pursuant to Magistrate Zarefsky's order at the April 30, 2007 hearing ("Order") on defendants' motion to compel the production of documents stolen from my law offices ("Documents"). I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.    Pursuant to the Order, I have accounted for each of the Documents as bate stamped by John Quinn, Esq. (designated by "Q") and identified by bates numbers the Documents produced to defendants by Plaintiffs or third party witnesses, as applicable, or listed in a privilege log furnished to defendants by Plaintiffs and/or such third parties:

Q 0001- 7          Un-dated defamatory cover letter

Q 0008-9           Plaintiffs' Kevin Marks ("Marks") Privilege Log # 325

Q 0010             Privileged communication between Law Offices of Marc Toberoff and Plaintiff Laura Siegel Larson dated October 10, 2005, after the start of this litigation. This document is *not* required to be listed in a privilege log pursuant to the parties' standing agreement.

Q 0011-13          Produced by Plaintiffs- 000001888-90

Q 0014-18          Produced by IPW, LLC- 17-20

Q 0019-20          Produced by Plaintiffs- 000001883-1884

Q 0021-24          Produced by Pacific Pictures Corporation.- 00001- 4

1

Declaration Of Marc Toberoff                    46

| | |
|---|---|
| Q 0025 | Internet listing for Pacific Pictures Corp. from California Business Portal; not in Plaintiffs' files. |
| Q 0026 | Internet listing for Pacific Pictures Corp. from New York Department of State; not in Plaintiffs' files. |
| Q 0027-33 | Plaintiffs' supplemental privilege log # 82 |
| Q 0034-35 | Produced by Jean Peavy and Warren Peary ("Shusters")-142-43 |
| Q 0036-39 | Produced by Shusters- 125-28 |
| Q 0040 | Attorney Don Bulson ("Bulson") privilege log #319 |
| Q 0041 | Produced by Shusters- 119 |
| Q 0042-50 | Produced by Shusters-113- 118 |
| Q 0051 | Wall Street Journal article by John Lippman; not in Plaintiffs' file. |
| Q 0052 | Variety.com article by Claude Brodesser; not in Plaintiffs' file. |
| Q 0053-54 | Produced by Shusters-140-141 |
| Q 0055-56 | Produced by Shusters- 138-139 |
| Q 0057-58 | Bulson privilege log # 327 |
| Q 0059-74 | Produced by Shusters- 63-78 |
| Q 0075-76 | Bulson privilege log # 327 |
| Q 0077-81 | Produced  by Shusters- 79- 83 |
| Q 0082-85 | Produced by Shusters- 105- 108 |
| Q 0083-85 | Produced by Shusters- 106 |
| Q 0086 | Produced by Plaintiffs- 000002050 |

2

073

Q 0087-0089          Plaintiffs' supplemental privilege log # 69

Q 0090-95            Plaintiffs' supplemental privilege log # 76

Q 0096-104           Plaintiffs' supplemental privilege log # 77, 78

Q 0105-127           Plaintiffs' supplemental privilege log # 77, 78

Q 0128-31            Plaintiffs' supplemental privilege log # 98

Q 0132-37            Plaintiffs' supplemental privilege log # 82, 83

Q 0138-45            Plaintiffs' supplemental privilege log # 79

Q 0146-51            Plaintiffs' supplemental privilege log #80, 81

Q 0152-57            Plaintiffs' supplemental privilege log #80, 81

Q 0158-63            Plaintiffs' supplemental privilege log #82, 83

Q 0164- 171          Plaintiffs' supplemental privilege log # 182

Q 0172-175           Plaintiffs' supplemental privilege log # 181

Q 0176-94            Shusters' supplemental privilege log # 2

Q 0195-199           Shusters' supplemental privilege log # 3

Q 0200               Shusters' supplemental privilege log # 5

Q 0201-222           Shusters' supplemental privilege log # 4

Q 0223               Produced by Shusters- 103

Q 0224-42            Shusters' supplemental privilege log # 4

Q 0243-44            Shusters' supplemental privilege log # 9

Q 0245-49            Produced by Shusters- 79-83

3

Declaration Of Marc Toberoff                          48            074

| | |
|---|---|
| Q 0250-254 | Plaintiffs' supplemental privilege log # 98 |
| Q 0255-273 | Shusters' supplemental privilege log # 2 |
| Q 0274-5 | Shusters' supplemental privilege log # 8 |
| Q 0276 | Shusters' supplemental privilege log # 6 |
| Q 0277 | Shusters' supplemental privilege log # 7 |
| Q 0278 | Privileged communication between Law Offices of Marc Toberoff and Plaintiff Laura Siegel Larson dated August 13, 2005, after the start of this litigation. This document is *not* required to be listed in a privilege log pursuant to the parties' standing agreement. |
| Q 0279-80 | 8/11/05 litigation letter from David Burg to M. Toberoff |
| Q 0281-82 | 8/11/05 litigation letter from David Burg to M. Toberoff |
| Q 0283 | 8/12/05 litigation letter from M. Toberoff to David Burg |
| Q 0284 | 8/12/05 litigation letter from M. Toberoff to David Burg |
| Q 0285-289 | Privileged communication between Law Offices of Marc Toberoff and Plaintiffs Laura Siegel Larson and Joanne Siegel dated August 12, 2005, after the start of this litigation. This document is *not* required to be listed in a privilege log pursuant to the parties' standing agreement. |
| Q 0290-0296 | Un-dated defamatory cover letter (duplicate) |
| Q 0297-299 | Produced by Plaintiffs- 000001888-90 |
| Q 0300 | Wall Street Journal article by John Lippman; not in Plaintiffs' file. |
| Q 0301-303 | Produced by Pacific Pictures Corp- 1-4 |
| Q 0304-305 | Produced by Shusters- 142-143 |

4

Q 0306-309          Produced by Shusters- 125- 128

Q 0310-13           Plaintiffs' supplemental privilege log #175

Q 0314              Internet listing for Pacific Pictures Corp. from California Business Portal; not in Plaintiffs' files.

Q 0315              Internet listing for Pacific Pictures Corp. from New York Department of State; not in Plaintiffs' files.

Q 0316-23           Plaintiffs' supplemental privilege log # 79

Q 0324-32           Plaintiffs' supplemental privilege log # 77, 78

Q 0333-35           Plaintiffs' supplemental privilege log # 69

Q 0336-340          Produced by IPW, LLC 17- 20, Plaintiffs- 000001882

Q 0341-42           Produced by Plaintiffs- 000001883-84

Q 0343-44           Produced by Plaintiffs- 000002048-49

Q 0343-44           Produced by Plaintiffs- 000002048-9

Q 0345-50           Plaintiffs' supplemental privilege log # 76

Q 0351              Variety.com article by Claude Brodesser; not in Plaintiffs' file.

Q 0352              Bulson privilege log # 319

Q 0353-360          Plaintiffs' supplemental privilege log # 182

Q 0361              Privileged communication between Law Offices of Marc Toberoff and Plaintiff Laura Siegel Larson dated October 10, 2005, after the start of this litigation. This document is *not* required to be listed in a privilege log pursuant to the parties' standing agreement.

Q 0362-63           Produced by Shusters- 140-41

5

| Q 0364-382 | Shusters' supplemental privilege log #2 |
| Q 0383-87 | Shusters' supplemental privilege log #3 |
| Q 0388-93 | Plaintiffs' supplemental privilege log #80, 81 |
| Q 0394-399 | Plaintiffs' supplemental privilege log #82, 83 |
| Q 0400-01 | Bulson privilege log # 327 |
| Q 0402-408 | Shusters' privilege log # 9 |
| Q 0409-424 | Produced by Shusters- 63-78 |
| Q 0425-29 | Plaintiffs' supplemental privilege log # 98 |
| Q 0430-52 | Plaintiffs' supplemental privilege log # 77, 78 |
| Q 0453-71 | Shusters' supplemental privilege log # 2 |
| Q 0472-76 | Shusters' supplemental privilege log # 3 |
| Q 0477-82 | Plaintiffs' supplemental privilege log # 80 |
| Q 0483-88 | Plaintiffs' supplemental privilege log # 82, 83 |
| Q 0489-90 | Bulson privilege log # 327, 328 |
| Q 0491-95 | Produced by Shusters- 79-83 |
| Q 0496-99 | Plaintiffs' supplemental privilege log # 98 |
| Q 0500-1 | Shusters' supplemental privilege log # 8 |
| Q 0502-05 | Produced by Shusters- 105-08 |
| Q 0506-30 | Shusters' supplemental privilege log # 5 |
| Q 0531-32 | Produced by Shusters- 138-139 |
| Q 0533-46 | Shusters' supplemental privilege log # 4 |

6

Q 0547                    Produced by Plaintiffs- 000002050

Q 0548                    Shusters' supplemental privilege log # 6

Q 0549                    Shusters' supplemental privilege log # 7

Q 0550                    Privileged communication between Law Offices of Marc Toberoff and Plaintiff Laura Siegel Larson dated August 13, 2005, after the start of this litigation. This document is *not* required to be listed in a privilege log pursuant to the parties' standing agreement. (Duplicate of Q 0278).

Q 0551-52                 8/11/05 litigation letter from David Burg to M. Toberoff

Q 0553-4                  8/11/05 litigation letter from David Burg to M. Toberoff

Q 0555                    8/12/05 litigation letter from M. Toberoff to David Burg

Q 0556                    8/12/05 litigation letter from M. Toberoff to David Burg

Q 0557-61                 Privileged communication between Law Offices of Marc Toberoff and Plaintiff Laura Siegel Larson and Joanne Siegel dated August 12, 2005, after the start of this litigation. This document is *not* required to be listed in a privilege log pursuant to the parties' standing agreement. (Duplicate of Q 0285-289)

Q 0562-569                Un-dated defamatory cover letter (duplicate)

Q 0570-72                 Produced by Plaintiffs- 000001888-90

Q 0573-74                 Produced by Plaintiffs- 000001883-84

Q 0575-76                 Produced by Plaintiffs- 000002048-49

Q 0577-80                 Produced by Shusters- 125-128

Q 0581-582                Produced by Shusters- 142-143

Q 0583-586                Produced by Shusters- 125-128

7

| | |
|---|---|
| Q 0587 | Internet listing for Pacific Pictures Corp. from California Business Portal; not in Plaintiffs' files. |
| Q 0588 | Internet listing for Pacific Pictures Corp. from New York Department of State; not in Plaintiffs' files. |
| Q 0589- 596 | Plaintiffs' supplemental privilege log # 79 |
| Q 0597- 0605 | Plaintiffs' supplemental privilege log # 77, 78 |
| Q 0606- 0609 | Plaintiffs' supplemental privilege log # 175 |
| Q 0610-0617 | Plaintiffs' supplemental privilege log # 182 |
| Q 0618 | Privileged communication between Law Offices of Marc Toberoff and Plaintiff Laura Siegel Larson dated October 10, 2005, after the start of this litigation. This document is *not* required to be listed in a privilege log pursuant to the parties' standing agreement. (Duplicate of Q 0361). |
| Q 0619-20 | Produced by Shusters- 140-141 |
| Q 0621-23 | Plaintiffs' supplemental privilege log # 69 |
| Q 0624-28 | Produced by IPW, LLC- 17- 20; Produced by Plaintiffs- 000001882 |
| Q 0629-0634 | Plaintiffs' supplemental privilege log # 76 |
| Q 0635 | Bulson privilege log # 318 |
| Q 0636- 654 | Shusters' supplemental privilege log # 2 |
| Q 0655-659 | Shusters' supplemental privilege log # 3 |
| Q 0660-65 | Plaintiffs' supplemental privilege log # 80, 81 |
| Q 0666-71 | Plaintiffs' supplemental privilege log # 82, 83 |
| Q 0672-73 | Bulson's privilege log # 327, 328 |

8

Q 0674-680          Shusters' supplemental privilege log # 9

Q 0681-696          Produced by Shusters- 63- 78

Q 0697-701          Plaintiffs' supplemental privilege log # 98

Q 0702-724          Plaintiffs' supplemental privilege log # 77, 78

Q 0725-743          Shusters' supplemental privilege log # 2

Q 0744-748          Shusters' supplemental privilege log # 3

Q 0749- 754         Plaintiffs' supplemental privilege log # 80, 81

Q 0755-760          Plaintiffs' supplemental privilege log # 82, 83

Q 0761-762          Bulson privilege log # 327, 328

Q 0763-767          Produced by Shusters- 79-83

Q 0768-771          Plaintiffs' supplemental privilege log # 98

Q 0772-773          Shusters' supplemental privilege log # 8

Q 0774-777          Produced by Shusters- 105- 108

Q 0778-802          Shusters' supplemental privilege log # 5

Q 0803-804          Produced by Shusters 138-39

Q 0805-823          Shusters' supplemental privilege log # 4

Q 0824             Produced by Plaintiffs- 000002050

Q 0825             Shusters' supplemental privilege log #6

Q 0826             Shusters' supplemental privilege log #7

Q 0827             Privileged communication between Law Offices of Marc Toberoff and Plaintiff Laura Siegel Larson dated August

9

13, 2005, after the start of this litigation. This document is *not* required to be listed in a privilege log pursuant to the parties' standing agreement. (Duplicate of Q 0278).

Q 0828-29        8/11/05 litigation letter from David Burg to M. Toberoff

Q 0830-31        8/11/05 litigation letter from David Burg to M. Toberoff

Q 0832           8/12/05 litigation letter from M. Toberoff to David Burg

Q 0833           8/12/05 litigation letter from M. Toberoff to David Burg

Q 0836-38        Privileged communication between Law Offices of Marc Toberoff and Plaintiffs Laura Siegel Larson and Joanne Siegel dated August 12, 2005, after the start of this litigation. This document is *not* required to be listed in a privilege log pursuant to the parties' standing agreement. (Duplicate of Q 0285-289)

Q 0839           Wall Street Journal article by John Lippman; not in Plaintiffs' file.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on May 21, 2007 in Los Angeles, California.

_____
Marc Toberoff

Declaration Of Marc Toberoff                    55                    081

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is: 2049 Century Park East, Suite 2720, Los Angeles, California 90067.

On May 21, 2007, I served the attached documents described as **DECLARATION OF MARC TOBEROFF PURSUANT TO MAGISTRATE ZAREFSKY'S APRIL 30, 2007 ORDER** as follows:

[X]  :BY FACSIMILE:

As follows: I caused the transmission of the above named documents to the fax number set forth below, or on the attached service list.

James D. Weinberger
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, NY 10017
Facsimile No. 212-813-5901

Patrick T. Perkins
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516
Facsimile No. 845-265-2819

Michael Bergman
WEISSMAN WOLFF BERGMAN COLEMAN GRODIN & EVALL LLP
9665 Wilshire Boulevard, Ninth Floor
Beverly Hills, CA 90212
Facsimile No. 310-550-7191

[X]  :BY MAIL:

As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I placed ____ the original _X_ a true copy thereof enclosed in sealed envelope(s) addressed as follows:

James D. Weinberger
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, NY 10017

Michael Bergman
WEISSMAN WOLFF BERGMAN COLEMAN GRODIN & EVALL LLP
9665 Wilshire Boulevard, Ninth Floor
Beverly Hills, CA 90212

56

082

:(STATE) - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]  :(FEDERAL) – I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on May 21, 2007, in Los Angeles, California.

_____
Nicholas C. Williamson

083

# EXHIBIT O

084

**WWBCGE**

∴ **VIA FAX (w/o enclosures)**
**VIA MESSENGER**

May 22, 2007

David S. Eisen, Esq.
Arnold & Porter LLP
777 South Figueroa Street, 44th Floor
Los Angles, California 90017

**Michael Bergman**
a professional corporation
mbergman@wwllp.com

Re:   *Joanne Siegel and Laura Siegel Larson v. Time*          Our File No. 2231.811
      *Warner, Inc., et al.*
      USDC Central District of CA, Case No. 04-08776 SGL (RZx)
      *Joanne Siegel and Laura Siegel Larson v. Time Warner, Inc., et al.*
      USDC Central District of CA, Case No. 04-08400 SGL (RZx)

Dear Mr. Eisen:

We have received a copy of Marc Toberoff's sworn declaration, which he served on you yesterday pursuant to Judge Zarefsky's April 30, 2007 Order, along with an accompanying cover letter setting forth Mr. Toberoff's interpretation of the Order.

While Mr. Toberoff is correct that Escrow Documents that were originally listed on the privilege logs of non-party witnesses should not be released, he is incorrect in his assertion that unlisted post-litigation documents should not be released. Mr. Toberoff represented to Judge Zarefsky that each of the Escrow Documents had been produced or had been listed on a privilege log. (*See* Transcript, enclosed herewith, at 10:17 - 11:25). Notably, he did not inform Judge Zarefsky – as he is now asserting – that there were post-litigation documents that he had neither identified on a privilege log nor produced. Based on what Mr. Toberoff expressly represented during the hearing, Judge Zarefsky entered his Order, which is unequivocal and does not make any exception for post-litigation documents: "the escrow holder, Mr. Bergman [sic], is to return to the plaintiffs any documents which are identified in the declaration as being privileged and having been identified on the privilege logs. The others can be delivered to trial counsel for defendants because they're either unprivileged, or, if they were privileged, privilege has been waived because they weren't listed on the privilege log." (*See* Transcript at 19:8-20:18). If Mr. Toberoff disagreed with the Order, he could have filed objections within 10 days, as provided by Local Rule 72-2. He chose not to do so, however, and because those documents were neither identified on a privilege log nor produced, they must be released to Defendants pursuant to Judge Zarefsky's Order.

To assist you in your review, we have compiled the documents Mr. Toberoff has identified in his declaration as having previously been produced, which we have

**WEISSMANN WOLFF BERGMAN COLEMAN GRODIN & EVALL LLP**
9665 WILSHIRE BLVD, NINTH FLOOR, BEVERLY HILLS, CA 90212  T: 310.858.7888  F: 310.550.7191  WWW.WWLLP.COM
LAWYERS

331458_1.DOC

EXHIBIT **E**

64

085

David S. Eisen, Esq.
May 22, 2007
Page 2

enclosed so that you can compare them to the Escrow Documents in your file. We have also enclosed the privilege logs he cites to so that you can compare the privilege entries to the Escrow Documents in your file.   It is Defendants' position that any document that does not match up exactly to an identified entry on the privilege logs should not be returned to Mr. Toberoff, but should instead be produced to Defendants.   We note in particular that one of the Escrow Documents that Wayne Smith placed in the "non-privileged" pile during his brief review of the documents – correspondence concerning the interest in Superman that might be owned by Plaintiff Laura Siegel's estranged step-brother, Michael Siegel – has never been produced in this litigation, and does not appear to have been listed in any privilege log. (*See* Declaration of Wayne M. Smith In Support of Defendants' Motion to Compel Production of Whistle-blower Documents, ¶ 9).[1] Nor does it appear to have been identified in the declaration Mr. Toberoff sent to you.   We are accordingly concerned that the items listed in Mr. Toberoff's declaration as privileged precisely match the identified Escrow Documents in your possession.

Moreover, Mr. Toberoff has identified certain documents as appearing on the privilege log of Don Bulson, who is counsel for Michael Siegel (Q 40, 57-58, 75-76, 352, 400-401, 489-90, 672-673, 761-762). From the privilege log, these documents appear to be correspondence between Mr. Toberoff and Mr. Bulson. As such, on Mr. Bulson's log, the basis for withholding the documents is the common interest exception to the privilege waiver.  (The propriety of Mr. Bulson's assertion of the common interest exception is the subject of a pending motion to compel in the Northern District of Ohio.)   However, it must be noted that Mr. Toberoff has not identified any corresponding copies of these documents on the Siegel privilege logs, which undermines any claim of common interest.  With respect to these documents, we believe that they should have been identified on both a Siegel log *and* the Bulson log to qualify for the common interest exception. Accordingly, these documents should be turned over as well.

In sum, Judge Zarefsky's Order requires that you turn over every Escrow Document that was not previously produced by Plaintiffs or was not previously identified on Plaintiffs' privilege logs, which includes the "un-dated defamatory cover letter" and any post-litigation communications. If you are not prepared to turn these documents over to Defendants based upon your review of the Transcript, then we request that you retain those documents to allow Defendants the opportunity to file a motion for contempt.  Again, we thank you for your assistance in this matter.

---

[1] Pursuant to your request in your May 18, 2007 letter, the parties' briefs and supporting papers are enclosed herewith.

WEISSMANN WOLFF BERGMAN COLEMAN GRODIN & EVALL LLP

086

331458_1.DOC

David S. Eisen, Esq.
May 22, 2007
Page 3


Sincerely,

*Michael Bergman*

Michael Bergman

MB:jra
Enclosure
cc:     Marc Toberoff, Esq. (w/o enclosures)


WEISSMANN WOLFF BERGMAN COLEMAN GRODIN & EVALL LLP

**087**

66

331458_1.DOC

WEISSMANN WOLFF ETA    Fax:3105507191

## \*\* Transmit Confirmation Report \*\*

P.1                                                    May 22 2007 05:12pm
Line Number:1

| Name/Fax No. | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 8680#00001#0001#121324341 | Normal | 22,05:12pm | 0'00" | 0 | D.0.7 | |
| ↑ No response. | | Check condition of remote fax. | | | | |

## FACSIMILE TRANSMISSION

**Date:** May 22, 2007

**From:** Michael Bergman

**E-mail:** mbergman@wwllp.com

**Pages:** _4_ (including cover)

**Subject:** *Siegel v. Time Warner*

**Recipient(s):**
David S. Eisen, Esq.
cc: Marc Toberoff, Esq.

**Fax Number(s):**
(213) 243-4182 — Voicemail
(310) 246-3101

**Phone Number(s):**

**Message:**

Please see the attached.

**WEISSMANN WOLFF BERGMAN COLEMAN GRODIN & EVALL LLP**
9665 WILSHIRE BLVD. NINTH FLOOR, BEVERLY HILLS, CA 90212 T: 310.858.7888 F: 310.550.7191 WWW.WWLLP.COM
LAWYERS

FEDERAL TAX ADVICE DISCLAIMER
We are required by U.S. Treasury Regulations to inform you that, to the extent this message includes any federal tax advice, this
message is not intended or written by the sender to be used, and cannot be used, for the purpose of avoiding federal tax penalties.

ATTORNEY-CLIENT PRIVILEGE/ATTORNEY WORK PRODUCT
This fax is intended solely for the use of the individual or entity to which it is addressed, and may contain information that is privileged,
confidential, or exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution,
disclosure, or copying of the communication is strictly prohibited. If you have received this communication in error, please notify us
immediately by telephone and return the original fax to us at the above address. Thank you.

USER ID: 8680                                                    CLIENT MATTER: 2231.811

WWBCGE

088

WEISSMANN WOLFF ETF      Fax:3105507191

## ** Transmit Confirmation Report **

P.1                                          May 22 2007 04:58pm
Line Number:2

| Name/Fax No. | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 8680#00001#0001#131024631 | Normal | 22,04:57pm | 0'41" | 4 | # O K | |

**WWBCGE**

## FACSIMILE TRANSMISSION

**Date:**      May 22, 2007
**From:**      Michael Bergman
**E-mail:**    mbergman@wwllp.com
**Pages:**     _4_ (including cover)
**Subject:**   Siegel v. Time Warner

**Recipient(s):**        **Fax Number(s):**        **Phone Number(s):**
David S. Eisen, Esq.     (213) 243-4182
cc: Marc Toberoff, Esq.  (310) 246-3101

**Message:**

Please see the attached.

**WEISSMANN WOLFF BERGMAN COLEMAN GRODIN & EVALL LLP**
9665 WILSHIRE BLVD, NINTH FLOOR, BEVERLY HILLS, CA 90212 T: 310.858.7888 F: 310.550.7191 WWW.WWLLP.COM
LAWYERS

FEDERAL TAX ADVICE DISCLAIMER
We are required by U.S. Treasury Regulations to inform you that, to the extent this message includes any federal tax advice, this message is not intended or written by the sender to be used, and cannot be used, for the purpose of avoiding federal tax penalties.

ATTORNEY-CLIENT PRIVILEGE/ATTORNEY WORK PRODUCT
This fax is intended solely for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential, or exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution, disclosure, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original fax to us at the above address. Thank you.

USER ID: 8680                                    CLIENT MATTER: 2231.811

**089**

68

WEISSMANN WOLFF ET/      Fax:3105507191

## ** Transmit Confirmation Report **

P.1
Line Number:1                                        May 23 2007 08:27am

| Name/Fax No. | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 6865#02231#0811#121324341 | Normal | 23,08:26am | 1'30" | 4 | * 0 K | |

**WWBCGE**

### FACSIMILE TRANSMISSION

Date:        May 23, 2007

From:        Michael Bergman

E-mail:      mbergman@wwllp.com

Pages:       _4_ (including cover)

Subject:     *Siegel v. Time Warner*

**Recipient(s):**        **Fax Number(s):**       **Phone Number(s):**
David S. Eisen, Esq.     (213) 243-4TB299
cc: Marc Toberoff, Esq.  (310) 246-3101

Re-faxing
5/23/07

**Message:**

Please see the attached.

**WEISSMANN WOLFF BERGMAN COLEMAN GRODIN & EVALL LLP**
9665 WILSHIRE BLVD. NINTH FLOOR, BEVERLY HILLS, CA 90212 T: 310.858.7888 F: 310.550.7191 WWW.WWLLP.COM
LAWYERS

FEDERAL TAX ADVICE DISCLAIMER
We are required by U.S. Treasury Regulations to inform you that, to the extent this message includes any federal tax advice, this
message is not intended or written by the sender to be used, and cannot be used, for the purpose of avoiding federal tax penalties.

ATTORNEY-CLIENT PRIVILEGE/ATTORNEY WORK PRODUCT
This fax is intended solely for the use of the individual or entity to which it is addressed, and may contain information that is privileged,
confidential, or exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution,
disclosure, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us
immediately by telephone and return the original fax to us at the above address. Thank you.

USER ID: 8680                                                    CLIENT MATTER: 2231.811

090

69

# EXHIBIT P

091

# LAW OFFICES OF MARC TOBEROFF

A PROFESSIONAL CORPORATION

2049 CENTURY PARK EAST, SUITE 2720
LOS ANGELES, CALIFORNIA 90067

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON

* ALSO ADMITTED IN NEW YORK

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

May 23, 2007

Via Facsimile (213) 243-4182 and US Mail

David S. Eisen, Esq.
Arnold & Porter LLP
777 South Figueroa Street- 44th Floor
Los Angeles, CA 90017

Re:  Superman/Superboy Litigations, Case Nos. 04-CV-8400, 04-CV-8776 SGL (RZx)

Dear David:

We write in response to Michael Bergman's May 22, 2007 letter to you regarding my May 21, 2007 declaration. Plaintiffs disagree with defendants' inaccurate and self serving interpretation and application of Magistrate Zarefsky's April 30, 2007 ruling ("Order"). In their motion regarding the stolen documents ("Motion"), which I understand has been provided to you, defendants referred to your predecessor, John Quinn as a "neutral" to buttress the propriety of their handling of the documents.  As such, Magistrate Zarefsky referred to the documents as "escrow documents."

We therefore respectfully request that you not release to defendants any escrow documents which remain the subject of disagreement between the parties. Mr. Bergman states in his letter that he is prepared to bring a motion regarding same before Magistrate Zarefsky.  Defendants must not receive through this "escrow" procedure what they could not otherwise obtain.

Defendants insist on clinging to the absurd position that there has been a waiver of the two plainly privileged communications between me and Plaintiffs that occurred after the commencement of this litigation because such were not listed on a privilege log even though defendants do not (and cannot) deny that the parties have a standing agreement that neither side must list such communications on a privilege log.  Defendants erroneously state that this was never brought to the Court's attention. However, in paragraph 22 of my March 23, 2007 declaration in opposition to defendants' motion to compel, which has been provided to you, I specifically mentioned the two e-mails and explained to the court that these post-litigation communications were not listed on a privilege log because "the parties to this action have agree not to list post-complaint attorney-client communications on their respective privilege logs."

**092**

**LAW OFFICES OF MA  TOBEROFF**

David S. Eisen, Esq.
May 23, 2007
Page 2

No fair reading of the Order, as well as common sense, could give defendants access to privileged communications they would not otherwise be entitled to, simply because such documents were stolen from my legal files, and, as Mr. Bergman well knows, this was not Magistrate Zarefsky's intention.

While admitting that "'escrow documents' that were originally listed on the privilege logs of non-party witnesses should not be released," Mr. Bergman, one paragraph later, claims that two documents listed on non-party attorney Don Bulson's privilege log must be turned over. Mr. Bergman makes a specific legal argument to you regarding the joint interest privilege (as if you were the Court) that he could have made months ago in the form of a properly noticed motion, but never did. The claim was neither made in the subject motion (nor ruled on), nor in their pending motion in Ohio regarding Mr. Bulson's privilege log. This is a perfect example of Mr. Bergman's overreaching and abuse of Magistrate Zaresky's ruling and, in fact, your role as holder of the escrow documents.

Mr. Bergman also cites no authority for his dubious position that the joint interest privilege asserted by Mr. Bulson is waived because plaintiffs did not have a corresponding listing on their privilege logs. There was certainly no requirement in the Order that privileged documents be cross-referenced on multiple privilege logs in order to sustain the privilege. Accordingly, as these documents are plainly listed on a privilege log, they are not to be turned over to defendants.

Defendants also claim that the "undated defamatory letter" must be released because it has not been listed on a privilege log. This letter was not the subject of defendants' motion to compel and neither party attached it. The letter was not discussed during the April 30, 2007 hearing nor is it discussed in the Order. However, in paragraph 27 of my declaration, I state that the letter contains information protected by the attorney-client privilege and the work product doctrine. The letter discloses the substance of documents listed on the privilege logs of plaintiffs and third parties which remain protected under Magistrate Zarefsky's Order.

As this letter was not authorized by plaintiffs or their counsel, they can hardly be held to have consented to the release of this privileged information or to have waived the privilege. Nor would they have listed this illicit third party communication on their privilege log. Magistrate Zarefsky's ruling obviously did not consider this letter. As it was not a focus of defendants' motion, nor discussed at the hearing, it fell through the cracks. However, one would be hard pressed to conclude that Magistrate Zarefsky found that the privileged information contained in the letter has been waived when the privilege is maintained for the documents and information to which it refers.

**093**

LAW OFFICES OF MA  TOBEROFF

David S. Eisen, Esq.
May 23, 2007
Page 3

Mr. Bergman also improperly asked that you read through the privileged documents which plaintiffs have keyed by bates numbers to their privilege log, pursuant to the Order, to hunt for particular documents on defendants' behalf to assess their privileged status and the sufficiency of plaintiffs' privilege logs. The Order does not provide for this, nor is it appropriate to your function, as represented by defendants and stated by the Court, as the holder in escrow. The Order directed plaintiffs to account for all the escrow documents by bates numbers and to key privileged documents to the numbered entries on the privilege logs which plaintiffs have done. By prior motion to compel, defendants challenged the sufficiency of plaintiffs' privilege logs, and Magistrate Zarefsky held that plaintiffs' privilege logs are entirely proper and contain sufficient information.

Lastly, although Mr. Bergman copied us on his last two letters, we respectfully request that plaintiffs be sent all communications by defendants regarding the "escrow documents."

Please do not hesitate to contact me with any questions or comments concerning the above.

Very truly yours,

Marc Toberoff

cc: Micheal Bergman (via facsimile)
    Patrick Perkins, Esq. (via facsimile)
    James Weinberger, Esq. (via facsimile)

094

# LAW O. FICES OF MARC TOBER FF

A PROFESSIONAL CORPORATION

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON

2049 CENTURY PARK EAST, SUITE 2720

LOS ANGELES, CALIFORNIA 90067

TELEPHONE
(310) 246-3333

* ALSO ADMITTED IN NEW YORK

FACSIMILE
(310) 246-3101

## FACSIMILE COVER PAGE

| **TO:** Michael Bergman, Esq., James D. Weinberger, Esq., Patrick T. Perkins, Esq. | **FAX:** 310-550-7191, 212-813-5901, 845-265-2819 |
|---|---|
| **FROM:** Marc Toberoff | **PAGES ( including cover ):** 4 |
| **DATE :** 5/23/07 | **RE:** Superman/Superboy Litigations (Case Nos. 04-CV-8400, 04-CV-8776 SGL (RZx)) |

**COMMENTS:**


See attached.

---

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS INTENDED ONLY FOR USE OF THE
INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS
PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE
READER OF THIS TRANSMISSION IS NOT THE INTENDED RECIPIENT, ANY DISSEMINATION,
DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IN ERROR PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE
AND RETURN THE ORIGINAL TRANSMISSION TO US AT THE ABOVE ADDRESS VIA THE US POSTAL
SERVICE. THANK YOU.

---

Job number      : 999            *** SEND SUCCESSFUL ***

# LAW OFFICES OF MARC TOBEROFF

A PROFESSIONAL CORPORATION

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON

*ALSO ADMITTED IN NEW YORK

2049 CENTURY PARK EAST, SUITE 2720
LOS ANGELES, CALIFORNIA 90067

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

## FACSIMILE COVER PAGE

| TO: Michael Bergman, Esq., James D. Weinberger, Esq., Patrick T. Perkins, Esq. | FAX: 310-550-7191, 212-813-5901, 845-265-2819 |
|---|---|
| FROM: Marc Toberoff | PAGES ( including cover ): 4 |
| DATE : 5/23/07 | RE: Superman/Superboy Litigations (Case Nos. 04-CV-8400, 04-CV-8776 SGL (RZx)) |

COMMENTS:

See attached.

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS INTENDED ONLY FOR USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS TRANSMISSION IS NOT THE INTENDED RECIPIENT, ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL TRANSMISSION TO US AT THE ABOVE ADDRESS VIA THE US POSTAL SERVICE. THANK YOU.

096

# Group Send Report

```
                              Page       : 001
                              Date & Time: May-23-07  03:30pm
                              Line 1     :
                              Machine ID :
```

Job number          :   999

Date                :   May-23 03:26pm

Number of pages     :   004

Start time          :   May-23 03:26pm

End time            :   May-23 03:30pm

Successful nbrs.

   Fax numbers

        ☎13105507191
        ☎12128135901
        ☎18452652819


Unsuccessful nbrs.                                                    Pages sent

097

# EXHIBIT Q

098

05/24/2007 14:57 FAX  213 243 4199      ARNOLD PORTER, LLP                                ☑002/003

# ARNOLD & PORTER LLP

David S. Eisen
David_Eisen@aporter.com

213.243.4182
213.243.4199 Fax

44th Floor
777 South Figueroa Street
Los Angeles, CA 90017-5844

May 24, 2007

*Via Facsimile*

Michael Bergman, Esq.
Weissmann Wolff Bergman Coleman
 Grodin & Evall, LLP
9665 Wilshire Boulevard, Ninth Floor
Beverly Hills, CA  90212

Marc Toberoff, Esq.
Law Offices of Marc Toberoff
2049 Century Park East, Suite 2720
Los Angeles, CA  90067

Re:    Siegel & Larson v. Time Warner, Inc.

Gentlemen:

I have reviewed the relevant pleadings, the transcript of the April 30, 2007 hearing and the resulting Order, and Mr. Toberoff's May 21, 2007 declaration. I have also reviewed correspondence from, and spoken with, both of you.

In the transcript, Magistrate Judge Zarefsky does seem to announce a simple protocol for the so-called Escrow Documents: documents which appear on privilege logs are protected and should not be turned over to defendants, and documents not on privilege logs are not protected and should be produced to defendants. Unfortunately, there are some documents, and you have each made certain arguments, which do not seem to be directly encompassed by the transcript or Magistrate Judge Zarefsky's Order.

(1) Mr. Toberoff refers to two post-litigation, attorney-client e-mails (Q10 and Q278)[1] and related fax transmittal documents (Q285-289), which he says were subject to a "standing agreement" that such communications need not be listed on privilege logs. This issue was not referred to at the hearing by Magistrate Judge Zarefsky or counsel, and Mr. Toberoff insists they not be produced.

---

[1] Each of the Bates references to Escrow Documents herein is to the first-numbered copy of such document. In each instance, there are multiple copies of the same document.

**099**

05/24/2007 14:57 FAX  213 243 4199  ARNOLD & PORTER,LLP  ☒003/003

# ARNOLD & PORTER LLP

Michael Bergman, Esq.
Marc Toberoff, Esq.
May 24, 2007
Page 2

    (2) Mr. Toberoff also refers to an "undated defamatory cover letter" (Q1-7) which he says was not in his files and which he says contains privileged information. This document was also not discussed at the hearing, and Mr. Toberoff says it should not be produced.

    (3) Mr. Bergman refers to documents (Q40, Q57-58, Q75-76) which are on the privilege log of Don Bulson but which were not on plaintiffs' privilege logs. Mr. Bergman says these documents should be produced, and Mr. Toberoff says they should not. The transcript does not suggest what is to be done with such documents.

    (4) Mr. Bergman has provided me with the privilege logs and documents reflected in Mr. Toberoff's May 21 declaration, and asked that I compare them with the Escrow Documents. Mr. Bergman says he is concerned that correspondence Wayne Smith says he saw in the Escrow Documents has not been produced, and does not appear to be reflected in Mr. Toberoff's declaration. I am willing to undertake that review but, as with the issues listed above, it does not appear to have been specifically addressed at the hearing. Mr. Toberoff says there should be no such review.

    In light of the foregoing, I believe I must retain custody of all of the Escrow Documents until there is a further court order, or an agreement between the parties regarding the issues listed above.

Sincerely,

DAVID S. EISEN

**100**

05/24/2007 14:56 FAX   213 243 4199        ARNOLD & PORTER, LLP                          ☑001/003

# FACSIMILE TRANSMISSION SHEET

## ARNOLD & PORTER

Forty-Fourth Floor
777 South Figueroa Street
Los Angeles, California  90017-5844

Telephone Number.............................(213) 243-4000
Facsimile Number...............................(213) 243-4199

# PLEASE DELIVER ASAP

| RECIPIENT | FAX NUMBER | TELEPHONE NUMBER |
|---|---|---|
| **MICHAEL BERGMAN**<br>Weissmann Wolff Bergman | 310.550.7191 | 310.858.7888 |
| **MARC TOBEROFF**<br>Law Offices of | 310.246.3101 | 310.246.3333 |

| SENDER | ROOM NUMBER | OFFICE TELEPHONE NUMBER |
|---|---|---|
| **DAVID S. EISEN** | | 213.243.4182 |

| TIMEKEEPER NUMBER | CLIENT\MATTER NUMBER | NUMBER OF PAGE(S) |
|---|---|---|
| 4507 | 55000.001 | We are transmitting **3** page(s)<br>(Including this cover sheet) |

| TRANSMISSION DEADLINE | ALTERNATE TELEPHONE NUMBER |
|---|---|
| This document must be transmitted no later than:<br>ASAP on **May 24, 2007** | For transmission problems please call: 213-243-4076 |

## MESSAGE

EXHIBIT_G_  74

# EXHIBIT R

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

- - -

HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

- - -

| | | |
|---|---|---|
| JOANNE SIEGEL, ET AL., | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| VS. | ) | NO. CV 04-08776-SGL |
| | ) | |
| TIME WARNER, INC., ET AL., | ) | |
| | ) | CROSS MOTIONS FOR |
| DEFENDANTS. | ) | PARTIAL SUMMARY JUDGEMENT |
| _____ | ) | |
| | ) | |
| AND RELATED CASES, | ) | |
| | ) | |


REPORTER'S TRANSCRIPT OF PROCEEDINGS

RIVERSIDE, CALIFORNIA

MONDAY, SEPTEMBER 17, 2007

1:38 P.M.


THERESA A. LANZA, RPR, CSR
FEDERAL OFFICIAL COURT REPORTER
3470 12TH STREET, RM. 134
RIVERSIDE, CALIFORNIA  92501
(951) 274-0844
CSR11457@SBCGLOBAL.NET

103

Page 2

APPEARANCES:

ON BEHALF OF THE PLAINTIFFS:

LAW OFFICES OF MARC TOBEROFF
BY:  MARC TOBEROFF
BY:  NICHOLAS WILLIAMSON
2049 CENTURY PARK EAST,
SUITE 2720
LOS ANGELES, CALIFORNIA  90067
310-246-3333

ON BEHALF OF DEFENDANTS:

WEISSMANN WOLFF BERGMAN COLEMAN
 GRODIN & EVALL LLP
BY:  MICHAEL BERGMAN
9665 WILSHIRE BOULEVARD,
NINTH FLOOR
BEVERLY HILLS, CALIFORNIA  90212
310-858-7888

ON BEHALF OF DEFENDANTS:

FROSS ZELNICK LEHRMAN & ZISSU, P.C.
BY:  ROGER L. ZISSU
866 UNITED NATIONS PLAZA
AT FIRST AVENUE & 48TH STREET
NEW YORK, NEW YORK  10017
212-813-5900

ON BEHALF OF DEFENDANTS:

PERKINS LAW OFFICE, P.C.
BY:  PATRICK T. PERKINS
1711 ROUTE 9D
COLD SPRINGS, NEW YORK  10516
845-265-2820

**104**

Page 120

THE COURT:  BUT YOU KNOW WHAT THESE DOCUMENTS ARE.

MR. TOBEROFF:  YES, I DO, YOUR HONOR.

THE COURT:  OKAY.

MR. PERKINS:  SO ONE OF THE THINGS THAT WE WANTED THE ESCROW AGENT TO DO WAS TO SIMPLY MATCH UP THE DOCUMENTS WITH MR. TOBEROFF'S DECLARATION, ESSENTIALLY TO ENSURE THAT THE DOCUMENTS AS HE IDENTIFIED THEM WERE ACCURATELY IDENTIFIED.

THE COURT:  BUT HE'S SAYING THAT THEY FELL THROUGH THE CRACKS AND THAT --

MR. PERKINS:  THAT'S A SEPARATE ISSUE, YOUR HONOR.

ONE OF THE THINGS WE HAD ASKED THE ESCROW AGENT TO DO WAS TO TAKE MR. TOBEROFF'S DECLARATION AND TO GO DOCUMENT NUMBER BY DOCUMENT NUMBER AND ENSURE THAT THE DOCUMENTS THAT HE IDENTIFIED ON HIS DECLARATION REALLY WERE WHAT HE SAID THEY WERE.  IN OTHER WORDS, HE IDENTIFIES CERTAIN ONES THAT HAD ALREADY BEEN PRODUCED.

THE COURT:  LET'S NOT TALK ABOUT THE ONES THAT HAVE BEEN DONE.  LET'S TALK ABOUT THE NINE THAT WE HAVE LEFT.  I WANT TO RESOLVE THIS.  WE'RE GOING TO MOVE ON HERE, COUNSEL.

WHAT ARE WE GOING TO DO ABOUT THESE NINE DOCUMENTS?

HE SAYS THESE NINE DOCUMENTS FELL THROUGH THE CRACKS; THAT HE DIDN'T INCLUDE THEM ON THE LOG; BUT YET, HE WANTS TO ASSERT A PRIVILEGE.

HOW ARE WE GOING TO RESOLVE THIS?

MR. PERKINS:  AT THIS POINT, WE HAVE A RULING THAT

CERTIFICATE

I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

_____                    _____
THERESA A. LANZA, CSR, RPR                                  DATE
FEDERAL OFFICIAL COURT REPORTER

**106**