Marc Toberoff (CA State Bar No. 188547)
Nicholas C. Williamson (CA State Bar No. 231124)
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Telephone: (310) 246-3333
Facsimile: (310) 246-3101
MToberoff@ipwla.com

Attorneys for Plaintiffs and Counterclaim Defendants
JOANNE SIEGEL and LAURA SIEGEL LARSON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON, an individual,<br><br>　　　　　　Plaintiffs,<br>　　vs.<br><br>WARNER BROS. ENTERTAINMENT INC., a corporation; TIME WARNER INC., a corporation; DC COMICS, a general partnership; and DOES 1-10,<br><br>　　　　　　Defendants.<br><hr>DC COMICS,<br><br>　　　　　　Counterclaimant,<br>　　vs.<br><br>JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON, an individual,<br><br>　　　　　　Counterclaim Defendants. | Case No: CV 04-8400 SGL (RZx)<br><br>Hon. Stephen G. Larson, U.S.D.J.<br><br>**PLAINTIFFS JOANNE SIEGEL AND LAURA SIEGEL LARSON'S MOTION *IN LIMINE* TO EXCLUDE NEW DOCUMENTS SUBPOENAED BY DEFENDANTS ON MAY 1, 2009**<br><br>**Trial**<br>Date:　April 28, 2009<br>Time:　9:30 a.m.<br>Place:　Courtroom 1 |

PLAINTIFFS' MOTIONS IN LIMINE TO EXCLUDE NEW DOCUMENTS SUBPOENAED BY DEFENDANTS ON MAY 1, 2009

## I. INTRODUCTION

Plaintiffs Joanne Siegel and Laura Siegel Larson ("Plaintiffs") ask this court to exclude from evidence in this trial any documents obtained by Defendants Warner Bros. Entertainment Inc. ("Warner Bros.") and Time Warner Inc. and Defendant/Counterclaimant DC Comics ("Defendants") through the subpoena served on May 1, 2009 upon Twentieth Century Fox ("Fox").  The subpoena is an improper attempt by Defendants to engage in discovery after the close of Plaintiffs' case in chief and more than two years after the discovery deadline has passed.  Defendants recently tried to reopen discovery, which this Court denied in the Final Pre-Trial Conference Order – "Discovery is complete.  Defendants' motion to reopen discovery filed March 2, 2009 is **DENIED**."  Final Pre-Trial Conference Order at 9:4–8.

Additionally, this Court held at the parties' Final Pretrial Conference on January 26, 2009, that any documents produced by a party in this action *after January 14, 2009*, could not be used at trial:  "The critical cutoff date, as I think I dealt with this in my January 14 order, is January 14, 2009.  Anything produced after that date is not coming into this trial. Period."  *See* Declaration of Marc Toberoff in Support of Plaintiffs' Motion in Limine to Exclude New Documents Subpoenaed by Defendants on May 1, 2009 ("Toberoff Decl."), Ex. A at 20:23- 21:4.

This Court should therefore exclude any documents Defendants have obtained through their untimely subpoena.

## II. ARGUMENT

### A. DEFENDANTS MAY NOT USE TRIAL SUBPOENA TO OBTAIN DOCUMENTS FROM 20TH CENTURY FOX IN THE MIDDLE OF TRIAL AFTER THE CLOSE OF DISCOVERY

As Defendants themselves argued in their Motion *in Limine* No. 4,[1] litigants

---

[1] Defendants' Motion *in Limine* No. 4, at 4:1–7:15, filed on January 5, 2009.  *See also* Defendants' Reply Memorandum in Support of Motion *in Limine* No. 4, at 2:12–3:7, filed on January 16, 2009.

cannot use a trial subpoena to obtain discovery after the discovery deadline. *nSight, Inc. v. PeopleSoft, Inc.*, No. 3:04 CV 3836 MMC (MEJ) 2006 WL 988807 (N.D. Cal. April 13, 2006); *F.T.C. v. Netscape Comm. Corp.*, 196 F.R.D. 559, 560 (N.D. Cal. 2000), *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 562 (S.D. Cal. 1999).[2] Trial subpoenas may be used to secure documents only in narrow circumstances, such as to secure documents for the purpose of memory refreshment or trial preparation, or to ensure availability at trial of originals. *nSight*, at *2 (*citing Puritan Inv. Corp. v. ASLL Corp.*, 1997 WL 793569, 1 (E.D. Pa. 1997), and *Rice v. U.S.*, 164 F.R.D. 556, 558 n.1 (N.D. Okla. 1995)). Absent one of these narrow circumstances, a subpoena for documents under Rule 45 "constitute[s] pre-trial discovery and must be served within the designated discovery period." *nSight*, at *2 (*citing Integra Lifesciences*, 190 F.R.D. at 561–62).

Defendants' subpoena of Fox constitutes an example of the improper use of trial subpoenas for discovery that courts have prohibited. Defendants are trying to obtain documents to use in their own case in chief, *after* they have heard Plaintiffs' case in chief and more than two years after the close of discovery on November 17, 2006. Defendants are not attempting to secure documents for memory refreshment

---

[2] This Court denied Defendants' Motion *in Limine* No. 4 because Plaintiffs issued their third-party subpoenas of December 22 and 23, 2008 in response to the 23 agreements improperly disclosed by Defendants at the parties' December 3, 2008, L.R. 16 Meeting of Counsel. For this reason, this Court initially limited use of the subpoenaed documents to Plaintiffs' rebuttal case, and only if Defendants placed the untimely disclosed agreements into evidence. Final Pre-Trial Conference Order, at 16:7–12; Toberoff Decl., Ex. A at 60:25–61:8 ("I am not going to quash the subpoenas…I do view this more as almost quasi rebuttal. That was a very late, arguably untimely disclosure of those 23 agreements. If they had been made at an earlier time period, we probably would not be having this discussion. But given when they were made, I think fairness requires the ability of the plaintiff to rebut that with the agreement that they have sought through subpoena. And depending on how they are used during the course of the trial, I may permit that as part of the rebuttal case."). At the April 6, 2009 Status Conference, Defendants, on their own accord, suggested that Plaintiffs use these documents in their case in chief. *See* Toberoff Decl., Ex. B at 5:21–6:10.

2

PLAINTIFFS' MOTIONS IN LIMINE TO EXCLUDE NEW DOCUMENTS SUBPOENAED BY DEFENDANTS ON MAY 1, 2009

or to ensure availability of originals. Instead, Defendants are simply seeking more evidence to bolster their case – in the middle of trial, no less, after viewing the strength of Plaintiffs' case in chief.

The use of documents from Defendants' subpoena at this trial would make a mockery of the Federal Rules of Civil Procedure and the proper functioning of this court. Under the logic of Defendants' arguments, litigants would no longer have to serve pre-trial discovery subpoenas before the discovery deadline, timely disclose documents found by the subpoenas pursuant to F.R.C.P. 26(a) or meet this Court's deadline in L.R. 16-2.3 for disclosing trial exhibits. Instead, litigants could wait until they have heard the opposing side's case in chief and then blindside their opponent by subpoenaing potentially relevant documents.

Plaintiffs are clearly prejudiced as they have had no opportunity to view these subpoenaed documents until after their case in chief, nor depose Fox executives before trial about these documents. Defendants could have readily subpoenaed these documents during the two-year discovery period in this case, but chose not to. Defendants cannot offer any substantial justification for their discovery abuse. Pursuant to the self-executing preclusionary sanctions of F.R.C.P. 37(c)(1), Defendants must not be permitted to use these documents at trial.

Moreover, this Court emphatically ordered that documents produced in this action after January 14, 2009 cannot be used by the offering party at trial. Toberoff Decl., Ex. A at 20:23- 21:4. As Defendants' subpoena is calling for documents to be produced months after this date, these documents may not be used by Defendants at trial.

## III. CONCLUSION

For these reasons, Plaintiffs respectfully request that this Court exclude from evidence any documents obtained by Defendants through their improper and untimely subpoena of Twentieth Century Fox.

1  DATED: May 4, 2009             TOBEROFF & ASSOCIATES, P.C.

                                  By _____
                                          Marc Toberoff

                                  Attorneys for Plaintiffs JOANNE SIEGEL
                                  and LAURA SIEGEL LARSON

# DECLARATION OF MARC TOBEROFF

I, Marc Toberoff, declare as follows:

1. I am an attorney at Toberoff & Associates, P.C., counsel of record for plaintiffs Laura Siegel Larson and Joanne Siegel ("Plaintiffs"). I am a member in good standing of the State Bar of California and submit this declaration in support of Plaintiffs Joanne Siegel and Laura Siegel Larson's Motion in Limine to Exclude Documents Subpoenaed by Defendants on May 1, 2009. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. Attached hereto as Exhibit "A" are true and correct copies of excerpts from the Reporter's Transcript of Proceedings of the January 26, 2009 Final Pre-Trial Conference in this matter.

3. Attached hereto as Exhibit "B" are true and correct copies of excerpts from the Reporter's Transcript of Proceedings of the April 6, 2009 Pre-Trial Conference in this matter.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on May 4, 2009, in Los Angeles, California.

By _____
Marc Toberoff

DECLARATION OF MARC TOBEROFF IN SUPPORT OF PLAINTIFFS' TRIAL BRIEF RE: DEFENDANTS' SUBPOENA OF 20TH CENTURY FOX

Exhibit "A"

```
 1                UNITED STATES DISTRICT COURT

 2               CENTRAL DISTRICT OF CALIFORNIA

 3                      EASTERN DIVISION

 4                          - - -

 5       HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

 6                          - - -

 7  JOANNE SIEGEL, ET AL.,              )
                                        )
 8                    Plaintiffs,       )
                                        )
 9           vs.                        )  No. CV 04-08776-SGL
                                        )
10  WARNER BROTHERS ENTERTAINMENT INC., )
    ET AL.,                             )
11                                      )
                       Defendants.      ) Final Pretrial Conference
12  _____)

13

14

15              Reporter's Transcript of Proceedings

16                     Riverside, California

17                    Monday, January 26, 2009

18                          1:41 P.M.

19

20

21

22

23              THERESA A. LANZA, RPR, CSR
              Federal Official Court Reporter
24             3470 12th Street, Rm. 134
              Riverside, California  92501
25                  (951) 274-0844
                WWW.THERESALANZA.COM
```

Monday, January 26, 2009                     Siegel vs. Warner

APPEARANCES:

On Behalf of Plaintiffs:

    LAW OFFICES OF MARC TOBEROFF
    BY:  Marc Toberoff
    BY:  Nicholas C. Williamson
    BY:  Keith Adams
    2049 Century Park East,
    Suite 2720
    Los Angeles, California   90067
    310-246-3100

on behalf of Defendants:

    WEISSMANN WOLFF BERGMAN COLEMAN
     GRODIN & EVALL LLP
    BY:  Michael Bergman
    BY:  Anjani Mandavia
    9665 Wilshire Boulevard,
    Ninth Floor
    Beverly Hills, California   90212
    310-858-7888

    FROSS ZELNICK LEHRMAN & ZISSU, P.C.
    BY:  James D. Weinberger
    866 United Nations Plaza
    At First Avenue & 48th Street
    New York, New York   10017
    212-813-5952

1  But as your Honor points out, there is no jury; your Honor will
2  follow whatever procedures you want to follow to make sure that
3  the testimony is reliable and suitable expert testimony.  And
4  that is fine with us.
5          **THE COURT:**  And the other point, though, just to be      00:39
6  clear on, is that it's not just that the testimony is reliable
7  and suitable but that the basis was disclosed in pursuant to
8  discovery.  I'm accepting all of your representations made
9  concerning discovery.  The proof will be in the pudding, as it
10 were.                                                                00:39
11         **MR. BERGMAN:**  I understand that, Sir.
12         If I may, Mr. Perkins will deal with number three.
13         **MR. PERKINS:**  Your Honor, in the plaintiffs' third
14 motion, there really are two categories of documents.  I
15 believe that your Honor's most recent ruling and the                 00:40
16 declaration of counsel that was filed with the Court takes care
17 of that.  The only category of documents that really is at
18 issue, I think, at this point, is what the plaintiffs refer to
19 as the lay documents; it's these agreements that were, in our
20 view, never requested in discovery and were produced at the         00:40
21 conference of counsel on December 3rd; so there are two
22 separate categories of documents.
23         **THE COURT:**  The critical cutoff date, as I think I
24 dealt with this in my January 14th order, is January 14, 2009.
25 Anything produced after that date is not coming into this           00:40

Monday, January 26, 2009                    Siegel vs. Warner

1  trial.  Period.
2          If it was provided pursuant to a request for
3  discovery prior to that date, then that's a different story,
4  but January 14th is the cutoff date.
5          **MR. PERKINS:**  Well then, I think that resolves the
6  motion with respect to the motion picture agreements from the
7  Warner Brothers files, because those motion picture agreements
8  were produced on December 3rd, and the entirety of the
9  plaintiffs' motion in this regard is based on the notion that
10 those documents were not produced by November 21st, which was a
11 date that was agreed upon by counsel.  It was 60 days prior to
12 the originally scheduled trial date in January.
13         The defendants' position on these agreements was they
14 were not requested in discovery, and the plaintiffs really have
15 conceded that.  They have, instead, made a different argument;
16 they have argued those documents should have been disclosed
17 pursuant to the initial disclosures under Rule 26.  We believe
18 the disclosures were sufficiently precise to allow the
19 plaintiffs to know that those documents were in existence and
20 to give them sufficient information in order to ask for them in
21 discovery.
22         **THE COURT:**  How was it that the initial disclosures
23 made those documents' existence knowable?
24         **MR. PERKINS:**  It refers to that we would rely upon
25 documents that would demonstrate that the agreement between

00:41
00:41
00:41
00:42
00:42

1  reasons as stated on the record;
2         Plaintiffs' second motion in limine is denied without
3  prejudice with leave to reconsider the motion in the context of
4  the trial;
5         The third motion in limine is denied.  I am
6  permitting the 23 agreements to come in;
7         Plaintiffs' fourth motion in limine is also denied;
8         Defendants' first motion in limine is granted.  It
9  was a request for basically a clarification of the issue at
10 trial, and the Court has indicated the statement that it's
11 going to use essentially as its touchstone for evaluating
12 relevance;
13        The second and third motions in limine are denied
14 without prejudice, to be renewed in the course of the trial
15 itself.
16        I will want to talk about the apex witnesses
17 separately in just a moment.
18        The fourth motion in limine by the defendant is
19 granted with respect to the case in chief.
20        I'm not going to quash the subpoenas.  The plaintiff
21 may obtain the evidence.  And precisely as counsel stated there
22 towards the end, the admission of that evidence will turn on
23 whether or not any of those 23 agreements are used in the
24 course of the trial.
25        I do view this more as almost quasi rebuttal.  That

was a very late, arguably untimely disclosure of those 23 agreements. If they had been made at an earlier time period, we probably would not be having this discussion. But given when they were made, I think fairness requires the ability of the plaintiff to rebut that with the agreement that they have sought through subpoena. And depending on how they are used during the course of the trial, I may permit that as part of the rebuttal case.

As far as the apex witnesses, what I want both parties to do by Friday is to resubmit a witness list. Not so much a witness list, but basically the witnesses that they actually intend to call in the trial; and I'll want the name of the witness, the estimated direct examination time, and a brief summary of what they anticipate that witness to testify to. I really want the parties this week to focus on what witnesses they are actually going to use in light of the Court's 20-hour limitation on their examination period, and I suspect that might resolve some of these problems.

The Court will then look at that and I may reconsider some of these apex witnesses and the motion in limine to exclude them. But I want to see how they fit into this trial in light of the limitations that the Court has imposed. So I've given my initial indication of how I'm going to rule on that motion in limine. Right now, the witnesses are in, but I'm going to revisit that once I see from the plaintiff exactly

Exhibit "B"

```
 1                  UNITED STATES DISTRICT COURT

 2                 CENTRAL DISTRICT OF CALIFORNIA

 3                         EASTERN DIVISION

 4                             - - -

 5         HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

 6                             - - -

 7    JOANNE SIEGEL and                  )
      LAURA SIEGEL LARSON,               )
 8                    Plaintiffs,        )
                                         )
 9              vs.                      )  No. CV 04-08400-SGL
                                         )
10    WARNER BROTHERS ENTERTAINMENT INC.;)
      TIME WARNER, INC.; DC COMICS;      )
11    and DOES 1-10,                     )
                      Defendants.        )  Pretrial Conference
12    _____)

13

14
                  Reporter's Transcript of Proceedings
15
                        Riverside, California
16
                        Monday, April 6, 2009
17
                             12:07 P.M.
18

19

20

21

22

23              THERESA A. LANZA, RPR, CSR
              Federal Official Court Reporter
24               3470 12th Street, Rm. 134
              Riverside, California   92501
25                   (951) 274-0844
                  WWW.THERESALANZA.COM
```

```
 1
     APPEARANCES:
 2

 3   On Behalf of Plaintiffs:

 4
                    LAW OFFICES OF MARC TOBEROFF
 5                  BY:  Marc Toberoff
                    BY:  Nicholas C. Williamson
 6                  2049 Century Park East,
                    Suite 2720
 7                  Los Angeles, California  90067
                    310-246-3100
 8

 9
     on Behalf of Defendants/Counterclaimant:
10

11                  WEISSMANN WOLFF BERGMAN COLEMAN
                      GRODIN & EVALL LLP
12                  BY:  Michael Bergman
                    BY:  Anjani Mandavia
13                  9665 Wilshire Boulevard,
                    Ninth Floor
14                  Beverly Hills, California  90212
                    310-858-7888
15

16   On Behalf of DC Comics:

17                  PERKINS LAW OFFICE, P.C.
                    BY:  Patrick T. Perkins
18                  1711 Rt. 9D
                    Cold Spring, New York  10516
19                  845-265-2820

20

21

22

23

24

25
```

```
 1           MR. BERGMAN:  Yes, Your Honor.  Everything has been
 2   done in that respect.
 3           MR. TOBEROFF:  Yes, Your Honor.
 4           THE COURT:  Excellent.
 5           And you're all set for April 21st?
 6           MR. BERGMAN:  Yes, sir.
 7           MR. TOBEROFF:  Yes, sir.
 8           THE COURT:  Excellent.  Okay.
 9           MR. BERGMAN:  If I might raise one point in
10   connection with that.
11           THE COURT:  Sure.
12           MR. BERGMAN:  And I don't mean to be presumptuous,
13   but in preparing for the trial and looking over where we stand,
14   it seems to me that there may be a more efficient way of
15   dealing with the evidence than as is presently structured.
16           If Your Honor will recall, there were 23 documents
17   which had been produced by the defendants, which the plaintiffs
18   objected to, and Your Honor ruled that they may come into
19   evidence.
20           THE COURT:  Right.
21           MR. BERGMAN:  There were certain subpoenaed
22   agreements which had been subpoenaed by the plaintiffs through
23   trial subpoenas that we objected to.  Your Honor ruled that
24   they could not be admitted in plaintiffs' case-in-chief, but
25   that if the defendants were to utilize their agreements, then
```

1    the plaintiffs could produce their agreements in rebuttal.
2           **THE COURT:**  Exactly.
3           **MR. BERGMAN:**  It seems to me that is unnecessarily
4    complex, and that if Your Honor were agreeable, the defendants
5    are agreeable to withdrawing their timeliness objection to the
6    documents, reserving their other objections, if any, and
7    permitting the plaintiffs to introduce all of their agreements
8    in their case-in-chief, so that we could defend against all of
9    the agreements at one time, rather than bifurcating the
10   procedure.
11          **THE COURT:**  That makes sense to me.
12          Is there any concern by the plaintiff?
13          **MR. TOBEROFF:**  No, Your Honor.  It makes sense to me.
14   I'm just curious why that wasn't brought up to me.
15          **THE COURT:**  Sometimes it's best not to ask the
16   question and just accept with gratitude the reasonable
17   suggestion.
18          **MR. BERGMAN:**  One other point, if I may, Your Honor.
19          The defendants intend on moving against certain
20   portions of the substitute expert's report.
21          Would Your Honor prefer that we do that at trial or
22   in an ex-parte motion?
23          **THE COURT:**  At trial, given that this is a bench
24   trial.
25          **MR. BERGMAN:**  Thank you, Your Honor.