1  WEISSMANN WOLFF BERGMAN
     COLEMAN GRODIN & EVALL LLP
2  Michael Bergman (SBN 37797)
   Anjani Mandavia (SBN 94092)
3  Adam Hagen (SBN 218021)
   9665 Wilshire Boulevard, Ninth Floor
4  Beverly Hills, California 90212
   Telephone: (310) 858-7888
5  Fax: (310) 550-7191

6  FROSS ZELNICK LEHRMAN & ZISSU, P.C.
   Roger L. Zissu (Admitted *pro hac vice*)
7  James D. Weinberger (Admitted *pro hac vice*)
   866 United Nations Plaza
8  New York, New York 10017
   Telephone: (212) 813-5900
9  Fax: (212) 813-5901

10  PERKINS LAW OFFICE, P.C.
    Patrick T. Perkins (Admitted *pro hac vice*)
11  1711 Route 9D
    Cold Spring, New York 10516
12  Telephone: (845) 265-2820
    Fax: (845) 265-2819

13

14  Attorneys for Defendants and Counterclaimant

15              **UNITED STATES DISTRICT COURT**

16              **CENTRAL DISTRICT OF CALIFORNIA**

17  | JOANNE SIEGEL and LAURA SIEGEL LARSON, | Case No. CV 04-8400 SGL (RZx) |
    |---|---|
18  | Plaintiffs, | Hon. Stephen G. Larson, U.S.D.J. |
19  | vs. | |
20  | WARNER BROS. ENTERTAINMENT INC.; TIME WARNER INC.; DC COMICS; and DOES 1-10, | **DEFENDANTS' APPLICATION UNDER L.R. 79-5.1 TO HAVE CERTAIN PHASE I TRIAL EXHIBITS AND RELATED TESTIMONY PLACED UNDER SEAL** |
21  | Defendants. | |
22  | AND RELATED COUNTERCLAIMS | |

23

24

25

26

27

28

{F0456695.1 }

**DEFENDANTS' APPLICATION UNDER L.R. 79-5.1 TO HAVE CERTAIN PHASE I TRIAL EXHIBITS AND RELATED TESTIMONY PLACED UNDER SEAL**

1    Defendants submit this application pursuant to Local Rule 79-5.1 to have
2  certain exhibits and trial testimony in the above-referenced action placed under seal.
3  Specifically, Defendants seek to place under seal Exhibits 1125 (an X-Men motion
4  picture agreement) and 1097-1099 (the Harry Potter motion picture agreements), as
5  well as all testimony that discloses the terms set forth therein.

6                                    **ARGUMENT**

7    Central District Local Rule 79-5.1 provides, in part, that "[e]xcept when
8  authorized by statute or federal rule, or the Judicial Conference of the United States,
9  no case or document shall be filed under seal without prior approval by the Court.
10  Where approval is required, a written application and a proposed order shall be
11  presented to the judge along with the document submitted for filing under seal."
12  C.D. Cal. L.R. 79-5.1.[1]  Courts in this district grant sealing applications herewith
13  upon a showing that the document and/or testimony contains confidential
14  information, whether under a stipulated protective order or otherwise, and for good
15  cause.  *See*, *e.g.*, *James Ford Inc. v. Ford Dealer Computer Servs. Inc.*, 56 Fed.
16  Appx. 324, 327 (9th Cir. 2003) (recognizing district court's discretion to seal
17  "information that is genuinely privileged or protectable as a trade secret or otherwise
18  has a compelling need for confidentiality.") (internal quotation marks omitted);
19  *Langer Juice Co. v. Yantai North Andre Juice Co.*, No. CV-06-1354 SVW (CWx),
20  2007 WL 4800634, *1 (C.D. Cal. Jan. 16, 2007); *JDS Uniphase Corp. v.*
21  *Metconnex, Inc.*, No. CV 05-5371 JFW (SSx), 2006 WL 5112613, *1 (C.D. Cal.
22  June 26, 2006); *In re Paxil Prods. Liab. Litig.*, No. CV 01-7937 MRP (CWx), 2005
23  WL 5957792, *1 (C.D. Cal. Apr. 1, 2005).

24
_____
25  [1] Defendants are mindful of certain technical obligations of Local Rule 79-5.1 sealing applications (*i.e.*, the providing of manually filed copies of the documents in
26  question in sealed envelopes).  Given the circumstances of the instant motion, *i.e.*, that it is being made during trial, in the event that the Court grants the instant
27  application, Defendants respectfully request leave to comply with such technical obligations as soon as is practicable after the close of evidence on Wednesday, May
28  13, 2009.

{F0456695.1 }

**DEFENDANTS' APPLICATION UNDER L.R. 79-5.1 TO HAVE CERTAIN PHASE
I TRIAL EXHIBITS AND RELATED TESTIMONY PLACED UNDER SEAL**

1    Here, Defendants respectfully submit that there is good cause for sealing four

2 highly confidential agreements relating to rights acquisitions that have been

3 identified as trial exhibits in the above-referenced action.

4 **A.    Exhibit 1125**

5    Exhibit 1125 is an agreement between Twentieth Century Fox and Marvel

6 Entertainment concerning the acquisition of film rights to X-Men.  Exhibit 1125 was

7 produced by Fox in response to Defendants' trial subpoena, and such production

8 was on the basis that Defendants would treat the document as highly confidential

9 and seek to have it, along with any testimony concerning its terms, under seal.  (*See*

10 Declaration of Wayne M. Smith ("Smith Dec."), ¶ 2 & Exh. A).[2]  Plaintiffs also

11 agreed to this terms as a condition of Fox's production of Exhibit 1125 to them.  (*Id.*

12 ¶ 2.)  Exhibit 1125 was marked by Defendants for identification for the sole purpose

13 of refreshing the recollection of Defendants' witness Paul Levitz, who briefly

14 testified as to its terms.  (Trial Tr. 1085:19-1086:1.)

15    Defendants are advised that the terms of Exhibit 1125, a rights acquisition

16 agreement for a well-known comic book property in film, are not public and are

17 highly confidential to both Fox and Marvel.  (Smith Dec. Exh. A.)  Moreover, such

18 agreements and their terms fall squarely under the definition of "Confidential

19 Information" provided in the Protective Order entered in this action.  (*See* Apr. 5,

20 2006 Protective Order, ¶¶ 4(iv) & 4(a)-(c) (covering non-public agreements and

21 writings disclosing the terms thereof, provided that (a) such documents contain

22 confidential information, (b) the disclosure of such documents could harm the

23 producing party competitively *or* (c) the disclosure of such documents could harm a

24 current or future business relationship between the producing party and some third

25 party)).

26

27 _____

[2] On Defendants' application during trial, such Exhibit has been provisionally placed under seal by this Court.

28

{F0456695.1 }

2

**DEFENDANTS' APPLICATION UNDER L.R. 79-5.1 TO HAVE CERTAIN PHASE I TRIAL EXHIBITS AND RELATED TESTIMONY PLACED UNDER SEAL**

1    As such, Defendants respectfully submit that there is good cause for the

2 requested sealing of Exhibit 1125 and Mr. Levitz's testimony at Trial Tr. 1085:19-

3 1086:1.

4  **B.    Exhibits 1097, 1098 and 1099**

5    Exhibits 1097, 1098 and 1099 are the agreements by which defendant Warner

6 Bros. Entertainment Inc. obtained the right to exploit the Harry Potter novels by J.K.

7 Rowling as feature films.  All three exhibits have been identified,[3] and certain

8 sensitive provisions thereof were testified to by Plaintiffs' expert Mark Halloran

9 during direct and cross-examination at trial.  (*See* Trial Tr. at 402:12-18, 510:24-

10 511:17, 526:22-527:11, 529:6-530:8, 530:15-24 and 771:18-773:22.)

11    Just as Fox considers the terms of Exhibit 1125 to be highly confidential and

12 proprietary (Smith Dec. ¶ 2 & Exh. A), Warner considers the terms of Exhibits

13 1097, 1098 and 1099 to be sensitive and highly confidential, and containing

14 proprietary business information.  (Declaration of Katherine Chilton ("Chilton

15 Dec.", ¶¶ 2-3.)  Specifically, Warner has consistently safeguarded the confidential

16 and proprietary nature of the terms of the Harry Potter agreements with Ms.

17 Rowling, and has not disclosed those agreements or their terms to third parties

18 unless there is a protective order in place (in the case of litigation) or some other

19 agreement or understanding that the terms will be treated as confidential.  (*Id.* ¶ 3.)

20 In addition, Ms. Rowling treats the terms of the Harry Potter agreements, including

21 those terms relating to her personal financial compensation under those agreements,

22 to be confidential, and under no circumstances would Warner disclose, or feel

23 comfortable disclosing, those terms to a third party on a non-confidential basis

24 without Ms. Rowling's or her representatives' express consent.  (*Id.* ¶ 4.)[4]

25

26 [3] On Defendants' application at trial, such Exhibits have been provisionally placed under seal by this Court.

27 [4] As stated by the California Attorney General in Opinion No. 99-301, 82 Op. Atty.
Gen. Cal. 159 (August 6, 1999), "[w]e have no doubt that the constitutional right of
28 privacy generally covers information about a person's personal financial affairs."

1    Moreover, Warner routinely takes steps to protect from public disclosure the

2  personal financial information of the individuals with which it contracts.  (*See* Smith

3  Dec. ¶ 3.)  Warner also regularly seeks protection of its agreements with talent and

4  other third parties on the grounds that those agreements contain proprietary

5  information, the public disclosure of which would cause damage to Warner.  (*Id.* ¶ 4

6  (describing proprietary nature of financial information relating to motion picture and

7  television production as well as disclosure of said information without proper

8  protections .)

9    Finally, as with Exhibit 1125, the terms contained in Exhibits 1097, 1098 and

10  1099 fall squarely under the definition of "Confidential Information" provided in the

11  Protective Order entered in this action.  (*See* Apr. 5, 2006 Protective Order, ¶¶ 4(iv)

12  & 4(a)-(c) (covering non-public agreements and writings disclosing the terms

13  thereof, provided that (a) such documents contain confidential information, (b) the

14  disclosure of such documents could harm the producing party competitively *or* (c)

15  the disclosure of such documents could harm a current or future business

16  relationship between the producing party and some third party)).

17    Defendants thus submit that good cause exists for the sealing of Exhibits

18  1097, 1098 and 1099 and the identified testimony relating thereto.

19  ## CONCLUSION

20    For the reasons set forth herein, pursuant to Local Rule 79-5.1 and for good

21  cause shown, Defendants request that the Court enter an order in the form provided

22  herewith sealing Exhibits 1125, 1097, 1098 and 1099, as well as the trial testimony

23  found at the following transcript pages:  1085:19-1086:1, 402:12-18, 510:24-511:17,

24  526:22-527:11, 529:6-530:8, 530:15-24 and 771:18-773:22.

25

26  *Citing Doyle v. State Bar*, 32 Cal. 3d 12, 19 (1982); *Valley Bank of Nevada v. Superior Court*, 15 Cal. 3d 652, 656 (1975); *Burrows v. Superior Court*, 13 Cal. 3d

27  238, 243 (1974); *Sehlmeyer v. Department of General Services*, 17 Cal. App. 4th 1072, 1078 (1993); *Moskowitz v. Superior Court*, 137 Cal. App. 3d 313, 315 (1982);

28  *Rifkind v. Superior Court*, 123 Cal. App. 3d 1045, 1050-1051 (1981).

**DEFENDANTS' APPLICATION UNDER L.R. 79-5.1 TO HAVE CERTAIN PHASE I TRIAL EXHIBITS AND RELATED TESTIMONY PLACED UNDER SEAL**

1  DATED:  May 12, 2009                    Respectfully submitted,

2                                          WEISSMANN WOLFF BERGMAN
                                              COLEMAN GRODIN & EVALL LLP
3                                          FROSS ZELNICK LEHRMAN & ZISSU, P.C.
                                              -and-
4                                          PERKINS LAW OFFICE, P.C.

5

6                                          By:_____/s/_____
                                                Patrick T. Perkins
7

8                                          Attorneys for Defendants and Counterclaimant

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{F0456695.1 }                                          5