WEISSMANN WOLFF BERGMAN
  COLEMAN GRODIN & EVALL LLP
Michael Bergman (SBN 37797)
Anjani Mandavia (SBN 94092)
Adam Hagen (SBN 218021)
9665 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212
Telephone: (310) 858-7888
Fax: (310) 550-7191

FROSS ZELNICK LEHRMAN & ZISSU, P.C.
Roger L. Zissu (Admitted *pro hac vice*)
James D. Weinberger (Admitted *pro hac vice*)
866 United Nations Plaza
New York, New York 10017
Telephone: (212) 813-5900
Fax: (212) 813-5901

PERKINS LAW OFFICE, P.C.
Patrick T. Perkins (Admitted *pro hac vice*)
1711 Route 9D
Cold Spring, New York 10516
Telephone: (845) 265-2820
Fax: (845) 265-2819

Attorneys for Defendants and Counterclaimant

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE SIEGEL and LAURA SIEGEL LARSON,<br><br>            Plaintiffs,<br><br>    vs.<br><br>WARNER BROS. ENTERTAINMENT INC.; TIME WARNER INC.; DC COMICS; and DOES 1-10,<br><br>            Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. CV 04-8400 SGL (RZx)<br><br>Hon. Stephen G. Larson, U.S.D.J.<br><br>**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS' APPLICATION UNDER L.R. 79-5.1 TO HAVE CERTAIN PHASE I TRIAL EXHIBITS AND RELATED TESTIMONY PLACED UNDER SEAL** |

{F0458662.2 }

**REPLY BRIEF RE: DEFENDANTS' L.R. 79-5.1 APPLICATION**

Defendants submit this brief reply to Plaintiffs' Opposition to Defendants' Application Under L.R. 79-5.1 to Have Certain Phase I Trial Exhibits and Related Testimony Placed Under Seal (the "Opposition"). Because the Opposition fails to rebut Defendants' showing of good cause in their application, Defendants respectfully request that the Court seal Exhibits 1125 (an X-Men motion picture agreement) and 1097-1099 (the *Harry Potter* motion picture agreements), as well as testimony concerning those terms.[1]

First, Plaintiffs challenge Defendants' claim that disclosure of the terms of the *Harry Potter* agreements in question would harm them competitively. But this is precisely what Defendants have demonstrated. (*See* Chilton Dec. ¶¶ 2-3; Smith Dec. ¶ 3-4.)  Moreover, the issue is not merely potential competitive harm to Warner: the terms of the *Harry Potter* agreement are also sensitive *to third parties to this litigation* (Chilton Dec. ¶ 4), and Warner is acting to protect that interest.

Second, Plaintiffs' argument that because Defendants have not sought to seal every single agreement in the case, their efforts to seal the *Harry Potter* agreements must be without good cause, represents the height of cynicism.  Defendants have carefully considered and weighed the Court's concerns about the desirability of trials being public proceedings, and have only sought to seal those documents where confidentiality is deemed critical.  Defendants should hardly be penalized for trying to accommodate the Court's preference that the proceedings be as open as possible.

Third, while Defendants do not quibble with the authority cited by Plaintiffs for the general propositions concerning the public right of access to trials in this country, granting of Defendants' sealing application would hardly place a chilling effect on the public's right to know.  As stated above, Defendants only seek to seal

---

[1] Plaintiffs do not oppose Defendants' application to have the X-Men agreement and related testimony placed under seal, demonstrating that, when it suits their purposes (they agreed to seal the exhibit in question as a condition of receiving a copy of the agreement from Fox), they have no qualms about sealing a portion of the record despite the alleged "natural public interest" in the instant action.

{F0458662.2 }

**REPLY BRIEF RE: DEFENDANTS' L.R. 79-5.1 APPLICATION**

four exhibits of several hundred in this phase of the trial, none of which plays a central role with respect to the challenged Superman agreements. As for trial testimony, the approximately 6 pages of transcript which Defendants seek to seal constitute less than .5% of the total trial. Again, the sealing of a *de minimis* portion of the trial transcript – none of which concerns the challenged Superman agreements – does not impact the public right to access in any meaningful or material way.

## CONCLUSION

For the reasons set forth herein, pursuant to Local Rule 79-5.1 and for good cause shown, Defendants request that the Court enter an order in the form provided herewith sealing Exhibits 1125, 1097, 1098 and 1099, as well as the trial testimony found at the following transcript pages: 1085:19-1086:1, 402:12-18, 510:24-511:17, 526:22-527:11, 529:6-530:8, 530:15-24 and 771:18-773:22.[2]

DATED: May 18, 2009

Respectfully submitted,

WEISSMANN WOLFF BERGMAN
  COLEMAN GRODIN & EVALL LLP
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
-and-
PERKINS LAW OFFICE, P.C.

By: /s/
    Patrick T. Perkins

Attorneys for Defendants and Counterclaimant

---

[2] Defendants also request the sealing of additional testimony relating to the agreements in question which was not transcribed prior to the filing of the application, namely that located at pages 1126:2-6, 1128:3-10.