UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.   CV 04-08400-SGL (RZx)                              Date: September 25, 2009

Title:   JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON; an individual -v- WARNER BROS. ENTERTAINMENT INC., a corporation; TIME WARNER INC., a corporation; DC COMICS INC., a corporation; and DOES 1-10

==========================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

   Cindy Sasse                                       None Present
   Courtroom Deputy                                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                         None present

PROCEEDINGS:   ORDER TO SHOW CAUSE WHY COURT-APPOINTED EXPERT/SPECIAL MASTER SHOULD NOT BE APPOINTED; ORDER IDENTIFYING COURT-APPROVED CANDIDATES TO SERVE AS COURT-APPOINTED EXPERT/SPECIAL MASTER

   As previously disclosed, the Court has tentatively found it advisable to retain an independent court-appointed expert/special master for the upcoming accounting trial in the Superman litigation, given the manner and type of evidence which was presented in the previous alter ego trial (namely, the widely-divergent, partisan nature of the expert testimony presented and the vast swaths of evidence, indeed the most relevant and pertinent ones, left unexplored and not presented to the Court for consideration at trial).[1]  <u>See</u> WEINSTEIN'S EVIDENCE MANUAL § 13.06[2] at

---

   [1] To remove any ambiguity on the point, the court-appointed expert/special master envisioned by the Court is completely separate from the parties' discussion in their earlier briefs concerning the question over the possible appointment of a special master who would submit a report and recommendation to the Court regarding the question of apportionment.  Whether such a special master (separate and apart from, or as an expansion of the duties the court-appointed expert/special master discussed by the Court in this order) is appropriate is left to the judicial

13-40 to 13-41 ("Court-appointed experts are useful when the court feels there is a need for an impartial, independent assessment of a disputed issue.  Court-appointed experts can provide a fresh perspective on highly technical matters when each side has shopped for experts most favorable to its position").  The Court has afforded the parties an opportunity to mutually agree to an individual to serve in that capacity, but was recently informed that they were unable to reach such a stipulation.  Accordingly, the Court now proffers for the parties' consideration the following individuals (with their respective curriculum vitae attached to the present order) to serve in that capacity:

1.  Professor F. Jay Dougherty

2.  Douglas C. Emhoff

3.  Bonnie E. Eskenazi

4.  Professor Peter S. Menell

    Each side may submit to the Court their conflict-based objections to any, or all, of the above-named individuals.  Moreover, each side is afforded an opportunity to submit their preferences among the individuals listed.  Such a submission of conflict-based objections/preferences is to be filed with the Court <u>in camera</u> by October 9, 2009.

    The Court thereafter will take up the issue of whether to appoint such an expert/special master and the precise nature of the position's duties, responsibilities, and authority at the conclusion of the October 19, 2009, hearing already set for other matters in this case.

    To assist the parties in gauging both their preferences and/or any conflict-based objections they may have to the above-named individuals, the Court will broadly summarize the anticipated scope of the position's duties, responsibilities, and the authority conferred below:

**A**.  Submission of a report providing the court-appointed expert/special master's opinion regarding how much he or she believes is owed from DC Comics to the plaintiffs as part of the accounting of profits generated from the post-termination exploitation of the copyright the Court has found that the parties' co-own to certain Superman works (namely, the Superman material contained in <u>Action Comics</u> No. 1, <u>Action Comics</u> No. 4, <u>Superman</u> No. 1 (pages 3 through 6), and the first two weeks of Superman newspaper strips).

**B**.  In tendering that opinion, with the ultimate conclusion contained therein, the expert is to identify how he or she arrived at that conclusion, including consideration of such issues as apportionment.

---

officer to whom this case is subsequently assigned to resolve.

MINUTES FORM 90                                                                                          Initials of Deputy Clerk __cls_____
CIVIL -- GEN                                          2

**C**.  Prior to trial, the court-appointed expert/special master shall make him or herself available to being deposed by either side regarding his or her report

**D**.  The court-appointed expert/special master shall be made available to provide testimony, subject to cross-examination, at the accounting trial exploring the opinion(s) contained within his or her report.

**E**.  Both sides shall provide the court-appointed expert/special master with access to any and all records, regardless of the medium or media of the maintenance of those records, that the court-appoint expert/special master deems necessary to enable him or her to provide said expert report and later testimony at trial regarding an accounting of profits between the parties.

**F**.  The authority to provide said documents extends to any and all related entities the court-appointed expert/special master deems necessary.

**G**.  The authority to seek the services of fellow professionals (as well as para-professionals and support staff) necessary to accomplish the tasks identified above.  The provisions of authority would extend to the court-appointed expert/special master's delegatees as he or she so directs.

**H**.  If any disputes arises over the court-appointed expert/special master's request for documents, the parties and/or the court-appointed/special master are, after seeking to resolve the matter informally amongst themselves, authorized to file a motion with the Court for resolution of the dispute

**I**.  The court-appointed expert/special master shall submit monthly billing reports to the Court and the parties, with the costs identified therein to be borne equally by both parties, *with the proviso that the Court may, at the conclusion of the accounting trial, shift some or all of the expert's expenses to the losing party*.

**J**.  The court-appointed expert/special master is barred from relying on extra-record information in arriving at his or her opinions in the report.

**K**.  The court-appointed expert/special master is further prohibited from engaging in <u>ex parte</u> communications with the Court.

 The appointment of such a court-appointed expert/special master is <u>not</u> meant to be done in lieu of the parties' ability to call their own experts, who can provide their own opinions as well as rebut, criticize, or comment upon the court-appointed expert/special master's report and trial testimony.  Thus, to be clear, both parties shall continue to have the ability to present their own experts at the up-coming accounting trial.

CV 04-08400-SGL (RZx)
JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON; an individual v WARNER BROS. ENTERTAINMENT INC., a corporation; TIME WARNER INC., a corporation; DC COMICS INC., a corporation; and DOES 1-10
MINUTE ORDER of September 25, 2009

    These, of course, are but the broad parameters of the authority and responsibilities envisioned by the Court that the court-appointed expert/special master would have leading up to the accounting trial.  Undoubtedly, the finer points on many of these will be fleshed out further at the October 19 hearing and may require further refinement before the Court decides on whether such an appointment is necessary, and, if so, who the court-appointed expert/special master should be.

    Accordingly, to that end, the Court **ORDERS** the parties to **SHOW CAUSE** why a court-appointed expert/special master in the fashion described above should not be appointed for the upcoming accounting trial.  The hearing on the Order to Show Cause is set for October 19, 2009, at 11:00 a.m.

    Finally, the Court has been informed that its previous offer to provide mediation services to assist in resolving this matter has been declined.

    IT IS SO ORDERED.