Marc Toberoff (CA State Bar No. 188547)
Nicholas C. Williamson (CA State Bar No. 231124)
Keith G. Adams (CA State Bar No. 240497)
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Telephone: (310) 246-3333
Facsimile: (310) 246-3101
MToberoff@ipwla.com

Attorneys for Plaintiffs and Counterclaim Defendants
JOANNE SIEGEL and LAURA SIEGEL LARSON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> WARNER BROS. ENTERTAINMENT INC., a corporation; TIME WARNER INC., a corporation; DC COMICS, a general partnership; and DOES 1-10, <br><br> Defendants. | Case No: CV 04-8400 SGL (RZx) <br><br> Hon. Stephen G. Larson, U.S.D.J. <br><br> **PLAINTIFFS JOANNE SIEGEL AND LAURA SIEGEL LARSON'S OBJECTIONS TO DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 12, 2009 ORDER** <br><br> Date: October 19, 2009 <br> Time: 11:00 a.m. <br> Place: Courtroom 1 |
| DC COMICS, <br><br> Counterclaimant, <br><br> vs. <br><br> JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON, an individual, <br><br> Counterclaim Defendants. | |

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' MOTION FOR RECONSIDERATION

Plaintiffs Joanne Siegel and Laura Siegel Larson ("Plaintiffs") respectfully submit the following Objections to the declarations and purported evidence offered in support of Defendants' Motion for Reconsideration of the Court's August 12, 2009 Order ("Motion"). Plaintiffs respectfully object and move to strike the designated portions of the declarations and other evidence set forth below for the reason that said portions violate the Federal Rules of Evidence and/or constitute improper testimony.

### I.   Declaration of Jeremy N. Williams

Firstly, Plaintiffs object generally to the Declaration of Jeremy N. Williams ("Williams") as a clear violation of Local Rule 7-18(b), which only allows a motion for reconsideration on the grounds of "the emergence of new material facts or a change of law occurring after the time of such decision." Defendants' Motion for the *first* time makes purported policy arguments against the Register of Copyrights' "harmless error" rule (37 C.F.R. § 201.10(e)), and uses Williams' declaration to improperly *argue* their position.

Defendants previously argued in their Motion for Summary Judgment (filed April 30, 2007) against the application of the "harmless error" rule to the so-called "promotional announcements." *See* Defendants' Brief in Support of Motion for Partial Summary Judgment at 39:14- 42:5. Defendants also argued against the application of the "harmless error" rule to the first two weeks of the Superman newspaper strips. *See* Defendants' Objection and Response to New Arguments Made at Hearing (filed September 18, 2008) at 7:2-6. In neither instance did Defendants advance the policy arguments they do now, when they easily could have done so. There is nothing "new" about the purported "evidence" they proffer, or their position. As Williams states, he has worked for Defendants since 1998. *See* Declaration of Jeremy N. Williams ("Williams Decl.") at ¶¶ 1, 6-7. Due to Defendants' failure to comply with Local Rule 7-18(b), Williams' declaration should be stricken.

Williams' declaration should also be stricken as it is rife with improper lay

opinion (F.R.E. 701, 702),[1] argument and hearsay (F.R.E. 802).  Williams Decl., ¶¶ 4-10.  Here, Williams is testifying as to the broad policy implications of the Court's ruling with respect to "harmless error."  *See, e.g.,* Williams Decl., ¶¶ 5 ("I view this standard as completely unworkable from a practical perspective"), 6 ("It has been our long held view – one I believe is prevalent in the motion picture business…"), 9 ("For a company investing many millions of dollars … this presents an untenable situation"), 10 ("the Court's new rule … creates uncertainties in a situation where practitioners require precisely the opposite").  Such testimony is manifestly improper lay opinion.  Moreover, it is doubtful Williams even qualifies as a percipient witness in this matter.  Neither the notices of termination at issue in this case nor "Superman" are ever mentioned in Williams' declaration.

The Williams Declaration is, on its face, an improper attempt to advance legal arguments through a declaration.  Declarations must "state *facts* that would be admissible evidence (rather than hearsay statements by others, or the declarant's opinions or conclusions)."  Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial* § 12:57 (Rutter Group 2009) (emphasis in original).  *See also Tri-Valley Cares v. DOE*, 203 Fed. Appx. 105, 108 (9th Cir. 2006) (affirming the exclusion of declarations that "contained impermissible legal conclusions, opinions from lay witnesses, or political statements"); *Sears Sav. Bank v. Insurance Co. of N. Am.*, 1994 U.S. App. LEXIS 37256, at *3 (9th Cir. 1994) (affirming the exclusion of declaration because it "offer[ed] conclusory legal opinion rather than personal knowledge").

---

[1] Lay witnesses can only offer an opinion "rationally based" on their perception (*e.g.*, "the car was moving very fast") as a percipient witness in a case.  F.R.E. 701.  However, lay witnesses are precluded from expressing an opinion based on specialized knowledge within the scope of F.R.E. 702, as the "mere percipience of a witness to the facts on which he wishes to tender an opinion does not trump Rule 702."  *U.S. v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997) (holding that a lay opinion was based on specialized knowledge and thus should have been subject to the requirements of F.R.E. 702).  *See* F.R.E. 701(c); *Jerden v. Amstutz*, 430 F.3d 1231 (9th Cir. 2005) (admission of lay opinion constituted reversible error where witness "did not merely relate his factual observations of what occurred that was within his competence to describe; instead he rendered opinions and inferences that he drew from his observations").

This is particularly flagrant as Williams is an attorney who should know better. It clear from Williams' arguments that Defendants have used his declaration to circumvent the seven-page limit set by the Court in its September 21, 2009 order for the parties' reconsideration briefs.

Like Defendants' main brief, Williams' "brief" attacks the straw man that the Court has fashioned a new "harmless error" rule or "standard." It is evident, however, from the tone and explicit statements in the Court's August 12, 2009 Order ("Order") that it was not attempting to fashion a "new rule," "standard" or "test," but was simply applying the regulations' "general [harmless error] rule" to the relevant facts of this case, as contemplated by the Register of Copyrights and its broadly-stated "harmless error" rule. *See, e.g.,* Order at 91:5-7; 37 C.F.R. § 201.10(e); 42 F.R. 45916, 45919.

Williams argues "[i]t is not our practice to attempt to divine the subjective intent of those who serve termination notices, as that is neither practical nor feasible," that Defendants should not have to "read the minds of terminating parties," and that "[w]e are simply not in a position to speculate." Williams Decl., ¶ 8. Such statements are devoid of meaning *when applied to the facts of this case*. Here, there was no need to "divine" Plaintiffs' intent or to "read the [Plaintiffs'] minds" because they stated their intent flat out in their notices of termination as follows: "[t]his Notice of Termination applies to each and every work … that embodies any character, story element or indicia reasonably associated with SUPERMAN or SUPERMAN stories," providing Warner Bros. with adequate notice that Plaintiffs intended to terminate every Superman work possible. *See* Declaration of Michael Bergman in Support of Defendants' Motion for Summary Judgment, Ex. X at 3 n.1; August 12, 2009 Order ("Order") at 85.

Williams incredulously argues that individual authors and their heirs "are in a far better position to make the determination of what works are subject to termination." Williams Decl., ¶ 8. Here, the opposite is true. Defendants had been

3
PLAINTIFFS' OBJECTIONS TO DEFENDANTS' MOTION FOR RECONSIDERATION

exclusively exploiting the Superman character for *sixty years* at the time the terminations became effective.  DC Comics and Warner Bros. naturally have superior knowledge of their predecessors' actions and superior access to relevant works and documentation.  Moreover, the Register of Copyrights rightly anticipated that notice recipients would conduct their own investigation, stating "there is no real reason to believe that recipients of termination notices will rely on such statements [in the notice] rather than on their own review of the nature of the work and grant."  42 F.R. 45916, 45918.

Williams' argument that "[t]he task of evaluating termination notices requires precision" (Williams Decl., ¶ 7) is belied by the very experience of the parties and the Court in tackling the numerous and often complex issues implicated by a notice of termination under the Copyright Act during this ongoing five-year litigation.

Williams "constructive notice" argument (Williams Decl., ¶ 9) regarding Warner Bros.' purported inability to locate termination notices at the Copyright Office is similarly unpersuasive.   In most cases, as in this one, Defendants would have actual notice of a relevant notice of termination as a grantee or successor in interest, mooting constructive notice issues.  17 U.S.C. § 304(c)(4); 37 C.F.R. § 201.10(d).  Moreover, Williams states that "in addition to its own research" Warner Bros. routinely "orders … copyright reports from Thompson & Thompson."  Williams Decl. at 3:22-23.  It is hard to imagine that anyone conducting a reasonable search at the Copyright Office, let alone Thompson & Thompson, would not come across Plaintiffs' notices of termination, which listed over 2,000 Superman works.  Moreover, no studio could produce a derivative work based solely on twelve isolated daily newspaper strips.  Williams' *parade of horrors* argument that the "harmless error rule" will leave Warner Bros. and other studios in the dark with millions of dollars at risk is unavailing.

Plaintiffs offer the following additional objections to the Williams declaration:
///

| EVIDENCE | OBJECTION |
|---|---|
| 1. Declaration of Jeremy N. Williams ("Williams Decl."), ¶ 2. | 1. Improper lay opinion. FRE 701, 702. *U.S. v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997); *Bank of China v. NBM, LLC*, 359 F.3d 171 (2d Cir. 2004). |
| 2. Williams Decl., ¶ 3. | 2. Improper lay opinion. FRE 701, 702. *U.S. v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997); *Bank of China v. NBM, LLC*, 359 F.3d 171 (2d Cir. 2004). |
| 3. Williams Decl., ¶ 4. | 3. Lack of foundation. Lack of personal knowledge. FRE 602. Improper lay opinion. FRE 701, 702. *U.S. v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997); *Bank of China v. NBM, LLC*, 359 F.3d 171 (2d Cir. 2004). Legal conclusion. FRE 701. *The Pinal Creek Group v. Newmont Mining Corp.*, 352 F.Supp.2d 1037, 1042 (D. Ariz. 2005). Irrelevant, self-serving and prejudicial. FRE 401, 403. |
| 4. Williams Decl., ¶ 5. | 4. Lack of foundation. Improper lay opinion. FRE 701, 702. *U.S. v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997); *Bank of China v. NBM, LLC*, 359 F.3d 171 (2d Cir. 2004). Legal conclusion. FRE 701. *The Pinal Creek Group v. Newmont Mining Corp.*, 352 F.Supp.2d 1037, 1042 (D. Ariz. 2005). |

| | | |
|---|---|---|
| | | Irrelevant, self-serving and prejudicial. FRE 401, 403. |
| 5. | Williams Decl., ¶ 6. | 5. Lack of foundation. Lack of personal knowledge. FRE 602. Improper lay opinion. FRE 701, 702. *U.S. v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997); *Bank of China v. NBM, LLC*, 359 F.3d 171 (2d Cir. 2004). Irrelevant, self-serving and prejudicial. FRE 401, 403. Hearsay, as Williams is testifying as to the purported contents of documents. FRE 802, 1002. |
| 6. | Williams Decl., ¶ 7. | 6. Lack of foundation. Lack of personal knowledge. FRE 602. Improper lay opinion. FRE 701, 702. *U.S. v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997); *Bank of China v. NBM, LLC*, 359 F.3d 171 (2d Cir. 2004). Legal conclusion. FRE 701. *The Pinal Creek Group v. Newmont Mining Corp.*, 352 F.Supp.2d 1037, 1042 (D. Ariz. 2005). Irrelevant, self-serving and prejudicial. FRE 401, 403. Hearsay, as Williams is testifying as to the purported contents of documents. FRE 802, 1002. |
| 7. | Williams Decl., ¶ 8. | 7. Lack of foundation. Lack of personal knowledge. FRE 602. Improper lay opinion. FRE 701, 702. *U.S. v. Figueroa-* |

| | | |
|---|---|---|
| | | *Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997); *Bank of China v. NBM, LLC*, 359 F.3d 171 (2d Cir. 2004).  Legal conclusion.  FRE 701.  *The Pinal Creek Group v. Newmont Mining Corp.*, 352 F.Supp.2d 1037, 1042 (D. Ariz. 2005).  Irrelevant, self-serving and prejudicial.  FRE 401, 403.  Hearsay, as Williams is testifying as to the purported contents of documents.  FRE 802, 1002. |
| | 8. Williams Decl., ¶ 9. | 8.   Lack of foundation.  Lack of personal knowledge.  FRE 602.  Improper lay opinion.  FRE 701, 702.  *U.S. v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997); *Bank of China v. NBM, LLC*, 359 F.3d 171 (2d Cir. 2004).  Legal conclusion.  FRE 701.  *The Pinal Creek Group v. Newmont Mining Corp.*, 352 F.Supp.2d 1037, 1042 (D. Ariz. 2005).  Irrelevant, self-serving and prejudicial.  FRE 401, 403.  Hearsay, as Williams is testifying as to the purported contents of documents.  FRE 802, 1002. |
| | 9. Williams Decl., ¶ 10. | 9.  Lack of foundation.  Lack of personal knowledge.  FRE 602.  Improper lay opinion.  FRE 701, 702.  *U.S. v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997); *Bank of China v. NBM, LLC*, 359 |

| | |
|---|---|
| | F.3d 171 (2d Cir. 2004). Legal conclusion. FRE 701. *The Pinal Creek Group v. Newmont Mining Corp.*, 352 F.Supp.2d 1037, 1042 (D. Ariz. 2005). Irrelevant, self-serving and prejudicial. FRE 401, 403. |

## II.  Declaration of Roger L. Zissu

Plaintiffs object to the Declaration of Roger L. Zissu ("Zissu Decl.") as it is riddled with improper lay opinion, argument and hearsay. *See* FRE 701, 702, 803; *U.S. v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997); *Bank of China v. NBM, LLC*, 359 F.3d 171 (2d Cir. 2004).

Plaintiffs also object to Zissu's declaration as an obvious violation of the Court's September 21, 2009 Order limiting the parties' reconsideration briefs to seven pages. Zissu's declaration is nothing more than a thinly-veiled supplemental brief regarding *Burroughs v. Metro-Goldwyn-Mayer, Inc.*, 683 F.2d 610 (2d Cir. 1982) ("*Burroughs*"). *Compare* Zissu Decl., at ¶¶ 2-9 *with* Defendants' Motion at 3:11- 4:6.

The declaration offers *selective* testimony about the notice of termination at issue in *Burroughs* on the basis of Zissu's role in the case, testimony which is not reflected in the reported decisions. *See e.g.*, Zissu Decl., ¶ 8. Zissu offers such testimony based on his alleged access to the case file in *Burroughs*, when the Court and Plaintiffs lack such access, and Defendants have not produced such case file. Plaintiffs are also prejudiced because they have not been afforded an opportunity to depose or cross-examine Zissu as to his allegations.

Defendants have relied on *Burroughs* in the past, but this is the first time they have self-servingly offered purported details of that case to support their arguments. *See* Defendants' Brief in Support of Motion for Partial Summary Judgment at 39:14-

42:5.  Defendants erroneously contend that the Court has announced a bright-line "test" for applying the Register of Copyright's "harmless error" rule.  After distorting and unduly focusing on the Court's comparison of the limited works at issue in *Burroughs* to the numerous newspaper strips and other Superman works that were potentially subject to termination and listed in Plaintiffs' notices, Zissu uses this as an excuse to selectively discuss purported aspects of *Burroughs* – to attack his straw-man.

   Plaintiffs offer the following additional objections to the Zissu declaration:

| EVIDENCE | OBJECTION |
| --- | --- |
| 1. Declaration of Roger L. Zissu ("Zissu Decl."), ¶ 1. | 1.  Lack of foundation.  *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (declarations on "information and belief" entitled to "no weight" where declarant lacks personal knowledge); *Yang Ming Marine Transp. Corp. v. Oceanbridge Shipping Int'l, Inc.*, 48 F. Supp. 2d 1032, 1039 (C.D. Cal. 1999); *Taylor v. List*, 880 F.2d 1040, 1045 n.3 (9th Cir. 1989). |
| 2.  Zissu Decl., ¶ 2. | 2.  Legal conclusion.  FRE 701. *The Pinal Creek Group v. Newmont Mining Corp.*, 352 F.Supp.2d 1037, 1042 (D. Ariz. 2005).   Irrelevant, self-serving and prejudicial.  FRE 401, 403. |
| 3. Zissu Decl., ¶ 3. | 3.  Lack of foundation.  Improper lay opinion.  FRE 701, 702.  *U.S. v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. |

| | | |
|---|---|---|
| 1-3 | | 1997); *Bank of China v. NBM, LLC*, 359 F.3d 171 (2d Cir. 2004).  Irrelevant, self-serving and prejudicial.  FRE 401, 403. |
| 4-9 | 4.  Zissu Decl., ¶ 4. | 4.  Lack of foundation.  Lack of personal knowledge.  FRE 602.  Irrelevant, self-serving and prejudicial.  FRE 401, 403.  Hearsay, as Zissu is testifying as to the purported contents of documents.  FRE 802, 1002. |
| 10-23 | 5. Zissu Decl., ¶ 5. | 5.  Lack of foundation.  Hearsay, as Zissu is testifying as to the purported contents of documents and internet web pages.  FRE 802, 1002.  Lack of personal knowledge.  FRE 602.  Improper lay opinion.  FRE 701, 702.  *U.S. v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997); *Bank of China v. NBM, LLC*, 359 F.3d 171 (2d Cir. 2004).  Legal conclusion.  FRE 701.  *The Pinal Creek Group v. Newmont Mining Corp.*, 352 F.Supp.2d 1037, 1042 (D. Ariz. 2005).  Irrelevant, self-serving and prejudicial.  FRE 401, 403. |
| 24-28 | 6. Zissu Decl., ¶ 6. | 6.  Lack of foundation.  Lack of personal knowledge.  FRE 602.  Improper lay opinion.  FRE 701, 702.  *U.S. v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997); *Bank of China v. NBM, LLC*, 359 |

| | |
|---|---|
| | F.3d 171 (2d Cir. 2004). Irrelevant, self-serving and prejudicial. FRE 401, 403. Hearsay, as Zissu is testifying as to the purported contents of documents. FRE 802, 1002. |
| 7. Zissu Decl., ¶ 7. | 7. Lack of foundation. Lack of personal knowledge. FRE 602. Improper lay opinion. FRE 701, 702. *U.S. v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997); *Bank of China v. NBM, LLC*, 359 F.3d 171 (2d Cir. 2004). Irrelevant, self-serving and prejudicial. FRE 401, 403. Hearsay, as Zissu is testifying as to the purported contents of a document. FRE 802, 1002. |
| 8. Zissu Decl., ¶ 7, Exhibit "A" | 8. Lack of foundation and authentication. Irrelevant, self-serving and prejudicial. FRE 401, 403. |
| 9. Zissu Decl., ¶ 8. | 9. Lack of foundation. Hearsay, as Zissu is testifying as to the purported contents of documents. FRE 802, 1002. Improper lay opinion. FRE 701, 702. *U.S. v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997); *Bank of China v. NBM, LLC*, 359 F.3d 171 (2d Cir. 2004). Legal conclusion. FRE 701. *The Pinal Creek Group v. Newmont Mining Corp.*, 352 F.Supp.2d 1037, 1042 (D. Ariz. 2005). |

11
PLAINTIFFS' OBJECTIONS TO DEFENDANTS' MOTION FOR RECONSIDERATION

| | |
|---|---|
| | Irrelevant, self-serving and prejudicial. FRE 401, 403. |
| 10.  Zissu Decl., ¶ 9. | 10.  Lack of foundation.   Hearsay, as Zissu is testifying as to the purported contents of documents.  FRE 802, 1002. Lack of personal knowledge.  FRE 602. Improper lay opinion.  FRE 701, 702. *U.S. v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997); *Bank of China v. NBM, LLC*, 359 F.3d 171 (2d Cir. 2004). Legal conclusion.  FRE 701.  *The Pinal Creek Group v. Newmont Mining Corp.*, 352 F.Supp.2d 1037, 1042 (D. Ariz. 2005). Irrelevant, self-serving and prejudicial.  FRE 401, 403. |

DATED: October 9, 2009        TOBEROFF & ASSOCIATES, P.C.


By_____/s/ Marc Toberoff_____
          Marc Toberoff

Attorneys for Plaintiffs JOANNE SIEGEL
and LAURA SIEGEL LARSON