```
 1                UNITED STATES DISTRICT COURT

 2               CENTRAL DISTRICT OF CALIFORNIA

 3                      EASTERN DIVISION

 4                           - - -

 5       HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

 6                           - - -

 7  JOANNE SIEGEL and                )
    LAURA SIEGEL LARSON,             )
 8                  Plaintiffs,      )
                                     )
 9         vs.                       ) No. CV 04-08400-SGL
                                     )
10  WARNER BROTHERS ENTERTAINMENT INC.;)
    TIME WARNER, INC.; DC COMICS;    )
11  and DOES 1-10,                   )
                    Defendants.      ) Status Conference
12  _____)

13

14
              Reporter's Transcript of Proceedings
15
                    Riverside, California
16
                 Monday, September 21, 2009
17
                         11:52 A.M.
18

19

20

21

22

23            THERESA A. LANZA, RPR, CSR
              Federal Official Court Reporter
24            3470 12th Street, Rm. 134
              Riverside, California  92501
25                 (951) 274-0844
                WWW.THERESALANZA.COM
```

```
 1
     APPEARANCES:
 2

 3   On Behalf of Plaintiffs:

 4
                         LAW OFFICES OF MARC TOBEROFF
 5                       BY:  Marc Toberoff
                         BY:  Nicholas C. Williamson
 6                       2049 Century Park East,
                         Suite 2720
 7                       Los Angeles, California  90067
                         310-246-3100
 8

 9
     On Behalf of Defendants/Counterclaimant:
10

11                       WEISSMANN WOLFF BERGMAN COLEMAN
                          GRODIN & EVALL LLP
12                       BY:  Michael Bergman
                         BY:  Anjani Mandavia
13                       9665 Wilshire Boulevard,
                         Ninth Floor
14                       Beverly Hills, California  90212
                         310-858-7888
15

16

17

18

19

20

21

22

23

24

25
```

Monday, September 21, 2009                              Status Conference

1                          I N D E X

2                                                        Page

3    Status Conference...............................    4

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Monday, September 21, 2009                    Status Conference

```
 1      Riverside, California; Monday, September 21, 2009; 11:52 A.M.
 2                                  -oOo-
 3             (The following proceedings were heard in chambers.)
 4             THE CLERK:  Calendar item 16, case number CV
 5   04-08400-SGL, Joanne Siegel, et al, versus Warner Bros.              11:42
 6   Entertainment, et al.
 7             THE COURT:  I wanted to talk a little bit about the
 8   status of the case, and in light of everything that's going on,
 9   I thought we would be more comfortable here in chambers.
10             I've received your joint report, and I appreciate         11:52
11   that.  We're obviously at a turning point here.  As I'm sure
12   you have heard, I'm going to be leaving the bench in the next
13   month or so; by November 2nd I'll definitely be out.
14             There's been a meeting of the court's case management
15   committee last week, and we discussed this case.  This is one       11:53
16   of the probably eight cases that I have which will not be
17   reassigned in block to one of the in-coming new judges, just
18   because of the complexity of it and the history of it.  This
19   will mostly be going to one of our senior members of the court
20   that has the time and the resources to devote to it.  That will    11:53
21   become effective at some point in time over the course of the
22   next month to six weeks.
23             I know that you spent some time trying to settle the
24   case; there was an exchange and there was a one-day meeting
25   with your mediator.                                                 11:53
```

1      **MR. BERGMAN:**  That's correct.

2      **THE COURT:**  I know this is a complicated case, and at

3  least as far as the judges go, I probably know this case as

4  well as anybody at this point in time.  What I wanted to

5  suggest at this point is that I would be willing to take some          11:54

6  time over the course of the next month and try to sit down with

7  you myself and see if we can't work out a resolution of this,

8  if there was an interest on your part in having me do so.  And

9  I have no stake one way or the other.  If you do not want to do

10 that, if you think that it's a waste of time, I completely get        11:54

11 that.

12         Frankly, I'm going to be making the same offer in a

13 few of the other bigger cases, just because you have an

14 institutional knowledge and you hate to have that entirely go

15 to waste if it can be of some service to the parties.                 11:54

16         I issued the order that I did because I still feel

17 very strongly that it's in the business interest of both sides

18 to try to resolve this case.  I know there have been some

19 developments in terms of Disney and Marvel, and I understand

20 there are more developments on your front, and I'm kind of            11:54

21 following all of this with interest.  I just thought that if

22 there's going to be a resolution, it probably should be now.

23 You have the big unknown of who's going to get the case and how

24 that's going to affect the case, and all of that.

25         Anyway, I'm not looking for an answer now.  I'd like         11:55

1  you to think about it, discuss it with your clients.  If you're
2  amenable to that, I'd like to put aside a substantive amount of
3  time to sit down and see if we can't work out something.
4          **MR. TOBEROFF:**  Your Honor, for myself, I think it                 11:55
5  would be extremely beneficial to use this transition here
6  constructively and to have further settlement discussions.
7          I also want to say on a personal note, in recognition
8  of the tremendous work that you have put into this case, that
9  we were both saddened and empathetic with the announcement that
10 you are retiring from public service.  I think you've given     11:55
11 this case a great deal of time and attention, and we appreciate
12 that.  And I wanted to pass that along.
13         **THE COURT:**  I appreciate those thoughts.
14         And, like I say, I'm very happy to help.
15         I know you have an institutional client, so you will    11:56
16 probably want to speak with your client before making any
17 decision.
18         **MR. BERGMAN:**  Yes, your Honor.
19         **THE COURT:**  I'd just like you to let Cindy know
20 within the next few days, because I am trying to plan out these  11:56
21 last five weeks, and there's a lot of things tugging at my
22 time.  But this is something I've invested a lot of time in.
23 Michael Kowsari, my law clerk on this case, has invested a lot
24 of time in this, he has a tremendous interest in this, and
25 together I think we'd like to do what we can to see if we       11:56

                cannot resolve this.  If we can't, we can't, but I think it's
                well worth the effort.
                        **MR. BERGMAN:**  We certainly appreciate that,
                Your Honor.  I'll confer with the client and see.
                        **THE COURT:**  Thank you.                                    11:56
                        The second thing is, as I'm sure was not lost on
                anybody, I was not overwhelmed with the expert testimony on the
                last trial, and the Court has indicated both in that order and
                the subsequent order of its intention to appoint a Special
                Master on a going-forward basis to help with this process and   11:57
                provide a third objective assessment of the evidence as we lead
                up to the auditing trial, if there's going to be an auditing
                trial.  The Court was looking for any names that you might
                agree on yourself.  I gathered from the report that I have that
                you have not done so.                                          11:57
                        **MR. BERGMAN:**  That is correct, Your Honor.
                        **MR. TOBEROFF:**  That's correct, Your Honor.
                        **THE COURT:**  What I'm going to do is -- I've been
                doing some calling around and trying to identify people that I
                think are both qualified and that I have confidence in, and    11:57
                I'll submit those names to you.  Then what I'd like to do is
                have any objections made in-camera.  Because one thing I always
                try to avoid, whenever I'm asking a Special Master or a
                Discovery Master, somebody outside, the last thing I want it to
                be is a negative experience for them where they have objections 11:58

1  made publicly; so I have those submitted in-camera.
2         If there's somebody that is not objected to by one
3  side or the other, that makes the decision easy.  Particularly,
4  if I have conflict-based objections, then it's going to be back
5  to the drawing board.  That's something else that I want to get         11:58
6  accomplished before time runs out.
7         **MR. BERGMAN:**  I think we had some -- the defendant,
8  I'm not speaking for Mr. Toberoff -- had some reservations
9  about agreeing to the appointment of a Master without knowing
10 exactly what the future foretold for us; what kind of a case we          11:58
11 would be having; what proof would be required; what it would be
12 that the Master would be doing.
13        **THE COURT:**  What I'll try to do is in this same
14 order, understanding that this is all preliminary and the Court
15 has not made the appointment yet, what I would do at the same           11:58
16 time that I provide some names for your consideration, I'll try
17 to spell all that out in some greater detail so that you have
18 that before you so you know what it is that you're looking at.
19        I appreciate that.
20        The footnote in the one brief and the minute order             11:59
21 probably does not go into the detail that it should.  I did not
22 want to get ahead of myself, but at the same time -- and a part
23 of it is matching the person with the duties.  But I'll try to
24 lay that out as best I can.
25        **MR. TOBEROFF:**  Your Honor, on a related issue, we'd          11:59

Monday, September 21, 2009                              Status Conference

1  like to request -- we feel we'd like to use this transition
2  period also to appoint a new expert; one, to try and satisfy
3  some of the Court's complaints as to the level of experts; but
4  also because originally you'll recall that we had a very strong
5  expert, Wayne Lewellen, who was the head of distribution for         11:59
6  Paramount who, sadly, was diagnosed with advanced cancer and
7  has since passed away.
8           **THE COURT:**  I'm sorry to hear that.
9           **MR. TOBEROFF:**  So we had a relatively short period to
10 find a new expert.                                                   12:00
11          **THE COURT:**  And I do appreciate that.
12          **MR. TOBEROFF:**  Plaintiffs were, in many ways,
13 victimized by the misrepresentation of Mr. Halloran.  As the
14 Court was -- when you interview an expert, they submit a
15 resume, and when you found a certain limitation by                   12:00
16 Mr. Halloran's failure to disclose that he had been Dalberted
17 out, if that's a verb, out of a case, it affected us as well.
18 And obviously we cannot call him.  And we would give defendants
19 ample opportunity to take the deposition of a new expert.  I
20 think that could be helpful.                                         12:00
21          **THE COURT:**  That was very disappointing that
22 Mr. Halloran did that.  For what it's worth, I appreciate that
23 was Mr. Halloran's responsibility to have disclosed that and
24 not -- anyway, I know that the primary responsibility rests
25 with Mr. Halloran on that.  I do appreciate the circumstances       12:01

1  and the difficulty of bringing in a new expert in the time you
2  did.
3         Having said all that, I just don't think that --
4  whether it's me or somebody else, there needs to be an
5  appointment of someone.                                              12:01
6         Also, as part of my thought process, and not just in
7  terms of the value for the trial itself, but in terms of
8  facilitating a resolution of this case, I think there's value
9  there as well, to have somebody come in to make that objective
10 assessment in terms of apportionment issues and the various         12:01
11 issues coming up in the accounting phase; so that's my thinking
12 on that.
13        **MR. TOBEROFF:**  Just to clarify, what I was asking is
14 that during this transition period, whether we could appoint a
15 replacement expert; give defendants ample time to submit an          12:01
16 expert report; give them ample time -- because if there's an
17 imbalance now without Halloran.  They have three or four
18 experts who are -- as opposed to literary experts, comic book
19 experts, experts in the area of the studio and the impact this
20 has on profits.                                                      12:02
21        **THE COURT:**  So you're going to use Mr. Halloran for
22 his --
23        **MR. TOBEROFF:**  His expert report covered
24 apportionment as well.  So we wanted to bring in so there's not
25 an imbalance of three or four experts, one expert.  And I think      12:02

```
 1  they would have ample time to take his deposition.
 2           THE COURT:  I think this is probably something which
 3  is more suitable for a motion, and I would be happy to consider
 4  this between now and the time -- this is not the kind of
 5  shoot-from-the-hip-type thing, because I'm sure the defense has      12:02
 6  a position on this as well.
 7           MR. BERGMAN:  Yes, we do, Your Honor.
 8           THE COURT:  I would imagine.
 9           So let's go ahead and -- I'll certainly give you
10  leave to file that motion just in terms of your request for          12:02
11  leave -- basically the substitute of experts is what you're
12  looking for?
13           MR. TOBEROFF:  Yes.
14           THE COURT:  And the defense, of course, opposes it.
15           MR. BERGMAN:  Yes.
16           THE COURT:  Let's notice that for -- we only have two
17  motion days right now -- I'll give you leave to file that
18  motion for October 19th.
19           Why don't you notice that for October 19th.
20           MR. TOBEROFF:  Yes, your Honor.                             12:03
21           THE COURT:  That will be my last formal contribution
22  to this case.  And if I cannot settle it, then I'll leave it up
23  to you all to talk to your clients.
24           MR. BERGMAN:  We may offer Your Honor another
25  opportunity, with all due respect.                                   12:03
```

Monday, September 21, 2009                               Status Conference

```
 1              THE COURT:  What's this?
 2              MR. BERGMAN:  We have prepared a motion for
 3    reconsideration of the August 12th order, and wanted to file it
 4    but we found that all your days were closed up until the time
 5    you were leaving the court.                                           12:03
 6              THE COURT:  Right.
 7              MR. BERGMAN:  Could we have leave to file that motion
 8    returnable on that date in October?
 9              THE COURT:  What issues is it focusing on?
10              MR. BERGMAN:  It primarily focuses on the harmless         12:03
11    error finding that you made for the failure to list the early
12    comic strips; it deals also with the work-for-hire point, but
13    the primary point is the harmless error.
14              THE COURT:  If it's focused on harmless error, I'd be
15    inclined to go ahead and give you leave.  If it's a broader         12:04
16    reconsideration -- and I understand how that might affect other
17    things, but in terms of that that's the argument that you want
18    to focus on, I'll give you a -- well, before I go down this
19    road, were you planning on filing a motion for reconsideration?
20              MR. TOBEROFF:  I would say that if they file -- this      12:04
21    is a surprise to me -- I would say that if they file a motion
22    for reconsideration on that specific issue, we would want to
23    file a cross-motion for reconsideration on the specific issue
24    regarding the newspaper strips and the specific issue of
25    whether the expense prong of the 1909 practice was met.             12:04
```

| | | |
|---|---|---|
| 1 | **THE COURT:** If you would both be willing to live with | |
| 2 | limited page limits -- and, understand, this would be literally | |
| 3 | what I would devote my last week to doing -- | |
| 4 | **MR. BERGMAN:** Yes, your Honor. | |
| 5 | **THE COURT:** -- is resolving this, I'd be inclined to | 12:05 |
| 6 | grant that because I would like to have that -- I really want | |
| 7 | to have all that stuff put to rest, if these are the two fine | |
| 8 | points. | |
| 9 | And when I say limited page numbers, I mean, we're | |
| 10 | talking a 7-page brief, a 7-page opposition, and a 3-page | 12:05 |
| 11 | reply, and just focus on those two issues. Notice it for the | |
| 12 | 19th. Let's have the motions filed by -- a week from this | |
| 13 | Friday would be October 2nd -- so if we have the briefs on | |
| 14 | October 2nd, the opposition on October 9th, and the reply on | |
| 15 | October 16th, and then we can have our hearing on the 19th. | 12:06 |
| 16 | **MR. BERGMAN:** Fine. We appreciate that. | |
| 17 | **THE COURT:** Seven, seven, three; so that's what we'll | |
| 18 | do. | |
| 19 | **MR. TOBEROFF:** And, Your Honor, as I have not | |
| 20 | discussed this with my client -- we may not bring this | 12:19 |
| 21 | motion -- I would -- | |
| 22 | **THE COURT:** The expert motion as well? | |
| 23 | **MR. TOBEROFF:** No. The motion for reconsideration. | |
| 24 | I have not discussed it yet with my client; so if it turns out | |
| 25 | that we do not file -- | 12:19 |

```
 1              THE COURT:  You don't have to file.
 2              MR. TOBEROFF:  I understand that.
 3              THE COURT:  Please, Mr. Toberoff, understand, you do
 4    not have to file the motion.
 5              And I say the same thing to you, Mr. Bergman, you do      12:19
 6    not have to file a motion.
 7              MR. BERGMAN:  Yes, sir.
 8              THE COURT:  I've got plenty to work on.
 9              MR. BERGMAN:  I'm sure you do.
10              THE COURT:  But that does make sense.                    12:19
11              I would have been surprised if there had not been
12    some motion for reconsideration on that at some point in time.
13    I would prefer to have that work-for-hire issue resolved, at
14    least from my perspective.
15              MR. BERGMAN:  Fine.                                      12:19
16              THE COURT:  And then after that other minds can
17    address it.
18              Get back to me in the next couple days, because if
19    we're going to do a settlement, I'd like to set something up.
20              I'm going to be out of the country, actually, from      12:19
21    the 9th through the 13th, so some time after that, like mid-
22    October, I would like to set up a couple of days, if you're
23    open to it.  If you're not, I certainly understand that as
24    well.
25              MR. BERGMAN:  Very good, Your Honor.  We appreciate     12:19
```

```
 1  that.
 2          THE COURT:  Just to make a productive use of our
 3  time.
 4          MR. TOBEROFF:  Thank you very much, Your Honor.
 5          THE COURT:  Thank you.                                  12:19
 6
 7
 8                          CERTIFICATE
 9
10  I hereby certify that pursuant to section 753, title 28, United
    States Code, the foregoing is a true and correct transcript of
11  the stenographically recorded proceedings held in the above-
    entitled matter and that the transcript page format is in
12  conformance with the regulations of the Judicial Conference of
    the United States.
13
14  _____            _____
    THERESA A. LANZA, CSR, RPR                       Date
15  Federal Official Court Reporter
16
17
18
19
20
21
22
23
24
25
```