DANIEL M. PETROCELLI (S.B. #97802)
  dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
  mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
  cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone:  (310) 553-6700
Facsimile:  (310) 246-6779

Attorneys for Defendants and Counterclaimant

(continued on next page)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE SIEGEL and LAURA SIEGEL LARSON,<br><br>    Plaintiffs and Counterdefendants,<br><br>    v.<br><br>WARNER BROS. ENTERTAINMENT INC., DC COMICS, and DOES 1-10,<br><br>    Defendants and Counterclaimant. | Case No. CV-04-8400 ODW (RZx)<br>Case No. CV-04-8776 ODW (RZx)<br><br>**STATEMENT OF DEFENDANTS' POSITION IN ADVANCE OF SEPTEMBER 27, 2010 HEARING RE: APPROACH FOR RESOLVING THE REMAINING ISSUES IN THESE CASES**<br><br>The Hon. Otis D. Wright II |
| JOANNE SIEGEL and LAURA SIEGEL LARSON,<br><br>    Plaintiffs and Counterdefendants,<br><br>    v.<br><br>TIME WARNER INC., WARNER COMMUNICATIONS INC., WARNER BROS. ENTERTAINMENT INC., WARNER BROS. TELEVISION PRODUCTION INC., DC COMICS, and DOES 1-10,<br><br>    Defendants and Counterclaimant. | **Hearing Date**: September 27, 2010<br>**Hearing Time**: 1:30 p.m.<br>**Courtroom**: 11 |

1  (continued from previous page)

2  PATRICK T. PERKINS (admitted *pro hac vice*)
   pperkins@ptplaw.com
3  PERKINS LAW OFFICE, P.C.
   1711 Route 9D
4  Cold Spring, NY 10516
   Telephone:  (845) 265-2820
5  Facsimile:   (845) 265-2819

6  Attorneys for Defendants and Counterclaimant

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STATEMENT OF DEFENDANTS' POSITION
RE: CASE MANAGEMENT

As the Court has rightly noted, these are complex cases that have been pending for six years and that require the proactive participation of the parties and the Court to manage in an efficient and expeditious manner. Toward that end, DC Comics hereby submits a proposed plan for doing so, which it seeks to discuss with counsel and the Court during or after the hearing scheduled in this matter on September 27, 2010.

DC Comics endeavored to make this submission jointly with plaintiffs, but plaintiffs' counsel refused and objected on the ground that this submission violates Local Rule 7. However, that Rule is inapplicable since this submission is not a motion and does not "request . . . a court order." FED. R. CIV. P. 7. Rather, this submission is fully consistent with this Court's Standing Order instructing counsel to take "responsibility for the progress of litigation," as well as the Court's guidance given at the August 13, 2010 status conference.

**I.     A Plan For Adjudicating The Remaining Issues In These Cases**

A. <u>Plaintiffs' Rule 54(b) Motion.</u> On September 27, the Court is scheduled to hear plaintiffs' motion for partial judgment and to stay the remainder of the Superman case. DC Comics believes the motion lacks merit and will file its opposition on September 3.

B. <u>Priority Open Issues.</u> As the parties agreed in their December 21, 2009, joint stipulation, there are close to 10 issues in these cases that Judge Larson did not resolve. *See* Case No. CV-04-8776 ODW (RZx) (Docket No. 184) ("Dec. 2009 Stip.") at 15-16, 22-23. The parties have provided the Court with docket entry numbers and other materials that relate to these "open issues." *See* Case No. CV-04-8776 (Docket No. 199); Case No. CV-04-8400 (Docket No. 620). To facilitate an orderly disposition of these open issues, DC Comics believes certain of the issues should be considered first. These are identified below:

*1. Superboy*. In their joint stipulation filed on August 6, 2010, both sides agreed that one set of open issues related to plaintiffs' "Superboy claims" can and

1    should be resolved now after short supplemental briefing and argument.  *See* Case
2    No. CV-04-8400 (Docket No. 617) at 2:2-5.  Judge Larson did not decide
3    (1) whether there is any original copyrightable material in the "Superboy" script
4    Siegel submitted; and (2) if so, whether that original material was published and
5    copyrightable.  Dec. 2009 Stip. at 22-23.  DC Comics contends the answer to each
6    question is no.  However, were the Court to find that the script contained some
7    published, original copyrightable material, such material would be subject to an
8    accounting, since Judge Larson determined that the "Superboy" script was a "joint
9    work" between Siegel and Shuster.  Plaintiffs disagree that Judge Larson decided
10   that Superboy was a joint work and continue to assert that Siegel created it alone.
11   *Id.*
12           2.  *Promotional Materials*.  In the Superman case (Case No. CV 04-8400),
13   there are two open issues regarding the scope of plaintiffs' recaptured copyrights
14   that DC Comics believes should be resolved now, because they are important to the
15   accounting DC Comics intends to provide.  As discussed at the August 13 status
16   conference, Judge Larson held that plaintiffs did not recapture promotional
17   announcements published before *Action Comics No. 1*.  *See* Case No. CV 04-8400
18   (Docket No. 293) at 39-40.  These ads, a full copy of which is attached as Exhibit
19   A, feature Superman in his costume with cape, leotard, S-shield, and boots
20   exhibiting super-strength by holding a car over his head.  Plaintiffs and DC Comics
21   agreed in their December 2009 stipulation that Judge Larson did not resolve the
22   "impact, if any, that Defendants' pre-*Action Comics No. 1* 'promotional
23   announcements' have on the scope of Plaintiffs' captured copyrights."  Dec. 2009
24   Stip. at 16:8-9.  (A copy of relevant excerpts from *Action Comics No. 1* is attached
25   as Exhibit B.)
26           3.  *The "Dicta" Question.*  In his March 26, 2008, summary judgment order,
27   Judge Larson listed each of the copyrightable elements in *Action Comics No. 1* that
28   he held plaintiffs had recaptured.  *See* Case No. CV 04-8400 (Docket No. 293) at

- 2 -    STATEMENT OF DEFENDANTS' POSITION
RE: CASE MANAGEMENT

40. In their motion for reconsideration filed in May 2008, plaintiffs asserted that Judge Larson's rulings were *dicta* and did not limit the scope of their recaptured copyrights. *See* Case No. CV-04-8400 (Docket No. 301) at 20-21, 23-25. DC Comics disputes plaintiffs' position; in any event, Judge Larson did not rule on plaintiffs' motion.

C. <u>The Timing For Resolving These Issues.</u>  In their August 6 joint-status report, the parties agreed that on the open Superboy issues, "a hearing date [should] be set this Fall to resolve [the questions], and that each side [should] submit a brief . . . distilling the issues, as well as addressing any new legal authorities." Case No. CV-04-8400 (Docket No. 617) at 2:2-5. DC Comics submits that the same procedure be followed for all of the "priority" open issues described above according to the following schedule:

> November 1, 2010:  The parties submit briefs not to exceed 20 pages on the "priority" open issues.
>
> November 8, 2010:  The parties file 5-page responses.
>
> November 18, 2010:  A hearing is held on these issues.

These dates are just proposals and could be accelerated or deferred depending on the preferences of the Court.

D. <u>Other "Open Issues" That Can Be Decided After DC Comics Renders Its Accounting.</u>  As noted in its August 6 submission, DC Comics has begun preparations with its experts to render plaintiffs a full accounting from 1999 to the present on the copyright interests Judge Larson ruled they recaptured. This work can be completed after the Court rules on the open issues described above.

After receiving DC Comics' accounting, plaintiffs can respond to it through the expert discovery process, and any remaining disputed issues can be resolved at trial. To the extent the trial of disputed accounting issues would be burdensome and time-consuming, DC Comics believes a special master should be appointed to

hear the disputed issues and make recommendations to the Court. To date, plaintiffs have objected to the appointment of a special master.

DC Comics believes it would be sensible and efficient to defer consideration of the remaining open issues until after DC Comics prepares and provides the accounting to plaintiffs. These additional open issues, identified by the parties in their December 2009 joint stipulation, are set forth below:

*1. Burden of Proof.* The parties dispute who bears the burden of proving at trial: (a) which exploitations of Superman-related properties between 1999 and the present touch on plaintiffs' recaptured rights; (b) the portion of any Superman profits attributable to plaintiffs' recaptured rights; and (c) plaintiffs' share of profits (*i.e.*, recoverable revenue minus expenses). Dec. 2009 Stip. at 10:5-6, 16:15. Because these issues should not be decided in a vacuum, but should be informed by the actual accounting applicable to this case, DC Comics believes the Court should defer ruling until after the accounting is rendered.

*2. Apportionment.* Likewise, the Court should await the accounting—and the conclusion of the expert discovery process addressing the accounting—before considering and deciding the issue of apportionment. The issue of apportionment can be summarized as follows: plaintiffs claim entitlement to 50% of *all* profits derived from the exploitation of any and all rights associated with Superman, even though they recaptured very limited rights; DC Comics contends that profits must be calculated in proportion to the limited rights plaintiffs recaptured. Dec. 2009 Stip. at 9:23-25, 16:10-11. For example, when Superman appears in a "Justice League" comic book as part of a superhero team including characters in which plaintiffs have no rights—Batman, Wonder Woman, Green Lantern, Aquaman, and Flash—plaintiffs should not receive 50% of the proceeds of that publication. As another example, plaintiffs cannot reasonably claim a 50% interest in a recent Superman work that features super-powers (*e.g.*, flying), characters (*e.g.*, Lex Luthor or Jimmy Olson), or places (*e.g.*, the Fortress of Solitude or Smallville) in

which plaintiffs never held any copyright interests and, by definition, did not recapture as part of the termination notices they filed. The same holds true for all the artistic and other contributions that new writers, artists, actors, editors, directors, financiers, producers, marketing experts, and others added to such projects. The parties also disagree as to the appropriate method for apportionment. *Id.* at 10:2-4; 16:12-14.

Critical to the Court's determination of the apportionment issue is a decision last month handed down by the Ninth Circuit in *Mattel v. MGA Entm't, Inc.*, 2010 WL 2853761, at *4 (9th Cir. July 22, 2010), reversing orders entered by Judge Larson in a case presenting issues directly applicable to this case. DC Comics contends this important new legal precedent refutes plaintiffs' position on the apportionment issue. Therefore, we propose the Court should receive briefing on this issue. *See id.* (holding that even if MGA did not own original drawings that led to creation of "Bratz" dolls, MGA "added tremendous value by turning ideas into products and, eventually, a popular and highly profitable brand [and it] is not equitable to transfer this billion dollar brand—the value of which is overwhelmingly the result of MGA's legitimate efforts").

The *Mattel* decision is also relevant to another key issue in the case: Judge Larson's summary judgment ruling denying DC Comics' settlement defense. The Ninth Circuit reviewed Judge Larson's summary judgment order in the *Mattel* case and rejected the same approach employed by Judge Larson in this case in erroneously making factual findings about contractual intent and conduct that must be determined by a jury at trial. *See Mattel*, 2010 WL 2853761, at *6. The impact of the *Mattel* decision on DC Comics' settlement defense could be case-dispositive, and DC Comics intends to file a motion to address the impact of the decision on Judge Larson's ruling in this case.

3. *Mixed Trademark/Copyright Uses.* Judge Larson left open whether and how DC Comics must account to plaintiffs for mixed copyright and trademark

- 5 -

1  material—*e.g.*, a t-shirt featuring the trademarked Superman name (which is
2  indisputably owned by defendants) and a copyrighted image relating to material
3  that plaintiffs have recaptured (owned 50% by plaintiffs, and 50% by DC Comics).
4  Dec. 2009 Stip. at 10:22-23, 16:16-18. DC Comics' accounting will greatly
5  simplify the resolution of these issues by providing the Court or special master with
6  the actual facts and concrete instances of such mixed-uses rather than
7  generalizations and hypotheticals. For example, the accounting will show that
8  many best-selling Superman products use only DC Comics' trademarks without any
9  copyrighted materials, thereby showing that a higher percentage of profits in
10 mixed-use products must be attributed to DC Comics' trademarks.

11         *4. Derivative Works.* It is undisputed that plaintiffs own none of the tens of
12 thousands of products that DC Comics created between 1939 and 1999 and that
13 plaintiffs are not entitled to an accounting of DC Comics' sales of such materials.
14 What is disputed is whether and to what extent DC Comics must account to
15 plaintiffs if it "transforms" one of these *pre*-termination derivative works into a
16 *post*-termination derivative work—*e.g.*, whether defendants are required to account
17 for a 1940 image of Superman reproduced on a t-shirt sold in 2010. Dec. 2009
18 Stip. at 10:19-21, 16:19-21. DC Comics' accounting will provide the factual
19 context for resolving this issue by identifying which works DC Comics claims are
20 not transformative and to which plaintiffs are entitled to no monies.

21         *5. The Timing For Resolving These Issues.* After addressing plaintiffs' Rule
22 54 motion and the "priority" open issues identified above, DC Comics proposes a
23 further status conference to discuss and set dates for addressing the remaining open
24 issues. It is DC Comics' view that disposition of all open issues, together with all
25 other proceedings in this case, can be concluded within 12 months.

26 **II.    Conclusion**
27         DC Comics intends this submission as a means to facilitate a logical,
28 efficient approach to litigate the remaining issues in these. Although plaintiffs have

- 6 -                        STATEMENT OF DEFENDANTS' POSITION
                             RE: CASE MANAGEMENT

1  objected to this filing, DC Comics hopes they will join in the proposals above or
2  propose reasonable alternatives.

4  Dated: August 30, 2010              O'MELVENY & MYERS LLP

5                                      By:    /s/ Daniel M. Petrocelli
                                               Daniel M. Petrocelli
6
                                        Attorneys for Defendants and Counterclaimant
7