1  DANIEL M. PETROCELLI (S.B. #97802)
     dpetrocelli@omm.com
2  MATTHEW T. KLINE (S.B. #211640)
     mkline@omm.com
3  CASSANDRA L. SETO (S.B. #246608)
     cseto@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5  Los Angeles, CA  90067-6035
   Telephone:  (310) 553-6700
6  Facsimile:   (310) 246-6779

7  Attorneys for Defendants and Counterclaimant

8  (continued on next page)

9           UNITED STATES DISTRICT COURT

10          CENTRAL DISTRICT OF CALIFORNIA

11
   JOANNE SIEGEL and LAURA              Case No. CV-04-8400 ODW (RZx)
12 SIEGEL LARSON,

13            Plaintiffs,              **DEFENDANTS' OPPOSITION TO
                                       PLAINTIFFS' MOTION FOR
14     v.                             ENTRY OF PARTIAL JUDGMENT
                                       UNDER FED. R. CIV. P. 54(B) AND
15 WARNER BROS.                        FOR STAY OF REMAINING
   ENTERTAINMENT INC., DC             CLAIMS PENDING APPEAL
16 COMICS, and DOES 1-10,
                                       FILED HEREWITH:
17            Defendants.              DECLARATION OF MATTHEW T.
                                       KLINE IN SUPPORT OF
18 ─────────────────────────           DEFENDANTS' OPPOSITION
   DC COMICS,
19                                     Hon. Otis D. Wright II
              Counterclaimant,
20                                     **Hearing Date**:  September 27, 2010
       v.                              **Time**:          1:30 p.m.
21                                     **Place**:         Courtroom 11
   JOANNE SIEGEL and LAURA
22 SIEGEL LARSON,

23            Counterdefendants.

24

25

26

27

28
                                       DEFENDANTS' OPPOSITION TO MOTION
                                       FOR ENTRY OF PARTIAL JUDGMENT

1  (continued from previous page)

2  PATRICK T. PERKINS (admitted *pro hac vice*)
3    pperkins@ptplaw.com
   PERKINS LAW OFFICE, P.C.
4  1711 Route 9D
   Cold Spring, NY 10516
5  Telephone:  (845) 265-2820
   Facsimile:   (845) 265-2819
6

7  Attorney for Defendants and Counterclaimant

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................... 1

II.   PLAINTIFFS MOTION SHOULD BE DENIED. ........................................ 3

    A.   Rule 54(b) Appeals Are An Exceptional Procedure And Require Final Adjudication of an Entire Claim.................................................. 3

    B.   Plaintiffs Fail The First Part Of the Rule 54(b) Test:  Their First Claim for Relief Has Not Been Finally Adjudicated ........................... 5

        1.   Plaintiffs' Complaint ..................................................... 6

        2.   Issues In Plaintiffs' First Claim That Judge Larson Never Resolved.................................................................. 7

            a.   The Promotional Announcements .................................... 7

            b.   The "Dicta" Question .................................................. 9

            c.   Entitlement To 50% Of All Superman Profits ................. 9

            d.   Interest and Attorneys' Fees And Other Prayers For Relief .................................................................. 11

        3.   Plaintiffs' Inapposite Cases ...................................... 13

    C.   Plaintiffs' Efficiency Arguments Are Irrelevant And Wrong ........... 13

    D.   DC Comics' Counterclaims Are Not Properly Subject to Rule 54(b) Certification................................................................. 17

III.  CONCLUSION ................................................................................... 17

# TABLE OF AUTHORITIES

**Page**

## CASES

*02 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.,*
2007 WL 2070275 (N.D. Cal. July 16, 2007)....................................................15

*AmerisourceBergen Corp. v. Dialysist West, Inc.,*
465 F.3d 946 (9th Cir. 2006)..........................................................................5

*Arizona State Carpenters Pension Trust Fund v. Miller,*
938 F.2d 1038 (9th Cir. 1991)........................................................................4

*Cadillac Fairview/Calif., Inc. v. U.S.,*
41 F.3d 562 (9th Cir. 1994).................................................................3-4, 5, 15

*Claver v. Coldwell Banker Residential Brokerage Co.,*
2009 WL 1606611 (S.D. Cal. June 8, 2009)......................................................5

*Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.,*
819 F.2d 1519 (9th Cir. 1987).............................................................3, 13 17

*Curtiss-Wright Corp. v. General Electric Co.,*
446 U.S. 1 (1980) .......................................................................3, 4, 13

*DeFazio v. Hollister, Inc.,*
2008 WL 109097 (E.D. Cal. Jan. 8, 2008).........................................................5

*Doe v. Univ. of Calif.,*
1993 WL 361540 (N.D. Cal. Sept. 2, 1993).......................................................13

*Erwin v. U.S.,*
2008 WL 750539 (M.D.N.C. Mar. 18, 2008) .....................................................13

*In re Exxon Valdez,*
484 F.3d 1098 (9th Cir. 2007)........................................................................12

*In re First T.D. & Inv., Inc.,*
253 F.3d 520 (9th Cir. 2001)..........................................................................5

*Gen. Acquisition, Inc. v. Gencorp., Inc.,*
23 F.3d 1022 (6th Cir. 1994)..........................................................................4

*Gregorian v. Izvestia,*
871 F.2d  1515 (9th Cir. 1989).......................................................................5

*Hogan v. Consol. Rail Corp.,*
961 F.2d 1021 (2d Cir. 1992)..........................................................................5

*Int'l Controls Corp. v. Vesco,*
535 F.2d 742 (2d Cir. 1976)............................................................................2

*Masson v. New Yorker Magazine, Inc.,*
832 F. Supp. 1350 (N.D. Cal. 1993).................................................................4

*Mattel, Inc. v. MGA Entm't, Inc.,*
2010 WL 2853761 (9th Cir. July 22, 2010) .............................................12-13, 17

*Morrison-Knudsen Co. v. Archer,*
655 F.2d 962 (9th Cir. 1981) .........................................................................15

*Nat'l Ass'n of Home Builders v. Norton,*
325 F.3d 1165 (9th Cir. 2003).........................................................................4

**TABLE OF AUTHORITIES**
(continued)

Page

*Noel v. Hall*,
568 F.3d 743 (9th Cir. 2009);.............................................................. 13

*RD Legal Funding, LLC v. Erwin & Balingit, LLP*,
2010 WL 1416968 (S.D. Cal. Apr. 8, 2010) .............................. 12, 15

*Sch. Dist. v. Lundgren*,
259 F.2d 101 (9th Cir. 1958)............................................................. 17

*Schudel v. Gen. Elec. Co.*,
120 F.3d 991 (9th Cir. 1997)...................................................*passim*

*Sears, Roebuck & Co. v. Mackey*,
351 U.S. 427 (1956) ........................................................................ 4, 5

*Siegel v. Warner Bros. Entm't Inc.*,
524 F. Supp. 2d 1098 (C.D. Cal. 2008)............................................ 9

*Spiegel v. Trustees of Tufts College*,
843 F.2d 38 (9th Cir. 1988) ................................................................ 3

*Vaughn v. Regents of the Univ. of Calif.*,
504 F. Supp. 1349 (E.D. Cal. 1981).............................................. 4, 14

*W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics
Research Assocs., Inc.*,
975 F.2d 858 (Fed. Cir. 1992) ....................................................... 4, 13

*Wheeler Mach. Co. v. Mountain States Mineral Enters., Inc.*,
696 F.2d 787 (10th Cir. 1983) ...................................................... 4, 14

*Whitney v. Wurtz*,
2007 WL 2601222 (N.D. Cal. Sept. 6 2007)................................... 13

*Wolf v. Banco Nacional de Mexico, S.A.*,
721 F.2d 660 (9th Cir. 1983) ....................................................... 2, 11

*Wood v. GCC Bend, LLC*,
422 F.3d 873 (9th Cir. 2005) .................................................... 4, 5, 15

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 54(b) Advisory Comm. Note,
5 F.R.D. 433 (1946)...................................................................... 3, 14

**RULES**

Federal Rule of Civil Procedure 54(b) ...........................................*passim*

## I.    **INTRODUCTION**

Plaintiffs' Rule 54(b) motion violates the paramount federal policy against rendering multiple judgments and allowing piecemeal appeals in a single case. The narrow Rule 54(b) exception to that rule does not apply to orders, as here, adjudicating discrete issues that are not determinative of an *entire claim*, let alone the entire case.  Ninth Circuit law definitively forbids plaintiffs' attempt here to appeal parts of a single claim.  As shown by the plain words of plaintiffs' complaint, other pleadings they filed, and Judge Larson's rulings, there is no single claim that has been finally and definitively resolved such that it may be appealed now.  Moreover, an appeal now from an order deciding only *part* of a claim would be highly inefficient and disserve the interests of judicial economy given how all the claims in this case are intertwined.

At the August 13 scheduling conference, DC Comics made these points, and the Court asked plaintiffs' counsel a simple yes-or-no question:  Did Judge Larson's rulings fully dispose of plaintiffs' first claim for relief?  Plaintiffs' counsel said yes, as does their pending motion. *See* Mot. at 1:6-7 ("this Court *completely resolved all of the issues* in Plaintiffs' First Claim for Relief") (emphasis added). That is incorrect.  As plaintiffs admit in the parties' December 2009 joint filing, Judge Larson never ruled on several open issues that directly concern the scope of plaintiffs' copyright interests, including "[t]he impact, if any, that Defendants' pre-*Action Comics No. 1* 'promotional announcements' *have on the scope of Plaintiffs' recaptured copyrights*." Case No. CV 04-8400 (Docket No. 602) at 16:8-9 ("Dec. 2009 Joint Report") (emphasis added).  In addition, plaintiffs filed a motion for reconsideration challenging Judge Larson's ruling limiting the scope of the literary elements subject to recapture, and that motion remains pending. *See id.* Docket No. 327 at 3.  Plaintiffs try to sweep these issues under the rug by saying these open issues "relate to the *procedural parameters* of the 'accounting' phase of trial *and not Plaintiffs' First Claim for Relief*." Mot. at 11 n.4 (emphasis added).  That, too,

DEFENDANTS' OPPOSITION TO MOTION
FOR ENTRY OF PARTIAL JUDGMENT

is incorrect.  These unresolved issues are key substantive components to plaintiffs'
first claim for relief, and plaintiffs openly admitted that fact in December 2009.

No judgment can issue absent the final adjudication of these open issues.
The same is true of other parts of plaintiffs' first claim for relief, which go to the
core of this case and which closely interrelate with the other claims they have
asserted and remain to be tried.  As a part of their first claim for relief, plaintiffs
explicitly seek a declaration that they "are entitled *to fifty percent (50%) of any and
all Profits* from the exploitation of, or attributable to … any aspect of the
Recaptured Copyrights."  Case No. CV 04-8400 (Docket No. 378) ("Compl.")
¶ 83.d (emphasis added).  There has been no ruling on this issue, and in the parties'
December 2009 joint report identifying what remained to be tried, plaintiffs
described their first claim as seeking a declaration that plaintiffs "were entitled to
an *accounting from Defendants for fifty percent of their profits* from the continued
exploitation of the recaptured Superman copyrights…."  Dec. 2009 Joint Report at
3:4-9 (emphasis added).  Judge Larson's orders on plaintiffs' "*partial*" summary
judgment motions never resolved this lynchpin issue.  Nor does re-characterizing
the issue as a remedies question change the analysis.  As the Ninth Circuit and other
courts have held, "a judgment is not final as to one entire claim … under F. R. Civ.
P. 54(b) if it decides only liability and leaves open the question of relief."  *Wolf v.
Banco Nacional de Mexico, S.A.*, 721 F.2d 660, 662 (9th Cir. 1983); *Int'l Controls
Corp. v. Vesco*, 535 F.2d 742, 748 (2d Cir. 1976) ("judgment cannot be considered
final as long as it leaves open the question of additional damages").

Because plaintiffs cannot meet the threshold requirement of Rule 54 by
showing their first claim for relief has been fully adjudicated, they devote much of
their brief to judicial-economy arguments.  Such arguments are legally irrelevant,
however, in the absence of the final resolution of an *entire claim* that properly may
be appealed.  *See Schudel v. Gen. Elec. Co.*, 120 F.3d 991, 994-95 (9th Cir. 1997).
Moreover, plaintiffs misstate the facts and law in support of these arguments.  As

DEFENDANTS' OPPOSITION TO MOTION
FOR ENTRY OF PARTIAL JUDGMENT

1    shown below, no cost savings or judicial resources will be spared if this case is

2    stayed and appealed—just the opposite.  Nor is plaintiffs' own conduct consistent

3    with a professed concern for judicial efficiency.  They waited almost a year to bring

4    this motion, and plaintiffs appear to be using the motion as a part of an improper

5    strategy to stop a recent related lawsuit DC Comics filed against them.

6         Finally, plaintiffs seek to have DC Comics' first, second, third, fourth, and

7    fifth counterclaims certified for appeal.  For all of the same reasons and more,

8    plaintiffs' motion on these claims is not well-taken and should be denied.

9    **II.    PLAINTIFFS MOTION SHOULD BE DENIED.**

10        **A.    Rule 54(b) Appeals Are An Exceptional Procedure And Require**

11             **Final Adjudication of an *Entire Claim*.**

12        Rule 54(b) provides:

13        When an action presents more than one *claim for relief*—whether as a

14        *claim*, counter*claim*, cross-*claim*, or third-party *claim*—or when
         multiple parties are involved, the court may direct entry of a final

15        judgment as to one or more, but fewer than all, *claims* or parties only if
         the court expressly determines that there is no just reason for delay.

16

17    FED. R. CIV. P. 54(b) (emphasis added); *Cont'l Airlines, Inc. v. Goodyear Tire &*

18    *Rubber Co.*, 819 F.2d 1519, 1524 (9th Cir. 1987) (judgment under Rule 54(b)

19    permissible when (1) at least one entire claim has been fully adjudicated; and

20    (2) the court finds no just reason to delay appeal on that claim).

21        This limited exception to the "historic federal policy against piecemeal

22    appeals" applies only in "exceptional circumstances."  FED. R. CIV. P. 54(b)

23    Advisory Comm. Note, 5 F.R.D. 433, 473 (1946); *Curtiss-Wright Corp. v. Gen.*

24    *Elec. Co.*, 446 U.S. 1, 8 (1980) ("Plainly, sound judicial administration does not

25    require that Rule 54(b) requests be granted routinely."); *Spiegel v. Trustees of Tufts*

26    *College*, 843 F.2d 38, 42 (9th Cir. 1988) ("entry of judgment under [Rule 54(b)]

27    should not be indulged as … a magnanimous accommodation to lawyers or

28    litigants"); *Cadillac Fairview/Calif., Inc. v. U.S.*, 41 F.3d 562, 567 (9th Cir. 1994)

DEFENDANTS' OPPOSITION TO MOTION
FOR ENTRY OF PARTIAL JUDGMENT

1   ("Judgments under Rule 54(b) must be reserved for the unusual case in which the

2   costs and risks of multiplying the number of proceedings and of overcrowding the

3   appellate docket are outbalanced by pressing needs of the litigants for an early and

4   separate judgment as to some claims or parties.'").

5       As the text of the Rule makes clear, the first prong of the two-part test

6   requires that "final judgment" have been entered on an *entire claim* (or on behalf of

7   one party). *See Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956) (Rule

8   54(b) "does not relax the finality required of each decision, as an individual claim,

9   to render it appealable"). Rulings on sub-issues or elements underlying a claim do

10  *not* qualify as final judgments under the Rule. *See, e.g.*, *Curtiss-Wright Corp.*, 446

11  U.S. at 7; *Arizona State Carpenters Pension Trust Fund v. Miller*, 938 F.2d 1038,

12  1039 (9th Cir. 1991). This "requirement of finality is a statutory mandate and not a

13  matter of discretion." *W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Research*

14  *Assocs., Inc.*, 975 F.2d 858, 862 (Fed. Cir. 1992).

15      If a party seeking to pursue a Rule 54(b) judgment and appeal cannot prove

16  that an entire claim has been fully adjudicated, that is the end of inquiry; the Court

17  cannot and need not address the efficiency concerns presented under the second

18  part of the test. *E.g.*, *Schudel*, 120 F.3d at 994-95 (not addressing equities under

19  part-two of test where entire claim not finally resolved); *Vaughn v. Regents of the*

20  *Univ. of Calif.*, 504 F. Supp. 1349, 1354-55 (E.D. Cal. 1981); *Wheeler Mach. Co. v.*

21  *Mountain States Mineral Enters., Inc.*, 696 F.2d 787, 789-90 (10th Cir. 1983).

22      Where courts reach the second part of the Rule 54(b) test, they must make an

23  "express determination" there is "no just reason" to delay appeal of the claim. *Nat'l*

24  *Ass'n of Home Builders v. Norton*, 325 F.3d 1165, 1167 (9th Cir. 2003). In making

25  this finding, a court must uphold "the historic federal policy against piecemeal

26  appeals." *Gen. Acquisition, Inc. v. Gencorp., Inc.*, 23 F.3d 1022, 1030 (6th Cir.

27  1994); *Wood v. GCC Bend, LLC*, 422 F.3d 873, 883 (9th Cir. 2005); *Masson v. New*

28  *Yorker Magazine, Inc.*, 832 F. Supp. 1350, 1376 (N.D. Cal. 1993). The equities

1  favoring such an appeal must far outweigh the inconvenience "in requiring [a party]

2  to await, in accordance with normal federal practice, the disposition of the entire

3  case before obtaining appellate review."  *Hogan v. Consol. Rail Corp.*, 961 F.2d

4  1021, 1025 (2d Cir. 1992).  Moreover, if the "appellate court will be required to

5  address legal or factual issues that are similar to those contained in the claims still

6  pending before the trial court[,] [a] similarity of legal or factual issues *will weigh*

7  *heavily against* entry of judgment under the rule, and in such cases a Rule 54(b)

8  order will be proper only where necessary to avoid a harsh and unjust result,

9  documented by further and specific findings."  *Cadillac Fairview*, 41 F.3d at 567.

10  Finally, while plaintiffs' erroneously assert that Rule 54(b) rulings are

11  reviewed for "abuse of discretion," Mot. at 13:1-2, only the second part of the test

12  is reviewed under that standard, *Gregorian v. Izvestia*, 871 F.2d  1515, 1519 (9th

13  Cir. 1989); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 954

14  (9th Cir. 2006).  Whether an *entire claim* has been finally resolved is reviewed *de*

15  *novo*.  *See id.*; *Sears*, 351 U.S. at 437 ("District Court cannot, in the exercise of its

16  discretion, treat as 'final' that which is not 'final' within the meaning of § 1291").

17  The Ninth Circuit frequently rejects Rule 54(b) appeals that do not comply with this

18  threshold requirement.  *E.g.*, *Wood*, 422 F.3d at 883; *In re First T.D. & Inv., Inc.*,

19  253 F.3d 520, 531-32 (9th Cir. 2001); *Claver v. Coldwell Banker Residential*

20  *Brokerage Co.*, 2009 WL 1606611, at *2 (S.D. Cal. June 8, 2009); *DeFazio v.*

21  *Hollister, Inc.*, 2008 WL 109097, at *3 (E.D. Cal. Jan. 8, 2008).

**B.  Plaintiffs Fail The First Part Of the Rule 54(b) Test:  Their First**
22
**Claim for Relief Has Not Been Finally Adjudicated.**
23

24  Plaintiffs have repeatedly represented to the Court that Judge Larson

25  "completely resolved" "all of the issues" in their first claim for relief:

26  • Judge Larson's March 26, 2008 and August 12, 2009 orders "constitute a

27  'final' disposition of Plaintiffs' claim."  Notice of Mot. at 1:12-13.

28

DEFENDANTS' OPPOSITION TO MOTION
FOR ENTRY OF PARTIAL JUDGMENT

- "In a series of lengthy published decisions, this Court completely resolved all of the issues in Plaintiffs' First Claim for Relief."  Mot. at 1:5-7.
- "[T]hose core decisions were made in three exhaustive published opinions [and] were thoroughly adjudicated and have all the indicia of a final judgment."  Aug. 13, 2010 Hr'g Tr. at 41:8-14 (Kline Decl. Ex. B).

Plaintiffs also have represented that their first claim for relief encompasses only the validity and scope of their copyright termination notices:

- "Plaintiffs' First Claim for Relief … relate[s] to the validity and scope of the Siegel Terminations," and "sought declaratory relief to affirm the validity of Plaintiffs' Superman Termination Notices pursuant to 17 U.S.C. § 304(c)."
- "The Court's March 26, 2008 order unambiguously upheld the validity of the Siegel Terminations, … *thus disposing of Plaintiffs' First Claim for Relief.… The Court's order clearly amounts to an 'ultimate disposition' of the Siegels' First Claim for Relief*."  Mot. at 1:7-9, 4:13-14, 13:7-13 (emphasis added).

These representations are incorrect.

### 1.   **Plaintiffs' Complaint**

Plaintiffs filed their second amended complaint on October 8, 2008, asserting five claims for relief.  The factual background section—paragraphs 16 to 51—applies to "All Claims for Relief," Compl. at 6:1—and each claim for relief incorporates those facts, *e.g.*, *id*. ¶ 52.  Plaintiffs' first claim for relief seeks a four-part "declaration of [plaintiffs'] rights."  *Id*. ¶¶ 53-54.  These four declarations are that:  (a) plaintiffs' copyright termination notices were effective, *see id*. ¶ 54.a; (b) plaintiffs own 50% of the copyrights they recaptured (they concede Joseph Shuster owned the other half of the rights, and that he assigned his rights to DC Comics), *see id*. ¶ 54.b; (c) plaintiffs are entitled to "fifty percent (50%) of any and all Superman "Profits" "attributable to, in whole or in part, any aspect of the Recaptured Copyrights," *id*. ¶ 54.c; and (d) DC Comics cannot confer exclusive licenses in the Superman rights, *id*. ¶ 54.d.

DEFENDANTS' OPPOSITION TO MOTION
FOR ENTRY OF PARTIAL JUDGMENT

Plaintiffs' motion makes no mention of these four separate requests for relief. Nor do they mention their prayer for relief, in which they sought "interest" on their first claim as well as attorney's fees. Compl. ¶¶ 96, 97. Judge Larson never resolved any of these issues with any finality.

2. **Issues In Plaintiffs' First Claim That Judge Larson Never Resolved**

a. The Promotional Announcements. In their December 2009 joint report, the parties identified as one of the unresolved issues in the case, "[t]he impact, if any, that Defendants' pre-*Action Comics No. 1* 'promotional announcements' have on the *scope of Plaintiffs' recaptured copyrights*." Dec. 2009 Joint Report at 16:8-9 (emphasis added). At the status conference held August 13, 2010, DC Comics advised the Court that this issue directly affected plaintiffs' first claim, remained unresolved, and required that plaintiffs' Rule 54 motion be denied. *See* Kline Decl. Ex. B at 38:19-25. In response, plaintiffs' counsel contended that Judge Larson's orders fully adjudicated the "promotional announcements" issue: "It is not so that Judge Larson did not rule regarding the contents of the promotional ads. He specifically did [in] one of his published rulings." *Id.* at 45:4-6. Counsel for DC Comics pointed out how this assertion was directly belied by the joint report *plaintiffs' counsel* filed in December 2009:

Mr. Toberoff stipulated as follows: "Both parties respectfully request, however, that the Court determine the remaining undecided [A]dditional [I]ssues which the parties briefed in 2008 because such [A]dditional [I]ssues define the contours of the pending accounting trial, the parties cannot properly prepare for trial prior to a determination of the [A]dditional [I]ssues.

"The [A]dditional [I]ssues are not in limine motions and have far too large an impact on the trial to be decided like in limine motions only days before trial. These remaining issues include" -- and the first one listed, and it is the only one, I will read right now, is as follows:

DEFENDANTS' OPPOSITION TO MOTION
FOR ENTRY OF PARTIAL JUDGMENT

1
2

> "The impact, if any, that defendant's pre-Action Comics Number 1 promotional announcements *have on the scope of plaintiff's recaptured copyrights*."

3    *Id.* at 50:1-16 (emphasis added).

4    While plaintiffs' motion mentions rulings Judge Larson made on the
5    promotions, *see* Mot. at 7:25-8:6, 8:17-19, 8:26-9:4 & 9 n.3, and says Judge Larson
6    never resolved certain open issues, *see id.* at 9:5-13, the motion *never* explains that,
7    by plaintiffs' own admission, the open promotional-announcement question could
8    directly impact the "scope of Plaintiffs' recaptured copyrights." Dec. 2009 Joint
9    Report at 16:8-9. To mask their omission, plaintiffs' motion claims the "Additional
10   Issues" on which Judge Larson did not rule "relate to the *procedural parameters* of
11   the 'accounting' phase of trial and *not Plaintiffs' First Claim for relief*." Mot. at 11
12   n.4 (emphasis added). That is double talk. The very first "Additional Issue"
13   plaintiffs' counsel identified in the December 2009 report as requiring resolution
14   was the "'promotional announcements'" issue—and its "impact" on the "scope of
15   Plaintiffs' recaptured copyrights." Dec. 2009 Joint Report at 16:8-9. The report
16   says nothing about "procedural parameters." Nor does falsely re-characterizing the
17   issue as "procedural" do anything to change the analysis. Significant parts of
18   plaintiffs' claims remain unresolved no matter how plaintiffs misdescribe them.

19   Cases like *Schudel v. Gen. Elec. Co.*, 120 F.3d 991, 994-95 (9th Cir. 1997),
20   illustrate why plaintiffs' Rule 54(b) motion must be denied. In *Schudel*, the Ninth
21   Circuit reversed a district court's grant of Rule 54(b) certification because the
22   district court had issued rulings with respect to "*respiratory injuries* allegedly
23   sustained by [plaintiff] Carlson and with respect to *neurological injuries* allegedly
24   sustained by the Froese plaintiffs," but did not resolve plaintiffs' various alternative
25   theories. *Id.* at 994. The Ninth Circuit reasoned there was no "final judgment"
26   because, while "[t]he district court [ruled] as to *issues related* to *certain injuries*,"
27   its rulings did not dispose of any claim in full. *Id.* (emphases added).

28

8

DEFENDANTS' OPPOSITION TO MOTION
FOR ENTRY OF PARTIAL JUDGMENT

b.  The "Dicta" Question.  In the joint report, plaintiffs identified as an open issue its motion to reconsider and have declared as "dicta" Judge Larson's "statements in [his] March 26, 2008 Partial Summary Judgment Order concerning the literary elements in *Action Comics No. 1*."  Dec. 2009 Joint Report at 16:22-23.  Judge Larson's March 26 order lists each of the copyrightable elements in *Action Comics No. 1* that plaintiffs recaptured.  *See Siegel v. Warner Bros. Entm't Inc.*, 524 F. Supp. 2d 1098, 1110-11 (C.D. Cal. 2008).  Plaintiffs objected to this ruling, erroneously asserting that Judge Larson's findings should not "be taken as conclusive" and do not "restrict the Superman elements" they "recaptured."  Case No. CV 04-8400 (Docket No. 312) at 20-25.  Judge Larson retired before ruling on this motion, and this "Additional Issue" was never resolved.  It clearly is not a "procedural" matter, as plaintiffs assert, Mot. at 11 n.4, and is an additional, independent ground to deny their motion, *see Schudel*, 120 F.3d at 994-95.

c.  Entitlement To 50% Of All Superman Profits.  Plaintiffs' motion does not recite that paragraph 54.c of the complaint seeks the following declaration:

> Plaintiffs are *entitled to fifty percent (50%) of any and all proceeds, compensation, monies, profits, gains and advantages* from the exploitation of, or attributable to, in whole or in part, any aspect of the Recaptured Copyrights (hereinafter, sometimes referred to as the "*Profits.*").

Although plaintiffs included this request in a proposed order on their motion for partial summary judgment, *see* Case No. CV 04-8400 (Docket No. 160) at 1:22-24, there was no ruling on it.  Judge Larson entered no judgment in plaintiffs' favor on this critical issue (much less the whole first claim) and, instead, said the case must proceed to an accounting trial, as detailed in the parties' December 2009 joint status report.  Nowhere in that report did plaintiffs contend that their first claim for relief had been finally adjudicated or that a Rule 54(b) appeal could or should be taken.  Just the opposite:  plaintiffs said this case is "principally an action for an accounting of Plaintiffs' allocable share of profits from the exploitation of Plaintiffs'

DEFENDANTS' OPPOSITION TO MOTION
FOR ENTRY OF PARTIAL JUDGMENT

recaptured Siegel Superman copyrights after April 16, 1999, the noticed Superman Termination date."  Dec. 2009 Joint Report at 2:12-16.  And in describing their first claim, plaintiffs said:

> Plaintiffs' First Cause of Action sought declaratory relief to affirm the validity of Plaintiffs' Superman Termination Notices pursuant to 17 U.S.C. § 304(c), ***and to declare*** Plaintiffs, having recaptured Siegel's fifty percent share of the original Superman copyrights, **were entitled to an accounting from Defendants for fifty percent of their profits** *from the continued exploitation of the recaptured Superman copyrights after April 16, 1999.*

*Id.* at 3:4-9 (emphasis added).

In describing the open issues yet to be adjudicated, the report addresses "[w]hether the apportionment analysis, if applicable, should be on a work-by-work basis or pursuant to a general 'template,'" and "[h]ow broad or narrow is the scope of the mixed use—copyright/trademark—products and merchandise as to which an accounting is required (e.g., t-shirts with both Superman trademarks and copyrightable imagery)."  Dec. 2009 Joint Report at 16:8-23.  Each of these "open issues"—and the several others like them, *see id.*—impacts whether plaintiffs are "entitled to fifty percent (50%) of *any and all Profits* … attributable to … the Recaptured Copyrights," which they seek pursuant to their first claim for relief. Compl. ¶ 83(d) (emphasis added).  Where *any* part of a claim remains undetermined, judgment may not be entered pursuant to Rule 54.  *See Schudel*, 120 F.3d at 994-95.  Here, many such issues remain unresolved.

Indeed, as is clear from the joint December 2009 submission, *before* plaintiffs changed strategies and filed this Rule 54(b) motion, they *openly admitted* that important components of their first claim remained undecided.  Dec. 2009 Joint Report at 15:22-16:23.  Only now that plaintiffs want to derail further resolution of these issues and the accounting trial do they assert that Judge Larson "*completely resolved all of the issues* in Plaintiffs' First Claim for Relief."  Mot. at 1:6-7 (emphasis added).  That categorical misstatement cannot be squared with the

10

record, including plaintiffs' own admissions and unexplained delay of close to a year in bringing this motion. Noteworthy is that plaintiffs have referred to the pendency of this motion in the lawsuit DC filed against them in May of this year. *See DC Comics v. Pacific Pictures Corp.*, Case No. CV 10-3633 ODW (RZx); Kline Decl. Ex. C. Although plaintiffs may have tactical reasons for stopping this new case in its tracks, they are of no moment to the requirements of Rule 54.

d. Interest and Attorneys' Fees And Other Prayers For Relief. In their reply, we anticipate plaintiffs will assert that their fourth claim or other claims contain their "accounting" claim, Compl. at 20:3, and their second claim addresses which accounting principles should apply, *see id.* ¶¶ 57-58. But that does not negate that their first claim—*no matter if duplicative it is of their other claims*—seeks 50% of all Superman "profits" as well as an "accounting," Dec. 2009 Joint Report at 3:4-9, as well as other monetary relief Judge Larson never awarded. In plaintiffs' prayer for relief, for example, they ask for:

- 50% of "any and all" Superman "Profits," as part of their *first claim*;
- "interest at the highest lawful rate on all sums awarded Plaintiffs" on "ALL CLAIMS FOR RELIEF," including on the *first claim*; and
- attorneys' fees "ON ALL CLAIMS," including on the *first claim*. *Id.* at 23:16-24:3, 27:6-10.

Because these issues were never decided, plaintiffs' first claim has not been finally adjudicated, and their Rule 54(b) motion must be denied. *See*:

- *Wolf*, 721 F.2d at 662 ("a judgment is not final as to one entire claim … under F. R. Civ. P. 54(b) if it decides only liability and leaves open the question of relief");
- *Id.* (appeal improper under Rule 54(b) where judgment addressed liability issue but did not address damages or *attorney's fees*);

DEFENDANTS' OPPOSITION TO MOTION FOR ENTRY OF PARTIAL JUDGMENT

- *In re In re Exxon Valdez*, 484 F.3d 1098, 1101 (9th Cir. 2007) ("It is well settled that prejudgment interest is a substantive aspect of a plaintiff's claim….");

- *RD Legal Funding, LLC v. Erwin & Balingit, LLP*, 2010 WL 1416968, at *1 (S.D. Cal. 2010) ("Plaintiff tacitly admits [the] summary judgment order is insufficient for a final judgment against the two Defendants because *Plaintiff requests additional relief in the form of interest, costs and attorneys' fees*, which was not addressed in the summary judgment motion.") (emphasis added).

Indeed, it would have been impossible for Judge Larson to award plaintiffs any of this relief—including the 50% interest of "any and all" Superman Profits, interest thereon, and attorney's fees—without holding an accounting trial, and without resolving plaintiffs' other, related, and overlapping claims for relief, such as the fourth and second claims. As noted, the parties admitted such an accounting trial and ruling on these claims was necessary to resolve the "profits" issue and thus plaintiffs' first claim. *See generally* Dec. 2009 Joint Report.

Moreover, cases like *Mattel, Inc. v. MGA Entm't, Inc.*, 2010 WL 2853761 (9th Cir. July 22, 2010), confirm that an accounting trial is required to address such sweeping claims for "all" or "half of all" profits. In *Mattel*, Mattel alleged that its employee worked improperly with MGA to develop the now-famous "Bratz" dolls. Mattel contended that MGA took these ideas, built Bratz into a billion dollar business, and Mattel was entitled to 100% of the profits of that business, because it owned Bryant's original work. The Ninth Circuit squarely rejected this argument:

> Even assuming MGA took some ideas wrongfully, it added tremendous value by turning the ideas into products and, eventually, a popular and highly profitable brand. The value added by MGA's hard work and creativity dwarfs the value of the original ideas Bryant brought with him, even recognizing the significance of those ideas …. It is not equitable to transfer this billion dollar brand—the value of which is overwhelmingly the result of MGA's legitimate efforts—because it may have started with two misappropriated names.

DEFENDANTS' OPPOSITION TO MOTION FOR ENTRY OF PARTIAL JUDGMENT

1    *Id.* at *4-5.  The Ninth Circuit remanded the case for a retrial at which any profits

2    due and owing Mattel could be apportioned.  Judge Larson *never* ruled in this case

3    that plaintiffs were entitled to 50% of DC Comics' Superman profits, but even had

4    he done so, that ruling would have been clear error.  It thus makes no sense to send

5    this case to the Ninth Circuit before all issues are resolved, including a full

6    accounting trial, as well as final disposition of issues like "interest" and "fees."

7                    3.    **Plaintiffs' Inapposite Cases**

8            Plaintiffs cite to no case, as here, where there are so many unresolved sub-

9    issues underlying the very claim they seek to appeal.  Rather, they cite to:

10   •  Cases in which the judgment dismissed *a party* from the action entirely, *see*

11      *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009); *Erwin v. U.S.*, 2008 WL

12      750739, at *1-2 (M.D.N.C. Mar. 18, 2008);

13   •  Cases in which entire claims, including damages, were fully resolved and

14      there was no reason to delay an appeal, *see Curtiss-Wright Corp.*, 446 U.S. at

15      5-12; *Whitney v. Wurtz*, 2007 WL 2601222, at *2-3 (N.D. Cal. Sept. 6, 2007)

16      (district court "reluctantly" granted Rule 54(b) judgment where *finality was*

17      *conceded* and there was a danger of multiple trials and appeals); and

18   •  Cases in which the fully adjudicated claims were "sufficiently severable

19      factually and legally from the remaining matters," such that Rule 54(b)

20      judgment would "streamline further litigation,"  *Cont'l Airlines, Inc.*, 819

21      F.2d at 1524-25; *Doe v. Univ. of Calif.*, 1993 WL 361540, at *1-2 (N.D. Cal.

22      Sept. 2, 1993) (if dismissal of federal claim affirmed on appeal, court could

23      dismiss pendent state-law claims and entire case).

24   None of these circumstances is present here, as shown above.

25   **C.    Plaintiffs' Efficiency Arguments Are Irrelevant And Wrong.**

26           The "requirement of finality is a statutory mandate and not a matter of

27   discretion."  *W.L. Gore*, 975 F.2d at 862.  Thus, even assuming there were

28   efficiency reasons to appeal sub-issues underlying plaintiffs' first claim for relief,

13

1  the Court may not grant plaintiffs' motion because plaintiffs' *entire claim* has not

2  been finally resolved.  Thus, the Court need not reach plaintiffs' efficiency

3  arguments.  *See id.*; *Schudel*, 120 F.3d at 994-95; *Vaughn*, 504 F. Supp. at 1354-55;

4  *Wheeler Mach. Co.*, 696 F.2d at 789-90.

5       Even considering efficiency, however, there are powerful reasons to proceed

6  with the remaining issues in the case and the accounting trial, and plaintiffs fail to

7  meet their heavy burden to overcome the "historic federal policy against piecemeal

8  appeals."  FED. R. CIV. P. 54(b) Advisory Comm. Note, 5 F.R.D. 433, 473 (1946).

9       First, as one can see from plaintiffs' prayer for relief and the December 2009

10  report, their claims are all closely related, including the first one.  *E.g.*, Compl. ¶ 83

11  & Dec. 2009 Joint Report at 2:12-16, 3:4-9 (Entire Case: case "principally an action

12  for an accounting of Plaintiffs' allocable share of [Superman] profits"; First Claim:

13  seeking 50% of "all" Superman profits and "accounting"); Compl. ¶ 84 & Joint

14  Report at 3:10-25 (Second Claim: 50% of all Superman profits and "accounting");

15  Compl. ¶ 85 & Dec. 2009 Joint Report at 3:26-4:1 (Third Claim: 50% of proceeds

16  of Superman Crest and "accounting"); Compl. ¶ 87 & Dec. 2009 Joint Report at

17  4:2-4 (Fourth Claim: 50% of "licensing" proceeds and "accounting"); Compl.

18  ¶¶ 89-90 (Fifth Claim: "accounting" and constructive trust on all profits).

19       As then-Judge Kennedy explained, and the Ninth Circuit re-affirmed, Rule

20  54(b) certification is counter-productive when the claim plaintiff seeks to appeal

21  involves similar legal and factual issues as the other claims remaining in the case:

22       "Judgments under Rule 54(b) must be reserved for the unusual case….
        The trial court should not direct entry of judgment under Rule 54(b)
23       unless it has made specific findings setting forth the reasons for its
        order.  Those findings should include a determination whether, upon
24       any review of the judgment entered under the rule, *the appellate court
        will be required to address legal or factual issues that are similar to*
25       *those contained in the claims still pending before the trial court.*  **A
        similarity of legal or factual issues will weigh heavily against entry of**
26       **judgment under the rule**, and in such cases a Rule 54(b) order will be
        proper only where necessary to avoid a harsh and unjust result,
27       documented by further and specific findings.

28

14

DEFENDANTS' OPPOSITION TO MOTION<br>FOR ENTRY OF PARTIAL JUDGMENT

1    *Cadillac Fairview*, 41 F.3d at 567 (quoting *Morrison-Knudsen Co. v. Archer*, 655

2    F.2d 962 (9th Cir. 1981) (emphasis added)).

3         The same is true here:  Each of plaintiffs' claims overlap and present the

4    same factual and legal issues, and carving out the first claim for relief is

5    inappropriate and wrongly will result in "duplication of effort."  *RD Legal*, 2010

6    WL 1416968, at *1 (rejecting Rule 54(b) motion where trial court still needed to

7    resolve related claims against co-defendants: "the breach of contract claims asserted

8    against [co-defendants] are essentially the same as the claims asserted against

9    [defendant who prevailed, in part, on summary judgment].  Accordingly, any

10   appeals in this action could easily present similar factual and legal issues, and likely

11   would result in a duplication of effort").  Moreover, given this is just one of *four*

12   lawsuits the Siegels have filed against DC Comics—and almost every issue in these

13   cases has been contested—it is anticipated the Siegels will appeal all adverse

14   rulings, whether from a first trial, a re-trial, or a trial after any intermediate appeal,

15   meaning the savings plaintiffs promise are illusory.  *Cf. Wood*, 422 F.3d at 882

16   (appellate courts "cannot afford the luxury of reviewing the same set of facts in a

17   routine case more than once without a seriously important reason").

18        <u>Second</u>, while plaintiffs make "parade of horribles" arguments about how

19   difficult it would be to try the accounting case now and the waste of judicial

20   resources it would require, *see* Mot. at 14-18, such arguments can be made in any

21   complicated case where liability and damages are disputed, and plaintiffs have not

22   shown how their case is any different, *cf. 02 Micro Int'l Ltd. v. Monolithic Power*

23   *Sys., Inc.*, 2007 WL 2070275, at *2 (N.D. Cal. 2007).  In any event, to mitigate

24   against the risk of waste or delay, DC Comics has proposed a special master be

25   appointed to help resolve this case efficiently and without overburdening the Court.

26        <u>Third</u>, plaintiffs are wrong to assert that "[t]he Ninth Circuit's input at this

27   important juncture will promote the long awaited settlement of the *entire* Superman

28   dispute."  Mot. at 19:14-15.  The only thing that will promote a settlement is an

15

DEFENDANTS' OPPOSITION TO MOTION
FOR ENTRY OF PARTIAL JUDGMENT

accounting trial, in which it will be shown—consistent with cases like *Mattel*—that plaintiffs' claims for 50% of all of DC Comics' Superman profits are manifestly unwarranted.  Plaintiffs assert they have been winning this case decisively, *see* Mot. at 5-11, and imply DC Comics has not made significant settlement offers, *cf. id.* at 2:3-4.  However, plaintiff's *lost* the Phase One trial of the case, and in his other rulings Judge Larson rejected all but a narrow sliver of plaintiffs' claims.  Indeed, only through the tortious interference of the defendants in the related *Pacific Pictures* case did the Siegels purport to reject a settlement agreement that would have netted them tens of millions of dollars to date, and avoided this needless and wasteful litigation.  *See* Case No. 10-3633 (Docket No. 1) ¶¶ 61-62, 167-73.

Finally, contrary to plaintiffs' assertions about how the issues in this case will be dispositive of the issues in the *Pacific Pictures* lawsuit that DC Comics brought against the Shuster heirs, *see* Mot. at 2, 19-20, plaintiffs' counsel and Judge Larson both said the opposite.  In other court filings not mentioned in their motion, plaintiffs counsel, Mr. Toberoff, argued:

- "[T]he Siegel Litigations do <u>not</u> concern the Shuster's copyright interests in *Superman* and/or *Superboy* (if any): the litigations concern *only* Jerry Siegel's copyright interests .… [DC Comics'] ownership of Joseph Shuster's joint copyright interest in *Superman* is not at issue in the Siegel Litigations." Kline Decl. Ex. A at 15 (emphasis in original).

- "The Shuster Termination … is wholly separate and apart from the Siegel Terminations ….  The Shuster Termination has no legal bearing or effect upon the Siegel Terminations or upon Plaintiffs' claims in the Siegel Litigations or upon [DC Comics'] counterclaims or defenses."  *Id.* at 4.

Judge Larson recognized the same in one of his final rulings in this case:  "It is by no means a foregone conclusion that the Shuster estate will be successful in terminating the grant to the Superman material published in *Action Comics No. 1*."  Case No. CV 04-8400 (Docket No. 554) at 23.

DEFENDANTS' OPPOSITION TO MOTION
FOR ENTRY OF PARTIAL JUDGMENT

**D.     DC Comics' Counterclaims Are Not Properly Subject to Rule 54(b) Certification.**

Plaintiffs also urge the Court to enter judgment on several of DC Comics' counter-claims.  That request is equally without merit.  DC Comics' counterclaims, by plaintiffs' admission, "relate to the validity and scope of the Siegel terminations," which plaintiffs say is the gravamen of their first claim for relief.  Mot. at 1:6-9.  Because plaintiffs' first claim may not be appealed, nor may DC Comics' counter-claims.  Rule 54(b) certification is appropriate only where the matters being appealed are "sufficiently severable factually and legally from the remaining matters."  *Cont'l Airlines*, 819 F.2d at 1525.  Plaintiffs concede their first claim and DC Comics' counter-claim "concern[]" the same issues, Mot. at 5:19-23.

There is similarly no efficiency justification to stay this entire case to appeal these cross-claims now.  For example, one of DC Comics' claims is that plaintiffs' claims were barred by the Copyright Act's three-year statute of limitations.  *See* Mot. at 5:9-10.  There is no reason to put this case on hold to decide that narrow question.  Similarly, because Judge Larson's ruling on DC Comics' settlement-defense counter-claims is inconsistent with the teachings of the *Mattel* case, 2010 WL 2853761, at *6, DC Comics will be asking this Court to reconsider that ruling in light of *Mattel*, *see Sch. Dist. v. Lundgren*, 259 F.2d 101, 105 (9th Cir. 1958) (trial court has power to reconsider, set aside, or amend interlocutory orders at any time prior to final judgment); Case No. CV 04-8400 (Docket No. 623) at 5:18-26.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, plaintiffs' motion should be denied.

Dated:      September 3, 2010               Respectfully Submitted,

O'MELVENY & MYERS LLP


By: /s/ Daniel M. Petrocelli
     Daniel M. Petrocelli

DEFENDANTS' OPPOSITION TO MOTION
FOR ENTRY OF PARTIAL JUDGMENT