UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-8400 ODW (RZx) | Date | October 13, 2010 |
|---|---|---|---|
| Title | *Joanne Siegel, et al. v. Warner Bros. Entertainment, Inc., et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | |
|---|---|---|
| Steve Chung | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):             Attorneys Present for Defendant(s):

Not Present                                                      Not Present

**Proceedings (In Chambers):   Order Requesting Further Briefing and Denying Without Prejudice Plaintiffs' 54(b) Motion [618]**

After reviewing the parties' various submissions and other relevant filings, including Docket Numbers 336, 339, 348, 349, 560, 602, 617, 618, 293, 623, 625, 626 and 627, the Court finds it necessary for the parties to brief the following Additional Issues identified in their December 21, 2009 Joint Status Report:

1)   The impact, if any, that Defendants' pre-*Action Comics No. 1* "promotional announcements" have on the scope of Plaintiffs' recaptured copyrights;
2)   Whether principles of apportionment should be applied to the calculation of Plaintiffs' share of the profits from the recaptured copyrights;
3)   Whether the apportionment analysis, if applicable, should be on a work-by-work basis or pursuant to a general "template," or whether there should be an alternative method of apportionment;
4)   Who bears the burden of proof on what issues;
5)   How broad or narrow is the scope of the mixed use – copyright/trademark – products and merchandise as to which an accounting is required (e.g., t-shirts with both Superman trademarks and copyrightable imagery);
6)   How much or how little is needed to transform the post-termination sale of a pre-termination "derivative work" into a post-termination "derivative work" so as to require an accounting (e.g., DVD boxed sets of pre-1999 Superman films); and
7)   Whether the Court's background statements in its March 26, 2008 Partial Summary Judgment Order concerning the literary elements in *Action Comics No. 1* are dicta. (Docket No. 602 at 16.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-8400 ODW (RZx) | Date | October 13, 2010 |
|---|---|---|---|
| Title | *Joanne Siegel, et al. v. Warner Bros. Entertainment, Inc., et al.* | | |

      The parties direct the Court to their previously-filed briefs concerning these Additional Issues. (*See* Docket No. 620) (citing, *inter alia*, Docket Nos. 336, 339, 348, 349, 602, 617, 293 and 560). Specifically, the parties offer their July 2008 filings as to outstanding "Additional Issues" and the Court's August 12, 2009 Order Resolving Additional Issues. (Docket No. 560.) Other than the Additional Issues identified in the parties' December 21, 2009 Joint Status Report and restated above, however, the parties do not specify which Additional Issues remain unresolved. The Court has neither the resources nor the inclination to dissect the parties' lengthy briefs in light of the Court's equally lengthy Order Resolving Additional Issues, to divine and ultimately resolve any and all outstanding issues. As the parties' 2008 briefs are now stale, and to facilitate the advancement of this protracted litigation, the parties are **ORDERED** to 1) meet and confer regarding which Additional Issues remain unresolved, 2) identify for the Court all such issues and, in the same joint filing, 3) propose a briefing schedule to address the same.

      The parties may modify or supplement the Additional Issues as they agree, remembering all the while to narrowly frame the issues in light of the specific facts of this case. The Court does not issue advisory opinions. The parties' joint statement of Additional Issues and accompanying proposed briefing schedule shall be filed on or before **November 8, 2010**.

      As for Plaintiffs' Motion for Entry of Partial Summary Judgment Under Fed. R. Civ. P. 54(b), it is premature. (*See* Docket No. 618.) The outstanding issues discussed above bear directly on the finality of the claim for declaratory relief which Plaintiffs move to certify for appeal. For example, the first outstanding issue identified above – the impact, if any, that Defendants' pre-*Action Comics No. 1* "promotional announcement" have on the scope of Plaintiffs' recaptured copyrights – forecloses a finding that Plaintiffs' claim for declaratory relief is final. That claim seeks a declaration to not only clarify the parties' "respective rights and obligations with respect to the Termination and the copyright interests thereby recaptured by Plaintiffs" (SAC ¶ 55), but also to establish Plaintiffs' ownership of "an undivided fifty percent (50%) of the Recaptured Copyrights to each and/or all the Works for their renewal terms." (Id. ¶ 54b.) Until the effect of the "promotional announcements" on the scope of the recaptured copyrights is determined, however, and the "principles of apportionment" issue is settled (second and third issues identified above), the Court can neither declare the parties' respective rights nor even begin to apportion profits, as Plaintiffs' claim for declaratory relief seeks. Accordingly, Plaintiffs' motion under Fed. R. Civ. P. 54(b) is **DENIED WITHOUT PREJUDICE**.

      **SO ORDERED**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 04-8400 ODW (RZx) | Date | October 13, 2010 |
|---|---|---|---|
| Title | *Joanne Siegel, et al. v. Warner Bros. Entertainment, Inc., et al.* | | |

|  | ---- : 00 |
|---|---|
| Initials of Preparer | RGN |