1   MARC TOBEROFF (S.B. #188547)
      mtoberoff@ipwla.com
2   NICHOLAS C. WILLIAMSON (S.B. #231124)
      nwilliamson@ipwla.com
3   KEITH G. ADAMS (S.B. #240497)
      kgadams@ipwla.com
4   TOBEROFF & ASSOCIATES, P.C.
    2049 Century Park East, Suite 2720
5   Los Angeles, CA 90067
    Telephone:   (310) 246-3333
6   Facsimile:   (310) 246-3101

7   Attorneys for Plaintiffs and Counterdefendants

8   (continued on next page)

9                **UNITED STATES DISTRICT COURT**

10               **CENTRAL DISTRICT OF CALIFORNIA**

11

12

13  JOANNE SIEGEL and LAURA          Case No. CV-04-8400 ODW (RZx)
    SIEGEL LARSON,
14                                    **THE PARTIES' JOINT**
                    Plaintiffs and    **SUBMISSION RE: CASE**
15                  Counterdefendants, **MANAGEMENT ISSUES FILED**
                                       **PURSUANT TO COURT'S**
16         v.                          **OCTOBER 13, 2010 ORDER**

17  WARNER BROS.                       The Hon. Otis D. Wright II
    ENTERTAINMENT INC., DC
18  COMICS, and DOES 1-10,

19                  Defendants and
                    Counterclaimant.
20

21

22

23

24

25

26

27

28

1   (continued from previous page)

2   DANIEL M. PETROCELLI (S.B. #97802)
      dpetrocelli@omm.com
3   MATTHEW T. KLINE (S.B. #211640)
      mkline@omm.com
4   CASSANDRA L. SETO (S.B. #246608)
      cseto@omm.com
5   O'MELVENY & MYERS LLP
    1999 Avenue of the Stars, 7th Floor
6   Los Angeles, CA 90067-6035
    Telephone:   (310) 553-6700
7   Facsimile:   (310) 246-6779

8   PATRICK T. PERKINS (admitted *pro hac vice*)
      pperkins@ptplaw.com
9   PERKINS LAW OFFICE, P.C.
    1711 Route 9D
10  Cold Spring, NY 10516
    Telephone:   (845) 265-2820
11  Facsimile:   (845) 265-2819

12  Attorneys for Defendants and Counterclaimant

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 1 -

1    As directed by the Court in its October 13, 2010 order, *see* Docket No. 630,

2    the parties hereby make this joint submission.  Plaintiffs and defendants set forth

3    their respective positions in Parts I and II below identifying (i) open issues in the

4    case left to be resolved and (ii) proposed means and schedules for resolving them.

5         The parties conferred, but were unable to agree on a joint proposal.  By

6    submitting this joint report, neither plaintiffs nor defendants accept the others'

7    factual and legal assertions, and all parties reserve all rights.  Neither plaintiffs nor

8    defendants had the opportunity to review or respond to the other sides' briefing

9    below before submitting this joint document.

10   **I.    PLAINTIFFS' POSITION**

11        **1.    Issues 1 and 2 Should Be Resolved First**

12        Pursuant to the Court's October 13, 2010 minute order ("Order"), the parties

13   met and conferred as to the "Additional Issues" ("Issues").  All the Issues 1-7, set

14   forth on page 1 of the Order, have been fully briefed, but remain unresolved.

15        The Issues suggest a logical decision-making order and progression.  Thus, in

16   the interest of efficiency, the Court need not resolve all Issues simultaneously.  As

17   correctly noted by the Court, Plaintiffs' First Claim as to the validity and effect of

18   the statutory termination is the basis for Plaintiffs' remaining claims.  Issues 1 and

19   2 relating to the First Claim should therefore be adjudicated first.

20        Issue 1, "the impact of the promotional announcements," allegedly concerns

21   the scope of Plaintiffs' recaptured copyrights.[1]  Issue 2 addresses the threshold issue

22   _____

23   [1]  Defendants should not be permitted to file yet another motion as to this Court's
     published decision, which sharply limited the content of the promotional

24   announcements ("Ads").  *Siegel* I, 542 F. Supp. 2d 1098, 1124-26 (C.D. Cal. 2008).

25   Defendants' prior motion for reconsideration of this ruling (Docket No. 307) was
     specifically denied *with prejudice*.  Docket No. 327 at 1, 3.  By contrast, Plaintiffs'

26   motion for clarification of the Court's decision (Docket Nos. 300, 312) was denied

27   *without prejudice*, and Plaintiffs were invited by the Court to include this motion in
     the Additional Issue briefing.  Docket No. 327 at 1, 3.  Plaintiffs' motion had asked

28   that the Court confirm that because the Ads are purely derivative of *Action Comics*,

PARTIES' JOINT SUBMISSION
PURSUANT TO OCT. 13, 2010 ORDER

1   of "[w]hether [federal] principles of apportionment should be applied" to an
2   accounting between co-owners which is governed solely by state law.
3        In contrast, Issues 3-7 relate to the mechanics of *how* an accounting of profits
4   should be conducted –the subject of Plaintiffs' Second, Third and Fourth Claims.
5   Given the Court's stated concern with "advisory opinions" (Order at 2), Issues 3 - 7
6   should be decided *after* the Court's threshold decision as to whether apportionment
7   even applies (Issue 2).

8                    **2.    Issues 1 and 2 Can Be Decided Without Further Briefing**

9        As the Court noted, the sheer volume of papers already filed in this case is
10  "extensive" and "daunting."  August 13, 2010 Transcript at 13:20-21.  However, the
11  Court need not spend its scarce resources "dissecting" the prior briefing, as Issues 1
12  and 2 are clearly and separately delineated in the briefs before the Court and are
13  ready to be decided.  Below is a "break-down" for the Court's convenience:

| Issue | Briefed at: |
|---|---|
| 1.    The impact, if any, that Defendants' pre-*Action Comics No. 1* "promotional announcements" have on the scope of Plaintiffs' recaptured copyrights. | Docket No. 339 at 58-74<br>Docket No. 348 at 41-44<br>Docket No. 349 at 41-42 |
| 2.    Whether principles of apportionment should be applied to the calculation of Plaintiffs' share of the profits from the recaptured copyrights. | Docket No. 336 at 21-31<br>Docket No. 339 at 4-8<br>Docket No. 348 at 2-6<br>Docket No. 349 at 35-36 |

21       As these issues have already been completely briefed and such briefs are
22  readily accessible, there is little benefit to the Court from the parties re-briefing the
23  same issues since the applicable law has not changed.  Re-briefing such Issues
24  creates more work for the Court, further delays resolution of this drawn-out case

25  ─────────────────────────────────────────────
26  No. 1, they cannot limit Plaintiffs' recaptured copyrights in *Action Comics*, No. 1.
    *See* Docket No. 312 at 1, 11-12; 17 U.S.C. § 103(b).  Plaintiffs' motion regarding
27  the Ads (Issue 1) is thus included in the "Additional Issues" briefing pending before
    this Court (Docket No. 339 at 58-74), while Defendants' motion was denied with
28  prejudice. Docket No. 327 at 1.

                                   - 2 -                    PARTIES' JOINT SUBMISSION
                                                      PURSUANT TO OCT. 13, 2010 ORDER

1   and risks prejudicing the parties.  It requires the parties to incur significant attorney

2   time, in addition to that spent on the original briefing, and opens the door to

3   effective "sur-replies" to the original briefing that was duly completed and closed.

4   As Defendants' new counsel now seek to re-litigate six years of litigation, such

5   "sur-reply" briefing largely benefits Defendants to the prejudice of Plaintiffs.

6        If it pleases the Court, the parties can easily "cut and paste" the existing

7   briefing into new comprehensive documents for the Court's convenience.  For

8   example, the parties can resubmit their prior briefing in two simple briefs:  (i) the

9   first, combining the parties' opening briefs on Issues 1 and 2, and (ii) the second,

10  combining the parties' response briefs on Issues 1 and 2.  This "kills two birds with

11  one stone" by streamlining the briefs for the Court, while avoiding prejudice and

12  the free-for-all that will ensue from re-opening previously completed briefing.

13       In the alternative, if the Court still believes that it is necessary for Issues 1 and

14  2 to be fully re-briefed, Plaintiffs submit the following proposed schedule:

| Event | Deadline |
| --- | --- |
| Plaintiffs' Motion for Clarification on Issue 1 ("Promotional Announcements") (20-page limit) | November 24, 2010 |
| Defendants' Opposition to Motion for Clarification on Issue 1 (20-page limit) | December 1, 2010 |
| Plaintiffs' Reply in Support of Motion for Clarification on Issue 1 (10-page limit) | December 8, 2010 |
| Parties' Opening Briefs on Issue 2 (Whether there should be apportionment) (10-page limit) | November 24, 2010 |
| Parties' Response Briefs on Issue 2 (10-page limit) | December 8, 2010 |
| Hearing on Issues 1 and 2 | December 20, 2010 |

### 3.    Schedule After Resolution of Issues 1 and 2

After Issues 1 and 2 are determined, the following schedule presents the most reasonable way to minimize the burden on the Court while moving this case forward:

- 3 -

| Event | Deadline |
|---|---|
| Plaintiffs file renewed motion to enter judgment on the First Claim under F.R.C.P. 54(b)[2] | 7 days from Court's decision on Issues 1 and 2 |
| Hearing on Plaintiffs' Rule 54(b) motion | 35 days from the Court's decision on Issues 1 and 2 |

If Plaintiffs' renewed Rule 54(b) motion is granted, both parties will likely appeal the First Claim judgment, staying the remainder of the case, and avoiding the likelihood of re-trial of the detailed accounting claims, due to potential errors in the many underlying "work-made-for-hire" determinations. *See* Docket No. 618 at 16-18.

If the renewed Rule 54(b) motion is denied, the precise contours of Issues 3 through 7 will depend on the Court's decision as to Issues 1 and 2. For instance, if the Court decides that "apportionment" from *federal* copyright infringement case law simply does **not** apply to Plaintiffs' accounting claims, governed by California law, then Issue 3 and much of Issue 4 would be mooted and need not be decided.

The remaining Issues 3-7 fall into the following conceptual categories:

- If "apportionment" is ordered, how should it apply? ("Apportionment Mechanics") (Issues 3 and 4)
- What works, if any, should be excluded from DC's accounting? ("Excluded Works") (Issues 5 and 6)
- If "apportionment" applies, were the Court's passing comments as to the literary elements in *Action Comics*, No. 1 dicta? ("Dicta") (Issue 7)

Issues 3-7, like Issues 1-2, are separately delineated in the briefs before the Court. Below is a "break-down" for the Court's convenience. The Court can decide Issues 3-7 on the existing briefs, on a schedule best suited to the Court's calendar:

---

[2] *See* Order at 2 ("As for Plaintiffs' Motion for Entry of Partial Summary Judgment Under Fed. R. Civ. P. 54(b), it is premature. .... Plaintiffs' motion under Fed. R. Civ. P. 54(b) is DENIED WITHOUT PREJUDICE.")

PARTIES' JOINT SUBMISSION
PURSUANT TO OCT. 13, 2010 ORDER

| Issue | Briefed at: |
|---|---|
| 3.    Whether the apportionment analysis, if applicable, should be on a work-by-work basis or pursuant to a general "template," or whether there should be an alternative method of apportionment. | Docket No. 336 at 32-38<br>Docket No. 339 at 16-27<br>Docket No. 348 at 13-23<br>Docket No. 349 at 36-43 |
| 4.    Who bears the burden of proof on what issues? | Docket No. 336 at 69-80<br>Docket No. 339 at 8-10<br>Docket No. 348 at 6-8<br>Docket No. 349 at 31-35 |
| 5.    How broad or narrow is the scope of the mixed use – copyright/trademark – products and merchandise as to which an accounting is required (*e.g.*, t-shirts with both Superman trademarks and copyrightable imagery)? | Docket No. 336 at 38-51<br>Docket No. 339 at 44-58<br>Docket No. 348 at 33-41<br>Docket No. 349 at 47-50 |
| 6.    How much or how little is needed to transform the post-termination sale of a pre-termination "derivative work" into a post-termination "derivative work" so as to require an accounting (*e.g.*, DVD boxed sets of pre-1999 Superman films)? | Docket No. 336 at 51-58<br>Docket No. 339 at 36-43<br>Docket No. 348 at 31-33<br>Docket No. 349 at 43-47 |
| 7.    Whether the Court's background statements in its March 26, 2008 Partial Summary Judgment Order re: the literary elements in *Action Comics*, No. 1 are *dicta*. | Docket No. 339 at 74-80<br>Docket No. 348 at 44-48 |

As suggested above for Issues 1 and 2, the parties can readily "cut and paste" the existing briefing into combined comprehensive documents to streamline the process for the Court's convenience.

Alternatively, if the Court still desires that the parties fully re-brief Issues 3-7, Plaintiffs propose the following schedule:

| Event | Deadline |
|---|---|
| Parties' Opening Briefs on Issues 3-7: Apportionment Mechanics (25-page limit), Excluded Works (20-page limit) and Dicta (10-page limit) | 28 days after decision on renewed Rule 54(b) motion |
| Parties' Response Briefs on Issues 3-7: Apportionment Mechanics (15-page limit), Excluded Works (10-page limit) and Dicta (5-page limit) | 42 days after decision on renewed Rule 54(b) motion |
| Hearing(s) on Issues 3-7 | As set by the Court |

- 5 -

PARTIES' JOINT SUBMISSION
PURSUANT TO OCT. 13, 2010 ORDER

| Event | Deadline |
|---|---|
| Trial | As set by the Court |

### 4.    Defendants' Extraneous Issues

<u>Superboy:</u>  Defendants included the "Superboy Issues" from *Siegel v. Time Warner Inc.*, Case No. 04-CV-8776 ODW (RZx) in their proposal even though the Court's October 13, 2010 Order was plainly issued in the Superman case alone, listed only issues in the Superman case, and did <u>not</u> ask for anything pertaining to the Superboy case.  As the Superman and Superboy cases are separate,[3] and the Court is treating them as such, Plaintiffs have not addressed Superboy issues herein. Plaintiffs believe that the appropriate juncture to address Superboy briefing is after the Court has ruled on Issues 1 and 2 and on Plaintiffs' renewed Rule 54(b) motion.

<u>Reconsideration:</u>  Defendants have also improperly included herein motions for reconsideration of the Court's published decision in *Siegel v. Warner Bros. Ent. Inc.*, 542 F. Supp. 2d 1098 (C.D. Cal. 2008) as to Defendants' purported statute of limitations and settlement agreement defenses which were long ago decided by the Court.  The Court's October 13, 2010 Order clearly did not encompass such motions for reconsideration, and it is Plaintiffs' understanding that the Court wishes to streamline this case, not to re-litigate everything decided against Defendants during six years of hard-fought litigation.  If Defendants are eager to contest the Court's prior rulings, they should not oppose Plaintiffs' renewed Rule 54(b) motion and take such matters up with the Ninth Circuit.  If Defendants insist on repeatedly moving to reconsider this Court's rulings, they must follow Local Rule 7-18's procedures.

<u>Defendants' Premature "Accounting":</u>  Defendants specifically agreed in both the December 2009 Joint Status Report and in prior stipulations that resolution of

---

[3] Defendants previously brought a motion (Docket Nos. 20-21) to consolidate the Superman case with the Superboy case.  The Court denied Defendants' motion in large part, and consolidated the two cases for discovery purposes only. *See* Docket No. 30.

1   the fully briefed Additional Issues should be decided **prior** to any accounting

2   because this will "define the contours of the pending accounting." Docket No. 602

3   (Joint Status Report) at 16:2-17:2. *See also* Docket Nos. 290, 352, 356, 480, 556

4   (parties' stipulations). In contradiction, Defendants now propose to unilaterally

5   submit their version of an accounting, absent any legal framework. As previously

6   demonstrated, this would be highly inefficient, and only serve to prolong this case

7   by obfuscating the accounting issues. *See* Docket No. 625 at 6-8. If Defendants are

8   permitted to render an accounting before the Court decides the legal framework for

9   such accounting, Defendants will inevitably take the same self–serving legal

10  positions that led to Issues 3-7 in the first place. Far from streamlining this process,

11  Defendants' proposal would only complicate it, as it would be nearly impossible to

12  divine what they left out of their unilateral accounting and why. The far simpler

13  path is for this Court to establish the appropriate legal framework for Defendants'

14  accounting by resolving Issues 3 -7, and for Defendants to then render a structured

15  accounting in compliance therewith.

16  **II.    DEFENDANTS' POSITION**

17      There are a number of open issues in both the Superman case and the

18  Superboy case. Most of these issues have been briefed, but as the Court recognized

19  in its October 13 order, the briefs and supporting materials are voluminous, can be

20  synthesized by the parties in short, concise briefs, and can be updated to address

21  new facts and legal authorities that render the parties' prior briefing "stale." Docket

22  No. 630 at 2 (Oct. 13, 2010 order). Plaintiffs' insistence that the parties submit

23  these issues to the Court based *only* on the prior submissions in this case places a

24  needless burden on the Court and will only invite error, as certain of plaintiffs'

25  arguments in their prior briefing have been rejected by intervening case law. *See,*

26  *e.g.*, Docket No. 626 at 1-2.

27      As DC Comics sets forth below and in prior submissions, there is a logical

28  sequence in which the open issues can be decided. *First*, the Court should rule on

certain key, threshold legal issues.  <u>Second</u>, DC Comics can and will render an accounting to plaintiffs.  <u>Third</u>, plaintiffs should identify any objections they may have to the accounting.  <u>Fourth</u>, with the benefit of the accounting, any remaining legal issues raised by plaintiffs' objections can be briefed and resolved.  <u>Finally</u>, the Court can and should appoint a special master to preside over any contested fact issues raised by the accounting.

DC Comics has proposed below specific dates and ways to address these issues, which it submits will put the parties and the Court on the most efficient path to resolving these long-running, complicated cases.  DC Comics submits that the issues in the Superboy case should be treated in the same way, as also set forth below.  Plaintiffs' objection to resolving the Superboy case as part of this overall process will only cause more confusion and delay.

Finally, plaintiffs' briefing proposals needlessly prejudice DC Comics—both by giving plaintiffs more space to brief issues than defendants are afforded, *see supra*, and requiring that DC submit briefing on an issue on the Monday after the Thanksgiving holiday, *see supra*.

### A.    The Open Issues To Resolve

#### 1.    The Seven Issues Identified By The Court

In its October 13 ruling, the Court identified seven issues to be resolved in this case.  Both plaintiffs and DC Comics agree the Court should rule on these issues, which are set forth in the numbered list below.  In Section II.B of this submission, DC Comics proposes a process for grouping, briefing, presenting, and resolving these seven issues:

(1) "The impact, if any, that Defendants' pre-*Action Comics No. 1* 'promotional announcements' have on the scope of Plaintiffs' recaptured copyrights,"

(2) "Whether principles of apportionment should be applied to the calculation of Plaintiffs' share of the profits from the recaptured copyrights,"

1    (3) "Whether the apportionment analysis, if applicable, should be on a work-by-
2      work basis or pursuant to a general 'template,' or whether there should be an
   alternative method of apportionment,"

3    (4) "Who bears the burden of proof on what issues,"

4    (5) "How broad or narrow is the scope of the mixed use – copyright/trademark –
5      products and merchandise as to which an accounting is required (e.g., t-shirts
   with both Superman trademarks and copyrightable imagery),"

6    (6) "How much or how little is needed to transform the post-termination sale of a
7      pre-termination 'derivative work' into a post-termination 'derivative work'
   so as to require an accounting (e.g., DVD boxed sets of pre-1999 Superman
8      films)," and

9    (7) "Whether the Court's background statements in its March 26, 2008 Partial
   Summary Judgment Order concerning the literary elements in *Action Comics*
10     *No. 1* are dicta."

11  Docket No. 630 at 1-2.

12     2. <u>Other Issues To Address</u>

13     The Court's October 13 order anticipated that there may be additional

14  unresolved issues. *See* Docket No. 630 at 2 ("The parties may modify or

15  supplement the Additional Issues as they agree, remembering all the while to

16  narrowly frame the issues in light of the specific facts of this case."). DC Comics

17  presently identifies the following two sets of additional issues.

18     First, the parties' December 2009 joint submission identified the following

19  open issues related to the Superboy case:

20   &bull; Whether there was any original copyrightable material in the Superboy script
21    that Jerry Siegel submitted to Detective Comics;

22   &bull; Whether Siegel's Superboy script was ever "published," as required to
23    receive statutory copyright protection and be eligible for termination; and

24   &bull; Whether Judge Larson already decided the Superboy joint-work issue in DC
25    Comics' favor, which plaintiffs dispute.

26  *See* Docket No. 602 at 22-23 (parties' Dec. 2009 report).  We propose that these

27  issues be addressed in a single set of new briefing from the parties; once these legal

28

PARTIES' JOINT SUBMISSION
PURSUANT TO OCT. 13, 2010 ORDER

1    issues are resolved, plaintiffs' Superboy claims can be dismissed (*e.g.*, if Siegel's

2    Superboy script was not published) or folded into the Superman accounting trial.

3         Second, an important new decision by the Ninth Circuit, *Mattel v. MGA*

4    *Entm't, Inc.*, 2010 WL 4117741 (9th Cir. 2010), as well as new, disputed factual

5    assertions plaintiffs have advanced, may require revisiting Judge Larson's summary

6    judgment rulings on two of DC Comics' complete defenses to this case.  Plaintiffs

7    agree these issues can be resolved pursuant to a motion for reconsideration.

8    **B.    DC Comics' Proposed Case Management Schedule**

9         As set forth in its Proposed Order, DC Comics proposes the following

10   schedule for briefing and resolving the open issues in the Superman case:

11        1.    Promotional Announcements and Dicta Issues (Issues 1 and 7)

12   **Dec. 3, 2010**:  The parties submit briefs not to exceed 20 pages regarding

13   the impact of the promotional announcements and the dicta question.  (This

14   20-page-limit applies to the entire set of new briefing on these two issues,

15   and amounts roughly to 10 pages per issue—no more.  This general

16   template for page-limits is followed below and in the Proposed Order.)

17   **Dec. 10, 2010**:  The parties file responses not to exceed 10 pages regarding

18   the impact of the promotional announcements and the dicta question.

19   **Dec. 17, 2010**:  If necessary, the Court holds a hearing on the impact of the

20   promotional announcements and the dicta question, including hearing any

21   necessary live testimony on the subject of the promotional announcements.

22        2.    Accounting Issues (Issue 2)

23             a.    *Apportionment*

24   **Dec. 20, 2010**:  The parties submit briefs not to exceed 20 pages regarding

25   the question "Whether principles of apportionment should be applied to the

26   calculation of Plaintiffs' share of the profits from the recaptured

27   copyrights."

28

- 10 -

1    **Jan. 7, 2011**:  The parties submit responses not to exceed 10 pages

2    regarding the question "Whether principles of apportionment should be

3    applied to the calculation of Plaintiffs' share of the profits from the

4    recaptured copyrights."

5    **Jan. 24, 2011**:  If necessary, the Court holds a hearing on the question

6    "Whether principles of apportionment should be applied to the calculation

7    of Plaintiffs' share of the profits from the recaptured copyrights."

8          b.    *DC Comics' Accounting*

9    **Mar. 1, 2011**:  DC Comics renders its accounting to the Siegels.

10   **Apr. 4, 2011**:  The Siegels file objections—if any—to DC's accounting.

11   **Apr. 11 to Apr. 29, 2011**:  The parties conduct any depositions of experts

12   or percipient witnesses related to DC Comics' accounting or the Siegels'

13   objections thereto.

14         c.    *Remaining Superman Legal Issues (Issues 3-6)*

15   **May 9, 2011**:  With the benefit of the accounting and the Court's rulings,

16   the parties submit briefs not to exceed 40 pages regarding the four legal

17   issues remaining (*i.e.*, "Whether the apportionment analysis, if applicable,

18   should be on a work-by-work basis....," "Who bears the burden of proof on

19   what issues," "How broad or narrow is the scope of the mixed use...."

20   "How much or how little is needed to transform....").

21   **May 23, 2011**:  The parties file responses not to exceed 20 pages regarding

22   the four remaining Superman legal issues.

23   **June 13, 2011**:  If necessary, the Court holds a hearing regarding the four

24   remaining Superman legal issues, including hearing any necessary live

25   testimony on the subjects.

26   **Aug. or Sept. 2011**:  If necessary, the parties conduct an accounting trial

27   before a special master.  The parties and Court shall resolve the selection of

28   a special master by April 15, 2011.

1        To the extent the Court intends to follow the same approach for addressing

2    the open issues in the Superboy case, DC Comics proposes the following schedule:

3        **Jan. 24, 2011**:  The parties submit briefs not to exceed 25 pages regarding

4    the open Superboy issues.

5        **Feb. 2, 2011**:  The parties file responses not to exceed 12 pages regarding

6    the Superboy issues.

7        **Feb. 14, 2011**:  If necessary, the Court holds a hearing on the Superboy

8    issues, including hearing any necessary live testimony on the subject.

9    Dated:  November 8, 2010            TOBEROFF & ASSOCIATES, P.C.

10                                                By:  _____

11                                                        Marc Toberoff

12                                                Attorneys for Plaintiffs and Counterdefendants

13

14    Dated:  November 8, 2010            O'MELVENY & MYERS LLP

15                                                By:  _____

16                                                        Daniel M. Petrocelli

17    CC1:838734                            Attorneys for Defendants and Counterclaimant

18

19

20

21

22

23

24

25

26

27

28