Marc Toberoff (CA State Bar No. 188547)
*mtoberoff@ipwla.com*
Nicholas C. Williamson (CA State Bar No. 231124)
*nwilliamson@ipwla.com*
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

Attorneys for Plaintiffs and Counterclaim Defendants
JOANNE SIEGEL and LAURA SIEGEL LARSON

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>WARNER BROS. ENTERTAINMENT INC., a corporation; TIME WARNER, INC., a corporation; DC COMICS, a general partnership; and DOES 1-10,<br><br>Defendants. | Case No: CV 04-8400 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>**PLAINTIFFS JOANNE SIEGEL AND LAURA SIEGEL LARSON'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15 AND 16**<br><br>Time: 1:30 p.m.<br>Date: February 7, 2011<br>Place: Courtroom 11<br><br>Trial Date: None Set<br><br>[Complaint filed: October 8, 2004] |
| DC COMICS,<br><br>Counterclaimant,<br><br>vs.<br><br>JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON, an individual,<br><br>Counterclaim-Defendants. | |

# TABLE OF CONTENTS

INTRODUCTION ........ 1

ARGUMENT ........ 2

I. LEAVE TO AMEND THE COMPLAINT SHOULD BE GRANTED ........ 2

  A. Plaintiffs Have Acted Diligently in Seeking This Amendment ........ 2

  B. Amendment of the Complaint Will Expedite This Litigation and Reduce the Burden on the Court ........ 6

    1. Defendants Show No Prejudice From the Amendment ........ 6

    2. Defendants Will Not Be Prejudiced by a Rule 54(b) Judgment ........ 6

    3. The Ninth Circuit Would Have Jurisdiction Over a Rule 54(b) Judgment ........ 9

  C. Defendants Are Not Entitled to Costs ........ 12

CONCLUSION ........ 12

# TABLE OF AUTHORITIES

**Federal Cases** **Page**

*Adams v. United States*,
2010 U.S. Dist. LEXIS 47509 (D. Idaho May 12, 2010) .............................. 7

*Adidas Am., Inc. v. Payless Shoesource, Inc.*,
166 Fed. Appx. 268 (9th Cir. 2006)........................................................... 7

*Association of Mexican-American Educators v. California*,
231 F.3d 572 (9th Cir. 2000) ..................................................................... 12

*Caplan v. CNA Short Term Disability Plan*,
2007 U.S. Dist. LEXIS 43676 (N.D. Cal. June 1, 2007)............................... 2

*Ciampi v. City of Palo Alto*,
2010 U.S. Dist. LEXIS 136480 (N.D. Cal. Dec. 15, 2010)........................... 6

*Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*,
819 F.2d 1519 (9th Cir. 1987) ................................................................. 4, 9

*Curtiss-Wright Corp. v. General Electric Co.*,
446 U.S. 1 (1980)................................................................................ 9, 11

*DeFazio v. Hollister, Inc.*,
2008 U.S. Dist. LEXIS 3856 (E.D. Cal. Jan. 7, 2008) ................................ 11

*Eminence Capital, LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) ................................................................. 1, 6

*Hackett v. P&G*,
2008 U.S. Dist. LEXIS 14753 (S.D. Cal. Feb. 27, 2008).............................. 6

*Noel v. Hall*,
568 F.3d 743 (9th Cir. 2009) ..................................................................... 11

*Padilla v. Bechtel Constr. Co.*,
2007 U.S. Dist. LEXIS 14481 (D. Ariz. Feb. 27, 2007) ............................... 2

*Roberts v. Ariz. Bd. of Regents*,
661 F.2d 796 (9th Cir. 1981) ....................................................................... 8

*Siegel v. Warner Bros. Ent. Inc.*,
542 F. Supp. 2d 1098 (C.D. Cal. 2008) ................................................. 8, 11

*Siegel v. Warner Bros. Ent. Inc.*,
658 F. Supp. 2d 1036 (C.D. Cal. 2009) ................................................ 2, 7-8

*Siegel v. Warner Bros. Ent. Inc.*,
690 F. Supp. 2d 1048 (C.D. Cal. 2009) ................................................ 2, 7-8

*Solomon v. N. Am. Life & Cas. Ins. Co.*,
151 F.3d 1132 (9th Cir. 1998) ..................................................................... 8

*Texaco, Inc. v. Ponsoldt*,
939 F.2d 794 (9th Cir. 1991) ........................................................... 9

*Torres v. City of Madera*,
655 F. Supp. 2d 1109 (E.D. Cal. 2009) ........................................................ 7

*Zikovic v. S. Cal. Edison Co.*,
302 F.3d 1080 (9th Cir. 2002) ........................................................... 8

**Federal Authorities** **Page**

F.R.C.P. 15 ........................................................................ 1, 6, 12

F.R.C.P. 16 ........................................................................ 1, 6, 12

F.R.C.P. 54 ........................................................................ *passim*

# **INTRODUCTION**

Plaintiffs' proposed amendment of their complaint under F.R.C.P. 15 and 16 would streamline this case and accelerate its disposition. It would also facilitate the entry of judgment on the First Claim pursuant to F.R.C.P. 54(b), if this Court later deems it appropriate. Contrary to Defendants' assertions, Plaintiffs have not delayed this amendment, as it became advisable in December 2010, after this Court denied Plaintiffs' Rule 54(b) motion without prejudice, but indicated that the Ninth Circuit's guidance as to the threshold First Claim could be helpful at this juncture and avoid a re-trial of the complex accounting claims.

As Defendants admit, in deciding a motion to amend, "'prejudice carries the greatest weight.'" Opposition ("Opp.") at 4 (quoting *Eminence Capital, LLC v. Aspen, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003)). However, Defendants do not, because they cannot, show *any* prejudice from the proposed amendment, as it streamlines the complaint, rather than adds anything to it. The amendment drops the Fifth Claim entirely, drops a defendant and streamlines the First Claim.

Defendants therefore argue instead that they might be prejudiced if a Rule 54(b) judgment was later entered on the First Claim. Such argument is premature, should await a renewed Rule 54(b) motion, and is, in any event, unpersuasive. The amendment removes superfluous language and confirms that the First Claim, as to the validity of Plaintiffs' statutory termination, has been decided. The "accounting" claims, which present entirely different legal and factual issues, turn on the threshold First Claim. Any errors by the prior Court in six years of litigating the First Claim would require re-trial of the accounting claims – an outcome that would cause considerable delay and waste the resources of the Court and all parties. Streamlining this case by amendment of the complaint, and facilitating the potential entry of judgment under Rule 54(b), benefits both the parties and this Court by expediting final resolution of the key threshold First Claim, and will thereby promote settlement.

# ARGUMENT

## I. LEAVE TO AMEND THE COMPLAINT SHOULD BE GRANTED

### A. Plaintiffs Have Acted Diligently in Seeking This Amendment

As set forth in Plaintiffs' motion, Plaintiffs have acted reasonably and diligently, per F.R.C.P. 16, in seeking this amendment. The analysis of whether a party was diligent must be "placed in the correct context." *Padilla v. Bechtel Constr. Co.*, 2007 U.S. Dist. LEXIS 14481, at *21 (D. Ariz. Feb. 27, 2007). Whether a party was diligent is measured by its actions after the event that triggered the need for amendment, such as when the other side of a case advances a new argument (*id.*), or when the party "receive[s] information … showing that amendment was necessary." *Caplan v. CNA Short Term Disability Plan*, 2007 U.S. Dist. LEXIS 43676, at *10 (N.D. Cal. June 1, 2007). Here, Plaintiffs acted diligently after it became apparent that extraneous language in the First Claim was causing confusion as to its separate purpose – to establish the validity of the Siegels' termination under the Copyright Act and the Superman works thereby recaptured – in contrast to the three subsequent claims that focus on Defendants' accounting for profits under state law. The following puts this motion in context:

- In **October 2008**, the prior Court characterized the First Claim as a "declaratory relief [claim] that plaintiffs have successfully terminated the grant to the copyright in various Superman works," as distinct from the "three claims requesting an accounting of profits." Docket No. 379 at 1.
- In **October 2009**, the prior Court issued two "work-for-hire" rulings that resolved the works recaptured pursuant to the First Claim. *Siegel*, 658 F. Supp. 2d 1036 (C.D. Cal. 2009), 690 F. Supp. 2d 1048 (C.D. Cal. 2009).
- In **November 2009**, the case was transferred to this Court.
- In **December 2009**, the parties submitted a joint status report. Defendants withheld disclosing their intention to move to reconsider the prior Court's rulings denying their purported defenses to the First Claim.

- In **May 2010**, Defendant DC Comics filed a complaint against Plaintiffs, among others, *DC Comics v. Pacific Pictures Corp.*, C.D. Cal. Case No. 10-CV-03633 ODW (RZx) ("*DC Comics*"). Therein, DC ignored the factual and legal findings of the Court in *this* closely related case, including its decision on complex "work-for-hire" issues, and DC made clear that it intended to relitigate ***all*** of its purported defenses that had been ***denied in this case*** after six years of hard fought litigation.
- On **July 22, 2010**, this Court set a status conference in this case for August 13, 2010, which was the first appearance before this Court.
- On **August 12, 2010**, in reliance on the Court's prior description and determination of the First Claim, Plaintiffs filed a Rule 54(b) motion.
- On **August 30, 2010**, Defendants stated they would seek reconsideration of the Court's decisions as to their purported settlement defense to the First Claim. Docket No. 623 at 5. *See also* Docket No. 631 at 6 (same re: Defendants' statute of limitations defenses).
- On **September 3, 2010**, in opposition to Plaintiffs' Rule 54(b) motion, Defendants argued that the "accounting" issues (of the Second, Third and Fourth Claims) were included in the First Claim. Docket No. 624 at 17.
- On **October 13, 2010**, this Court denied Plaintiffs' Rule 54(b) motion *without prejudice*, stating that certain "accounting" issues may need to be decided to complete the First Claim as written. Docket No. 630 at 2.
- On **December 15, 2010**, this Court nonetheless indicated that the Ninth Circuit's guidance as to the threshold First Claim may well be advisable before this case moved forward with the complex accounting trial.

Plaintiffs were diligent in seeking this amendment to streamline the complaint and to clarify the First Claim. There was no pressing need to do so prior to October 13, 2010. Between October 2008 and October 2010, the Court's stated view was that the First Claim related to the validity of the Siegels'

terminations and the Superman works recaptured, while the "accounting" claims were a separate matter that remained to be decided. Then, after denying Plaintiffs' Rule 54(b) motion without prejudice, this Court clearly indicated on December 15, 2010 that Ninth Circuit review may be advisable. Four days later, Plaintiffs advised Defendants that they would seek leave to amend, and filed this motion on January 10, 2011, five days after Defendants' delayed response on January 5, 2011, refusing to so stipulate.

Defendants therefore do not (and cannot) argue that Plaintiffs were not "diligent" in seeking leave to amend. Instead, Defendants make the off-target argument that Plaintiffs did not bring a Rule 54(b) as soon as possible, *i.e.*, "by no later than [December] 2009." Opp. at 2-3. First, this is no defense to Plaintiffs' motion to *amend their complaint*. Second, there was no need for a Rule 54(b) motion until Defendants made clear their intent to re-litigate the entire First Claim, in the guise of both their recent *DC Comics* action (May 2010) and their recently disclosed intent to move for reconsideration in this action (August 2010) of everything previously decided against them. *See* Docket No. 602 (Joint Status Report to this Court, with no mention of motions for reconsideration).

It was only after Defendants made clear their intention to re-litigate the First Claim that the efficiency advantages of a Rule 54(b) judgment became clear: it would prevent wasteful re-litigation of the First Claim (both in this action and the related *DC Comics* action), while avoiding a re-trial of the complex accounting claims due to any errors as to prior rulings as to the First Claim (*e.g.*, fact-intensive "work for hire" issues decided on summary judgment). *See Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987) (holding that Rule 54(b) embraces a "pragmatic approach focusing on … efficient judicial administration").

Defendants further complain that a Rule 54(b) judgment is designed to "derail the related [*DC Comics*] case filed by DC," and "were the Siegels to

succeed [in the Rule 54(b) motion] … they will assert that the issues on appeal are preclusive of certain matters in the [*DC Comics*] case." Opp. at 3. Plaintiffs wholeheartedly agree. Defendants improperly seek to re-litigate in *DC Comics* every issue decided against them here. This wastes judicial resources and risks conflicting judgments. The best way to avoid this problem is to enter a 54(b) judgment as to the First Claim, enabling the Ninth Circuit to finally determine the common issues, after which both cases can proceed in an orderly fashion.

Whereas, Defendants repeatedly complain that Plaintiffs seek to delay this case's resolution, Plaintiffs are trying to streamline and resolve this case, as it is not in Plaintiffs' interest to delay their own case. Defendants, on the other had, have done nothing to advance this case over the past fourteen months other than to file "case management" statements. Therein, Defendants argued: (i) that the parties should re-brief seven accounting issues that have already been fully briefed (the "additional issues"); (ii) that the Court should not decide the majority of such issues until after Defendants unilaterally render their version of an accounting without a legal framework to so (and which Defendants failed to do since April 1999, when Superman profits became payable to Plaintiffs); (iii) that both expert and fact discovery should be re-opened; (iv) that an accounting trial must involve a "work by work" apportionment analysis of thousands of individual Superman comics and pieces of merchandising, rather than a global comparison of those Superman works/elements recaptured by Plaintiffs to the key elements comprising the Superman mythos, and (v) that, after all this, the parties should proceed with such an unnecessarily drawn out accounting trial, when any errors in the complex issues underlying the First Claim (*e.g.*, which Superman works were "made-for-hire") would mean the entire case would have to be re-tried. *See* Docket No. 631 at 7-12. Defendants' proposals would only prolong and *delay*, not advance, the final resolution of this over six years old case.[1]

---

[1] Defendants also oddly argue that the appeal is improper because the Siegels seek to

### B. Amendment of the Complaint Will Expedite This Litigation and Reduce the Burden on the Court

#### 1. Defendants Show No Prejudice From the Amendment

Defendants acknowledge that of the factors considered in deciding whether to grant leave to amend pursuant to F.R.C.P. 15(a)(2), "prejudice 'carries the greatest weight.'" Opp. at 4 (quoting *Eminence Capital, LLC*, 316 F.3d at 1052). Yet Defendants do not, because they cannot, argue that they will be prejudiced by amendments that delete and streamline claims and drop a party, rather than add new claims, allegations or parties.[2] Defendants instead prematurely argue that a Rule 54(b) judgment would somehow prejudice them. Opp. at 4-7. This does *not* establish prejudice from the proposed *amendment* under F.R.C.P. 15 and 16. Judgment under Rule 54(b) is a matter for this Court's discretion, and Defendants will have ample opportunity to oppose a Rule 54(b) motion.

#### 2. Defendants Will Not Be Prejudiced by a Rule 54(b) Judgment

Even though Plaintiffs' motion for leave to amend under Rules 15 and 16 does not hinge on the merits of a Rule 54(b) motion, Plaintiffs will address the latter issue as it is the focus of Defendants' Opposition. Defendants' argument that a Rule 54(b) judgment "will only serve to delay the final disposition of this case to the prejudice of [Defendants]" is unpersuasive. Opp. at 5. Defendants will suffer no prejudice from entry of judgment on the fundamental First Claim and Defendants' related counterclaims concerning the validity of the Siegel

---

market their rights. Opp. at 4. There is nothing wrong with the Siegels' attempts to market their rights, as Defendants have admitted:

> [Defendants' Counsel]: [P]laintiffs, as a matter of law, can fully exploit Action Comics No. 1 today, or anytime in the future, and gain whatever financial benefit they can from it …."

Docket No. 553 (May 18, 2009 Transcript) at 1576:7-11.

[2] *See Ciampi v. City of Palo Alto*, 2010 U.S. Dist. LEXIS 136480, at *8 (N.D. Cal. Dec. 15, 2010) (granting leave to amend because the amended complaint did "not change the scope or substance of the original allegations" and "would eliminate certain claims or remove defendants from individual causes of action"); *Hackett v. P&G*, 2008 U.S. Dist. LEXIS 14753, at *5–*6 (S.D. Cal. Feb. 27, 2008) (rejecting prejudice and undue delay arguments when the amended complaint dropped parties and narrowed the scope of the claims).

termination, as this will advance the final resolution of this case, benefitting all parties and the Court.

In deciding the First Claim, the prior Court made detailed factual findings on summary judgment as to whether numerous different Superman works were "works-for-hire," so as to determine which works had been recaptured by the Siegels' statutory termination. *Siegel*, 658 F. Supp. 2d 1036. This, in turn, defines Defendants' duty to account to Plaintiffs as copyright co-owners. By the Court's own admission, many of the Superman works held to be "for hire" are "on the outer edges of the work for hire doctrine." *Id.* at 1077. If the Ninth Circuit finds that any of the prior Court's determinations were in error, the complex "accounting" claims will have to re-tried, which is not in the interest of either side or this Court. A Rule 54(b) judgment would strongly serve the interests of efficiency by avoiding duplicative accounting trials.[3]

*Second*, Defendants themselves adamantly seek reconsideration of the Court's adverse rulings on their defenses/counterclaims to the First Claim. *See* Docket No. 631 at 6:13-23. Previously, Defendants also unsuccessfully moved for reconsideration of the Court's adverse "work for hire" rulings. *Siegel*, 690 F. Supp. 2d 1048. The proper forum to appeal such rulings is the Ninth Circuit, not this Court. It makes far more sense to expedite such an appeal now, rather than to wait until completion of a complex accounting trial.

*Third*, the validity of the Siegels' statutory termination (*i.e.*, the First Claim), and the mirror-image termination by the Shuster Estate, is also far more

---

[3] *See Adidas Am., Inc. v. Payless Shoesource, Inc.*, 166 Fed. Appx. 268, 270–71 (9th Cir. 2006) (approving Rule 54(b) judgment where appellate reversal of partial summary judgment after final resolution of the lawsuit would require a second trial); *Torres v. City of Madera*, 655 F. Supp. 2d 1109, 1135 (E.D. Cal. 2009) (granting 54(b) judgment where "if [the parties] were to wait until after trial to appeal the court's ruling, it would result in a second, duplicative and costly trial"); *Adams v. United States*, 2010 U.S. Dist. LEXIS 47509, at *12–13 (D. Idaho May 12, 2010) (Rule 54 (b) judgment would "provide important appellate direction" for upcoming trial; "if an appeal must await the end of that trial, the immense efforts of Court and counsel could be wasted if the appeal results in re-trial.").

important than the precise dollar figure arrived at in an accounting trial. Defendants admit that this is the critical issue in these cases.

> [Defendants' Counsel]: [T]he heirs of Joseph [Shuster] had noticed a termination of his copyright grant effective in 2013. When that happens, your Honor, the entire Superman situation shifts drastically. …provided the [Shuster's] termination is record[ed] as proper, just as your Honor has approved the termination of the Siegels'.

Docket No. 553 (May 18, 2009 Transcript) at 1572:25-1573:8.[4] Given the threshold nature of the First Claim, settlement is unlikely until the Ninth Circuit reviews the First Claim, as shown by the failure of this case to settle in over six years. Far from being "in limbo" on an appeal of a Rule 54(b) judgment (Opp. at 5), the Ninth Circuit would resolve the most important issues.

*Fourth*, in the *DC Comics* case, which will determine the validity of the Shuster termination, Defendants re-argue the same defenses already adjudicated here with respect to the identical Superman works and copyright grants by Siegel and Shuster. *Compare, e.g.*, Toberoff Decl., Ex. I ("DC FAC"), ¶¶ 154-55, 158-59 *with Siegel*, 542 F. Supp. 2d 1098, 1126-30, 658 F. Supp. 2d 1036, 690 F. Supp. 2d 1048 ("work for-hire" defense); DC FAC, ¶¶ 125-28 *with* 542 F. Supp. 2d at 1131-32 (1948 consent judgment defense). An appeal of the First Claim would kill "two birds with one stone" by definitively resolving common issues.

*Fifth*, none of the cases cited by Defendants supports their position that entry of judgment on a separate claim would somehow "prejudice" them, as the cases all relate to situations where a party tried to add a claim. *See* Opp. at 5; *Zikovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (proposed amendment added two causes of action); *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1138-39 (9th Cir. 1998) (proposed amendment added deficient claim and required re-opening discovery); *Roberts v. Ariz. Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) (proposed amendment added claim).

---

[4] The statements show that DC's claim that it has been successful in this litigation and "defeat[ed] the vast majority" of the Siegels' claims (Opp. at 5) to be hollow.

In short, a Rule 54(b) judgment would expedite resolution of this litigation by: (a) ensuring that the complicated "accounting" claims are not tried twice due to any errors in the prior Court's decisions; (b) simplifying the *DC Comics* action; (c) pre-empting Defendants' attempts to re-litigate the Court's decisions both in this case and the *DC Comics* action; and (d) resolving, with certainty, the most important severable claim as to the validity of the terminations. Such efficiency benefits strongly support the entry of judgment under Rule 54(b). *See Continental Airlines, Inc.*, 819 F.2d at 1525 (approving entry of 54(b) judgment because "given the size and complexity of this case, we cannot condemn the district court's effort to carve out threshold claims and thus streamline further litigation."); *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991) ("Rule 54(b) certification is proper if it will aid 'expeditious decision' of the case.").

**3. The Ninth Circuit Would Have Jurisdiction Over a Rule 54(b) Judgment**

Contrary to Defendants' arguments, the Ninth Circuit will have jurisdiction over any appeal from a Rule 54(b) judgment. Rule 54(b) allows a district court to certify as final and immediately appealable interlocutory orders that resolve outstanding claims in a case. To be eligible for a Rule 54(b) judgment, the orders must constitute "an ultimate disposition of an individual claim entered in the course of a multiple claims action," and there must be no just reason to delay appellate review of the orders until the conclusion of the entire case. *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7-8 (1980).

The First Claim, as amended, implicates only two, already-decided, legal issues: (1) whether the Siegel termination is valid; and (2) which Superman *works* were successfully recaptured pursuant to the termination. Such a severable claim could readily have been brought alone, with Plaintiffs later suing if Defendants failed to properly account to them for their profits as co-owners.

The First Claim, as amended to delete unnecessary references to *the right*

of copyright co-owners to an accounting (a well-accepted legal principle), moots Defendants' loophole argument that the First Claim is for an "accounting" (Opp. at 5; Docket No. 624 at 9-10). This was clearly never intended by Plaintiffs, as their Fourth Claim expressly requests such "an accounting," and their Second and Third Claims expressly seek a determination of "the principles to be applied in an accounting," giving rise to the "additional [accounting] issues" to be decided.

Even with this loophole closed, Defendants erroneously argue that "the scope of the [Siegels'] recaptured copyrights" needs to be decided before judgment can be entered on the First Claim. Opp. at 6. This is a red herring. As amended, the First Claim implicates only which Superman *works* were recaptured, and does not in any way implicate their literary contents. Defendants engage in empty "wordplay" by purposefully confusing the "scope" of a termination (*i.e.*, which works were thereby recaptured) with a detailed literary analysis of each such work. The former is part of the severable First Claim and has clearly been decided. The latter is relevant, at best, to an apportionment, if any, of profits in an accounting – the subject of the Second, Third and Fourth Claims. Both the "promotional announcements" and "dicta" issues, alluded to by Defendants (Opp. at 6), refer solely to such literary analysis relevant to apportionment and do not implicate the First Claim.[5] Moreover, even if these issues needed to be decided before a Rule 54(b) judgment were entered (they do not), that would not be a reason to deny Plaintiffs' proposed amendment, as the Court could simply decide the "dicta" and "ads" issues, and then enter judgment.

Defendants also attempt to argue that the Court must resolve their purported "settlement" and "statute-of-limitations" defenses before a 54(b) judgment could be entered on the amended First Claim. Opp. at 6. Yet, both of

[5] The "dicta" issue relates to whether certain statements made by the Court as to *Action Comics*, No. 1's literary elements (made in the general background section of the Court's summary judgment order) were "dicta." *See* Docket No. 336 at 1:13-18. The "promotional announcements" issue relates to whether Defendants alone own supposed elements in the "promotional announcements." Docket No. 349 at 41-43.

those issues were already exhaustively analyzed and decided against Defendants in lengthy published decisions. *See Siegel*, 542 F. Supp. 2d at 1134-36 (statute of limitations has not run), 1136-39 (no settlement agreement). Defendants' threatened motions for reconsideration do not render the Court's prior decisions less "final." Defendants' desire to "appeal" such decisions favors certification of the First Claim for appeal – not burdening this Court with endless re-litigation.

Nor would an appeal of the First Claim be "piecemeal" or improper. A Rule 54(b) judgment and appeal is "piecemeal" only when it would result in the appellate court deciding the same issues more than once. *See, e.g., DeFazio v. Hollister, Inc.*, 2008 U.S. Dist. LEXIS 3856, at *9 (E.D. Cal. Jan. 7, 2008) (denying Rule 54(b) motion where there were pending claims "arising out of the same facts and based on similar legal theories"). Here, the decided factual and legal issues underlying the First Claim (*e.g.*, the "works-made-for-hire" status of Siegel and Shuster's many Superman works in the 1930's and 1940's) have virtually nothing in common with the undecided factual and legal issues in the remaining accounting claims (*e.g.*, DC's profits from the post-1999 exploitation of Superman). Moreover, the Ninth Circuit has clearly stated that "***claims certified for appeal do not need to be separate and independent from the remaining claims, so long as resolving the claims would 'streamline the ensuing litigation***.'" *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009)(em. added).

A Rule 54(b) order is an appealable final judgment by definition. F.R.C.P. 54(b); *Curtiss-Wright Corp.*, 446 U.S. at 8.[6] The Ninth Circuit "accord[s] 'substantial deference' to the district court's assessment of equitable factors" in granting a Rule 54(b) motion, and will only overturn this if it would not "'streamline the ensuing litigation.'" *Noel*, 568 F.3d at 747.

[6] Defendants' prejudicial arguments as to appeals in the *DC Comics* case (Opp. at 7) are irrelevant. Those appeals were filed early, before any substantive decisions, to preserve appellant's rights.

### C. <u>Defendants Are Not Entitled to Costs</u>

Defendants' insistence on costs for dismissal of the Fifth Claim strains credulity. The Fifth Claim for unfair competition incorporated the complaint's other allegations, and no additional discovery or litigation focused on this claim. *First*, Defendants' overall "costs" are nominal to begin with. *Second*, Defendants cannot and do not establish any incremental costs as to the Fifth Claim, since they would have had to incur costs in any event. For these reasons, Defendants readily waived costs when Plaintiffs dropped their Lanham Act and Waste claims in 2008. *See* Docket No. 371. Third, the Ninth Circuit has long recognized that district courts have discretion to deny costs when a case is vigorously litigated or has "some merit." *Association of Mexican-American Educators v. California*, 231 F.3d 572, 591-592 (9th Cir. 2000) (*en banc*). Fourth, because the Court can award costs at the entry of judgment, DC's claimed entitlement to costs does not affect whether the Court can grant leave to amend under F.R.C.P. 15 and 16.

Lastly, Defendants' "reserv[ation of] all rights to challenge the amended complaint and to seek appropriate discovery" (Opp. at 9) is also meaningless: nothing new was added to the amended complaint so as to permit Defendants to take additional discovery or to re-litigate the First Claim.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' request for leave to file a Third Amended Complaint.

Dated: January 24, 2011

TOBEROFF & ASSOCIATES, P.C.

[signature]

Marc Toberoff
Attorneys for Plaintiffs,
JOANNE SIEGEL and LAURA SIEGEL LARSON