DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

PATRICK T. PERKINS (admitted *pro hac vice*)
pperkins@ptplaw.com
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516
Telephone: (845) 265-2820
Facsimile: (845) 265-2819

Attorneys for Defendants and Counterclaimant

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE SIEGEL and LAURA SIEGEL LARSON,<br><br>Plaintiffs and Counterdefendants,<br><br>v.<br><br>WARNER BROS. ENTERTAINMENT INC., DC COMICS, and DOES 1-10,<br><br>Defendants and Counterclaimant. | Case No. CV-04-8400 ODW (RZx)<br><br>**ANSWER TO THIRD AMENDED COMPLAINT**<br><br>The Hon. Otis D. Wright II |

On January 31, 2011, the Court granted, with changes, plaintiffs' Motion for Leave to File Third Amended Complaint Pursuant to Fed. R. Civ. P. 15 and 16. Docket Nos. 637, 643. For purposes of completeness, defendants hereby reassert the responses and defenses contained in the Answer to Second Amended Complaint, Docket No. 385, with changes to reflect only the current date, the updated pleading title, plaintiffs' dismissal of their Fifth Claim for Relief, and the Court's dismissal of Time Warner Inc. as a party to this action. Defendants reserve all rights, including to amend this pleading as and when appropriate.

Defendants Warner Bros. Entertainment Inc. ("Warner Bros.") and DC Comics ("DC" or "DC Comics") (collectively, "defendants"), by their attorneys, answer the Third Amended Complaint filed by plaintiffs on January 31, 2011:

1. Defendants admit only that plaintiffs have brought this civil action for the alleged causes of action set forth in the Complaint, but otherwise deny the allegations in paragraph 1.

2. Defendants admit only that plaintiffs purport to assert that this Court has subject matter jurisdiction as alleged in paragraph 2 but otherwise deny the allegations contained in the Complaint.

3. Defendants admit only that plaintiffs purport to assert that this Court has supplemental jurisdiction as alleged in paragraph 3 but otherwise deny the allegations contained in the Complaint.

4. Defendants admit only that they regularly do business in the State of California and in this District but otherwise deny the allegations in paragraph 4.

5. Admitted.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and on that basis deny the same.

1  7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and on that basis deny the same.

8. Defendants admit that Warner Bros. Entertainment Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Los Angeles County, and that it is an indirect wholly owned subsidiary of Time Warner Inc., but otherwise deny the allegations in paragraph 8 that DC Comics is a New York General partnership comprised of Warner Communications, Inc. and E.C. Publications, Inc.

9. Defendants deny the allegations contained in paragraph 9 except admit that DC Comics is a New York General Partnership comprised of Warner Communications, Inc. and E.C. Publications, Inc.

10. Defendants deny the allegations in paragraph 10 except admit that DC Comics is the successor-in-interest to, *inter alia*, Detective Comics, Inc. and National Periodical Publications, Inc. and except to the extent the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

11. Defendants deny the allegations contained in paragraph 11 except admit that Time Warner Inc. is a Delaware corporation with its corporate headquarters in the State of New York and that certain of its wholly owned subsidiaries regularly conduct business in the State of California and in the County of Los Angeles. Defendants further admit that defendant Warner Bros. is affiliated with defendant Time Warner Inc. and that DC Comics is a New York general partnership whose general partners are entities affiliated with defendant Time Warner Inc.

12. Denied.

13. Denied.

1   14.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and on that basis deny the same.

15.   Denied.

16.   Defendants admit only that in 1933 Siegel and Shuster co-created a character entitled Superman, which character was thereafter substantially changed prior to its first publication in 1938 but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 and on that basis deny the same.

17.   Defendants admit only that during the 1930s Siegel and Shuster created twenty-four days of comic strips featuring a character entitled Superman and a paragraph previewing future Superman exploits, but lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and on that basis deny the same.

18.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and on that basis deny the same.

19.   Defendants admit only that Siegel and Shuster's work on features entitled "Henri Duval" and "Dr. Occult" was published by the Nicholson Publishing Company during the 1930s, that Malcolm Wheeler-Nicholson was involved with Detective Comics, Inc. and that work that Siegel and Shuster did on features entitled "Slam Bradley" and "Spy" was published in a comic magazine entitled "Detective Comics No. 1," but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 and on that basis deny the same.

20.   Defendants admit only that on or about December 4, 1937, Jerry Siegel and Joe Shuster entered into an agreement with Detective Comics, Inc. but deny the remaining allegations in paragraph 20 except to the extent the allegations accurately

reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

21. Defendants deny that Superman and his "miraculous powers" had all been completely developed by early 1938 and otherwise Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and on that basis deny the same.

22. Defendants admit only that in early 1938 defendants' predecessor, Detective Comics, Inc., requested that Siegel and Shuster turn certain Superman comic strips they had co-created, along with additional material that Siegel and Shuster would newly create, into a 13-page comic book story suitable for publication in a comic magazine format, and that Siegel and Shuster thereafter delivered such a comic book story to Detective Comics, Inc. and that such story contained approximately 90 separate panels, but defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 and on that basis deny the same.

23. Defendants deny the allegations contained in paragraph 23 except admit that certain elements and characters of the Superman mythology such as his origins from a distant planet, some of his physical traits, and his secret identity as Clark Kent were contained in Action Comics No. 1 and except to the extent the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

24. Defendants admit only that Siegel and Shuster entered into an agreement with Detective Comics, Inc. dated March 1, 1938, whereby Siegel and Shuster transferred to Detective Comics, Inc. "the strip entitled 'Superman' . . . all good will attached thereto and exclusive right to the use of the characters and story, continuity and title of strip . . ." and agreed not to employ Superman and other characters in the strip "by their names contained therein," but otherwise deny the allegations contained in paragraph 24 except to the extent the allegations accurately

- 4 -

ANSWER TO THIRD AMENDED COMPLAINT

reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

25. Defendants admit that Detective Comics, Inc. published a Superman comic story in Action Comics No. 1 with a cover date of June 1938, lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 relating to the "Revised 1934 Superman Comic Strip" and on that basis deny the same, and deny the remaining allegations in paragraph 25, except to the extent the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

26. Defendants deny the allegations in paragraph 26 except admit that Action Comics No. 1 contains Superman's origin from a distant, unnamed planet, some of his physical traits, his secret identity as Clark Kent, a co-worker named "Lois," and deny the remaining allegations in paragraph 26 except to the extent the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

27. Defendants admit only that following Action Comics No. 1, at the instance and expense of Detective Comics, Inc., and subject to its right of control, Siegel and Shuster jointly created some additional Superman episodes that appeared in subsequent issues of Action Comics but deny the remaining allegations in paragraph 27, except to the extent the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

28. Defendants admit only that between March 1938 and September 1938, Siegel and Shuster jointly created Superman strips, stories and continuities at the instance and expense of Detective Comics, Inc. and subject to its right of control, but deny the remaining allegations in paragraph 28, except to the extent the

allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

29. Defendants admit only that on September 22, 1938 Detective Comics, Inc., Siegel, Shuster, and The McClure Newspaper Syndicate entered into an agreement but deny the remaining allegations in paragraph 29, except to the extent the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

30. Defendants admit only that on September 22, 1938 Detective Comics, Inc., Siegel, and Shuster entered into an agreement but otherwise deny the allegations in paragraph 30 except to the extent the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

31. Defendants admit only that between March 1938 and September 1938, Siegel and Shuster provided certain of the contents for Action Comics Nos. 1-6 and that Action Comics Nos. 2-6 were created at the instance and expense of Detective Comics, Inc. and subject to its right of control, and that Action Comics Nos. 1-5 were published prior to September 22, 1938; lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 relating to the publication date of Action Comics No. 6 and on that basis deny the same; and deny the remaining allegations in paragraph 31, except to the extent the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

32. Denied.

33. Defendants only admit that Siegel and Shuster entered into an agreement with Detective Comics, Inc. on December 19, 1939 but otherwise deny the allegations in paragraph 33, except to the extent the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

ANSWER TO THIRD AMENDED COMPLAINT

34. Defendants deny the allegations contained in the first three sentences of paragraph 34, except that with respect to the allegations in the third sentence of paragraph 34, to the extent they accurately reflect the contents of documents, respectfully refer the Court to such documents for evidence of the contents thereof. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 and on that basis deny the same.

35. Defendants admit the allegations of paragraph 35 except that defendants deny that the Official Referee's opinion in the 1947 Action was dated November 1, 1947, deny that the Official Referee only "up[held] the contracts in some respects," and lack knowledge or information sufficient to form a belief as to whether the Official Referee "signed" detailed findings of fact on April 12, 1948, and on that basis deny the same.

36. Defendants admit the allegations contained in the first sentence of paragraph 36 except as to the date on which the dispute arose, but otherwise deny the allegations in paragraph 36 except to the extent the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

37. Defendants deny the allegations in paragraph 37 except to the extent the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

38. Defendants admit only that on December 23, 1975, Siegel and Shuster entered into an agreement with Warner Communications, Inc., but deny the remaining allegations in paragraph 38 except to the extent the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

39. Defendants admit only that plaintiffs purport to have mailed notices of termination dated April 3, 1997, to defendants and various other entities, but deny

ANSWER TO THIRD AMENDED COMPLAINT

the remaining allegations in paragraph 39 except to the extent the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 and on that basis deny the same.

41. Admitted.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Defendants deny the allegations in paragraph 47 except to the extent the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents and all other documents related thereto for evidence of the contents thereof.

48. Defendants deny the allegations in paragraph 48 except to the extent the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents and all other documents related thereto for evidence of the contents thereof.

49. Defendants admit only that on April 15, 1999, plaintiffs received a letter from DC Comics' attorneys that, *inter alia*, rejected the termination notices and the validity thereof, and stated that DC Comics continued to claim sole copyright ownership in Superman as of that date. Defendants deny the remaining allegations in paragraph 49 except to the extent the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents and any documents related thereto for evidence of the contents thereof.

1  50.  Defendants deny the allegations in paragraph 50 except to the extent the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

51.  Defendants deny that plaintiffs own any copyright rights to Superman, that any such rights have been "recaptured" and that they have never accounted to the plaintiffs for any proceeds or profits from their exploitation of Superman, but otherwise admit the allegations in paragraph 51.

## FIRST CLAIM FOR RELIEF

52.  Defendants re-allege and incorporate by reference paragraphs 1 through 51 inclusive, as though fully set forth herein.

53.  Defendants deny the allegations contained in paragraph 53 except admit that an actual and justiciable controversy has arisen and now exists between the parties.

54.  Defendants admit that plaintiffs contend and that defendants deny all of the assertions contained in paragraph 54, including but not limited to, subparagraphs (a) – (d).

55.  Defendants deny the allegations contained in paragraph 55 except admit that a declaration of the Court is necessary.

## SECOND CLAIM FOR RELIEF

56.  Defendants re-allege and incorporate by reference paragraphs 1 through 55 inclusive, as though fully set forth herein.

57.  Defendants deny the allegations in paragraph 57 except admit only that an actual and justiciable controversy has arisen and now exists between plaintiffs and defendants.

58.  Defendants admit that plaintiffs contend and that defendants deny all of the assertions contained in paragraph 58, including but not limited to, subparagraphs (a) – (f) and aver that the Court has already ruled in Defendants' favor with respect to subparagraph (a).

59. Defendants deny the allegations contained in paragraph 55 except admit that a declaration of the Court is necessary.

### THIRD CLAIM FOR RELIEF

60. Defendants re-allege and incorporate by reference paragraphs 1 through 59 inclusive, as though fully set forth herein.

61. Defendants deny that plaintiffs are entitled to exploit the Superman crest and that plaintiffs are entitled to any accounting of any profits from any exploitation thereof and otherwise deny the allegations of paragraph 61.

62. Defendants admit that they own and possess the exclusive right to use a trademark interest in the Superman "S in Shield" device, but otherwise deny the allegations in paragraph 62 except to the extent the allegations accurately reflect the contents of documents, and respectfully refer the Court to such documents for evidence of the contents thereof.

63. Defendants admit that plaintiffs contend and that defendants deny all of the assertions contained in paragraph 63, including but not limited to, subparagraphs (a) – (e).

64. Defendants deny the allegations contained in paragraph 55 except admit that a declaration of the Court is necessary.

### FOURTH CLAIM FOR RELIEF

65. Defendants re-allege and incorporate by reference paragraphs 1 through 64 inclusive, as though fully set forth herein.

66. Defendants admit that defendant DC Comics has continuously licensed and commercially exploited and intends to continue to license and exploit its copyright rights in Superman.  Defendants further admit that defendant Warner Bros. Entertainment Inc. has made use of the Superman copyrights under license from defendant DC Comics. Defendants deny the remaining allegations in paragraph 66.

67. Defendants admit that defendant DC Comics has earned profits from its exploitation of the Superman copyrights, and that defendant Warner Bros. Entertainment Inc. has earned profits from its licensed use of the Superman copyrights, but deny the remaining allegations in paragraph 67.

68. Denied.

69. Denied.

70. Defendants admit that plaintiffs have demanded an accounting but otherwise deny the allegations in paragraph 70.

71. Denied.

72. Denied.

73. Denied.

## FIRST AFFIRMATIVE DEFNSE

74. Plaintiffs' complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

75. Plaintiffs' claims are barred by the doctrines of laches, waiver, acquiescence, and/or estoppel.

## THIRD AFFIRMATIVE DEFENSE

76. Plaintiffs' claims are barred because plaintiffs have not sent a Notice of Termination with respect to a separate and complete grant of rights in Superman by Siegel and Shuster.

## FOURTH AFFIRMATIVE DEFENSE

77. Plaintiffs' claims are barred because plaintiffs have continued to accept the benefits of one of the grants of rights in Superman they allege to have terminated, even after the purported effective date of such termination.

## FIFTH AFFIRMATIVE DEFENSE

78. The "Unpublished Superman" works are not eligible for termination under the Copyright Act or, if they are, any such termination is premature.

## SIXTH AFFIRMATIVE DEFENSE

79. Plaintiffs' claims are barred by the statute of limitations, including but not limited to, 17 U.S.C. § 507(b).

## SEVENTH AFFIRMATIVE DEFENSE

80. Plaintiffs' claims are barred because the notices of termination sent by plaintiffs were not timely served.

## EIGHTH AFFIRMATIVE DEFENSE

81. Plaintiffs' claims are barred on the basis of settlement.

## NINTH AFFIRMATIVE DEFENSE

82. Defendants incorporate herein by reference their Third and Fourth Alternative Counterclaims. Plaintiffs' claims are barred on the basis of the Agreement.

## TENTH AFFIRMATIVE DEFENSE,

83. Because the various paragraphs of plaintiffs' Complaint do not comply with Fed. R. Civ. P. 8(a) and (e), defendants are not required to separately admit or deny each averment contained therein.

## ELEVENTH AFFIRMATIVE DEFENSE

84. Plaintiffs' claims are barred to the extent that the Court has already ruled adversely to plaintiffs with respect to any of them.

FOR THESE REASONS, defendants pray that the Court dismiss all of plaintiffs' claims and find for defendants on all counts, that defendants be awarded costs, including reasonable attorneys' fees, and pray for such other and further relief as this Court deems just and proper.

Dated:   February 17, 2011

Respectfully Submitted,

O'MELVENY & MYERS LLP

By: _____
Daniel M. Petrocelli
Attorneys for Defendants and Counterclaimant