1   DANIEL M. PETROCELLI (S.B. #97802)
      dpetrocelli@omm.com
2   MATTHEW T. KLINE (S.B. #211640)
      mkline@omm.com
3   CASSANDRA L. SETO (S.B. #246608)
      cseto@omm.com
4   O'MELVENY & MYERS LLP
    1999 Avenue of the Stars, 7th Floor
5   Los Angeles, CA 90067-6035
    Telephone:  (310) 553-6700
6   Facsimile:   (310) 246-6779
7
8   PATRICK T. PERKINS (admitted *pro hac vice*)
      pperkins@ptplaw.com
9   PERKINS LAW OFFICE, P.C.
    1711 Route 9D
10  Cold Spring, NY 10516
    Telephone:  (845) 265-2820
11  Facsimile:   (845) 265-2819
12
13  Attorneys for Defendants and Counterclaimant

14              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
15

16  JOANNE SIEGEL and LAURA          Case No. CV-04-8400 ODW (RZx)
    SIEGEL LARSON,
17                                   **DEFENDANTS' OPPOSITION TO**
                    Plaintiffs and   **PLAINTIFFS' MOTION FOR**
18              Counterdefendants,   **ENTRY OF PARTIAL JUDGMENT**
                                     **UNDER FED. R. CIV. P. 54(B) AND**
19         v.                        **STAY OF REMAINING CLAIMS**
                                     **PENDING APPEAL**
20  WARNER BROS.
21  ENTERTAINMENT INC., DC           DECLARATION OF DANIEL M.
    COMICS, and DOES 1-10,           PETROCELLI; RESPONSE TO
22                                   PLAINTIFFS' STATEMENT OF
                    Defendants and   UNDISPUTED FACTS; AND
23              Counterclaimant.     [PROPOSED] ORDER FILED
                                     CONCURRENTLY HEREWITH
24
25                                   The Hon. Otis D. Wright II
26
                                     Hearing Date:    March 21, 2011
27                                   Hearing Time:    1:30 pm
                                     Courtroom:       11
28

                                              DEFS.' OPP. TO PLS.' MOT. FOR
                                              ENTRY OF PARTIAL JUDGMENT

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ................................................................................. 1

II.   PLAINTIFFS MISSTATE THE LAW AND DO NOT MEET THE
      DEMANDING TEST FOR RULE 54(B) CERTIFICATION ...................... 3

      A.   There Has Been No Final Judgment On Plaintiffs' First Claim .......... 3

           1.   Substantive Issues Remain Undecided ...................................... 3

           2.   Plaintiffs' Appendix Of Rule 54 Cases Is Irrelevant And
                In Error ................................................................................. 7

      B.   Efficiency Concerns Weigh Heavily Against Rule 54(b)
           Judgment .................................................................................... 8

           1.   All The Claims In The Complaint Are Directly
                Intertwined. ........................................................................... 8

           2.   Resources Are Being Much Better Spent Focusing On
                The Accounting ..................................................................... 10

           3.   A Rule 54(b) Appeal Will Not Promote Settlement ................. 11

           4.   A Rule 54(b) Appeal Will Not Streamline The *Pacific
                Pictures* Case ...................................................................... 12

           5.   A Stay Of This Case Is Not Warranted. ................................. 13

III.  CONCLUSION ................................................................................. 14

1

## <u>TABLE OF AUTHORITIES</u>

2

3

### CASES

4
*Adam Bros. Farming, Inc. v. County of Santa Barbara*,
  604 F.3d 1142 (9th Cir. 2010) ...................................................... 12

5
*AmerisourceBergen Corp. v. Dialysist West, Inc.*,
  465 F.3d 946 (9th Cir. 2006) ........................................................ 3

6
*Cadillac Fairview/Calif., Inc. v. U.S.*,
  41 F.3d 562 (9th Cir. 1994) ...................................................... 7, 9

7
*Curtiss-Wright Corp. v. Gen. Elec. Co.*,
8
  446 U.S. 1 (1980) ........................................................................ 7

9
*Dependable Highway Exp., Inc. v. Navigators Ins. Co.*,
  498 F.3d 1059 (9th Cir. 2007) .................................................... 14

10
*Figueroa v. Gates*,
  2002 WL 31572968 (C.D. Cal. Nov. 15, 2002) ............................ 5

11
*Gordon v. Youmans, Inc.*,
12
  358 F.2d 261 (2d Cir. 1965) ........................................................ 8

13
*Hogan v. Consol. Rail Corp.*,
  961 F.2d 1021 (2d Cir. 1992) ...................................................... 8

14
*Hydranautics v. FilmTec Corp.*,
  204 F.3d 880 (9th Cir. 2000) ...................................................... 12

15
*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) .................................................................... 14

16
*Mattel, Inc. v. MGA Entm't, Inc.*,
  616 F.3d 904 (9th Cir. 2010) ...................................................... 11

17
*Nat'l Ass'n of Home Builders v. Norton*,
18
  325 F.3d 1165 (9th Cir. 2003) .................................................. 3, 8

19
*Pickett v. Schwarzenegger*,
  2010 WL 140386 (C.D. Cal. Jan. 11, 2010) ................................. 5

20
*RD Legal Funding, LLC v. Erwin & Balingit, LLP*,
  2010 WL 1416968 (S.D. Cal. 2010) .......................................... 7, 9

21
*Rodrigue v. Rodrigue*,
22
  218 F.3d 432 (5th Cir. 2000) ........................................................ 8

23
*Samica Enters., LLC v. Mail Boxes Etc. USA, Inc.*,
  2010 WL 807440 (C.D. Cal. Feb. 26, 2010) ................................ 5

24
*Schudel v. Gen. Elec. Co.*,
  120 F.3d 991 (9th Cir. 1997) ........................................................ 8

25
*Sears, Roebuck & Co. v. Mackey*,
  351 U.S. 427 (1956) ...................................................................... 3

26
*Thomas v. Bible*,
  983 F.2d 152 (9th Cir. 1993) ...................................................... 12

27
*W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Research Assocs., Inc.*,
28
  975 F.2d 858 (Fed. Cir. 1992) ...................................................... 3

DEFS.' OPP. TO PLS.' MOT. FOR
ENTRY OF PARTIAL JUDGMENT

1

*Wolf v. Banco Nacional de Mexico, S.A.*,
    721 F.2d 660 (9th Cir. 2005) ...................................................................... 7

2

3

## RULES

4

C.D. LOCAL RULE 7-18 ............................................................................. 5

C.D. LOCAL RULE 7-3 ............................................................................... 7

5

FED. R. CIV. P. 54(b) .........................................................................*passim*

6

7

## OTHER AUTHORITIES

8

FED. R. CIV. P. 54(b) Advisory Comm. Note, 5 F.R.D. 433, 473 (1946)................. 3

CHRISTOPHER A. GOELZ & MEREDITH J. WATTS, FEDERAL NINTH
    CIRCUIT CIVIL APPELLATE PRACTICE § 1.51 (Rutter 2010)............................... 13

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFS.' OPP. TO PLS.' MOT. FOR
ENTRY OF PARTIAL JUDGMENT

# I.   INTRODUCTION

Plaintiffs' renewed motion for judgment does not meet the requirements of Rule 54(b) and should be denied.  <u>First</u>, it proceeds from the premise—repeated on virtually every page of their brief—that their First Claim for Relief has been "fully adjudicated" and "**fully decided**."  Mot. at 1:2-4, 9:5 (emphasis in original).  This is incorrect.  Significant issues remain unresolved precluding issuance of a judgment on the First Claim for Declaratory Relief.  On October 13, 2010, the Court denied plaintiffs' initial Rule 54(b) motion as "premature" for this very reason:

> The outstanding issues discussed [in the parties' December 2009 joint filing] bear directly on the finality of the claim for declaratory relief which Plaintiffs move to certify for appeal.  For example, the first outstanding issue identified above – the impact, if any, that Defendants' pre-*Action Comics No. 1* "promotional announcement" have on the scope of Plaintiffs' recaptured copyrights – forecloses a finding that Plaintiffs' claim for declaratory relief is final.  Docket No. 630 at 2.

Nothing has changed.  The "promotional announcement" issue—or "Ads" issue, as plaintiffs call it—bears directly on the scope of copyright interests sought to be adjudicated in the First Claim, and it has not been decided.  The same is true of the "dicta" issue raised by plaintiffs, in which they continue to challenge statements in the Court's summary judgment order defining the limited copyright interests they recaptured.  Plaintiffs try to recharacterize these and other unresolved substantive issues as purely "accounting" matters, but that assertion is plainly wrong.  Plaintiffs made the same argument in their initial Rule 54 motion, it was correctly rejected by the Court, and does not warrant reconsideration now.

In short, notwithstanding plaintiffs' recent amendment to reconfigure their complaint, the First Claim still seeks a declaration defining their "respective rights and obligations with respect to the Termination and the copyright interests thereby recaptured by plaintiffs."  These "rights and obligations" have yet to be adjudicated.  Thus, a Rule 54(b) judgment cannot issue, and this motion should again be denied.

<u>Second</u>, no conceivable efficiency will result from a partial judgment and interlocutory appeal at this very late stage.  After six years of litigation, we are on

DEFS.' OPP. TO PLS.' MOT. FOR
ENTRY OF PARTIAL JUDGMENT

the eve of concluding the case.  In May, DC's experts will produce an accounting of profits attributable to plaintiffs' recaptured rights.  If plaintiffs challenge any part of that accounting, the disputed issues, together with the various open issues the parties have identified to the Court, can be decided by the Court—with the assistance of a special master, if the Court wishes.  Subject to the Court's busy calendar, this remaining work can be completed by the end of summer or early fall.  A final judgment can then be entered on the entirety of the case, and the parties can pursue their appellate rights with the benefit of a final, complete record.

To be clear, it is this finality that plaintiffs seek to avoid by their Rule 54(b) motion.  Based on the Court's prior rulings, plaintiffs have received limited rights in Superman and were unsuccessful in the first trial on the alter-ego issues.  As a result, plaintiffs are well aware that the impending accounting will yield only a modest recovery.  It is for that reason that plaintiffs prefer to avert the accounting and see if they can win greater rights in the Ninth Circuit.  Plaintiffs' tactical desires aside, putting a sudden halt to this case just as it is drawing to a final close after six years of expensive, protracted litigation would be fundamentally unfair and prejudicial to DC.  It also would produce inexcusable delay and inefficiency:  the completion of the case would be delayed indefinitely pending the interlocutory appeal; after the appeal, the case would return to this Court to rule on the various open issues and conduct the accounting trial; and after a final judgment is entered, the case would be appealed—*again*.  Plaintiffs' approach thus guarantees two appeals and untold years to conclude the case.  In contrast, if plaintiffs are required to follow the time-honored process of litigating a case to final judgment, all proceedings in this Court can be finished this year, there will be a single appeal of all issues challenged, and the litigation will be over in a much shorter time.

Finally, plaintiffs are badly mistaken in asserting that granting their motion will promote settlement.  The self-evident fact is that the sooner there is a final

DEFS.' OPP. TO PLS.' MOT. FOR
ENTRY OF PARTIAL JUDGMENT

1   judgment on all liability and damages issues, the clearer the value of plaintiffs'

2   rights, and the better the prospects for settlement.

3   **II.   PLAINTIFFS MISSTATE THE LAW AND DO NOT MEET THE**

4   **DEMANDING TEST FOR RULE 54(B) CERTIFICATION.**

5   There is a "historic federal policy against piecemeal appeal." FED. R. CIV. P.

6   54(b) Advisory Comm. Note, 5 F.R.D. 433, 473 (1946). Rule 54(b) creates a

7   narrow exception. It provides that where an action "presents more than one claim

8   for relief …, the court may direct entry of a final judgment as to one, … if the court

9   expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b).

10   The threshold requirement for Rule 54(b) certification is that *final judgment*

11   has been entered on an *entire* claim—rulings on elements underlying the claim are

12   insufficient. *E.g.*, *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956).

13   Only if this finality requirement has been met may the district court exercise its

14   discretion to evaluate whether such an appeal would enhance efficiency. *Nat'l*

15   *Ass'n of Home Builders v. Norton*, 325 F.3d 1165, 1167 (9th Cir. 2003). Plaintiffs'

16   assertion that Rule 54(b) certifications are reversed only for "abuse of discretion,"

17   Mot. at 7, is erroneous. The threshold inquiry—*i.e.*, whether an entire claim has

18   been finally resolved—is reviewed *de novo. AmerisourceBergen Corp. v. Dialysist*

19   *West, Inc.*, 465 F.3d 946, 954 (9th Cir. 2006); *Sears*, 351 U.S. at 437 (district court

20   "cannot, in the exercise of its discretion, treat as 'final' that which is not 'final'").

21   **A.   There Has Been No Final Judgment On Plaintiffs' First Claim.**

22   *1. Substantive Issues Remain Undecided.*

23   The "requirement of finality is a statutory mandate and not a matter of

24   discretion." *W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Research Assocs.,*

25   *Inc.*, 975 F.2d 858, 862 (Fed. Cir. 1992). The Court's October 13, 2010, order

26   rightly held that any Rule 54(b) certification would be "premature" because of the

27   unresolved issues that "bear directly on the finality of the claim for declaratory

28   relief which Plaintiffs move to certify for appeal." Docket No. 630 at 2.

DEFS.' OPP. TO PLS.' MOT. FOR
ENTRY OF PARTIAL JUDGMENT

<u>Promotional Ads.</u>  As just one example, the Court observed:

> [T]he impact, if any, that Defendants' pre-Action Comics No. 1
> "promotional announcement" have on the scope of Plaintiffs'
> recaptured copyrights – forecloses a finding that Plaintiffs' claim for
> declaratory relief is final.  <u>That claim seeks a declaration to not only
> clarify the parties' "respective rights and obligations with respect to
> the Termination and the copyright interests thereby recaptured by
> Plaintiffs' (SAC ¶ 55)</u>, but also to establish Plaintiffs' ownership of "an
> undivided fifty percent (50%) of the Recaptured Copyrights to each
> and/or all the Works for their renewal terms."  (*Id.* ¶ 54b.)  *Until the
> effect of the "promotional announcements" on the scope of
> recaptured copyrights is determined, however*, and the "principles of
> apportionment" issue is settled (second and third issues identified
> above), *the Court can neither declare the parties' respective rights* nor
> even begin to apportion profits, as Plaintiffs' claim for declaratory
> relief seeks.  Docket No. 630 at 2 (emphases added).

In recently amending their complaint, plaintiffs removed references to an accounting on their First Claim for relief.  However, the First Claim and paragraph 55 of the complaint—quoted and cited by the Court above—remain and still seek a declaration defining the parties' "respective rights and obligations with respect to the Termination and the copyright interests thereby recaptured by plaintiffs." Docket 644 ¶ 55.  Plaintiffs concede the Ads issue bears directly "on the scope of Plaintiffs' recaptured copyrights."  Docket No. 602 at 16:9.  That Ads issue—like several other open issues—has not been fully decided, and plaintiffs' contention that it relates only to the accounting is indefensible.  Plaintiffs made *exactly that argument* in their initial Rule 54(b) motion, and the Court rejected it:

| What Plaintiffs Argued Before | What Plaintiffs Again Argue Now |
|---|---|
| "The second issue—the impact of the Ads, if any, on Defendants' pending accounting under the Second through Fourth Claims—is not in the First Claim.  The pending issue … relates to whether Defendants can use supposed elements in the Ads to reduce their accounting …."  Docket No. 628 at 7. | "The second issue—the impact of the Ads, if any, on Defendants' Accounting—is clearly not part of the First Claim, as even Defendants have admitted.  *See* Docket No. 349 at 41-43; Counterclaims, ¶ 137(b) ('Any accounting of profits for exploitation of Superman would be reduced to account for … the [Ads].')."  Mot. at 12:23. |

DEFS.' OPP. TO PLS.' MOT. FOR
ENTRY OF PARTIAL JUDGMENT

Though not styled as such, plaintiffs' current motion amounts to one for reconsideration of the Court's October 13 order.  But plaintiffs cannot and do not meet the requirements for reconsideration.  *See* C.D. LOCAL RULE 7-18; *Samica Enters., LLC v. Mail Boxes Etc. USA, Inc.*, 2010 WL 807440, at *2 (C.D. Cal. Feb. 26, 2010); *Pickett v. Schwarzenegger*, 2010 WL 140386, at *3 (C.D. Cal. Jan. 11, 2010); *Figueroa v. Gates*, 2002 WL 31572968, at *3 (C.D. Cal. Nov. 15, 2002) (imposing sanctions for failure to properly style motion as one for reconsideration).

<u>Dicta.</u>  In 2008, plaintiffs filed a motion for reconsideration of the Court's rulings listing the copyrightable elements in *Action Comics No. 1*, arguing that these statements were mere dicta and do not "restrict the Superman elements" they "recaptured."  Docket No. 312 at 20-25.  Plaintiffs identified the dicta question as an open issue in their December 2009 report, Docket No. 602 at 16:22-23, and that open issue has not been decided.  Like the Ads issue, this dicta question fundamentally affects the scope of rights that plaintiffs recaptured and must be decided to adjudicate fully their First Claim.

Plaintiffs seek to explain away the open Ads and dicta issues by positing a false distinction between copyrighted "works" and the "contents" of those works— arguing their "First Claim asks only for declaratory relief as to which Superman **works** (*e.g.*, *Action Comics*, No. 1) were recaptured by the Termination, not their precise literary contents."  Mot. at 11.  This specious argument, which plaintiffs did not raise in their initial motion, is belied by very Termination notice that is the subject of plaintiffs' First Claim.  *Id.* at 1.  By its plain terms, the Termination seeks to recapture both comic books, like *Action Comics*, *and* "precise literary contents":

> This Notice of Termination applies to each and every work … that includes or embodies any *character, story element, or indicia reasonably associated with SUPERMAN or the SUPERMAN stories*, such as, without limitation, Superman, Clark Kent, Lois Lane, Perry White, Jimmy Olsen, Superboy, Supergirl, Lana Lang, Lex Luthor, Mr. MXYZTPLK….  Decl. of Daniel M. Petrocelli ("Petrocelli Decl.") Ex. A at 3, 3 n.1 (emphasis added).

DEFS.' OPP. TO PLS.' MOT. FOR
ENTRY OF PARTIAL JUDGMENT

1    <u>Mixed-Trademark Use And S-in-Shield Logo Issues.</u>  In determining what

2    works plaintiffs have recaptured, and to quantify the value associated with them,

3    the issue of mixed use between trademark and copyright needs to be decided, as

4    plaintiffs conceded in their December 2009 joint report.  Docket No. 602 at 16:16-

5    18.  Equally relevant to plaintiffs' First Claim is whether plaintiffs can claim any

6    right in the S-in-Shield Logo that adorns Superman's costume.  This non-

7    copyrightable element is a pure trademark to which plaintiffs are not entitled—a

8    fact plaintiffs dispute.  Docket No. 349 at 47-48.

9    <u>Superboy.</u>  Also part of plaintiffs' First Claim are issues related to Superboy.

10   The claim seeks a declaration that plaintiffs recaptured *all* of the works listed in the

11   Termination.  Docket No. 644 ¶¶ 53-55.  Plaintiffs contend it has "clearly been

12   decided" what works they recaptured, Mot. at 11, but they ignore the more than

13   *1,325 Superboy works* listed in their Superman Termination on which the Court has

14   *never* ruled.  In the related and still-pending Superboy case, plaintiffs seek to

15   adjudicate 1,607 works listed in a separate Superboy termination notice.  However,

16   1,325 (or 82%) of those works are also listed in the Superman notice.  *See*

17   Appendix A; Petrocelli Decl. Exs. A-B.  The status of those works has never been

18   decided in either case.  As plaintiffs acknowledged in their December 2009 report,

19   one of the first orders of business in this case is for the Court to determine "(1) the

20   extent of the original copyrightable material in Siegel's Superboy Materials, if any;

21   and (2) whether the original material, if any, from the Superboy Materials was

22   published in a work allegedly subject to recapture…."  Docket No. 602 at 23:3-6.

23   <u>Other Issues.</u>  There are additional grounds to challenge plaintiffs' First

24   Claim, including issues related to the originality of certain elements in *Action*

25   *Comics No. 1* and statute-of-limitations and settlement defenses based on new

26   circumstances.  Docket Nos. 631 at 10:3-6; 623 at 5:18-26.  Had plaintiffs met and

27   conferred with DC before filing this motion—which they declined to do, citing the

28   parties' *August 2010* conference, Notice of Mot. at 1:24—DC could have identified

DEFS.' OPP. TO PLS.' MOT. FOR
ENTRY OF PARTIAL JUDGMENT

these other issues and infirmities in plaintiffs' position.  Plaintiffs elected to proceed *without a conference*, in contravention of the rules.  *See* C.D. LOCAL RULE 7-3 ("counsel contemplating the filing of any motion shall first contact opposing counsel to discuss [it] thoroughly").

Remedies.  Plaintiffs' amended complaint continues to seek monetary relief with respect to the First Claim—plaintiffs' Prayer For Relief, which applies to "ALL CLAIMS," seeks "Plaintiffs' costs of suit" and "reasonable attorneys' fees." Docket No. 644 ¶¶ 80-82.  Neither Judge Larson nor this Court has ever addressed these issues; they are disputed; and they cannot be concluded without deciding the remaining issues in the case, including the accounting sought by plaintiffs.  A court should not grant a Rule 54(b) motion where such costs and fees issues remain undecided.  *E.g., Wolf v. Banco Nacional de Mexico, S.A.*, 721 F.2d 660 , 662 (9th Cir. 2005) (Rule 54(b) improper where judgment addressed liability but not damages or attorney's fees); *RD Legal Funding, LLC v. Erwin & Balingit, LLP*, 2010 WL 1416968, at *1 (S.D. Cal. 2010) ("summary judgment order is insufficient for a final judgment against the two Defendants because *Plaintiff requests additional relief in the form of interest, costs and attorneys' fees*, which was not addressed in the summary judgment motion") (emphasis added).

            *2. Plaintiffs' Appendix Of Rule 54 Cases Is Irrelevant And In Error.*

While plaintiffs assert that Rule 54(b) certifications are "routinely granted," Mot. at 14, the Supreme Court and Ninth Circuit disagree:  "Plainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely," *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980); and Rule 54(b) certification is "reserved for the unusual case" involving exceptional circumstances. *Cadillac Fairview/Calif., Inc. v. U.S.*, 41 F.3d 562, 567 (9th Cir. 1994).

Plaintiffs' chart of Ninth Circuit cases involving Rule 54(b) appeals misses the point.  In *all* of these cases, one or more of the claims at issue had been fully adjudicated.  Here, plaintiffs have not met that threshold requirement on their First

Claim.  And as shown in Appendix B, in *not one* of the 98 cases plaintiffs cite did the district court enter judgment on a claim that had been only partially decided. Rather, these cases all involved circumstances in which:

1. A *party*, rather than a claim, was dismissed (44 cases);

2. An *entire claim* was resolved—*including liability and damages*—and judicial economy was best served by immediate appeal (4 cases);

3. An *entire claim* was resolved and was severable factually and legally from the remaining claims and issues (40 cases);

4. An immediate appeal could completely dispose of the *entire case* given the existence of a "controlling" question of law (5 cases);

5. The *entire case* had been disposed of by motion or otherwise (4 cases); or

6. The district court *denied* the Rule 54 motion (1 case).

The out-of-circuit cases cited by plaintiff are equally inapposite.  In both *Rodrigue v. Rodrigue*, 218 F.3d 432, 434 (5th Cir. 2000), and *Gordon v. Youmans, Inc.*, 358 F.2d 261, 262 (2d Cir. 1965), the district court completely and finally decided the copyright ownership claim—unlike here, where underlying issues are unresolved.

**B.** **Efficiency Concerns Weigh Heavily Against Rule 54(b) Judgment.**

To grant a Rule 54(b) motion, a district court must make an "express determination" that "no just reason" exists to deny it, *Norton*, 325 F.3d at 1167, and find that the efficiencies to be gained *far outweigh* the prejudice inherent in permitting a piecemeal appeal, *e.g.*, *Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1025 (2d Cir. 1992).  The Court need not even reach this inquiry here, because the threshold finality requirement has not been satisfied.  *See Schudel v. Gen. Elec. Co.*, 120 F.3d 991, 995 (9th Cir. 1997).  Moreover, as explained below, no efficiencies will be gained by granting plaintiffs' motion—only delay and prejudice will ensue.

*1. All The Claims In The Complaint Are Directly Intertwined.*

"A similarity of legal or factual issues" between the claim sought to be appealed and the claims remaining in the case "weight heavily against entry of

- 8 -

1   judgment under [Rule 54(b)]," *Cadillac Fairview*, 41 F.3d at 567, because in cases

2   involving similar claims, multiple appeals "present similar factual and legal issues,

3   and likely would result in a duplication of effort." *RD Legal*, 2010 WL 1416968, at

4   *1. In this case, each of plaintiffs' claims overlap almost entirely—and is based on

5   the scope and effect of plaintiffs' termination notice. *See* Docket No. 644 ¶ 54.b,

6   Docket No. 602 at 3:4-9; (First Claim: seeking declaration that plaintiffs own "an

7   undivided fifty percent (50%) of the Recaptured Copyrights"); Docket No. 644 ¶

8   58.b, *id.* at 3:10-25 (Second Claim: 50% of all Superman profits and "accounting");

9   Docket No. 644 ¶ 63.d, Docket No. 602 at 3:26-4:1 (Third Claim: 50% of proceeds

10  of Superman Crest and "accounting"); Docket No. 644 ¶ 70, Docket No. 602 at 4:2-

11  4 (Fourth Claim: 50% of "licensing" proceeds and "accounting").

12          Before seeking to derail this case with an interlocutory appeal of indefinite

13  duration, plaintiffs always referred to their First, Second, Third, and Fourth Claims

14  as a bundle of "accounting claims." *E.g.*, Docket No. 602 at 15:22-24, 16:2-23,

15  23:2-12; *id.* at 11:23-12:3. Indeed, in the December 2009 status report, plaintiffs

16  asserted that the Court should decide these "accounting claims" after resolving a

17  number of open legal issues in this case and the Superboy case. *Id.* at 15:22-24,

18  16:2-23, 23:2-12. Judge Larson issued the partial summary judgment orders

19  plaintiffs now seek to appeal on March 26, 2008, and August 12, 2009. *Not once* in

20  2008, 2009, or the first half of 2010 did plaintiffs ever once file a Rule 54(b)

21  motion or even tell the Court that a Rule 54 appeal was warranted or appropriate.

22  Just the opposite: When this case was reassigned in November 2009, plaintiffs

23  filed a 23-page joint status report that detailed each claim for relief in this case and

24  the Superboy case. Plaintiffs described how they had dismissed their claims for

25  relief under the Lanham Act and how the Court had fully resolved and dismissed

26  their claims against Time Warner. *Id.* 11:15-22, 12:19-20. *Nowhere* did plaintiffs

27  ever say their First Claim had been "fully resolved" or that Rule 54(b) judgment

28  was appropriate. To the contrary, plaintiffs bundled their First Claim with the all

the other remaining "accounting claims"[1] and argued the Court should "schedule the trial … for the accounting action" after resolving open legal issues concerning (i) "the scope of Plaintiffs' recaptured copyrights," (ii) procedures to govern the accounting trial, and (iii) Superboy-related issues.  Docket No. 602 at 15:22-24, 16:2-23, 23:2-12.

   *2.  Resources Are Being Much Better Spent Focusing On The Accounting.*

   While plaintiffs complain about the costs involved in trying the accounting case before the liability issue has been appealed, Mot. at 14-16, the same risk is inherent in every case involving damages, and this does not render the countless cases that proceed in this fashion "fatally flawed," *id.* at 16:6.  Plaintiffs elected to file this case seeking expansive rights and remedies, including an accounting; they have vigorously litigated the case for six years—including an initial bench-trial, which they lost; and until recently plaintiffs *never* asserted the need to interrupt this case for an interlocutory appeal.

   Furthermore, it is predominantly *DC*—not plaintiffs—which is undertaking the work and bearing the costs in preparing and providing the accounting demanded by plaintiffs.  For example, DC has:

- Updated its voluminous productions of relevant financial records through December 31, 2010, and will be providing additional documents;
- Identified all Superman-related publications between April 16, 1999 and December 31, 2010 for which the accounting will be rendered;
- Identified all Superman-related media—including television shows, animated series, feature films, and video games—for the same period;
- Identified the merchandising on which it will account; and

---

[1] *E.g.*, *id.* at 11:23-12:3 ("[T]he Court bifurcated the trial, with separate trials on: (1) the alter ego issues [which the Court held a two-week trial on and ruled in DC's favor]… and (2) *the ultimate accounting claims*."); *id.* at 11:10 (Court denied "Plaintiffs' request for a jury trial on their 'alter ego' and *accounting claims*") (emphases added).

DEFS.' OPP. TO PLS.' MOT. FOR
ENTRY OF PARTIAL JUDGMENT

- Conducted an in-depth review of voluminous "Superman" works and associated accounting records necessary to render a fair accounting.

Petrocelli Decl. ¶ 6.

The Court's recent order compelling counsel to meet and attempt to agree on apportionment formulae regarding the upcoming accounting has been invaluable in crystallizing the apportionment issues and advancing the progress of the accounting. DC expects to complete and produce its accounting to plaintiffs by the end of May. Plaintiffs and their experts can review the accounting and identify any specific points of dispute. If the disputes cannot be worked out, the parties can take focused expert depositions and proceed to a short bench trial this summer or early fall—either before the Court or a special master.

### 3. A Rule 54(b) Appeal Will Not Promote Settlement.

DC disagrees that Rule 54(b) certification will promote settlement. The prospects of settlement will be significantly improved the sooner the remaining accounting and other issues in this case are decided. Only then will the value of plaintiffs' rights become clear. The Ninth Circuit recently confirmed in *Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.3d 904, 911 (9th Cir. 2010), that apportionment of profits is necessary to match a copyright owner's recovery with its actual contributions to a property. Plaintiffs resist apportionment, because it will quantify the limited value of the rights they recaptured. They recognize the need to secure greater rights from the appellate court in order to meaningfully exploit any Superman rights. As revealed in a recent e-mail from plaintiffs' counsel to a rival movie studio disclosed in the related *Pacific Pictures* case:

> Please find attached copies of the works with respect to which Siegel's joint copyright interest has been held to have been successfully recaptured and for which Shuster's other half of the copyright will be recaptured on October 26, 2013: (1) the first Superman story published in Action Comics No. 1 and (2) the first two weeks of newspaper strips.
>
> As discussed, I also attached our motion for reconsideration of the Court's ruling regarding the many other strips authored by Siegel and

DEFS.' OPP. TO PLS.' MOT. FOR ENTRY OF PARTIAL JUDGMENT

1  |  Shuster.  For the reasons stated therein *the recapture of such strips*
2  |  *which contain the first appearance of numerous Superman elements has a good chance of success on appeal.*

3  Petrocelli Decl. Ex. D (emphasis added).  Plainly, plaintiffs' current effort to halt

4  these proceedings to pursue their chances on appeal is not aimed at promoting

5  current settlement efforts, but is an effort to extract greater leverage against DC if

6  and when they are successful in securing more rights.  What will best promote a

7  settlement sooner is for the parties to litigate the remaining phase of this case to

8  final judgment.  Neither side will be advantaged or prejudiced, and the resulting

9  judgment will provide clarity as to the value—if any—of plaintiffs' claims.

10      *4.  A Rule 54(b) Appeal Will Not Streamline The* Pacific Pictures *Case.*

11      Plaintiffs' assertion that a Rule 54 certification will have collateral-estoppel

12  effect in the *Pacific Pictures* case, Mot. at 17, is incorrect.  The *Pacific Pictures*

13  case involves different claims, issues, and parties, *see, e.g.*, Case No. CV-10-03633,

14  Docket No. 61 at 48-49—and under no theory of preclusion can the rulings here

15  "apply [there] with equal force," *e.g.*, *Hydranautics v. FilmTec Corp.*, 204 F.3d

16  880, 885 (9th Cir. 2000) (collateral estoppel applies only where issues "identical");

17  *Adam Bros. Farming, Inc. v. County of Santa Barbara*, 604 F.3d 1142, 1149 (9th

18  Cir. 2010) (*res judicata* applies where "same claim" previously litigated against

19  "same party"); *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993) (doctrine of law

20  of the case only applies where an issue has been decided "in the identical case").

21      In *Pacific Pictures*, DC challenges the validity and scope of a copyright

22  termination notice served by the heirs of Superman illustrator Joe Shuster, as well

23  as improper conduct by the Shusters, Siegels, and Marc Toberoff and his

24  entertainment companies in unlawfully trafficking in copyright interests.  Case No.

25  CV-10-03633.  While plaintiffs assert that the two cases overlap, Mot. at 16-17,

26  they concede—as they must—that only *one* of the six claims in *Pacific Pictures*

27  tracks a claim here, and even then not completely.  Case No. CV-10-03633, Docket

28  No. 80 at 25 n.20.  DC's second claim for relief in the *Pacific Pictures* case seeks a

DEFS.' OPP. TO PLS.' MOT. FOR
ENTRY OF PARTIAL JUDGMENT

declaration regarding the scope of the Shusters' termination notice, assuming it is valid.  Case No. CV-10-03633, Docket No. 49 ¶¶ 135-64.  DC advances a similar claim in this case regarding the scope of the Siegels' notice, but the Shuster and Siegel notices are different on their face, Case No. 10-03633, Docket No. 89 at 23-24, and the Siegels, Shusters, and Toberoff have all asserted:  "The Shuster Termination has no legal bearing or effect upon the Siegel Terminations or upon Plaintiffs' claims in the Siegel Litigations…."  Petrocelli Decl. Ex. C at 4.  Indeed, as Judge Larson recognized, "It is by no means a foregone conclusion that the Shuster estate will be successful in terminating the grant to the Superman material published in *Action Comics No. 1*."  Docket No. 554 at 23.

### 5.  A Stay Of This Case Is Not Warranted.

After six hard-fought years, this case can finally be concluded in the next six months.  The Court should deny plaintiffs' Rule 54(b) motion and allow the parties to complete the accounting that plaintiffs' lawsuit demands.  Even were the Court to grant plaintiffs' motion, there would be no justification for staying the accounting pending the appeal.  The Ninth Circuit could dismiss the case for lack of jurisdiction, as it dismissed plaintiffs' last three interlocutory appeals in the related *Pacific Pictures* case.  *See* Case No. CV-10-03633, Docket No. 143 at 1.  And even if it decided to take the case, the average time to resolve an appeal in the busy Ninth Circuit docket is *two years*.  *See* CHRISTOPHER A. GOELZ & MEREDITH J. WATTS, FEDERAL NINTH CIRCUIT CIVIL APPELLATE PRACTICE § 1.51 (Rutter 2010).

Two years from now—2013—is when plaintiffs claim that they and the Shusters will own 100% of the copyright interests in certain Superman works, and DC "will be required to obtain a fair new license from them to produce new Superman works."  Mot. at 16.  It is also soon after Warner Bros. is scheduled to release a new Superman motion picture in late 2012, as was recently publicly disclosed.  Plaintiffs' tactical interest in securing delay to create leverage in negotiations with DC or third parties is *not* a proper ground for obtaining a stay—

DEFS.' OPP. TO PLS.' MOT. FOR
ENTRY OF PARTIAL JUDGMENT

and, indeed, warrants denial of the stay request. *E.g.*, *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

**III.    CONCLUSION**

        Plaintiffs' motion should be denied.

Dated:          February 28, 2011                    Respectfully Submitted,

                                                     O'MELVENY & MYERS LLP

                                                     By: /s/ Daniel M. Petrocelli
                                                         Daniel M. Petrocelli
                                                         *Attorneys for Defendants*

- 14 -

## APPENDIX A

### Overlap Between Plaintiffs' Superman and Superboy

### Notices of Copyright Termination

| Page of Superboy Notice | Works in Superboy Notice also in Superman Notice | Total Works in Superboy Notice | Percentage Overlap |
|---|---|---|---|
| 5 | 0 | 2 | |
| 6 | 7 | 7 | |
| 7 | 45 | 45 | |
| 8 | 46 | 46 | |
| 9 | 46 | 46 | |
| 10 | 46 | 46 | |
| 11 | 44 | 44 | |
| 12 | 38 | 38 | |
| 13 | 39 | 39 | |
| 14 | 45 | 45 | |
| 15 | 36 | 36 | |
| 16 | 46 | 46 | |
| 17 | 46 | 46 | |
| 18 | 45 | 45 | |
| 19 | 44 | 44 | |
| 20 | 44 | 44 | |
| 21 | 35 | 35 | |
| 22 | 26 | 26 | |
| 23 | 26 | 26 | |
| 24 | 27 | 27 | |
| 25 | 15 | 15 | |
| 26 | 15 | 15 | |
| 27 | 20 | 20 | |
| 28 | 41 | 41 | |
| 29 | 43 | 43 | |
| 30 | 44 | 44 | |
| 31 | 42 | 42 | |
| 32 | 24 | 25 | |
| 33 | 17 | 17 | |
| 34 | 23 | 23 | |
| 35 | 42 | 42 | |

DEFS.' OPP. TO PLS.' MOT. FOR
ENTRY OF PARTIAL JUDGMENT

| Page of Superboy Notice | Works in Superboy Notice also in Superman Notice | Total Works in Superboy Notice | Percentage Overlap |
|:---:|:---:|:---:|:---:|
| 36 | 20 | 41 | |
| 37 | 3 | 44 | |
| 38 | 29 | 42 | |
| 39 | 14 | 41 | |
| 40 | 0 | 46 | |
| 41 | 13 | 46 | |
| 42 | 21 | 42 | |
| 43 | 23 | 32 | |
| 44 | 18 | 25 | |
| 45 | 10 | 19 | |
| 46 | 13 | 24 | |
| 47 | 18 | 18 | |
| 48 | 36 | 36 | |
| 49 | 29 | 29 | |
| 50 | 21 | 25 | |
| 51 | 0 | 25 | |
| 52 | 0 | 12 | |
| **TOTAL** | **1325** | **1607** | **82.45%** |

# APPENDIX B

**Grounds for Distinguishing Cases Cited by Plaintiffs in Appendix I to Motion for Entry of Partial Judgment Under Fed. R. Civ. P. 54(b)**

**(1)      Dismissal of a party, rather than a claim**

1.      *Noel v. Hall*, 568 F.3d 743 (9th Cir. 2009) ("When the district court dismisses claims against one of a number of parties, it has discretion to 'direct the entry of a final judgment as to [that party].'").

2.      *Noel v. Hall*, 341 F.3d 1148 (9th Cir. 2003) (plaintiff appealed decision as to one defendant, while the claims against the three other defendants were still pending).

3.      *Destfino v. Reiswig*, 2011 U.S. App. LEXIS 1375 (9th Cir. Jan. 21, 2011) (dismissal of some defendants).

4.      *Flores v. Emerich & Fike*, 385 Fed. Appx. 728 (9th Cir. 2010) (dismissal of one defendant).

5.      *Eichler v. Sherbin*, 2010 U.S. App. Lexis 14480 (9th Cir. June 23, 2010) (dismissal of one defendant).

6.      *Brown v. Dunbar*, 376 Fed. Appx. 786 (9th Cir. 2010) (where there were multiple plaintiffs and multiple defendants, and the only claim left is one equal protection claim against one individual defendant, Rule 54(b) granted).

7.      *In re SNTL Corp.*, 571 F.3d 826 (9th Cir. 2009) (dismissal of one defendant).

8.      *Ileto v. Glock, Inc.*, 565 F.3d 1126 (9th Cir. 2009) (dismissal of all but one defendant).

9.      *Darian v. Accent Builders, Inc.*, 342 Fed. Appx. 254 (9th Cir. 2009) (dismissal of one defendant and claims against dismissed defendant unique and not related to those brought against other defendants).

10.      *McIlwain v. Or. Dept. of Revenue*, 334 Fed. Appx. 99 (9th Cir. 2009) (dismissal of two defendants).

11.  *In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986 (9th Cir. 2008) (dismissal of some plaintiffs in a class action).

12.  *Ibrahim v. Dept. of Homeland Sec.*, 538 F.3d 1250 (9th Cir. 2008) (dismissal of one defendant regarding claims severable from plaintiff's claims against remaining defendants).

13.  *Francis v. U.S.*, 376 Fed. Appx. 792 (9th Cir. 2010) (dismissal of some defendants).

14.  *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 524 F.3d 917 (9th Cir. 2008) (dismissal of some plaintiffs).

15.  *Williams v. Boeing Co.*, 517 F.3d 1120 (9th Cir. 2008) (dismissal of some plaintiffs in class action suit).

16.  *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450 (9th Cir. 2007) (where all defendants but one dismissed, certification would not result in piecemeal appeals).

17.  *Montalvo v. Spirit Airlines*, 508 F.3d 464 (9th Cir. 2007) (dismissal of one category of defendants).

18.  *Wood v. Lundgren*, 205 Fed. Appx. 599 (9th Cir. 2006) (dismissal of two defendants).

19.  *Veliz v. Cintas Corp.*, 181 Fed. Appx. 621 (9th Cir. 2006) (dismissal of some plaintiffs).

20.  *Milne v. Stephen Slesinger, Inc.*, 430 F.3d 1036 (9th Cir. 2006) (determination of one plaintiff's copyright termination notice as invalid dismisses the claims relating to that plaintiff despite pending adjudication on the validity on another plaintiff's termination notice).

21.  *Karboau v. Lawrence*, 135 Fed. Appx. 961 (9th Cir. 2005) (dismissal of one defendant).

22.  *Hambleton Bros. Lumber Co. v. Balkin Enter., Inc.*, 397 F.3d 1217 (9th Cir. 2005) (dismissal of one defendant).

23.    *Easter v. Am. W. Fin.*, 381 F.3d 948 (9th Cir. 2004) (dismissal of all plaintiffs but one).

24.    *Ileto v. Glock Inc.*, 349 F.3d 1191 (9th Cir. 2003) (dismissal of one defendant).

25.    *Bingham v. City of Manhattan Beach*, 341 F.3d 939 (9th Cir. 2003) (dismissal of one defendant).

26.    *Lonberg v. Sanborn Theaters, Inc.*, 2001 U.S. App. LEXIS 21065 (9th Cir. Sept. 27, 2001) (dismissal of one defendant).

27.    *Davis v. City of Las Vegas*, 478 F.3d 1048 (9th Cir. 2007) (dismissal of one defendant).

28.    *Modahl v. County of Kern*, 61 Fed. Appx. 394 (9th Cir. 2003) (dismissal of one defendant).

29.    *Boulder Fruit Express & Heger Organic Farm Sales v. Transp. Factoring, Inc.*, 251 F.3d 1268 (9th Cir. 2001) (dismissal of two defendants).

30.    *McGee v. Craig*, 2000 U.S. App. LEXIS 21964 (9th Cir. Aug. 18, 2000) (dismissal of some defendants).

31.    *Easter v. Am. W. Financial*, 381 F.3d 948 (9th Cir. 2004) (dismissal of one category of defendants).

32.    *Goodell v. Eoff*, 73 Fed. Appx. 235 (9th Cir. 2003) (dismissal of some defendants).

33.    *Forum Ins. Co. v. Comparet*, 62 Fed. Appx. 151 (9th Cir. 2003) (dismissal of some defendants).

34.    *Estate of Perez v. Jacobo*, 57 Fed. Appx. 296 (9th Cir. 2003) (dismissal of two defendants).

35.    *Franklin v. Fox*, 312 F.3d 423 (9th Cir. 2002) (dismissal of some defendants).

36.    *In re Hanford Nuclear Reservation Litig.*, 292 F.3d 1124 (9th Cir. 2002) (dismissal of some plaintiffs in a class action suit).

37.   *Miranda v. Clark County*, 279 F.3d 1102 (9th Cir. 2002) (dismissal of some defendants).

38.   *Sierra Club v. Whitman*, 268 F.3d 898 (9th Cir. 2001) (dismissal of one defendant).

39.   *Holley v. Crank*, 258 F.3d 1127 (9th Cir. 2001) (dismissal of one defendant).

40.   *Laughon v. Int'l Alliance of Theatrical Stage Employees, Moving Picture Technicians, Artists & Allied Crafts of the U.S. and Can.*, 248 F.3d 931 (9th Cir. 2001) (dismissal of one defendant).

41.   *Wright v. Dunbar*, 1. Fed. Appx. 656 (9th Cir. 2001) (dismissal of some defendants).

42.   *In re Hashim*, 213 F.3d 1169 (9th Cir. 2000) (dismissal of some defendants).

43.   *Gaulocher v. Ariz.*, 2000 U.S. App. LEXIS 9616 (9th Cir. May 4, 2000) (dismissal of one defendant).

44.   *DeBoer v. Pennington*, 206 F.3d 857 (9th Cir. 2000) (dismissal of some defendants).

**(2)   Resolution of an entire claim, including damages, and circumstances in which judicial economy would be served by immediate appeal**

45.   *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072 (9th Cir. 2010) (Rule 54(b) entry appropriate where it would "end[] all litigation in the case, and it will not 'inevitably come back to this court under the same facts'").

46.   *In re Imperial Credit Indus., Inc.*, 527 F.3d 959 (9th Cir. 2008) (entry of Rule 54 since remaining defenses could not be asserted until Chapter 11 debtor cured deficiency).

47.   *Rincon Band of Luiseno Mission Indians of the Rincon Reservation v. Schwarzenegger*, 290 Fed. Appx. 60 (9th Cir. 2008) (declaratory relief claim

DEFS.' OPP. TO PLS.' MOT. FOR
ENTRY OF PARTIAL JUDGMENT

1  regarding contract terms and for reliance damages shared no common issues of law

2  or fact with remaining claims).

3        48.    *Porter v. Jones*, 319 F.3d 483 (9th Cir. 2003) (dismissal of damages

4  claims certified to consolidate with prior appeal on abstention order).

5   **(3)    Resolution of an entire claim factually and legally severable from the**

6        **remaining claims**

7        49.    *Stanley v. Cullen*, 2011 U.S. App. LEXIS 1912 (9th Cir. Jan. 31, 2011)

8  (resolution of separate trial phases relied on a largely independent set of operative

9  facts).

10       50.    *AmerisourceBergen Corp. v. Dialysist W., Inc.,* 465 F.3d 946 (9th Cir.

11  2006) ("There was no risk of duplicative effort by the courts because any

12  subsequent judgments in this case would not vacate its judgment on Dialysist

13  West's counterclaim…[which was] not legally or factually related to

14  AmerisourceBergen's Epogen claim, [and] no court need revisit this judgment.").

15       51.    *SEC v. Capital Consultants LLC*, 453 F.3d 1166 (9th Cir. 2006)

16  (appeal would finally resolve all the claims of some of the parties).

17       52.    *Adidas Am., Inc. v. Payless Shoesource, Inc.*, 166 Fed. Appx. 268 (9th

18  Cir. 2006) ("[W]hen 'the facts on all claims and issues entirely overlap, and

19  successive appeals are essentially inevitable,' a Rule 54(b) request should not be

20  granted.  The present case is distinguishable…because…[it] revolves around a

21  single legal issue, interpretation of the 1994 settlement agreement, while the claims

22  that remain before the District Court involve the factually and legally distinct issue

23  of trade dress infringement.").

24       53.    *Webster v. Woodford*, 369 F.3d 1063 (9th Cir. 2004) (whether

25  defendant's due process rights were denied by expansion of rule resulting in his

26  death sentence distinct and severable from other convictions unaffected by the

27  change in definition).

28

DEFS.' OPP. TO PLS.' MOT. FOR
ENTRY OF PARTIAL JUDGMENT

54.     *Lovell v. Chandler*, 303 F.3d 1039 (9th Cir. 2002) (resolution of two plaintiffs' individual action against the State for compensatory damages was distinct from their participation in the class action still pending).

55.     *Sloan v. Oakland Police Dep't*, 376 Fed. Appx. 738 (9th Cir. 2010) (legal issues involved in dismissed claims unrelated to those in remaining claims).

56.     *RA Med. Sys., Inc. v. PhotoMedex, Inc.*, 373 Fed. Appx. 784 (9th Cir. 2010) (overlapping issues between dismissed and remaining claims insignificant).

57.     *Bradlow v. Castano Group*, 365 Fed. Appx. 883 (9th Cir. 2010) (entitlement to portion of one fee award distinct from claim regarding partial ownership of law firm).

58.     *City of Rialto v. W. Coast Loading Corp.*, 581 F.3d 865 (9th Cir. 2009) (resolution of federal CERCLA claim distinct from unrelated remaining claims).

59.     *Northrop Grumman Corp. v. Factory Mutual Ins. Co.*, 563 F.3d 777 (9th Cir. 2009) (contract interpretation issue readily severable, and no appellate court would have to decide the issue again in subsequent appeals).

60.     *Ewing v. City of Stockton*, 588 F.3d 1218 (9th Cir. 2009) (dismissal of one category of defendants; resolution of federal constitutional issues as opposed to state claims that are legally and factually severable).

61.     *U.S. v. Rich*, 317 Fed. Appx. 630 (9th Cir. 2008) (resolution of the terms of a partial settlement agreement distinct from the claims itself).

62.     *U.S. v. Park*, 536 F.3d 1058 (9th Cir. 2008) (resolution of the interpretation of a specific word in an easement is distinct from other claims unaffected by the word).

63.     *Nat'l Wildlife Fed'n v. City of Marine Fisheries Serv.*, 524 F.3d 917 (9th Cir. 2008) (resolution of 4th Amendment claims distinct from state-law claims).

64.     *Harris v. Gulf Ins. Co.*, 259 Fed. Appx. 952 (9th Cir. 2007) (issues certified separate, distinct, and independent from remaining claims).

DEFS.' OPP. TO PLS.' MOT. FOR
ENTRY OF PARTIAL JUDGMENT

1        65.    *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 481 F.3d 1224

2   (9th Cir. 2007) (claims relating to whether an environmental group's policy is

3   flawed is distinct from others).

4        66.    *Leonard v. City of Los Angeles*, 478 F.3d 1048 (9th Cir. 2006)

5   (substantially different factual and legal issues related to certified claim as

6   compared to remaining claim).

7        67.    *DBSI/TRI IV Ltd. P'ship v. U.S.*, 465 F.3d 1031 (certification of quiet

8   title judgment of one single property of a number of properties at issue).

9        68.    *SEC v. Capital Consultants, LLC*, 397 F.3d 733 (9th Cir. 2005)

10   (resolution of interpretation of settlement agreement distinct from other issues).

11        69.    *S. Or. Barter Fair v. Jackson Cnty.*, 372 F.3d 1128 (9th Cir. 2004)

12   (resolution of First Amendment claims distinct from others).

13        70.    *Smelt v. Cnty. of Orange*, 447 F.3d 673 (9th Cir. 2006) (resolution of

14   claims challenging constitutionality of federal statute distinct from claims

15   challenging constitutionality of a state statute).

16        71.    *Nat'l Ass'n of Home Builders v. Norton*, 340 F.3d 835 (9th Cir. 2003)

17   (certification "completely disposed of Home Builders' challenge, leaving nothing

18   more to be adjudicated…[and] le[ft] little chance of overlapping appeals.").

19        72.    *Menotti v. City of Seattle*, 409 F.3d 1113 (9th Cir. 2005) (resolution of

20   claims regarding constitutionality of a state's emergency order as a whole distinct

21   from whether specific state officer's action violated the First Amendment).

22        73.    *Bay Inst. of San Francisco v. U.S.*, 87 Fed. Appx. 637 (9th Cir. 2004)

23   (resolution of the interpretation of a statute and its procedures for calculating water

24   cost are severable from other claims).

25        74.    *City of St. Paul v. Evans*, 344 F.3d 1029 (9th Cir. 2003) (certification

26   of all claims dismissed as time-barred, while unaffected claims and counterclaims

27   remained).

28

DEFS.' OPP. TO PLS.' MOT. FOR
ENTRY OF PARTIAL JUDGMENT

1    75.    *MGM Studios, Inc. v. Grokster Ltd.*, 380 F.3d 1154 (9th Cir. 2004)

2    (resolution of claims regarding current acts distinct from claims relating to past

3    acts).

4    76.    *McKesson HBOC, Inc. v. N.Y. State Common Retirement Fund, Inc.*,

5    339 F.3d 1087 (9th Cir. 2003) (resolution of defendant's counterclaim distinct from

6    class action claims against the defendant).

7    77.    *Goodell v. Eoff*, 73 Fed. Appx. 235 (9th Cir. 2003) (resolution of

8    federal law claims, with only state claims remaining over which the court had no

9    jurisdiction).

10    78.    *O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139 (9th Cir. 2002)

11    (resolution of state law claims barred by statute of limitations, with only federal

12    claims remaining).

13    79.    *San Francisco Baykeeper v. Whitman*, 297 F.3d 877 (9th Cir. 2002)

14    (resolution of claim regarding interpretation of a statute inapplicable to other

15    claims).

16    80.    *Dodge v. Johnson*, 41 Fed. Appx. 138 (9th Cir. 2002) (resolution of

17    constitutional claims only).

18    81.    *Hall v. Raytheon Missile Sys. Co.*, 51 Fed. Appx. 678 (9th Cir. 2002)

19    (resolution of federal claims, as distinct from state claims).

20    82.    *Everett Assoc., Inc. v. Transcon. Ins. Co.*, 35 Fed. Appx. 450 (9th Cir.

21    2002) (resolution of one claim based on interpretation of a contract inapplicable to

22    other claims).

23    83.    *Avid Identification Sys., Inc. v. Schering-Plough Corp.*, 33 Fed. Appx.

24    854 (9th Cir. 2002) (certification of all claims by plaintiff, leaving only defendant's

25    counterclaims).

26    84.    *Hall v. Raytheon Missile Sys. Co.*, 18 Fed. Appx. 669 (9th Cir. 2001)

27    (state-law claims certified, while federal claims remained).

28

DEFS.' OPP. TO PLS.' MOT. FOR
ENTRY OF PARTIAL JUDGMENT

85.     *In re First T.D. & Inv., Inc.*, 253 F.3d 520 (9th Cir. 2001) (resolution of one claim based on a specific interpretation of a provision of a statute inapplicable to other claims).

86.     *White v. Lee*, 227 F.3d 1214 (9th Cir. 2000) (jurisdiction to review based on denial of qualified immunity defense).

87.     *Hymore v. City of Sacramento*, 2000 U.S. App. LEXIS 8995 (9th Cir. May 4, 2000) (resolution of federal claims, leaving only state claims which were later dismissed).

88.     *Adams v. Haw.*, 2000 U.S. App. LEXIS 3292 (9th Cir. Mar. 1, 2000) (resolution of federal claims, with only state-law claims remaining).

**(4)     <u>Appeal could completely dispose of case or proceedings</u>**

89.     *Brown v. Dunbar*, 376 Fed. Appx. 786 (9th Cir. 2010) (all claims by all plaintiffs against all defendants dismissed, except one claim against one defendant who also appeals the denial of qualified immunity, which if granted would dispose of entire action).

90.     *In re Emery*, 317 F.3d 1064 (9th Cir. 2003) (appeal "involves the very existence of the rule pursuant to which the bankruptcy court would be required to make factual findings on remand" and could obviate the bankruptcy court's need to do any further fact-finding).

91.     *Price v. Sery*, 513 F.3d 962 (9th Cir. 2008) (determination of controlling question of law supported entry of judgment because no unnecessary appellate review would result).

92.     *Kelly v. Heron Ridge, Inc.*, 16 Fed. Appx. 695 (9th Cir. 2001) (entry of judgment over claims deciding controlling question of law and claims dismissed with prejudice).

93.     *Gausvik v. Perez*, 392 F.3d 1006 (9th Cir. 2004) (certified finding of qualified immunity, which disposed of all claims save one dependent counterclaim;

DEFS.' OPP. TO PLS.' MOT. FOR
ENTRY OF PARTIAL JUDGMENT

1  Ninth Circuit admonished district court for certification, as "Rule 54(b) should be

2  used sparingly").

3  **(5)     Action otherwise completely disposed of**

4      94.     *Quach v. Cross*, 252 Fed. Appx. 775 (9th Cir. 2007) (complaint

5  dismissed for failure to state a claim).

6      95.     *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148 (9th Cir.

7  2001) (all claims dismissed on summary judgment or voluntarily dismissed by

8  plaintiff).

9      96.     *Med. Lab. Mgmt. Consultants v. Am. Broad. Co., Inc.*, 306 F.3d 806

10  (9th Cir. 2002) (all claims dismissed on summary judgment or voluntarily

11  dismissed by plaintiffs).

12      97.     *Wright v. Riveland*, 219 F.3d 905 (9th Cir. 2000) (judicial resolution of

13  all claims except for claim for disgorgement of funds, on which parties had come to

14  separate agreement).

15  **(6)     Rule 54(b) motion denied**

16      98.     *Brookhaven Typesetting Serv., Inc. v. Adobe Sys., Inc.*, 332 Fed. Appx.

17  387 (9th Cir. 2009) ("Brookhaven also appeals the district court's … denial of

18  Brookhaven's FRCP 54(b) motion.  We affirm.").

19  CC1:844585

20

21

22

23

24

25

26

27

28

DEFS.' OPP. TO PLS.' MOT. FOR
ENTRY OF PARTIAL JUDGMENT