Marc Toberoff (State Bar No. 188547)
 *mtoberoff@ipwla.com*
Nicholas C. Williamson (State Bar No. 231124)
 *nwilliamson@ipwla.com*
Keith G. Adams (State Bar No. 240497)
 *kgadams@ipwla.com*
TOBEROFF & ASSOCIATES, P.C.
2049 Century Park East, Suite 3630
Los Angeles, California, 90067
Telephone:  (310) 246-3333
Fax:         (310) 246-3101

Attorneys for Plaintiff,
Laura Siegel Larson

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

| | |
|---|---|
| JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON, an individual,<br><br>            Plaintiffs,<br><br>   vs.<br><br>WARNER BROS. ENTERTAINMENT INC., a corporation; DC COMICS, a general partnership; and DOES 1-10,<br><br>            Defendants.<br><br>DC COMICS,<br><br>            Counterclaimant,<br><br>   vs.<br><br>JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON, an individual,<br><br>            Counterclaim Defendants. | Case No: CV 04-8400 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br><br>**ORDER GRANTING MOTION FOR ENTRY OF A PARTIAL JUDGMENT UNDER FED. R. CIV. P. 54(B) AND FOR STAY OF REMAINING CLAIMS PENDING APPEAL**<br><br>Complaint filed: October 8, 2004<br>Trial Date: None Set<br><br>Date: March 21, 2011<br>Time: 1:30 p.m.<br>Place: Courtroom 11 |

# ORDER

Federal Rule of Civil Procedure 54(b) allows a district court to certify as final and immediately appealable interlocutory orders that resolve certain outstanding claims in a case:

> "When more than one claim for relief is presented in an action … or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

Fed. R. Civ. P. 54(b). To be eligible for entry of judgment under Rule 54(b), the order must constitute "an ultimate disposition of an individual claim entered in the course of a multiple claims action," and there must be no just reason to delay appellate review of the order until the conclusion of the entire case. *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7-8 (1980). The Ninth Circuit embraces a "pragmatic approach focusing on severability [of claims] and efficient judicial administration" in the construction of what constitutes a claim and whether there is no just reason to delay appellate review. *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987).

In accordance with the Court's decisions of March 26, 2008 (Docket No. 293), August 12, 2009 (Docket No. 560), and October 30, 2009 (Docket No. 595), the First Claim of Plaintiffs' Third Amended Complaint and the First, Second, Third and Fourth Counterclaims of Defendants' Second Amended Counterclaims have been fully resolved.

In determining whether there is any just reason for delay, the factors to be considered include "whether the nature of the claims already determined is such that no appellate court would have to decide the same issues more than once, even if subsequent appeals are heard," and "whether immediate appellate resolution will foster settlement of the remaining claims." *Whitney v. Wurtz*, 2007 U.S. Dist. LEXIS

60077, at *5 (N.D. Cal. Aug. 16, 2007). Entry of judgment on adjudicated claims under Rule 54(b) is especially appropriate where the claims determine the scope and contours of trial as to the remaining issues, that trial is likely to be protracted, and the Court will avoid wasting resources in a re-trial. *See Continental Airlines*, 819 F.2d at 1525 (approving Rule 54(b) entry of judgment where "the district court effectively narrowed the issues, shortened any subsequent trial by months, and efficiently separated the legal from the factual questions"). Here, any errors in the rulings and consequent determination of the severable First Claim and the First, Second, Third and Fourth Counterclaims would directly impact and necessarily reverse the trial court on the remaining accounting claims. Entry of a 54(b) judgment would streamline the issues, conserve judicial resources and promote settlement. As such, there is no just reason for delay entering judgment in this case.

Accordingly, for the reasons set forth herein and in Plaintiff's motion papers, IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion For Entry of a Partial Judgment Under Fed. R. Civ. P. 54(b) and For Stay of Remaining Claims Pending Appeal is GRANTED.
2. Judgment in this action shall be entered on the First Claim of the Third Amended Complaint, and the First, Second, Third and Fourth Counterclaims of the Second Amended Counterclaims, and such Orders are hereby CERTIFIED FINAL PURSUANT TO FED. R. CIV. P. 54(b).
3. Further proceedings in this case are hereby stayed pending appeal.

1
2
3     4. Accordingly, the motion hearing and status conference scheduled for
4  March 21, 2011 at 1:30 p.m. is VACATED.
5     5. Plaintiff is ordered to file a status report on or before **Wednesday, May 18,**
6  **2011,** and every 60 days thereafter, until further order of the Court.
7  IT IS SO ORDERED.
8
9  Dated: March 15, 2011              _____
10                                      Hon. Otis D. Wright II
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28