DANIEL M. PETROCELLI (S.B. #097802)
  dpetrocelli@omm.com
MATTHEW T. KLINE (S.B. #211640)
  mkline@omm.com
CASSANDRA L. SETO (S.B. #246608)
  cseto@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

PATRICK T. PERKINS (admitted *pro hac vice*)
  pperkins@ptplaw.com
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516
Telephone: (845) 265-2820
Facsimile: (845) 265-2819

Attorneys for Defendants and Counterclaimant

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE SIEGEL and LAURA SIEGEL LARSON,<br><br>Plaintiffs and Counterdefendants,<br><br>v.<br><br>WARNER BROS. ENTERTAINMENT INC., DC COMICS, and DOES 1-10,<br><br>Defendants and Counterclaimant. | Case No. CV 04-8400 ODW (RZx)<br><br>**DEFENDANTS' NOTICE OF MOTION & MOTION TO AMEND PARTIAL FINAL JUDGMENT UNDER FED. R. CIV. P. 59**<br><br>DECLARATION OF PATRICK T. PERKINS AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH<br><br>The Hon. Otis D. Wright II<br><br>Hearing Date: May 16, 2011<br>Hearing Time: 1:30 pm<br>Courtroom: 11 |

DC COMICS' MOT. TO AMEND
RULE 54(B) JUDGMENT

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on May 16, 2011, at 1:30 p.m., or as soon thereafter as the matter may be heard by the above-entitled court, located in Courtroom 11 at 312 North Spring Street, Los Angeles, California, counterclaimant DC Comics will and hereby does move pursuant to Federal Rule of Civil Procedure 59(e) to amend the Court's Order Granting Motion For Entry Of A Partial Judgment Under Fed. R. Civ. P. 54(B) And For Stay Of Remaining Claims Pending Appeal (the "March 15 Order") (Docket No. 659) and Judgment Pursuant to Fed. R. Civ. P. 54(b) ("Judgment") (Docket No. 660)—to remove from the March 15 Order and Judgment any reference to DC's First Counterclaim, set forth in DC's Second Amended Counterclaims.

In its March 15 Order, the Court stated:

> In accordance with the Court's decisions of March 26, 2008 (Docket No. 293), August 12, 2009 (Docket No. 560), and October 30, 2009 (Docket No. 595), the First Claim of Plaintiffs' Third Amended Complaint and the *First*, Second, Third and Fourth *Counterclaims* of Defendants [DC's] Second Amended Counterclaims have been fully resolved.

Docket No. 659 at 1 (emphasis added); *see also* Docket No. 660 at 1:13-15.

As plaintiffs cannot and do not dispute, subsections 3 and 4 of DC's First Counterclaim have not been fully or finally adjudicated. *See* Declaration of Patrick T. Perkins Ex. 1 (filed concurrently herewith; hereinafter "Perkins Decl."). This means that DC's First Counterclaim should have been *excluded* from the Court's March 15 Order and Judgment. DC's First Counterclaim sought, *inter alia*, a declaration that Plaintiffs' Notice of Termination Regarding *Superboy*—as opposed to Superman—was ineffective. Docket No. 646 ¶¶ 66-89. Neither plaintiffs nor DC ever moved for summary judgment in this Superman case with regard to the Superboy Notice. None of the Court's decisions, including those cited in this Court's March 15 Order, fully and finally ruled on the effectiveness of the

Superboy Notice.  Accordingly, DC respectfully moves this Court to amend its March 15 Order and Judgment to *remove* any reference to DC's First Counterclaim.

DC makes this motion following a conference of counsel on April 4, 2011, pursuant to Local Rule 7-3.  As set forth in the parties' correspondence both before and after that conference, although plaintiffs do not dispute that sections 3 and 4 of DC's First Counterclaim have not been fully resolved, the parties have been unable to resolve this matter by way of a stipulation.

This motion is based on this Notice of Motion; the attached Memorandum of Points and Authorities; the accompanying Declaration of Patrick T. Perkins and exhibits in support thereof; all exhibits, files, and records on file in this action; matters of which judicial notice may be taken; and such additional submissions and argument as may be presented at or before the hearing on this motion.

Dated:       April 12, 2011          Respectfully Submitted,

O'MELVENY & MYERS LLP


By:  /s/ Daniel M. Petrocelli
     Daniel M. Petrocelli
     Attorneys for Defendants and Counterclaimant

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

On March 15, 2011—and in reliance upon the proposed order provided by plaintiffs—the Court entered judgment on DC Comics' First Counterclaim. *Compare* Docket No. 654-1, *with* 659, *and* 654-2, *with* 660. DC respectfully disagrees with this ruling, *see* Docket Nos. 624, 655, but one aspect of the March 15 Order and Judgment contains an undisputed error that can and should be corrected now. As even plaintiffs agree, *at least* two critical aspects of DC's First Counterclaim were never decided by Judge Larson or this Court; as a result, a judgment—under Rule 54 or otherwise—cannot properly be entered on DC's first claim at this time. DC's First Counterclaim included allegations and requests for relief directed at plaintiffs' Notice of Termination Regarding *Superboy*—as opposed to Superman. Because these *Superboy* issues were not fully resolved by Judge Larson, this Court, pursuant to Rule 59(e), should amend its March 15, Order and Judgment to strike all references to DC's First Counterclaim.

## II. Factual Background

DC filed its Answer and Counterclaims on November 22, 2004. Docket No. 14. In response to plaintiffs' amended pleading, on October 18, 2005, DC served its First Amended Counterclaims. Docket No. 42. Plaintiffs most recently amended their pleading on February 3, 2011. Docket No. 644. In response, DC filed its Second Amended Counterclaims on February 17, 2011. Docket No. 646.

All versions of DC's First Counterclaim assert that plaintiffs' putative Superman *and* Superboy copyright termination notices are ineffective for various reasons. Docket Nos. 14 ¶¶ 76-84; 42 ¶¶ 77-85; 646 ¶¶ 77-85. In their *Superboy* Notice, plaintiffs purported to terminate: (a) a letter written by Jerome Siegel on November 30, 1938, in which Siegel suggested that DC's predecessor in interest publish a comic book named Superboy that "would relate to the adventures of Superman as a youth," Docket No. 646 ¶ 18; and (b) an unpublished 13-page

Superboy script that Siegel submitted to DC' predecessor in approximately December 1940. *Id*. ¶ 21.

In its First Counterclaim in this case, DC has consistently alleged that these *Superboy* materials are *not* subject to copyright termination for two reasons, among others: first, the Superboy materials were never published, *e.g.*, Docket Nos. 14 ¶¶ 76-79; 42 ¶¶ 77-80; 646 ¶¶ 77-80; *Siegel v. Warner Bros. Entm't Inc.*, 496 F. Supp. 2d 1111, 1149-51 (C.D. Cal. 2007) (Judge Larson discussing this issue), and second, Jerome Siegel did not own any copyright in these unpublished materials because they were derivative works prepared without the knowledge or consent of the copyright owner and were a work made for hire, *e.g.*, Docket Nos. 14 ¶¶ 80-84; 42 ¶¶ 81-85; 646 ¶¶ 81-85; 496 F. Supp. 2d at 1135-44, 1151-55.

On April 30, 2007, plaintiffs moved for partial summary judgment as to DC's First, Second, and Fifth Counterclaims—*except* as to those portions that related to Superboy. In their notice of motion, plaintiffs asserted: "Plaintiffs move to dismiss Defendants' First and Second Alternative Counterclaims and parts of their Fifth Alternative Counterclaim, *as such relate to Plaintiffs' recapture of Siegel's original 'Superman' copyrights*, because the defenses alleged therein lack merit." Docket No. 160 at 1 (emphases added). Consistent with their Notice of Motion, *nowhere* in their briefing—or in any subsequent briefing on issues related to summary judgment in this case—did plaintiffs address any of DC's First Counterclaim as it related to the *Superboy* Notice. *See, e.g.,* Docket Nos. 160-61, 186.

Over a period of approximately a year and a half, Judge Larson issued three decisions relating to summary judgment issues in this case. Those decisions are dated March 26, 2008 (Docket No. 293), August 12, 2009 (Docket No. 560), and October 30, 2009 (Docket No. 595), and serve as the basis for this Court's March 15 Order and Judgment, pursuant to Rule 54. Docket No. 659 at 1:19-23. None of Judge Larson's decisions, however, mentions the parts of DC's First Counterclaim that relate to the *Superboy* Notice. And in identifying the works that plaintiffs

DC COMICS' MOT. TO AMEND
RULE 54(B) JUDGMENT

1  recaptured pursuant to their summary judgment motion, neither Judge Larson, nor
2  this Court in its March 15 Order, ever included any Superboy works (either those
3  encompassed by the Superboy Notices, or Superboy works included in the Notices
4  Of Termination Regarding Superman).  *See* Docket No. 560 at 90-91; Docket No.
5  659.

6  Nonetheless, in its March 15, 2011, over DC's objections, this Court granted
7  plaintiffs' motion for judgment pursuant to Fed. R. Civ. P. 54(b).  Docket No. 659.
8  The Court held, *inter alia*, that DC's First Counterclaim had "been fully resolved,"
9  *id*. at 1: 21-23, and entered judgment on the First Counterclaim against DC, *id*. at
10  2:21-24; Docket No. 660 at 1:13-15.  Defendants respectfully contend that the
11  Court's March 15 Order and Judgment are in error and will so argue on any appeal,
12  *e.g.*, Docket Nos. 624, 655, but before that happens the Court's ruling on DC's First
13  Counterclaim merits special attention.  Neither the parties' briefing on summary
14  judgment before Judge Larson nor his three decisions in this case address any issue
15  related to the Superboy Notice.  And in the related *Superboy* case, while Judge
16  Larson addressed *some* of the Superboy issues—and resolved them mostly in DC's
17  favor—he reserved final judgment in the Superboy case until he could address
18  certain open issues.  *See Siegel*, 496 F. Supp. 2d at 1135-1155; Docket Nos. 602 at
19  17-23; 655 at 6:9-22; 623 at 1:27-2:11; 631 at 9:18-26.

20  DC argued these "open" Superboy issues were reason alone to reject
21  plaintiffs' Rule 54 motion altogether.  Docket Nos. 655 at 6, 9; 655-6 at 1-8.  But,
22  at the very least, we submit that the Court's March 15 Order and Judgment must be
23  amended to make clear that judgment has not been entered in plaintiffs' favor on
24  DC's First Counterclaim.  *See* Perkins Decl. Exs. 1, 2.  As plaintiffs repeatedly
25  have conceded, Judge Larson never decided all of the Superboy issues in either this
26  case or the Superboy case—much less decided them in *plaintiffs'* favor.  *See*
27  Docket No. 602 at 22:27-23:12 ("[T]he parties agree that the Court still needs to
28  make determinations on: (1) the extent of the original copyrightable material in

1  Siegel's Superboy Materials, if any; and (2) whether the original material, if any,
2  from the Superboy Materials was published in a work allegedly subject to
3  recapture…."); Perkins Decl. Ex. 3 at 2 (plaintiffs' acknowledgment last week that
4  certain Superboy allegations have not been resolved). Indeed, in meeting and
5  conferring on this motion, plaintiffs have not disputed that, at least, two critical
6  aspects of DC's First Counterclaim remain unresolved. Perkins Decl. Ex. 3
7  (agreeing that "¶¶ 77-85" of DC's Second Amended Counterclaims, which present
8  two separate issues, have not been "fully adjudicated and necessarily decided").
9  Plaintiffs now object to this motion on the grounds that DC's counterclaims in this
10 Superman case repeat counterclaims that DC asserted in the Superboy case, *see id.*,
11 but if plaintiffs really had this objection to DC's manner of pleading, it was
12 incumbent upon plaintiffs to raise this issue some time ago—either with Judge
13 Larson in 2004 and 2005, when DC filed its counterclaims in this case, or with this
14 Court when DC re-asserted its claims in February 2011. *See* Docket Nos. 14 ¶¶ 76-
15 85; 42 ¶¶ 77-85; 646 ¶¶ 77-85. In any event, plaintiffs' objection is not ground to
16 claim that all Superboy issues in DC's First Counterclaim have been adjudicated
17 when, in fact, they have not.
18    Plaintiffs also refuse to stipulate to the relief DC seeks on the grounds that
19 DC refuses to waive other claims and arguments it may have in support of its First
20 Counterclaim and on appeal. Perkins Decl. Exs. 4, 5. The concessions plaintiffs
21 seek are prejudicial to DC and do not alter the fact that key components of DC's
22 First Counterclaim in this case remain unresolved and preclude entry of a Rule
23 54(b) judgment on that claim at this time. *Id.*

24 **III.  The March 15 Order And Judgment Should Be Amended To Strike Any**
25 **Reference To DC's First Counterclaim.**

26    Under Rule 59(e), a party may move the Court to amend its judgment within
27 28 days after entry of the judgment. FED. R. CIV. P. 59(e). "Since specific grounds
28 for a motion to amend or alter are not listed in the rule, the district court enjoys

- 4 -

DC COMICS' MOT. TO AMEND
RULE 54(B) JUDGMENT

1  considerable discretion in granting or denying the motion." *McDowell v. Calderon*,
2  197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc). The Court may amend its
3  judgment pursuant to Rule 59(e) if "(1) the district court is presented with newly
4  discovered evidence, (2) the district court committed clear error or made an initial
5  decision that was manifestly unjust, or (3) there is an intervening change in
6  controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)
7  (citation omitted); *see also Allstate Ins. Co. v. Herron*, 2011 U.S. App. LEXIS
8  4645, *21-22 (9th Cir. 2011); *Duarte v. Bardales*, 526 F.3d 563, 567 (9th Cir.
9  2008); *Miller v. Midland Funding LLC*, 2008 U.S. Dist. LEXIS 97229 at *1-2 (C.D.
10 Cal. Nov. 20, 2008) (Wright, J.) (judgment amended on basis of clear error).

11       The threshold requirement for a Rule 54(b) judgment is the full and final
12 disposition of an *entire* claim—rulings on portions of a claim do not qualify. *Sears,*
13 *Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956); *Curtiss-Wright Corp. v. Gen.*
14 *Elec. Co.*, 446 U.S. 1, 7 (1980) (rulings on sub-issues underlying claim do not
15 qualify as final judgments under Rule 54(b)). The "requirement of finality is a
16 statutory mandate and not a matter of discretion." *W.L. Gore & Assocs., Inc. v.*
17 *Int'l Med. Prosthetics Research Assocs., Inc.*, 975 F.2d 858, 862 (Fed. Cir. 1992).

18       Adopting the verbiage of plaintiffs' proposed order, the Court's March 15
19 Order recites, that DC's First Counterclaim has "been fully resolved," Docket No.
20 659 at 1:21-23, and the Court's Judgment provides that DC's First Counterclaim
21 has been "DENIED," Docket No. 660 at 1:14. DC's First Counterclaim, however,
22 was directed at the termination notices for <u>both</u> Superman <u>and</u> Superboy. *E.g.*,
23 Docket No. 646 at 20 ("FIRST COUNTERCLAIM FOR DECLARATION THAT
24 THE SUPERMAN NOTICES *AND THE SUPERBOY NOTICE* ARE
25 INEFFECTIVE") (italics added). And as plaintiffs themselves conceded in the first
26 status conference statement they filed with this Court following Judge Larson's
27 retirement, Judge Larson left for this Court to decide: "(1) the extent of the original
28 copyrightable material in Siegel's Superboy Materials, if any; and (2) whether the

original material, if any, from the Superboy Materials was published in a work allegedly subject to recapture…." Docket No. 602 at 23:3-7 (parties' joint status report filed Dec. 21, 2009). Because Judge Larson never finally resolved these open Superboy issues, and because this Court did not do so, it would be error and manifestly unjust to hold that DC's First Counterclaim was finally resolved—much less in plaintiffs' favor. Thus, the Court's March 15 Order and Judgment should be amended to strike any reference to DC's First Counterclaim (as set forth in DC's Proposed Order filed herewith).

## IV. CONCLUSION

For the foregoing reasons, DC's motion should be granted.

Dated: April 12, 2011      Respectfully Submitted,

O'MELVENY & MYERS LLP

By: /s/ Daniel M. Petrocelli
Daniel M. Petrocelli
Attorneys for Defendants and Counterclaimant

CC1:847995