O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL,<br><br>  Plaintiff,<br>  v.<br><br>WARNER BROS. ENTERTAINMENT INC., DC COMICS, and DOES 1–10,<br><br>  Defendants. | **Case No. 2:04-cv-08400-ODW(RZx)**<br>Case No. 2:04-cv-08776-ODW(RZx)<br><br>**ORDER GRANTING PLAINTIFFS LEAVE TO FILE A SUR-REPLY** |
| LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL,<br><br>  Plaintiffs,<br>  v.<br><br>TIME WARNER INC., WARNER COMMUNICATIONS INC., WARNER BROS. ENTERTAINMENT INC., WARNER BROS. TELEVISION PRODUCTION INC., DC COMICS, and DOES 1–10,<br><br>  Defendants. | |

/ / /

/ / /

/ / /

1  The Court has received Defendants' Reply in support of their February 7
2  Motion for Summary Judgment.  While the Reply technically and formalistically
3  complies with the Local Rules' formatting and length guidelines, the Court notes that
4  DC has buried the equivalent of at least three full pages of argument into footnotes.
5  This is an improper proper use of footnotes,[1] and the Court does not condone such a
6  blatant attempt to subvert the Local Rules' page-length dictates.  Plaintiff is therefore
7  granted leave to file a sur-reply no longer than 5 pages in length to respond to any
8  arguments addressed in Defendants' Reply.  Should she choose to file a sur-reply,
9  Plaintiff must do so no later than Monday, March 18, 2013.

**IT IS SO ORDERED.**

March 12, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[1] *E.g.*, *First Advantage Servs. Corp. v. Private Eyes, Inc.*, 569 F. Supp. 2d 929, 935 n.1 (N.D. Cal. 2008) ("A footnote is the wrong place for substantive arguments on the merits of a motion . . . .  The Court can only assume that the parties placed the arguments in question in footnotes because they lacked space in the main text of their briefs. . . . The use of footnotes to circumvent [the Local Rules' page-length and formatting] rules is improper.").