1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

| | |
|---|---|
| LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>WARNER BROS. ENTERTAINMENT INC., DC COMICS, and DOES 1-10,<br>　　　　　Defendants and<br>　　　　　Counterclaimants. | Case No: 04-CV-08400 ODW (RZx)-**<br>Case No: 04-CV-08776 ODW (RZx)<br><br>Hon. Otis D. Wright II, U.S.D.J.<br>Hon. Ralph Zarefsky, U.S.M.J.<br><br>**AMENDED JUDGMENT** |
| LAURA SIEGEL LARSON, individually and as personal representative of the ESTATE OF JOANNE SIEGEL,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>TIME WARNER INC., WARNER COMMUNICATIONS INC., WARNER BROS. ENTERTAINMENT INC., WARNER BROS. TELEVISION PRODUCTION INC., DC COMICS, and DOES 1-10,<br>　　　　　Defendants and<br>　　　　　Counterclaimants. | |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JUDGMENT**

In a series of published decisions dated March 26, 2008; August 12, 2009; and October 30, 2009, in the "Superman" case (Case No. 04-CV-08400, ECF Nos. 293, 560, 595), the Court resolved Plaintiff Laura Siegel Larson's First Claim and Defendant-Counterclaimant DC Comics' First and Second Counterclaims, filed in both the "Superman" case and the "Superboy" case (Case No. 04-CV-08776).  The Court thereby determined that, pursuant to the Copyright Act, 17 U.S.C. § 304(c), the Siegels validly terminated on April 16, 1999, all prior grants or transfers by Jerome Siegel to any of the Defendants, or their predecessors-in-interest, of his interest in the renewal copyrights in and to *Action Comics*, No. 1, as well as *Action Comics*, No. 4, *Superman*, No. 1 (pages 3–6), and the first two weeks of the Superman newspaper strips and that, as of April 17, 1999, the effective terminate date, the Siegels owned the aforesaid recaptured copyright interests.

On January 10, 2013, the United States Court of Appeals for the Ninth Circuit reversed Judge Larson's March 26, 2008 partial summary-judgment order in part and held that, "as a matter of law," Plaintiff Larson entered into an enforceable settlement agreement with DC Comics on October 19, 2001.  *Larson v. Warner Bros. Entm't Inc.*, Nos. 11-55863, 11-56034, 2013 WL 1113259, at *1 (9th Cir. Jan. 10, 2013).  "Statements from the attorneys for both parties establish that the parties had undertaken years of negotiations . . . , and that the letter" sent by Larson's attorney, Kevin Marks, on October 19, 2001, "accurately reflected the material terms they had orally agreed to."  *Id.*  The Ninth Circuit directed this Court to "reconsider DC's third and fourth counterclaims in light of [its] holding that the October 19, 2001, letter created an agreement."  *Id.* at *2.  The Ninth Circuit did not reach or address Plaintiff's First Claim in the "Superman" case, or the First and Second Counterclaims in the "Superman" and "Superboy" cases.

This Court's March 20 and April 18, 2013 Orders collectively granted DC's February 7, 2013 Motion for Summary Judgment on its Fourth Counterclaim.  The

Court then entered DC's proposed final judgment on April 18, 2013.  On June 18, 2013, the Court issued an Order ("Superman" case, ECF No. 734; "Superboy" case, ECF No. 253) granting in part Plaintiff's Motion to Amend the Judgment ("Superman" case, ECF No. 731; "Superboy" case, ECF No. 250).

Based on the decisions set forth above, this Court now enters an amended final judgment based on DC's Fourth Counterclaim in two of three long-running Superman cases presently before this Court:  (1) the "Superman" case; and (2) the "Superboy" case.  In the parties' October 19, 2001 settlement agreement, Larson (and her family) "transfer[red] all of [their] rights" to DC, "resulting in 100% ownership to D.C. Comics," effective October 19, 2001.  Declaration of Daniel M. Petrocelli ("Petrocelli Decl.") Ex. B, at 21; *Larson*, 2013 WL 1113259, at *1.  This complete transfer on October 19, 2001, bars certain of Larson's remaining claims in this case and entitles DC to judgment on its Fourth Counterclaim, which seeks a declaration confirming the October 19, 2001 settlement agreement against Larson.  The remaining claims are granted, denied, or dismissed as set forth below.  Therefore:

A.    **Plaintiff's Claims (Superman, Case No. CV-04-8400)**

IT IS ORDERED AND ADJUDGED that Plaintiff's First Claim for Relief in the "Superman" case, for "Declaratory Relief re: Termination," is GRANTED, *but only* to the extent that it sought a declaration that on April 16, 1999, the Siegels validly terminated under the Copyright Act all prior grants, assignments, or transfers by Jerome Siegel to any of the Defendants, or their predecessors-in-interest, of the renewal copyrights in and to *Action Comics*, No. 1, as well as *Action Comics*, No. 4, *Superman*, No. 1 (pages 3–6), and the first two weeks of the Superman newspaper strips, and judgment is hereby entered in Plaintiff's favor on this claim as set forth herein.  *See* "Superman" case, ECF Nos. 293, 560.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's Second Claim for "Declaratory Relief re: Profits from Recaptured Copyrights," Third Claim for "Declaratory Relief re: Use of the 'Superman' Crest," and Fourth Claim for

1   "Accounting for Profits" in the "Superman" case are DISMISSED, WITHOUT

2   PREJUDICE, AS MOOT.

3   **B.**   **Plaintiff's Claims (Superboy Case, Case No. CV-04-8776)**

4   IT IS ORDERED AND ADJUDGED that Plaintiff's First Claim for

5   "Copyright Infringement," Second Claim for "Declaratory Relief re: Termination,"

6   Third Claim for "Violation of the Lanham Act § 43(a)(1)(B)," Fourth Claim for

7   "Violation of California Business and Professions Code, §§ 17200 *et seq.*," and Fifth

8   Claim for "Injunctive Relief" in the "Superboy" case are DISMISSED, WITHOUT

9   PREJUDICE, AS MOOT.

10   **C.**   **DC's Counterclaims (Superman and Superboy Cases)**

11   IT IS ORDERED AND ADJUDGED that DC's First Counterclaim, "For

12   Declaration That The Superman Notices And The Superboy Notice Are Ineffective,"

13   is DENIED WITH PREJUDICE in its entirety in the "Superman" case and as to Parts

14   (1), (2), and (5) in the "Superboy" case.  *See* "Superman" case, ECF Nos. 293, 664

15   (striking parts (3) and (4) from the First Counterclaim in the "Superman" case).

16   IT IS FURTHER ORDERED AND ADJUDGED that DC's Second

17   Counterclaim, "For Declaration That Any Claim By The Siegels For Co-Ownership

18   Of Superman (Including Its Derivative Superboy) Is Barred By The Statute Of

19   Limitations," is DENIED WITH PREJUDCE.  *See* "Superman" case, ECF No. 293.

20   IT IS FURTHER ORDERED AND ADJUDGED that DC's Fourth

21   Counterclaim, for "Declaratory Relief Regarding the [2001 Settlement] Agreement,"

22   is GRANTED in part as follows. The Court declares that the parties' October 19,

23   2001 settlement agreement (embodied in Kevin Marks's letter of the same date)

24   remains binding and enforceable solely under the terms contained in that agreement.

25   Under that agreement, Larson and her family transferred to DC, worldwide and in

26   perpetuity, any and all rights, title, and interest, including all copyright interests, that

27   they had in Superman and Superboy, effective October 19, 2001.  Petrocelli Decl.

28   Ex. B, at 19, 21; *Larson*, 2013 WL 1113259, at *1–2.  Judgment is hereby entered in

1  DC's favor and against Larson on this counterclaim.

2        IT IS FURTHER ORDERED that DC's Third, Fifth, and Sixth Counterclaims

3  are DISMISSED, WITHOUT PREJUDICE, AS MOOT.

4

5

6  IT IS SO ORDERED.

7

8     Dated:  June 18, 2013        _____

9                                              Hon. Otis D. Wright II.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28